# EXHIBIT 1

ECF # 42 from *Gosen v. US CIS*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NELSON J. MEZERHANE GOSEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-01091 (JDB) |
| | ) | |
| UNITED STATES CITIZENSHIP | ) | |
| AND IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| MARIA ANDREA MEZERHANE | ) | |
| DE SCHNAPP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-01461-JDB |
| | ) | |
| UNITED STATES CITIZENSHIP | ) | |
| AND IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S STATUS REPORT[1]

Pursuant to the Court's July 30, 2015 Memorandum Opinion and Order (*Gosen* ECF No. 46) (*Schnapp* ECF No. 39), Defendant United States Citizenship and Immigration Services ("USCIS") hereby respectfully submits this Status Report.

The Court's July 30, 2015 Order granted in part and denied in part the agency's two renewed motions for summary judgment in the above-captioned FOIA cases. Consistent with

---

[1] Consistent with the Court's treatment of these two related but unconsolidated FOIA cases, Defendants are filing a single Status Report in each of the two above-captioned cases: Mezerhane Gosen v. U.S. Citizenship and Immigration Services, No. 13–1091 (JDB) (hereinafter "*Gosen*"), and Mezerhane de Schnapp v. U.S. Citizenship and Immigration Services, No. 13–1461 (JDB) (hereinafter "*Schnapp*").

1

that order, the agency has carefully reviewed the remaining pages in dispute in the two cases (*Gosen* Vaughn Index Bates Nos. 1, 157, and 257–262) (*Schnapp* Vaughn Index Bates Nos. 1-4, and 246) to identify segregable, non-exempt information. After another careful review of the contested documents, USCIS has determined that it can release additional information on *Gosen* Vaughn Index Bates No. 257 and *Schnapp* Vaughn Index Bates No. 1. This information consists of factual material that was provided as an introduction in the Asylum Officer's Assessment for each case. Pursuant to the Court's Order, the agency produced the additional information on August 12, 2015 (*see* Exhibit A). The now released information includes a summary of the applicants' background and application history. This factual material did not reflect the Asylum Officer's deliberation, such as the officer's analyses or recommendations. Therefore, the newly released information would not implicate the agency's deliberative process involving the applicants' respective asylum applications.

The agency has determined that all of the remaining withheld information cannot be reasonably segregated. The factual material in the remaining contested pages contains more than a chronological recitation of the plaintiffs' testimonies or quotes from published reports. Rather, the information includes selected facts and information that the Asylum Officer deemed pertinent to making a determination on the plaintiffs' respective asylum applications. See *Gosen* Vaughn Index Bates Page Nos. Vaughn Index Bates Nos. 1, 157, and 257–262 (ECF No. 17-7); See also *Schnapp* Vaughn Index Bates Page Nos. 1-4, 246 (ECF No. 16-4).[2] The purpose of these records is to document the essential facts in support of the applicants' respective asylum applications and the Asylum Officer's analyses and recommendations. The remaining factual material is intertwined with the Asylum Officer's detailed observation and recommendations relating to the

---

[2] The Court has previously reviewed these documents *in camera*.

2

plaintiffs' respective asylum applications. In each case, the Asylum Officer selected certain facts provided by the respective plaintiffs from a larger set of facts, to help shape the Asylum Officer's recommendations on the plaintiffs' respective asylum applications. Similarly, the Asylum Officer noted certain quotes from published reports, from a wide variety of publications, to highlight portions of the plaintiffs' testimony that the Asylum Officer had determined to be relevant to the Asylum Officer's overall recommendation. A release of such information, generated by USCIS as part of the deliberative process, would chill and inhibit USCIS Officers from making a thorough record of their deliberations on applications for immigration benefits.

In sum, any factual information that was not pertinent to the Asylum Officer's overall analyses and recommendations has been segregated and released to the plaintiffs. The agency has determined that no further segregation of meaningful information in the withheld documents can be done without disclosing information subject to protection under FOIA Exemption (b)(5).

Dated: August 14, 2015      Respectfully submitted,

VINCENT H. COHEN, JR.
D.C. BAR # 471489
Acting United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

By: \_\_\_\_\_//s_____
JOHN C. TRUONG
D.C. BAR #465901
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2524
Fax: (202) 252-2599
E-mail: John.Truong@usdoj.gov
Counsel for Defendant USCIS

Of Counsel:

Amber R Duggan, Esq.
Office of Chief Counsel
Department of Homeland Security
U.S. Citizenship & Immigration Services

4