UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                                       Civil Action No.  15-cv-459 [RBW]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

# PLAINTIFFS' REPLY TO DHS STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

The Plaintiffs submit the following in response to the DHS Statement of Facts not in Dispute, ECF #23, pages 3-5:

1. Plaintiffs deny Statement #1 because it is incomplete. Plaintiffs seek the segregable portions of Assessments.

2. Plaintiffs deny #2 because plaintiffs do not agree that the DHS is "fair."

3. Plaintiffs admit #3.

4. Plaintiffs deny #4 because it is incomplete and wrong in part. The assessment does not predate the decision to not grant asylum. The asylum officer *is* the USCIS, after the supervisor initials the assessment.

5. Plaintiffs admit #5.

6. Plaintiffs admit #6; however, it is incomplete. Assessments also contain facts, and may contain errors.

7. Plaintiffs admit # 7; in that Ms. Eggleston made a statement in her Declaration; but plaintiffs deny that anything therein needs "protection." The DHS had admitted ¶ 32 of the complaint, which states: "For the past 20 years, defendant has been providing immigration judges copies of entire assessments, from time to time." This disclosure shows that defendant does not really need to give any protection to asylum officers.

8. Plaintiffs admit #8, in that Ms. Eggleston made statements; but plaintiffs deny that "factual portions" cannot be severed. The Court in *Abtew* and the Court in *Gosen* can severe and segregate; why can't Ms. Eggleston?

9. Plaintiffs deny #9.  There is no distillation. The asylum officer tries, and often succeeds, in quoting the applicant directly.  It is indeed "verbatim" for the purposes of discrediting the applicant at a later time.  It is true that officers deem some information more important than other, and do not write down everything the applicant says.

10. Plaintiffs deny #10.  The DHS does not try to provide the fullest possible disclosure. There is no evidence of record that anything received a "line-by-line examination."

11. Plaintiffs admit #11. The DHS gave multiple copies of documents of documents, such as Form I-589, which plaintiffs already had and which plaintiffs did not ask for.

12. Plaintiffs admit #12; but as stated in ¶ 1 of the complaint, plaintiffs seek the segregable portions of the assessments.

September 8, 2015

Respectfully submitted,

Attorney for Plaintiffs

David L. Cleveland
DC Bar # 424209
Catholic Charities
924 G Street, NW
Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com