UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                                          Civil Action No.  15-cv-459 [RBW]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO NINTH CAUSE OF ACTION

The Ninth Cause of Action in the Complaint, at ¶ 61, states that Catholic Charities submitted its own FOIA request on February 12, 2015 and asked for:

> "Documents relating to the processing, answering, and responding to FOIA requests for assessments of asylum officers. This would include, but is not limited to: instructions given to staff; policy statements; rules, and memoranda."

The "date range" of this request was "January 1, 2010 through February 13, 2015."

Plaintiffs filed a motion for summary judgment as to the Ninth Cause of Action, ECF # 17, on June 24, 2015.  The DHS filed an Opposition, ECF #23, at pages 21-22.

On October 19, 2015, the DHS responded to the FOIA request made by Catholic Charities, by providing three pages, attached hereto as Exhibit A. The DHS did not withhold any documents.

On page 1 of Exhibit A is a chart, which states in part: "Assessment to reject, terminate, grant or refer…….Withhold in full"

On page 2 of Exhibit A are these words: "Fully withhold Assessment to Refer, Assessment to Grant, Assessment to Terminate, or any assessment written by an asylum or refugee officer."

On page 3 of Exhibit A are these words: "We will fully review worksheets (including Form I-870) and partially withhold them, citing Exemption (b)(5)."

= = = = =

The word "segregate" and the phrase "reasonably segregable" are not found on these five pages. Exhibit A shows that DHS employees are instructed to "partially" withhold worksheets, and "fully" withhold assessments.

Attached as Exhibit B, hereto, is the FOIA request of Catholic Charities, the two-page cover letter of DHS, and the three above-referenced pages.

Plaintiff Catholic Charities submitted a FOIA request in February 2015; Catholic Charities filed a lawsuit; the DHS has now responded to the request. Therefore, the Court should grant the motion for summary judgment as to the

Ninth Cause of Action, and declare that Catholic Charities is entitled to an award of costs and attorney fees.

    Respectfully submitted,

    Attorney for Plaintiffs

    David L. Cleveland
    DC Bar # 424209
    Catholic Charities
    924 G Street, NW
    Washington, DC 20001
    [202] 772-4345 Fax: [202] 386-7032
    1949.david@gmail.com

# EXHIBIT A

# Holt, Cynthia L

| | |
|---|---|
| **From:** | Thompson, Orville A |
| **Sent:** | Wednesday, February 18, 2015 1:16 PM |
| **To:** | Holt, Cynthia L; Hyson, Raymond N |
| **Cc:** | Bellisime, Tracy A; McBride, Lyne I |
| **Subject:** | FW: FOIA request |
| **Attachments:** | Assessment guidance.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Please see the attached doc and the info below. I hope this help!

OK, first resource is Appendix C:

| TITLE/SUBJECT | FOIA EXEMPTION | PA EXEMPTION |
|---|---|---|
| Assessment to reject, terminate, grant or refer (relates to Asylum) | Withhold in full (b)(5) | (d)(5) and (b)(5) |
| Assessment Sheet (Preliminary Assessment) | Review for (b)(5) (deliberative process), otherwise release | Review for (d)(5) and (b)(5) (deliberative process), otherwise release |
| Asylum/Refugee flowcharts and worksheets that pertain to the interview | Review for (b)(5), otherwise release. | Review for (d)(5) and (b)(5), otherwise release. |
| Blank asylum/refugee flowcharts | Release | Release |
| Record of Determination/Credible Fear Worksheet, I-870 | See section 27.35.c | See section 27.35.c |

Next, Section 17 establishes that we do not release anything about asylum to a third party without consent of the subject of record:

> We do not provide any information if a third party requester is seeking **specific** information from NAILS or any law enforcement system or copies of applications/petitions for benefits relating to asylum status, refugee status, spousal abuse protection and certain other benefits. We fully withhold documents if the requester is neither a party to nor a rider on the application/petition.

1

# Assessment

- Fully withhold Assessment to Refer, Assessment to Grant, Assessment to Terminate, or any assessment written by an asylum or refugee officer.

- Exemption (b)(5).

- Refugee Officer?  Add Exemption (b)(6).



