## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                                    Civil Action No.  15-cv-459 [RBW]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
## THEIR MOTION FOR CLASS CERTIFICATION

On June 15, 2015, plaintiffs filed a motion for class certification. [ECF #15].

Plaintiffs allege that the DHS "has the policy and practice of not even *attempting*

to determine if there are segregable portions [of any assessment.] ¶ 25 of the

complaint.  This memorandum discusses newly-released documents and new case

law.

### DHS DISCLOSURE OF DOCUMENTS IN OCTOBER 2015

Plaintiff Catholic Charities made a FOIA request for documents relating to

instructions given to DHS staff concerning how to respond to FOIA requests for

assessments of asylum officers. The DHS replied in October 2015 by furnishing

three pages: the DHS staff was instructed to "withhold in full" any Assessment and

to "Fully withhold Assessment to Refer…" *See* Exhibit 1 attached hereto.

Nowhere are there any instructions to attempt to segregate facts from Assessments. The employees are simply told "withhold in full." Thus, it appears that ¶ 25 of the complaint is true: the DHS does not even *attempt* to determine if there are any segregable portions of assessments. In contrast to these instructions for Assessments, the same attached pages instruct staff to "partially withhold" documents known as "worksheets."

### JILL EGGLESTON CONTINUES TO USE BOILERPLATE

Jill Eggleston continues to answer FOIA requests with boilerplate, including as the fifth sentence in her response these 19 words:

> "In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information."

*See* Exhibit 2, attached hereto. [one letter is dated July 16, 2015; another is dated November 2, 2015.] Jill Eggleston is apparently unaware of the fact that two federal judges are able to segregate facts out of assessments. The DHS has still not explained why judges can segregate but Ms. Eggleston cannot.

### PLAINTIFFS HAVE IDENTIFIED FOUR MORE MEMBERS OF THE CLASS

Plaintiffs have identified four more members of the class. *See* Exhibit 2.

Plaintiffs have now identified 45 members of the class.

## THE REMEDIAL PURPOSES OF CLASS ACTIONS

Asylum applicants fear their own governments and are probably somewhat fearful of the U.S. government. They did not study the Freedom of Information Act in their high schools. They are very unlikely to know their rights have been violated. It is for such a group that Rule 23 was designed. *See: Souter v. Equifax,* 307 FRD 183, 217 (E.D. Va. 2015)(Souter claims that "the vast majority of individuals affected by Equifax's practices are unlikely to know that their rights have been violated at all." Held: class certified).  "[T]he alternative to a class action is likely to be no action at all for the majority of class members, *Cavin v. Home Loan Ctr.,* 236 F.R.D. 387, 396 (N.D. Ill. 2006)." *Id.* at 218.

The plaintiffs in this case are a "voteless class of litigants…who are strangers to the laws and customs in which they find themselves involved and… often do not understand the [language]…" *Wong Yang Sung v. McGrath,* 339 U.S. 33, 46 [1950]. The Court should be solicitous about their welfare. *See also: Moodie v. Kiawah Island Inn Co. LLC,* 309 F.R.D. 370, 380 (D. South Caro. 2015) ("Here, class members are residents of a foreign country, likely to have limited

financial resources, unfamiliar with the U.S. Court system, and have relatively small claims."

The Third Circuit recently reversed a district court, in an interlocutory appeal taken via Rule 23(f), in *Reyes v. Netdeposit, LLC,* 802 F.3d 469, 491 (3d Cir. 2015). The Third Circuit noted that:

-"if absolute conformity of conduct and harm were required for class certification, unscrupulous businesses could victimize consumers with impunity merely by tweaking the language in a telemarketing script;"
-businesses should not be able to "insulate" themselves from class actions;
-"class actions are often the only practical check against [mass fraud]; where "unsophisticated consumers with little disposable income" have difficulty hiring lawyers, especially where damages are small;
-most of such plaintiffs would have no day in court, without a class action.

## THE PREREQUISITES OF RULE 23(a) ARE SATISFIED

### Numerosity: Rule 23(a)(1)

Plaintiffs have identified 45 class members. Their joinder is impracticable.

### Commonality: Rule 23(a)(2)

"So long as there is 'even a single common question,' a would-be class can satisfy the commonality requirement…" *Parsons v. Ryan,* 754 F3d. 657, 675 (9th Cir. 2014) (citations and quotations omitted). Even if "the circumstances of

each particular class member vary," commonality may exist. *Id. Parsons* was cited

with approval by the D.C. Circuit in the case *In re District of Columbia,* 792 F.3d

96, 102 (D.C. Cir. 2015)(an interlocutory appeal denied, where the district court

certified a class of disabled Medicaid recipients alleging unnecessary segregation).

