UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICA GATORE, *et al*. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil No. 1:15-cv-459 (RBW) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF HOMELAND SECURITY | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDA**

On February 1, 2016, the Court granted Plaintiffs' leave to file supplemental memoranda in support of Plaintiffs' Motion for Summary Judgment and Motion for Class Certification.  In support of their motion for summary judgment, Plaintiffs simply rehash their argument that Defendant, United States Department of Homeland Security ("Defendant") failed to properly process the subject FOIA requests because Defendant failed to release all segregable material. In support of Plaintiffs' motion for class certification, Plaintiffs attempt to meet one of the elements of class certification by alleging that they now have additional members who would like to join a class action law suit.  In that Plaintiffs are unable to establish their claims for relief their motions should be denied and the Court should grant Defendant's Motion for Summary Judgment.

**Plaintiffs' Supplemental Memorandum in Support of Ninth Cause of Action**

First, Plaintiffs' supplemental memorandum in support of its ninth cause of action does nothing more than repeat its previous allegation, regarding segregability.  Plaintiffs argue that Defendant failed to conduct proper segregability reviews because a few select pages from Defendant's production do not contain the word "segregate" or the phrase "reasonable segregable." *See generally* Pl's Mem.  Plaintiffs make such an argument despite the fact that

more than 1,800 pages of documents have been released in full or in part by the Agency and less than 100 pages were completely withheld without redaction. *See* July 21, 2015 Declaration of Jill Eggleston ("Eggleston Decl."), attached as Ex. 1 to Def's Mt, at ¶ 8, 20 (citing the number of pages released in full, released in part, and withheld in full for each of the seven (7) individual Plaintiffs). Plaintiffs also make their segregability argument despite the sworn declaration of the Assistant Center Director of the Agency's Freedom of Information and Privacy Act unit, Jill Eggleston, that "[a]ll responsive documents were reviewed with an eye toward providing the fullest possible disclosure and, in furtherance of this goal, received a line-by-line examination in an effort to identify all reasonably segregable, unprivileged, nonexempt portions for release to the requester." Eggleston Decl. at ¶ 8. Plaintiffs argument that Defendant failed to conduct a sufficient segregability review stands at odds with the facts of the instant case and Defendant is entitled to summary judgment.

As previously stated in Defendant's Motion and Opposition, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b). Non-exempt portions of records need not be disclosed if they are "inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977); *Fischer v. U.S. Dep't of Justice*, 596 F.Supp.2d 34, 44 (D.D.C. 2009). To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. *Armstrong v. Executive Office of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996); *Canning v. Dep't of Justice*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material,"

which must be overcome by some "quantum of evidence" by the requester.  *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).  Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content."  *Mead Data*, 566 F.2d at 261, n.55.

In the instant case, the declaration of Ms. Eggleston demonstrates that the Agency undertook multiple levels of segregability review that at times resulted in additional releases of information.  *See* Eggleston Decl. at ¶ 8 (noting that after an initial release of documents for each of the individual Plaintiffs, additional pages were released in full and in part in response to administrative appeals).  Furthermore, with respect to the specific documents Plaintiffs cite as evidence of Defendant's failure to conduct a segregability review, the Assessment to Refer, Ms. Eggleston's declaration establishes that Assessments to Refer at issue in this case fall within Exemption 5 and this Court has held that the nature of the Agency's Assessments to Refer are such that they should be withheld in full.

As explained in Defendant's Motion for Summary Judgment, and outlined in paragraph seventeen (17) of Ms. Eggleston's declaration, "the assessments to refer are prepared by the Asylum Officers in narrative form, and explain the officers concerns, discusses possible legal insufficiencies in the application, and the reasons for the decision to refer the case to the immigration court," and "[i]t is in the interest of USCIS to protect the manner in which asylum officers prioritize and analyze factual information obtained from asylum applicants during the interview, and included in the assessments prepared for decision makers."  Eggleston Decl. at ¶ 17.  Accordingly, "factual portions of the assessment to refer cannot be severed or segregated from its context and thus must remain exempt from disclosure."  *Id*.

