**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
RICA GATORE, <u>et al.</u>,                    )
                                              )
            Plaintiffs,                       )
                                              )
      v.                                      )     Civil Action No. 15-459 (RBW)
                                              )
UNITED STATES DEPARMENT                       )
OF HOMELAND SECURITY,                         )
                                              )
            Defendant.                        )
_____)

**<u>MEMORANDUM OPINION</u>**

The plaintiffs initiated this civil action against the defendant, the United States

Department of Homeland Security, under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552 (2012), seeking, <u>inter alia</u>, portions of documents termed "assessments to refer" that were

prepared in connection with the individual plaintiffs' asylum applications. <u>See generally</u>

Complaint ("Compl.") ¶¶ 1–4, 9–54.  Plaintiff Catholic Charities submitted each of the

individual plaintiffs' FOIA requests on their behalf, <u>id.</u> ¶¶ 12, 37, 40, 43, 46, 49, 52, and also

submitted its own FOIA request, <u>id.</u> ¶ 61.  Currently pending before the Court are: (1) the

Plaintiffs' Motion for Summary Judgment as to Ninth Cause of Action ("Pls.' Partial Summ. J.

Mot."); (2) the Plaintiffs' Motion for Class Certification ("Class Cert. Mot."); and (3) the

Defendant's Motion for Summary Judgment ("Def.'s Summ. J. Mot.").  Upon careful

consideration of the parties' submissions, the Court concludes that the defendant's motion for

summary judgment must be denied, the plaintiff's partial motion for summary judgment must be

denied, and the plaintiffs' class certification motion shall be held in abeyance pending further

proceedings consistent with this Memorandum Opinion and accompanying Order.[1]

## I.    BACKGROUND

The following facts are undisputed.  Catholic Charities submitted FOIA requests to the

defendant on behalf of each of the individual plaintiffs, who are each seeking asylum in the

United States, requesting, inter alia, documents termed "assessments to refer" ("assessments")

that were prepared by an asylum officer after interviewing each plaintiff.  Compl. ¶¶ 10, 12, 37,

40, 43, 46, 49, 52; Answer ¶¶ 10, 12; Eggleston Decl. ¶ 8.  The asylum officer's assessment is

subject to supervisory approval.  Def.'s Facts ¶ 5; Pls.' Facts ¶ 5.  Although the defendant

disclosed some documents in response to the individual plaintiffs' FOIA requests, Def.'s Facts

¶ 11; Pls.' Facts ¶ 11, the defendant withheld in full the assessment prepared in each of the

individual plaintiffs' cases, see Def.'s Facts ¶ 12; Pls.' Facts ¶ 12.

In February 2015, Catholic Charities also submitted a separate FOIA request on its own

behalf, seeking "[d]ocuments relating to the processing, answering, and responding to FOIA

requests for assessments of asylum officers."  Eggleston Decl. ¶ 8; see also Compl. ¶ 61.  Upon

receiving the request, the defendant informed Catholic Charities that "because of 'unusual

circumstances' [the defendant] 'may not be able to process [Catholic Charities'] request within

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the defendant's Answer ("Answer"); (2) the Defendant's Me[m]orandum of Points and Authorities in Support of Its Motion for Summary Judgment, Opposition to Plaintiff[s'] Motion To Certify Class, and Opposition to Plaintiff[s'] Motion for Partial Summary Judgment ("Def.'s Mem."); (3) the Defendant's Statement of Material Facts Not in Dispute ("Def.'s Facts"); (4) the Declaration of Jill A. Eggleston ("Eggleston Decl."); (5) the Plaintiffs' Opposition to DHS Motion for Summary Judgment ("Pls.' Opp'n to Def.'s Summ. J. Mot."); (6) the Plaintiffs' Reply to DHS Opposition to Motion for Summary Judgment as to Ninth Cause of Action ("Pls.' Partial Summ. J. Reply"); (7) the Plaintiffs' Reply to DHS Opposition to Motion for Class Certification ("Pls.' Class Cert. Reply"); (8) the Plaintiffs' Supplemental Memorandum in Support of Plaintiffs' Motion for Summary Judgment as to Ninth Cause of Action ("Pls.' Suppl. Partial Summ. J. Mem."); (9) the Plaintiffs' Supplemental Memorandum in Support of Their Motion for Class Certification ("Pls.' Suppl. Class Cert. Mem."); (10) the Defendant's Response to Plaintiffs' Supplemental Memoranda ("Def.'s Response to Pls.' Suppl. Mems."); and (11) the Plaintiffs' Reply to DHS "Response" ("Pls. Further Reply").