U.S. Citizenship and Immigration Services

## ASSESSMENT TO REFER

ALIEN NUMBER:  
NAME:  
COUNTRY: Sierra Leone  

DATE: July 28, 1999  
ASYLUM OFFICER: P.  
REVIEWING SAO: Pat.  
LOCATION: ZAR  

Applicant indicated that he is a 22-year-old male native and citizen of Sierra Leone who entered the United States without inspection at New York on December 31, 1998.

Applicant fears that he will be harmed by the Revolutionary United Front (RUF) on account of his membership in a particular social group.

Applicant testified that he was afraid of the RUF because of the war that started in 1995. Applicant stated he was a supporter of the Sierra Leone People Party (SLP) but he wasn't an active member he just didn't want to support the RUF rebels. Applicant stated on June 10, 1997, at about five a.m. he heard gun fire and everyone gathered to see what was happening. The Applicant stated the rebels were shooting in his area, when the shooting stopped the rebels broke into his house and began shooting. Applicant stated he was in hiding and when he came out he found his father dead. Applicant stated he wanted to leave but his mother refuse to leave because she didn't want to loose their home and all its contents. Applicant said the family stayed in the home for another year before the rebels come again.

Applicant stated in August 1998 at five a.m. he heard some noise and before he knew anything the house was on fire. Applicant stated he tried to get his mother out of the house but it was to late his mother and sister burn to death. Applicant stated about six or eight men in rebel uniform were burning many houses in his neighborhood. Applicant stated his entire family was gone so he left the same day and went to a refugee camp.

Applicant stated he was never in opposition to the government, he was never involved in political activity. Applicant stated the rebels attacked their house because the war was in full progress.

Applicant stated he can't return to Sierra Leone because the Ruff is still active and the war is still in progress. Applicant stated his family is gone and he's afraid he would be killed since there is no one to protect him.

The applicant presented testimony which was believable, consistent, and sufficiently detailed. Therefore she was found to be credible.

5/18/2006 11:38:20 AM 2 of 6

2

# Asylum Interview notes and worksheets:

- We will usually fully release asylum interview notes, but we need to look for Exemption (b)(5), or (d)(5) and (b)(5) if the case is PA.

- We will review worksheets (including Form I-870) and partially withhold them, citing Exemption (b)(5).

- On all worksheets and interview notes that asylum officers fill out:
  - If it is <u>not</u> deliberative
  - Then you do <u>not</u> have (b)(5).



U.S. Citizenship and Immigration Services

USCIS FOIA Program Office      22

3

# EXHIBIT B

February 13, 2015

FOIA Officer for US-CIS
Lee's Summit, MO 64064-8010    Fax: [816] 350-5785

Dear FOIA officer:

This is a request filed under the Freedom of Information Act.

Date range of request: January 1, 2010 through February 13, 2015

Description of request:

>Catholic Charities of Washington hereby requests copies of:
>
>Documents relating to the processing, answering, and responding to FOIA requests for assessments of asylum officers. This would include, but is not limited to: instructions given to staff; policy statements; rules, and memoranda.

Catholic Charities is willing to pay up to $100 for the processing of this request. Please inform us if the estimated fees will exceed this limit before processing my request.

Catholic Charities is seeking information not for commercial use, but for its personal use.

Sincerely,

*Catholic Charities of Washington* [signature]
Catholic Charities of Washington
c/o David L. Cleveland
924 G Street NW
Washington, DC 20001    [202] 772-4345



U.S. Department of Homeland Security
National Records Center
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship and Immigration Services**

October 19, 2015

COW2015000135

David L. Cleveland
Catholic Charities of Washington
924 G Street, NW
Washington, DC 20001

Dear David L. Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office February 18, 2015 regarding documents relating to processing, answering, and responding to FOIA requests for assessments of asylum officers.

We have completed our search for records that are responsive to your request. The record consists of 3 pages of material and we have determined to release it in full. The enclosed record consists of the best reproducible copies available.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.4(a)), USCIS uses a "cut-off" date to delineate the scope of a FOIA request by treating records created after that date as not responsive to that request. Therefore, in determining which records are responsive to your request, we included only records in the possession of this agency as of February 18, 2015, the date we began the search for records.