"Commonality does not require perfect identity of questions of law or fact

among all class members. Rather, even a single common question will do." *Reyes*

*v. Netdeposit LLC,* 802 F.3d 469, 487 (3d Cir. 2015)(telemarketers did not read

from a common script and did not use the same method of defrauding each class

member; *Id.* at 493; besides the telephone, defendant used deceptive mailers,

internet solicitation, and "slamming" [obtaining consumer's bank account

information and then pretends to verify the information]) .

Jill Eggleston is the only DHS employee who responds to requests for

assessments, and she responds with boilerplate. She instructs her staff to "fully

withhold" all of each assessment. She does NOT instruct her staff to attempt to

segregate portions out. Commonality has thus been established beyond cavil.

In *Parsons,* the Ninth Circuit affirmed class certification involving medical,

dental, and mental care for inmates at ten separate facilities in Arizona. Plaintiffs

alleged a wide variety of problems:

> inadequate staffing
> insufficient suicide prevention
> insufficient dentists and nurses
> insufficient procedures concerning tooth extraction and informed consent

       suicidal inmates wrongly put in isolation units
       delays in receiving medical care
       inadequate treatment of prostate and cervix cancer
       inadequate treatment of pregnancy and cardiac issues

Plaintiffs also included in their class inmates who had not yet suffered any harm.

The defendants "describe the plaintiffs' claims as little more than an aggregation of many claims of individual mistreatment." *Id.* at 676. The Ninth Circuit disagreed, finding that the plaintiffs had identified "policies and practices" which create a "substantial risk of harm," which "can be answered in a single stroke." *Id.* at 679. The facts in *Parsons* are 100,000 times more complicated than the facts in the case at bar. If there is commonality in *Parsons,* there is commonality in the case at bar.

Commonality has been found in cases far more complex than the case at bar:

*Scott-George v. PVH Corporation,* 2015 WL 7353 928 (E.D. Cal. 2015)(employees in different stores complaining about bag checks, denial of rest breaks, the imposition of fees for use of paycards, and denial of overtime pay);

*In re Delta/Airtran Baggage Fee Antitrust Litigation* 2015 WL 5258 757 (N.D. Ga. 2015)(Two airlines imposed a $15 "first bag fee." Airlines argued that many class members benefited from the policy, since it resulted in lower base fares, which often exceeded $15. Some

class members got the fees refunded.  The fee varied. Nonetheless, the class was certified);

*Hart v. Colvin,* 2015 WL 5915 434 (N.D. Cal. 2015)(Disabled persons seeking benefits were examined by Dr. Frank Chen, who wrote individual letters for each claimant. Plaintiffs allege the defendant wrongfully relied on Chen's letters. Defendant argued that each claimant was quite different from another: [one was in pain after an auto accident; one was in pain due to heavy menstrual bleeding and asthma; one had low back pain due to obesity]. Defendant argued that while some of Chen's letters may have been deficient; some were not. Some claimants did not deserve benefits regardless of the doctor. Defendant could give a Chen letter great weight, some weight, or no weight at all. Some of the letters contained favorable evidence for some claimants. Nonetheless, the class was certified);

*Brown v. Nucor Corporation,* 785 F.3d 895 (4th Cir. 2015) (black employees claimed denial of promotions, where employer had six departments:  in the shipping department, supervisors made promotion

decisions; in maintenance department, decisions were made collaboratively, "involving even lower-level lead men." In the beam mill department, decision centered on interview alone; in the mill shop, they looked at applicant's work history, training, and scores on an aptitude test. Each department manager "has unbridled discretion to make promotions within his department utilizing whatever objective or subjective factors he wishes." 785 F.3d at 944, quoting from *Brown I,* 576 F.3d at 151.);

Jill Eggleston continues to use the same boilerplate, as shown in her letter dated November 2, 2015. Boilerplate is evidence of lack of attention to the issue at hand. *Khudaver-Dyan v. Holder,* 778 F.3d 1101, 1109, note 6 ((6th Cir. 2015).

Where a standard letter is used, commonality is easily found. For example, in *Jenkins v. Pech,* 2015 WL 3658 261 (D. Neb. 2015), a letter using "a standard template" was sent to many debtors; a class was certified.