As also explained in Defendant's Motion, this Court has held that assessments to refer are properly withheld under Exemption 5 and that there is no reasonably segergable material because even the factual portion of the assessment is based upon a "distillation" and disclosing the "asylum officer's particular selection of facts may reveal USCIS's deliberative process." *See Abramyan v. U.S. Department of Homeland Security*, 6 F.Supp.3d 57, 65 – 66 (D.D.C. 2013) (explaining that the same "[a]ssessments of credibility and recommendations" at issues in the instant case "are 'quintessential deliberative information'" and also rejecting the argument that "any deliberative portion [of the Assessment to Refer] can be severed from the factual findings and record of proceedings" and holding that "USCIS's description of the document leaves no non-exempt material to segregate."); *Anguimate v. U.S. Department of Homeland Security*, 918 F.Supp.2d 13, 18 – 19 (D.D.C. 2013) (Walton, J.) ("The Court finds that the Eggleston declaration logically links the elements of the deliberative process privilege to the Assessment. The 'predecisional' nature of the Assessment is clear, given that it predated and formed the basis for Immigration's decision to deny the plaintiff's asylum application. So too is the 'deliberative' element satisfied. Indeed, with respect to the Assessment's factual summary of the Asylum Officer's interview with the plaintiff, the Eggleston declaration describes this as a 'distillation' that 'does not purport to be a verbatim transcript of the [p]laintiff's asylum interview,' but rather is "a selective recording of information the [Immigration] asylum officer deemed particularly pertinent to [the p]laintiff's request for asylum.' Such factual recitations qualify as deliberative.") (citing *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 513 – 14 (D.C. Cir. 2011)); *id* at 22 ("The Court concludes that the defendant has provided an adequate justification for the non-segregability of the Assessment. As the Circuit has recognized, an agency affidavit that (1) describes 'each document withheld,' (2) notes 'the exemption under which it was withheld,' and (3) states that an

4

agency official 'personally conducted a line-by-line review of each document withheld in full and determined that no documents contained releasable information which could be reasonably segregated from the nonreleasable portion' is 'sufficient to fulfill the agency's obligation to show with 'reasonable specificity' why a document [could not] be further segregated.' . . . Thus, the Court finds the plaintiff's segregability challenges unavailing, and deems the Eggleston declaration sufficient to discharge the agency's segregability obligations."). Accordingly, Plaintiffs' decision to simply rehash their same arguments in a "supplemental memorandum" by arguing that particular documents do not contain the words "segregate" or "reasonably segregable" when referencing the Agency's Assessment to Refer should be rejected and the Court should grant Defendant's Motion for Summary Judgment.

### Plaintiff's Supplemental Memorandum in Support of Motion for Class Certification

Likewise, Plaintiffs' supplemental memorandum in support of their motion for class certification does not provide a basis for class certification. In Defendant's Motion for Summary Judgment / Opposition to Plaintiff's Motion to Certify Class, Defendant argued that Plaintiffs fail to meet the first prong of numerosity, and therefore Plaintiffs' Motion to Certify Class should be denied. *See* Def's Mt / Opp at 12 – 16. In Plaintiffs supplemental memorandum, Plaintiffs allege to now have additional class members meeting the numerosity requirement. The relief Plaintiffs seek on behalf of the class, however, has been previously denied by this Court under the same factual scenarios. The Court may, accordingly, grant Defendant's Motion for Summary Judgment and deny Plaintiffs' Motion to Certify Class as moot.

As previously stated, "a class plaintiff has the burden of showing that the requirements of Rule 23(a) are met and that the class is maintainable pursuant to one of Rule 23(b)'s subdivisions." *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 530 (D.C. Cir. 2006). In its entirety, Rule 23(a)

provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a).

Rule 23(b)(2) permits certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole...." Fed.R.Civ.P. 23(b)(2).  This provision "permits class actions seeking final injunctions or corresponding declaratory relief for the entire class," and "[u]nlike class actions for monetary relief under Rule 23(b)(3), there are no additional requirements of notice and opt-out rights, and the plaintiff need not establish that a class action would be superior to individual actions or that common legal and factual questions predominate." *Richards*, 453 F.3d at 530 (citation omitted).

While this Court has recently held that it has not found "any decision granting certification of a class of FOIA plaintiffs who alleged the improper withholding of information," it also explained that it "has not located any authority suggesting that such certification is categorically impermissible."  *Feinman v. F.B.I.*, 269 F.R.D. 44, 49 - 52 (D.D. C. 2010).  Accordingly, while the issue of whether class certification is ever appropriate for a FOIA case has not been resolved in this jurisdiction, the Court need not address that issue because Plaintiff is unable to obtain the class relief they seek.

First, despite Plaintiffs' supplemental memorandum, Plaintiffs have failed to provide sufficient evidence to meet Federal Rule of Civil Procedure 23 class certification requirements.