the statutory time limit . . . ."  Def.'s Facts ¶ 3 (second alteration in original); see Pls.' Facts ¶ 3.

Ultimately, the defendant issued its response to the FOIA request in October 2015.  Pls.' Suppl.

Mem., Exhibit ("Ex.") B, at 10[2] (letter dated October 19, 2015 issued in response to Catholic

Charities' February 2015 FOIA request).

## II.    STANDARD OF REVIEW

The Court must grant a motion for summary judgment "if the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a).  When ruling on a motion for summary judgment, the Court must

view the evidence in the light most favorable to the non-moving party.  Holcomb v. Powell, 433

F.3d 889, 895 (D.C. Cir. 2006) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150

(2000)).  The Court must therefore draw "all justifiable inferences" in the non-moving party's

favor and accept the non-moving party's evidence as true.  Anderson v. Liberty Lobby, 477 U.S.

242, 255 (1986).  The non-moving party, however, cannot rely on "mere allegations or denials."

Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting Anderson, 477 U.S. at 248).  Thus,

"[c]onclusory allegations unsupported by factual data will not create a triable issue of fact."  Pub.

Citizen Health Research Grp. v. FDA, 185 F.3d 898, 908 (D.C. Cir. 1999) (quoting Exxon Corp.

v. FTC, 663 F.2d 120, 126–27 (D.C. Cir. 1980)) (alteration in original).  If the Court concludes

that "the nonmoving party has failed to make a sufficient showing on an essential element of [its]

case with respect to which [it] has the burden of proof," then the moving party is entitled to

summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Moreover, "in ruling

on cross-motions for summary judgment, the [C]ourt shall grant summary judgment only if one

---

[2] This page number is the Court's electronically-generated page number assigned to the plaintiffs' supplemental
memorandum in support of their partial motion for summary judgment, ECF No. 32.

of the moving parties is entitled to judgment as a matter of law upon material facts that are not

genuinely disputed." Shays v. FEC, 424 F. Supp. 2d 100, 109 (D.D.C. 2006) (citation omitted).

FOIA cases are typically resolved on motions for summary judgment. Ortiz v. U.S.

Dep't of Justice, 67 F. Supp. 3d 109, 116 (D.D.C. 2014); Defenders of Wildlife v. U.S. Border

Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). "[The] FOIA requires federal agencies to disclose,

upon request, broad classes of agency records unless the records are covered by the statute's

exemptions." Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001)

(citation omitted). In a FOIA action, the agency has "[the] burden of demonstrating that the

withheld documents [requested by the FOIA requester] are exempt from disclosure." Boyd v.

Dep't of Justice, 475 F.3d 381, 385 (D.C. Cir. 2007) (citation omitted). The Court will grant

summary judgment to the government in a FOIA case only if the agency can prove "that it has

fully discharged its obligations under the FOIA, after the underlying facts and the inferences to

be drawn from them are construed in the light most favorable to the FOIA requester." Friends of

Blackwater v. Dep't of Interior, 391 F. Supp. 2d 115, 119 (D.D.C. 2005) (quoting Greenberg v.