Documents responsive to your request may contain discretionary releases of exempt information. If made, these releases are specifically identified in the responsive record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

www.uscis.gov

COW2015000135
Page 2

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the control number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to (816) 350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)

## Holt, Cynthia L

| | |
|---|---|
| **From:** | Thompson, Orville A |
| **Sent:** | Wednesday, February 18, 2015 1:16 PM |
| **To:** | Holt, Cynthia L; Hyson, Raymond N |
| **Cc:** | Bellisime, Tracy A; McBride, Lyne I |
| **Subject:** | FW: FOIA request |
| **Attachments:** | Assessment guidance.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Please see the attached doc and the info below. I hope this help!

OK, first resource is Appendix C:

| TITLE/SUBJECT | FOIA EXEMPTION | PA EXEMPTION |
|---|---|---|
| Assessment to reject, terminate, grant or refer (relates to Asylum) | Withhold in full (b)(5) | (d)(5) and (b)(5) |
| Assessment Sheet (Preliminary Assessment) | Review for (b)(5) (deliberative process), otherwise release | Review for (d)(5) and (b)(5) (deliberative process), otherwise release |
| Asylum/Refugee flowcharts and worksheets that pertain to the interview | Review for (b)(5), otherwise release. | Review for (d)(5) and (b)(5), otherwise release. |
| Blank asylum/refugee flowcharts | Release | Release |
| Record of Determination/Credible Fear Worksheet, I-870 | See section 27.35.c | See section 27.35.c |

Next, Section 17 establishes that we do not release anything about asylum to a third party without consent of the subject of record:

> We do not provide any information if a third party requester is seeking specific information from NAILS or any law enforcement system or copies of applications/petitions for benefits relating to asylum status, refugee status, spousal abuse protection and certain other benefits. We fully withhold documents if the requester is neither a party to nor a rider on the application/petition.

1

1

## Assessment

- Fully withhold Assessment to Refer, Assessment to Grant, Assessment to Terminate, or any assessment written by an asylum or refugee officer.

- Exemption (b)(5).

- Refugee Officer? Add Exemption (b)(6).



### ASSESSMENT TO REFER

ALIEN NUMBER:      DATE: July 28, 1999

NAME:      ASYLUM OFFICER: P.

COUNTRY: Sierra Leone      REVIEWING SAO: Pat.

LOCATION: ZAR

Applicant indicated that he is a 22-year-old male native and citizen of Sierra Leone who entered the United States without inspection at New York on December 31, 1998.

Applicant fears that he will be harmed by the Revolutionary United Front (RUF) on account of his membership in a particular social group.

Applicant testified that he was afraid of the RUF because of the war that started in 1995. Applicant stated he was a supporter of the Sierra Leone People Party (SLP) but he wasn't an active member he just didn't want to support the RUF rebels. Applicant stated on June 10, 1997, at about five a.m. he heard gun fire and everyone gathered to see what was happening. The Applicant stated the rebels were shooting in his area, when the shooting stopped the rebels broke into his house and began shooting. Applicant stated he was in hiding and when he came out he found his father dead. Applicant stated he wanted to leave but his mother refused to leave because she didn't want to loose their home and all its contents. Applicant said the family stayed in the home for another year before the rebels came again.

Applicant stated in August 1998 at five a.m. he heard some noise and before he knew anything the house was on fire. Applicant stated he tried to get his mother out of the house but it was too late his mother and sister burn to death. Applicant stated about six or eight men in rebel uniform were burning many houses in his neighborhood. Applicant stated his entire family was gone so he left the same day and went to a refugee camp.

Applicant stated he was never in opposition to the government, he was never involved in political activity. Applicant stated the rebels attacked their house because the war was in full progress.

Applicant stated he can't return to Sierra Leone because the Ruff is still active and the war is still in progress. Applicant stated his family is gone and he's afraid he would be killed since there is no one to protect him.

The applicant presented testimony which was believable, consistent, and sufficiently detailed. Therefore she was found to be credible.

5/18/2006 11:38:20 AM 2 of 6

2

# Asylum Interview notes and worksheets:

- We will usually fully release asylum interview notes, but we need to look for Exemption (b)(5), or (d)(5) and (b)(5) if the case is PA.

- We will review worksheets (including Form I-870) and partially withhold them, citing Exemption (b)(5).

- On all worksheets and interview notes that asylum officers fill out:
  - If it is <u>not</u> deliberative
  - Then you do <u>not</u> have (b)(5).


U.S. Citizenship and Immigration Services

USCIS FOIA Program Office    22

3