## A. Typicality : Rule 23(a)(3)

Typicality was found in *Parsons v. Ryan,* 754 F.3d 657 (9th Cir. 2014), a case involving Arizona inmates who alleged inadequate nursing, dental, mental, and other health care policies of their institutions of confinement. The Court acknowledged that the named plaintiffs had suffered varying injuries and that "they

may currently have different health care needs." 754 F.3d at 686. The Court acknowledged that some inmates had no health issues whatsoever. Nonetheless, Rule 23(a)(3) "requires only that their claims be 'typical' of the class, not that they be identically positioned to each other or to every class member." *Id.*

The plaintiffs in this case are identical: each is an asylum applicant who seeks all or part of his assessment.

Typicality was found in *Scott-George v. PVH Corporation,* 2015 WL 7353 928, *7 (E.D. Cal. 2015)(employees complaining about bag checks, denial of rest breaks, the imposition of fees for use of paycards, denial of overtime pay The defendant argued that plaintiff Scott-George worked in a store with a particular manager "who apparently had substance abuse problems;" Plaintiff Wigg's bag check experience was because she worked in a "hectic" store. Nonetheless, typicality was found. "The Court declines to scrutinize the facts in such a detailed way as to make any small difference in class members' experiences destroy the overall similarity that binds them. To do so would make any class action litigation inapplicable. " *Id.*

### Adequacy of Representation: Rule 23(a)(4)

The adequacy requirement is satisfied when the named representatives have "a sufficient interest in the outcome of the case to ensure vigorous advocacy and do not have interests antagonistic to those of the class." *Suchanek*

*v. Sturm Foods, Inc.,* 2105 WL 6689 359 at *14 (S.D. Ill. 2015)[citations and quotations omitted]. The plaintiffs in the case at bar easily satisfy this requirement.

## CERTIFICATION IS APPROPRIATE UNDER RULE 23(b)(2)

"The writers of Rule 23 intended that subsection (b)(2) foster institutional reform by facilitating suits that challenge widespread rights violations of people who are individually unable to vindicate their own rights." *Parsons v. Ryan,* 754 F.3d 657, 686 (9th Cir. 2014)(citations and quotations omitted). Rule 23(b)(2) "does not require a finding that all members of the class have suffered identical injuries." *Id.* at 688. In the case at bar, the plaintiffs *have* suffered the same injury: none has been given any portion of their assessment.

CONCLUSION

Certification of the proposed class will advance the broad remedial purposes of FOIA. The Court should certify the following class:
"all persons who, since March 30, 2009, have made, or will make during the pendency of this lawsuit, a FOIA request for the Assessment of their asylum officer, but were provided no portion of the Assessment."

December 6, 2015

Respectfully submitted,

Attorney for Plaintiffs

David L. Cleveland
DC Bar # 424209
Catholic Charities
924 G Street, NW
Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com

# EXHIBIT 1

February 13, 2015

FOIA Officer for US-CIS
Lee's Summit, MO 64064-8010     Fax: [816] 350-5785

Dear FOIA officer:

This is a request filed under the Freedom of Information Act.

Date range of request: January 1, 2010 through February 13, 2015

Description of request:

Catholic Charities of Washington hereby requests copies of:

Documents relating to the processing, answering, and responding to FOIA requests for assessments of asylum officers. This would include, but is not limited to: instructions given to staff; policy statements; rules, and memoranda.

Catholic Charities is willing to pay up to $100 for the processing of this request. Please inform us if the estimated fees will exceed this limit before processing my request.

Catholic Charities is seeking information not for commercial use, but for its personal use.

Sincerely,

*Catholic Charities of Washington*

Catholic Charities of Washington
c/o David L. Cleveland
924 G Street NW
Washington, DC 20001     [202] 772-4345



Department of Homeland Security
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship
and Immigration
Services**

October 19, 2015                                                **COW2015000135**

David L. Cleveland
Catholic Charities of Washington
924 G Street, NW
Washington, DC  20001


Dear David L. Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this
office February 18, 2015 regarding documents relating to processing, answering, and responding to FOIA
requests for assessments of asylum officers.