Plaintiffs are seven individuals who each filed similar FOIA requests and now request class certification.  As previously stated, under Rule 23(a), a plaintiff must first show that "the class is so numerous that joinder of all members is impracticable . . . ."  Fed.R.Civ.P. 23(a).  "The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations."  *Gen. Tel. Co. of Northwest, Inc. v. EEOC*, 446 U.S. 318, 330.  "Generally speaking, courts have found that a proposed class consisting of at least forty members will satisfy the impracticability requirement. The general rule is that a plaintiff need not provide the exact number of potential class members in order to satisfy this requirement."  *Bynum v. District of Columbia*, 214 F.R.D. 27, 32-33 (D.D.C. 2003).   The numerosity requirement can be satisfied "[s]o long as there is a *reasonable basis* for the estimate provided," *Kifafi v. Hilton Hotels Retirement Plan*, 189 F.R.D. 174, 176 (D.D.C. 1999) (emphasis added), but "[m]ere conjecture, without more, is insufficient to establish numerosity...."  *Pigford v. Glickman*, 182 F.R.D. 341, 347 (D.D.C. 1998); *see also Bynum*, 214 F.R.D. at 31 ("[T]he legal standard is whether the evidence presented by plaintiffs establishes a 'reasonable basis for crediting [plaintiffs'] assertion[s].' ") (quoting *Wagner v. Taylor*, 836 F.2d 578, 587 n.57 (D.C. Cir. 1987).

In the instant case Plaintiffs have now submitted a declaration blanketly stating that in addition to the seven (7) named Plaintiffs, they have additional individuals bringing the total potential class to forty-five (45) individuals.  *See* Ex. 2 to Pl's Supp Mem.  Plaintiffs do not explain whether each of the individuals listed have filed identical FOIA requests, nor whether the same information was withheld with respect to their individual FOIA request.   Without additional information Plaintiffs have failed to establish numerosity.

Furthermore, Plaintiffs are unable to establish commonality.  "Rule 23(a)(2) requires a party seeking class certification to prove that the class has common 'questions of law or fact.'

7

Their claims must depend upon a common contention of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2545 (2011). In the instant case, Plaintiffs have failed to establish that each FOIA request is identical and even if Plaintiffs were to establish that each are identical the release of individual documents responsive in individual files would require separate analysis for each request and Plaintiffs are unable to obtain classwide relief in "one stroke." To the extent Plaintiff simply alleges commonality based on the Agency's decision to withhold particular Assessments to Refer in their entirety, Defendant has attested that a line-by-line review for "reasonably segregable" information has occurred. *See* Eggleston Decl. at ¶ 20. Accordingly, whether an individual Assessment to Refer did indeed contain some reasonably segregable information requires a case-by-case assessment as opposed to classwide relief. In contrast, if Plaintiffs seek a blanket decision that all Assessments to Refer must be released, such a decision would stand at odds with both this Court's previous cases and D.C. Circuit precedent as outlined in *Ancient Coin*. *See Abramyan*, 6 F.Supp.3d at 65 – 66; *Anguimate*, 918 F.Supp.2d at 18 – 19; *Ancient Coin Collectors Guild*, 641 F.3d at 513 – 14. In that Plaintiffs' FOIA cases require individualized assessments, Plaintiffs are unable to meet the commonality requirement for class certification and their motion for class certification should be denied.

Finally, the Court may simply grant Defendant's Motion for Summary Judgment and moot Plaintiff's Motion for Class Certification. As previously stated, courts in this jurisdiction have yet to rule on whether class certification is appropriate for FOIA matters. *See Feinman*, 269 F.R.D. at 49 – 52. The Court, however, need not address such an issue when the relief sought from such certification is a decision that the Agency's Assessments to Refer must be released in

whole or in part.   The issue regarding release of an Assessment to Refer has been addressed previously and in the instant case a line-by-line assessment for segregability has been undertaken. *See* Eggleston Decl. at ¶¶ 17, 20.   The Court should, accordingly, grant Defendant's Motion for Summary Judgment and deny Plaintiffs' Motion for Class Certification as moot.

*     *     *

Dated:  March 21, 2016
         Washington, DC

>   Respectfully Submitted,
>
>   CHANNING D. PHILLIPS, D.C. Bar #415793
>   United States Attorney
>   for the District of Columbia
>
>   DANIEL F. VAN HORN, D.C. Bar #924092
>   Civil Chief
>
>   By: */s/ Carl E. Ross*
>   CARL EZEKIEL ROSS, D.C. Bar #492441
>   Assistant United States Attorney
>   Civil Division
>   555 4th Street, N.W.
>   Washington, D.C. 20530
>   Tel:   (202) 252-2533
>   Fax:   (202) 252-2505
>
>   Attorneys for Defendant