U.S. Dep't of Treasury, 10 F. Supp. 2d 3, 11 (D.D.C. 1998)). To satisfy its burden and prove

that it has fully discharged its FOIA obligations, the agency typically submits a Vaughn index,

which provides "a relatively detailed justification" for each withheld document, "specifically

identifying the reasons why a particular exemption is relevant and correlating those claims with

the particular part of [the] withheld document to which they apply." King v. Dep't of Justice,

830 F.2d 210, 219 (D.C. Cir. 1987) (quoting Mead Data Cent., Inc. v. U.S. Dep't of Air Force,

566 F.2d 242, 251 (D.C. Cir. 1977)); see also Vaughn v. Rosen, 484 F.2d 820, 826–27 (D.C. Cir.

1973) (setting forth requirements for agency's description of documents withheld to allow a

court to assess the agency's claims). Thus, in a lawsuit brought to compel the production of

documents under the FOIA, "an agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates that each document that falls within the class requested either has been produced . . . or is wholly[, or partially,] exempt [from disclosure]." Students Against Genocide, 257 F.3d at 833 (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)).

## III.   ANALYSIS

### A.   The Defendant's Summary Judgment Motion

The defendant relies on Exemption 5 of the FOIA to withhold the requested assessments. Def.'s Mem. at 7.  Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  "Exemption 5 incorporates the privileges that the Government may claim when litigating against a private party, including the governmental attorney-client and attorney work product privileges, the presidential communications privilege, the state secrets privilege, and the deliberative process privilege." Abtew v. U.S. Dep't of Homeland Sec., 808 F.3d 895, 898 (D.C. Cir. 2015).

Here, the defendant invoked the deliberative process privilege to withhold disclosure of the assessments to the plaintiffs, Eggleston Decl. ¶ 16, which protects "documents 'reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated,'" NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975) (quoting Stiftung v. V.E.B. Carl Ziess, 40 F.R.D. 318, 324 (D.D.C. 1966)).  The plaintiffs' do not appear to challenge the applicability of Exemption 5; instead, the dispute revolves around whether some portion of the assessments is reasonably segregable from the exempt portions of the documents.  See Compl. ¶ 1 ("In this FOIA case, [the p]laintiffs seek the reasonably segregable portions of a document that may be used against them later in immigration

court."); Pls.' Opp'n to Def.'s Summ. J. Mot. at 2 (arguing that the defendant's motion should be denied because factual material in the assessments is reasonably segregable). Accordingly, for purposes of resolving the defendant's motion, the Court shall assume the applicability of Exemption 5, and focus its analysis solely on the issue of segregability.

The FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). "[I]t has long been the rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." Wilderness Soc'y v. U.S. Dep't of Interior, 344 F. Supp. 2d 1, 18 (D.D.C. 2004) (Walton, J.) (quoting Mead Data Cent., 566 F.2d at 260). The agency must provide "a detailed justification and not just conclusory statements to demonstrate that all reasonably segregable information has been released." Valfells v. CIA, 717 F. Supp. 2d 110, 120 (D.D.C. 2010). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester. Sussman v. U.S. Marshals Serv., 494 F.3d 1106, 1117 (D.C. Cir. 2007).

The defendant represents that "[a]ll responsive documents . . . received a line-by-line examination in an effort to identify all reasonably segregable, unprivileged, nonexempt portions for release to the requester." Eggleston Decl. ¶ 20. And, with respect to segregability, the Eggleston Declaration states that

> [t]he factual portions of the assessment . . . cannot be severed or segregated from [their] context and thus must remain exempt from disclosure. The factual distillation in the assessment . . . does not purport to be a verbatim transcript of the plaintiffs' asylum interviews. Rather, they reflect a selective recording of information the USCIS asylum officers deemed particularly pertinent to [the] plaintiffs' requests for asylum. As such, the assessment . . . document contains factual matter that cannot be severed from its context and is exempt from disclosure pursuant to Exemption 5 of the FOIA.

Eggleston Decl. ¶ 17.