We have completed our search for records that are responsive to your request.  The record consists of 3
pages of material and we have determined to release it in full.  The enclosed record consists of the best
reproducible copies available.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.4(a)), USCIS uses a
"cut-off" date to delineate the scope of a FOIA request by treating records created after that date as not
responsive to that request.  Therefore, in determining which records are responsive to your request, we
included only records in the possession of this agency as of February 18, 2015, the date we began the
search for records.

Documents responsive to your request may contain discretionary releases of exempt information.  If
made, these releases are specifically identified in the responsive record.  These discretionary releases do
not waive our ability to invoke applicable FOIA exemptions for similar or related information in the
future.

The National Records Center does not process petitions, applications or any other type of benefit under
the Immigration and Nationality Act.  If you have questions or wish to submit documentation relating to a
matter pending with the bureau, you must address these issues with your nearest District Office.

COW2015000135
Page 2

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester.  Please include the control number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to (816) 350-5785.  You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)

**Holt, Cynthia L**

| | |
|---|---|
| **From:** | Thompson, Orville A |
| **Sent:** | Wednesday, February 18, 2015 1:16 PM |
| **To:** | Holt, Cynthia L; Hyson, Raymond N |
| **Cc:** | Bellisime, Tracy A; McBride, Lyne I |
| **Subject:** | FW: FOIA request |
| **Attachments:** | Assessment guidance.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Please see the attached doc and the info below.  I hope this help!

OK, first resource is Appendix C:

| TITLE/SUBJECT | FOIA EXEMPTION | PA EXEMPTION |
|---|---|---|
| Assessment to reject, terminate, grant or refer (relates to Asylum) | Withhold in full (b)(5) | (d)(5) and (b)(5) |
| Assessment Sheet (Preliminary Assessment) | Review for (b)(5) (deliberative process), otherwise release | Review for (d)(5) and (b)(5) (deliberative process), otherwise release |
| Asylum/Refugee flowcharts and worksheets that pertain to the interview | Review for (b)(5), otherwise release. | Review for (d)(5) and (b)(5), otherwise release. |
| Blank asylum/refugee flowcharts | Release | Release |
| Record of Determination/Credible Fear Worksheet, I-870 | See section 27.35.c | See section 27.35.c |

Next, Section 17 establishes that we do not release anything about asylum to a third party without consent of the subject of record:

> We do not provide any information if a third party requester is seeking **specific** information from NAILS or any law enforcement system or copies of applications/petitions for benefits relating to asylum status, refugee status, spousal abuse protection and certain other benefits. We fully withhold documents if the requester is neither a party to nor a rider on the application/petition.

1

# Asylum Interview notes and worksheets:

- We will usually fully release asylum interview notes, but we need to look for Exemption (b)(5), or (d)(5) and (b)(5) if the case is PA.

- We will review worksheets (including Form I-870) and partially withhold them, citing Exemption (b)(5).

- On all worksheets and interview notes that asylum officers fill out:
    - If it is <u>not</u> deliberative
    - Then you do <u>not</u> have (b)(5).



**U.S. Citizenship
and Immigration
Services**

# EXHIBIT 2

Declaration of David L. Cleveland
about class members

December 6, 2015

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICA GATORE, et al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 15-cv-459 [RBW] |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF HOMELAND SECURITY, ) | |
| Defendant, ) | |

### DECLARATION OF DAVID L. CLEVELAND dated December 6, 2015

I, David L. Cleveland, pursuant to 28 U.S. C. § 1746, declare under penalty of perjury:

I am counsel for plaintiffs in this action. I work for plaintiff Catholic Charities.

Catholic Charities has made FOIA requests for asylum officer assessments for over 40 asylum applicants since March 2009, and will continue to make such requests in the future. The DHS has never disclosed any part of any such assessments [except for Mr. Abtew].

As of June 13, 2015, plaintiffs had identified the following 41 class members:

Gatore
Timemy
Lumonika
Shaka, In
Ayessa

Ouedraogo
Shaka, H
Abiba
Dinegde
Kamara

Kouame
Kenfack
Kinfemichael
Mengesha
Megne

Monthe
Win
Thwe
 Bate
Conteh

Allajaboo
Abdalla
Akuete
Badiane
Beyene

Boonruang
Demissie
Geigorgis
Hemed
Iwuji

Joksimovic
Kermani
Kobonov
Lukusa
Otero

Minkam –Waffo
Mulangu
Nasr
Ngassa
Nshimirimana

Vasilev
= = = = =

Attached hereto, as Attachment A, is evidence of 4 more FOIA requests by Catholic

Charities, for the assessments of the following asylum applicants. No part of any

assessment has yet been released:

Bori-Mekouangori
Basnet
Diaz-Claros
Kayiteshonga

The Court now has the names of 45 class members.