It is true that this Court previously concluded, in a separate but essentially identical case, that this representation was sufficient to establish the defendant's compliance with the FOIA's segregability requirement.  See Anguimate v. U.S. Dep't of Homeland Sec., 918 F. Supp. 2d 13, 16, 22 (D.D.C. 2013) (Walton, J.) (analyzing identical representation regarding segregability of factual portion of assessment prepared by asylum officer after interviewing asylum applicant).  Another member of this Court similarly concluded that the factual portions of an assessment were not reasonably segregable as they reflected the asylum officer's "selective recording of information . . . deemed particularly pertinent to [the p]laintiff's request for asylum."  Abrayman v. U.S. Dep't of Homeland Sec., 6 F. Supp. 3d 57, 66 (D.D.C. 2013) (quoting the defendant's declaration).  Both Anguimate and Abrayman relied on the Circuit's opinion in Ancient Coin Collectors Guild v. U.S. Department of State, 641 F.3d 504 (D.C. Cir. 2011), which held that factual recitations culled from a "larger universe of facts presented to" an agency and the "exercise of judgment as to what issues are most relevant to the pre-decisional findings and recommendations" were subject to the deliberative process privilege, id. at 513–14.

In light of the presumption that agencies have complied with the FOIA's obligation to release all reasonably segregable information, Sussman, 494 F.3d at 1117, the Court might be inclined to rule in favor of the defendant here, were it not for two matters of concern.  First, the Eggleston Declaration discusses the segregability of the assessments in a categorical fashion, as opposed to providing a description of the assessments prepared in each of the individual plaintiffs' cases.  See Eggleston Decl. ¶¶ 17, 19, 20 (discussing the assessments in general).  The Court is therefore unable to conduct a de novo assessment of the agency's determination of segregability as to each of the individual plaintiffs' requests.  5 U.S.C. § 552(a)(4)(B) (upon

judicial review, "the court shall determine the matter de novo . . . ."). Second, the defendant's

representation that it conducted a "line-by-line examination" of each of the assessments to

determine whether any portions were reasonably segregable, Eggleston Decl. ¶ 20, is seemingly

undermined by what appears to be the defendant's blanket policy not to release any portion of an

assessment, irrespective of its contents, see Pls.' Suppl. Partial Summ. J. Mem., Ex. A at 1, 2

(indicating that assessments should be withheld in full).  To be sure, the Court does not wish to

cast aspersions regarding the veracity of the Eggleston Declaration, and the Court recognizes that

the defendant has relied on prior district court opinions upholding its decision not to release any

portion of these assessments.  However, the Court believes that the possibility that the defendant

now simply refuses to release assessments, as a whole, regardless of their specific contents, and

contrary to the representation that each responsive document received a line-by-line review,

represents a "quantum of evidence" that overrides the presumption in favor of the agency's

segregability determination.

The courts in Gosen v. U.S. Citizenship and Immigration Services, 118 F. Supp. 3d 232

(D.D.C. 2015), and Abtew v. U.S. Department of Homeland Security, 47 F. Supp. 3d 98 (D.D.C.

2014), aff'd 808 F.3d 895 (D.C. Cir. 2015), which both involved the same type of assessment at

issue here, ordered the defendant to provide the withheld assessments for in camera review and

thereafter concluded that some portions were reasonably segregable.  See Gosen, 118 F. Supp. 3d

at 243 ("The Court has reviewed the documents in question and finds that there is at least some

factual material that may not expose the deliberative process.  For example, both assessments

begin with factual introductory information."); Abtew, 47 F. Supp. 3d at 114 ("After reviewing

the Assessment in camera, the Court concludes that the first six paragraphs simply recite and

summarize the facts that [the] plaintiff presented to the [asylum officer] during his asylum

application interview.  Those paragraphs do not include any analysis or impressions, and they do

not reflect the [asylum officer's] deliberative process: although the document does not purport to

be a verbatim rendition of the interview, and there may have been some streamlining involved,

the summary does not involve the sort of culling of facts from a large universe that could be

characterized as deliberative." (citing Ancient Coin Collectors, 641 F.3d at 513)).  The Court is

persuaded by Gosen and Abtew that there may be some portion of the assessments at issue in this

case that contain factual information that may reasonably be segregated from the whole.