I declare under penalty of perjury under the laws of the District of

Columbia that foregoing is true and accurate.  Dated: December 6, 2015.

Respectfully submitted,

/s/ David L. Cleveland
DAVID L. CLEVELAND
DC Bar # 424209
Catholic Charities of Washington

# ATTACHMENT A

U.S. Department of Homeland Security
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010

 **U.S. Citizenship
and Immigration
Services**

November 2, 2015                                              NRC2015078829

David L. Cleveland
Catholic Charities
924 G St. NW
Washington, DC  20001

Dear David L. Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this
office June 16, 2015 regarding Kharka Bahadur Basnet.

We have completed the review of all documents and have identified 142 pages that are responsive to your
request.  Enclosed are 109 pages released in their entirety and 20 pages released in part.  We are
withholding 4 pages in full.  In our review of these pages, we have determined that they contain no
reasonably segregable portion(s) of non-exempt information.  Additionally, we have referred 8 pages in
their entirety to the Department of State for their direct response to you.  We have reviewed and have
determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552
(b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located 1 page of potentially responsive document(s) that may have originated
from U.S. Immigration and Customs Enforcement (ICE).  USCIS has sent the document(s) and a copy of
your FOIA request to the ICE FOIA Office for consideration and direct response to you.  Should you
wish to contact ICE concerning the status of the processing of the document(s), please contact the ICE
FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov.  The ICE FOIA Office
mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would
not be available by law to a party other than an agency in litigation with the agency.  The types of
documents and/or information we have withheld under this exemption may consist of documents
containing pre-decisional information, documents or other memoranda prepared in contemplation of
litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel,
medical and similar files where the disclosure of such information would constitute a clearly unwarranted
invasion of personal privacy.  The types of documents and/or information we have withheld may consist
of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses,
dates of birth, or various other documents and/or information belonging to a third party that are
considered personal.

NRC2015078829
Page 2

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)

U.S. Department of Homeland Security
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010



**U.S. Citizenship
and Immigration
Services**

July 16, 2015                                                                                    **NRC2015051251**

Jennifer Bibby Gerth
Catholic Charities, ILS
12247 Georgia Ave.
Silver Spring, MD  20902

Dear Jennifer Bibby Gerth:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this
office April 14, 2015 regarding Nahum Geremias Diaz Claros.

We have completed the review of all documents and have identified 598 pages that are responsive to your
request.  Enclosed are 364 pages released in their entirety and 91 pages released in part.  We are
withholding 89 pages in full.  In our review of these pages, we have determined that they contain no
reasonably segregable portion(s) of non-exempt information.  Additionally, we have referred 10 pages in
their entirety to 2 other government agencies for their direct response to you, 1 page has been referred to
the U.S. State Department and 9 pages have been referred to the Administration for Children and
Families.  We have reviewed and have determined to release all information except those portions that are
exempt pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located a potentially responsive document(s) that may have originated from
U.S. Immigration and Customs Enforcement (ICE).  USCIS has sent the document(s) and a copy of your
FOIA request to the ICE FOIA Office for consideration and direct response to you.  Should you wish to
contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA
Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov.  The ICE FOIA Office mailing
address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would
not be available by law to a party other than an agency in litigation with the agency.  The types of
documents and/or information we have withheld under this exemption may consist of documents
containing pre-decisional information, documents or other memoranda prepared in contemplation of
litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel,
medical and similar files where the disclosure of such information would constitute a clearly unwarranted
invasion of personal privacy.  The types of documents and/or information we have withheld may consist
of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses,
dates of birth, or various other documents and/or information belonging to a third party that are
considered personal.

www.uscis.gov

NRC2015051251
Page 2

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)

Department of Homeland Security
ional Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010



U.S. Citizenship
and Immigration
Services

August 11, 2015                                        NRC2015102903

David L. Cleveland
Catholic Charities of Washington
924 G Street, NW
Washington, DC  20001

Dear David L. Cleveland:

We received your request for information relating to Jean Luc Bori Mekouangori on August 11, 2015.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552).
It has been assigned the following control number: NRC2015102903.  Please cité this number in all future
correspondence about your request.