The Court will therefore require the defendant to submit a revised Vaughn index,

affidavit, or declaration, that reassesses the issue of segregability as to each of the individual

plaintiffs' assessments, and provides an adequate description of each assessment to support the

defendant's assertion that no portion may be released.  Cf. Am. Immig. Lawyers Ass'n v. U.S.

Dep't of Homeland Sec., 852 F. Supp. 2d 66, 82 (D.D.C. 2012) ("Because a district court should

not undertake in camera review of withheld documents as a substitute for requiring an agency's

explanation of its claims exemptions in accordance with Vaughn, the Court finds that the best

approach is to direct [the] defendants to submit revised Vaughn submissions." (citing Army

Times Publ'n Co. v. Dep't of Air Force, 998 F.2d 1067, 1071–72 (D.C. Cir. 2011))).  The

defendant's motion for summary judgment shall therefore be denied without prejudice subject to

the filing of updated Vaughn submissions.[3]

## B.   The Plaintiffs' Partial Summary Judgment Motion

The plaintiffs seek summary judgment in their favor with respect to the complaint's ninth

cause of action, which alleges that the defendant failed to timely respond to plaintiff Catholic

---

[3] In light of the Court's decision to require the defendant to supplement its Vaughn submissions, the plaintiffs' class certification motion shall be held in abeyance pending the defendant's compliance with this Court's order and the resolution of any renewed summary judgment motions.

Charities' February 12, 2015 FOIA request, and as a result, Catholic Charities is entitled to an award of costs and attorney fees. Compl. ¶¶ 61–62; Pls.' Partial Summ. J. Mem. at 4[4] ("The [defendant] still has not made a determination; now, it is at day 130 since it received the request."); Pls.' Suppl. Partial Summ. J. Mem. at 2–3.[5] The defendant responded to Catholic Charities' FOIA request in a letter dated February 18, 2015, stating that it required additional time to process the request because of "unusual circumstances" that required the defendant to "search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request." Eggleston Decl., Ex. H.

At the outset, the Court notes that the defendant's delay in processing Catholic Charities' FOIA request appears to be unjustified. It is true that the FOIA's "20-working-day limit is not absolute[, and i]n 'unusual circumstances,' an agency may extend the time limit [to make a determination] up to 30 working days by written notice to the requester." Citizens for Responsibility & Ethics in Wash. v. FEC ("CREW"), 711 F.3d 180, 184 (D.C. Cir. 2013) (citing 5 U.S.C. § 552(a)(6)(B)(i)).

> Once in court . . . the agency may further extend its response time if it demonstrates "exceptional circumstances" to the court. (Note that "exceptional circumstances" is different from "unusual circumstances.") If exceptional circumstances exist, then so long as "the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records."

Id. at 185 (quoting 5 U.S.C. § 552(a)(6)(C)(i)). The Circuit has also clarified that a "determination" requires a decision

---

[4] This page number is the Court's electronically-generated page number assigned to the plaintiffs' partial motion for summary judgment and accompanying memorandum of points and authorities, ECF No. 17.

[5] These page numbers are also the electronically-generated page numbers assigned to the plaintiffs' supplemental memorandum in support of their partial motion for summary judgment, ECF No. 32.

whether a requester will receive all the documents the requester seeks.  It is not enough that, within the relevant time period, the agency simply decide to later decide.  Therefore, within the relevant time period, the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions.

Id. at 186.

The defendant asserts that the plaintiffs' partial summary judgment motion should be denied because its February 18, 2015 letter informed Catholic Charities that "unusual circumstances" existed to permit a delay in responding to the FOIA request.  Def.'s Opp'n to Partial Summ. J. Mot. at 17.  But the FOIA's "unusual circumstances" provision only allows an additional ten-working-day extension, i.e., from twenty to thirty working days, see CREW, 711 F.3d at 184 (citing 5 U.S.C. § 552(a)(6)(B)(i)), and requires the agency to indicate "the date on which a determination is expected to be dispatched," 5 U.S.C. § 552(a)(6)(B)(i).  And the defendant's February 18, 2015 letter did not indicate when the agency expected to issue a determination.  See generally Eggleston Decl., Ex. H.  The defendant's reliance on the "unusual circumstances" provision is therefore unavailing.