We respond to requests on a first-in, first-out basis and on a multi-track system.  Your request has been
placed in the complex track (Track 2).  You may wish to narrow your request to a specific document in
order to be eligible for the faster track.  To do so, please send a written request, identifying the specific
document sought, to the address above.  We will notify you if your request is placed in the simple track.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is
deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00.  Fees may be
charged for searching for records sought at the respective clerical, professional, and/or managerial rates of
$4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy.  The first
100 copies and two hours of search time are not charged, and the remaining combined charges for search
and duplication must exceed $14.00 before we will charge you any fees.  Most requests do not require any
fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

This office will be providing your records on a Compact Disc (CD) for use on your personal computer.
The CD is readable on all computers through the use of Adobe Acrobat software.  A version of Adobe
Acrobat will be included on the CD.  Your records can be viewed on your computer screen and can be
printed onto paper.  Only records 15 pages or more are eligible for CD printing.  To request your
responsive records on paper, please include your control number and write to the above address Attention:
FOIA/PA Officer, or fax them to (816) 350-5785.

USCIS no longer collects Social Security Numbers in connection with FOIA or PA requests.  When
forwarding to us any documents related to your request, please ensure any Social Security Numbers on
the documents are blanked out or removed.

The National Records Center (NRC) has the responsibility to ensure that personally identifiable
information (PII) pertaining to U.S. Citizenship and Immigration Services (USCIS) clients is protected.
In our efforts to safeguard this information, we may request that additional information be provided to
facilitate and correctly identify records responsive to your request.

www.uscis.gov

NRC2015102903
Page 2

Though submission of this information is voluntary, without this information, your request may be delayed while additional steps are taken to ensure the correct responsive records are located and processed. Further, if we are unable to positively identify the subject of the record we may be unable to provide records responsive to your FOIA request.

You may check the status of your FOIA request online, at www.uscis.gov. Click on "FOIA Request Status Check" located on the left side of the web page under "Other Services", and follow the instructions. If you have any questions concerning your pending FOIA/PA request, or to check the status of a pending application or petition, please call The National Customer Service Center at 1-800-375-5283. Please be aware that the National Records Center no longer accepts FOIA/PA related questions directly by phone.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by *the requester*. Please include the control number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to (816) 350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations



U.S. Department of Homeland Security
HQ FOIA/PA Appeals
150 Space Center Loop, Suite 500
Lee's Summit, MO  64064-2139

**U.S. Citizenship
and Immigration
Services**

September 15, 2015                                                   APP2015001356

David L. Cleveland
Catholic Charities of Washington
924 G St NW
Washington, DC  20001

Dear Mr. Cleveland:

Re: NRC2015096509

You appealed the action of the National Records Center regarding your request for access to records
pertaining to Christian Kayiteshonga, dated July 28, 2015. The original determination of the National
Records Center was to withhold 9 pages in part and 3 in full.

After careful consideration of your appeal, and as a result of discussions with the National Records
Center, we have decided to release 3 additional pages to you, copies of which are enclosed. We are
releasing these pages in part. We have redacted information pursuant to 5 U.S.C. §§ 552 (b)(5).

On the remaining pages, we found that the National Records Center properly withheld certain information
that is protected from disclosure. We have determined that this information is not appropriate for
discretionary release.

An asylum officer's written assessment is exempt from disclosure. *See* Anguimate *v. U.S. Dep't of
Homeland Sec.*, 918 F. Supp. 2d 13, 19 (D.D.C. 2013) (finding that USCIS properly withheld an asylum
officer's assessment under the deliberative process privilege) *and* Abramyan *v. US Dep't of Homeland
Security*, 6 F.Supp.3d 57, (D.D.C. 2013)(finding that, [b]ecause the Assessment to Refer was both
predecisional and deliberative, it qualifies for withholding under exemption (b)(5)).

The National Records Center located potentially responsive documents that may have originated from the
U.S. Department of State and Immigration and Customs Enforcement. The National Records Center has
sent the document(s) and a copy of your FOIA request to their respective FOIA Offices for consideration
and direct response to you. This is consistent with departmental regulations (See 6 C.F.R. 5.4(c)).
Questions concerning the status of the processing of the document(s) should be directed to the individual
agencies. Please visit their websites for current contact information.

APP2015001356
Page 2

If you are dissatisfied with our action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B). The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Sincerely,

Alan D. Hughes, Associate Counsel
Commercial and Administrative Law Division
Department of Homeland Security
Citizenship and Immigration Services