In its February 18, 2015 letter, issued the same day it received Catholic Charities' FOIA request, the defendant indicated that it had contacted Catholic Charities for clarification as to the scope of the FOIA request, that the request was placed on the "complex" track, and that the defendant would need to search for records "from field facilities or other establishments that are separate from the office processing the request."  Id.  The letter also invited Catholic Charities to simplify its FOIA request to facilitate faster processing.  Id.  The plaintiffs then initiated this lawsuit on March 31, 2015.  See generally Compl.  The defendant ultimately issued its determination on October 19, 2015, nearly six months after the request was received.  See Pls.' Suppl. Mem., Ex. 1 at 10.  Between the time it received Catholic Charities' FOIA request and the

11

issuance of its determination, the defendant never requested that the Court stay the time limits imposed by the FOIA due to "exceptional circumstances," which, as the Circuit has indicated, are not the same as "unusual circumstances." CREW, 711 F.3d at 185; see, e.g., Elec. Frontier Found. v. Dep't of Justice, 517 F. Supp. 2d 111, 116–17 (D.D.C. 2007) (granting the agency's request for a stay of the FOIA's time limits, pursuant to Open America v. Watergate Special Prosecution, 547 F.2d 605 (D.C. Cir. 1976), because the agency established due diligence in its search for records, the requester had refused to narrow its request when advised of the number of potentially responsive documents, and an increase in FOIA requests coupled with a staffing shortage collectively qualified the agency for relief under the FOIA's "exceptional circumstances" provision, 5 U.S.C. § 552(a)(6)(C)).  The Court is mindful of the significant number of FOIA requests the defendant is required to process, see Eggleston Decl. ¶ 7 (describing volume of FOIA requests received by the defendant), but despite this reality, the defendant cannot simply fail to seek relief from the statutory deadline as provided by the FOIA, and then seek to justify its delay only through arguments made in opposition to the plaintiffs' partial summary judgment motion, see Def.'s Mem. at 16–17.

All that said, however, the plaintiffs have failed to address this Circuit's standard for the award of costs and attorney fees under the FOIA.  The FOIA provides that courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the [plaintiff] has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). "This language naturally divides the attorney-fee inquiry into two prongs, which [District of Columbia Circuit] case law has long described as fee 'eligibility' and fee 'entitlement.'" Brayton v. Office of the U.S. Trade Rep., 641 F.3d 521, 524 (D.C. Cir. 2011) (quoting Judicial Watch, Inc. v. U.S. Dep't of Commerce, 470 F.3d 363, 368–69 (D.C. Cir. 2006)).  "The

eligibility prong asks whether a plaintiff has 'substantially prevailed' and thus 'may' receive

fees." Id.  "If so, the court proceeds to the entitlement prong and considers a variety of factors to

determine whether the plaintiff should receive fees."  Id.  "Finally, '[a] plaintiff who has proven

both eligibility for and entitlement to fees must submit [its] fee bill to the court for [the court's]

scrutiny of the reasonableness of (a) the number of hours expended and (b) the hourly fee

claimed.'"  Judicial Watch, 470 F.3d at 369 (quoting Long v. IRS, 932 F.2d 1309, 1313–14 (9th

Cir. 1991)).  The plaintiffs do not address any of these elements in their partial summary

judgment motion, and accordingly, the motion must be denied.

**CONCLUSION**

For the reasons stated above, the defendant's summary judgment motion shall be denied

without prejudice, and the plaintiffs' partial summary judgment motion shall be denied.

Moreover, the plaintiffs' motion for class certification shall be held in abeyance pending the

defendant's compliance with the Court's order that it supplement its Vaughn submissions and the

resolution of any renewed motions for summary judgment.[6]

REGGIE B. WALTON
United States District Judge

---

[6] The Court shall contemporaneously issue an Order consistent with this Memorandum Opinion.