UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                                    Civil Action No.  15-cv-459 [RBW]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

## PLAINTIFF CATHOLIC CHARITIES' RENEWED MOTION FOR SUMMARY JUDGMENT AS TO NINTH CAUSE OF ACTION

Plaintiff Catholic Charities, pursuant to Fed .R. Civ. P. 56, hereby moves this Court to grant summary judgment in its favor, as to the Ninth Cause of Action in the complaint. As shown in the attached memorandum, plaintiff is entitled to this relief.

The Ninth Cause of Action, at ¶ 61 of the complaint, states that plaintiff Catholic Charities "submitted its own FOIA request on February 12, 2015, seeking documents relating to the processing of requests for assessments. *See* Exhibit 9 attached hereto."  The DHS should have responded to this request in 20 days. But it didn't.  It *still* has not fully responded, as of June 6, 2016. In May 2016, the DHS admitted it has documents it has not yet furnished to plaintiff Catholic Charities.

June 7, 2016

Respectfully submitted,

Attorney for Plaintiffs

David L. Cleveland
DC Bar # 424209
Catholic Charities
924 G Street, NW
Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                                             Civil Action No.  15-cv-459 [RBW]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

PROCEDURAL HISTORY

Plaintiff Catholic Charities submitted its own FOIA request in February 2015, asking for:

> "Documents relating to the processing, answering, and responding to FOIA requests for assessments of asylum officers. This would include, but is not limited to: instructions given to staff; policy statements; rules, and memoranda."

DHS did nothing; plaintiffs filed a motion for partial summary judgment in June 2015.  Instead of furnishing documents, DHS opposed the motion.

The DHS responded in October 2015, with three pages. *See* ECF #32, Pages 5-7.  This response was about six months after receipt of the initial request.

MEMORANDUM OPINION OF APRIL 6, 2016

ECF #41, the Memorandum Opinion of the Court noted "that the defendant's delay in processing Catholic Charities' FOIA request appears to be unjustified." [Opinion at 10.] However, the plaintiffs did not address the issue of costs and attorney fees; therefore the motion must be denied. [*Id.* at 13.]

THE MAY 2016 SUPPLEMENTAL/REVISED VAUGHN INDEX FILED BY THE DHS

ECF #44 is the submission of the DHS, filed on May 27, 2016.  ECF #44-1 is a 12-page declaration by Jill A. Eggleston. There were no documents attached.

Ms. Eggleston admitted the existence of documents not yet furnished to the plaintiffs!   Line 62, at page 2 of ECF #44-1, refers to "The FOIA Processing Guide, Appendix C."  Ms. Eggleston quotes from it, and quotes from it again on page 3. But she does not furnish a copy to plaintiffs or to the Court.

It is not proper for a declarant to quote from a source not available to the Court or to opposing party.

The "FOIA Processing Guide" *in toto,* should have been furnished to Catholic Charities last year. It is covered by the February 2015 request. The DHS have still not complied with the request of Catholic Charities.  The DHS should be ordered to furnish the document to Catholic Charities in ten days.

ATTORNEY FEES AND COSTS SHOULD BE AWARDED

*Congress seeks to encourage meritorious FOIA cases*

The D.C. Circuit endorsed awarding attorney fees in two recent cases:

-in *National Security Counselors v. C.I.A.*, 811 F.3d 22, 24 (D.C. Cir. 2016) a non-profit organization, even though it was perhaps a "one man" operation, was held entitled to fees under FOIA. Reversing the lower court, the D.C. Circuit wrote:

> "Congress sought to encourage meritorious FOIA litigation by making any "complainant" who substantially prevails eligible to recover reasonable attorney's fees. 5 U.S.C. § 552(a)(4)(E)(i). Courts have recognized an exception from FOIA fee eligibility—which we have described as "narrow"—barring attorney's fees for legal work by any individual who successfully represents himself pro se."

In *Morley v. C.I.A.*, 810 F.3d 841, 844 (D.C. Cir. 2016) a journalist was denied fees by the district court; the court of appeals remanded; he was denied fees again, the court of appeals remanded again! Morley requested documents concerning the assassination of President John F. Kennedy. The district court saw only slight public benefit and denied fees, twice. The DC Circuit wrote:

> " The purpose of the fee provision is "to remove the incentive for administrative resistance to disclosure requests based not on the merits of exemption claims, but on the knowledge that many FOIA plaintiffs do not have the financial resources or economic incentives to pursue their requests through expensive litigation." Id. at 1158 (quoting Nationwide Bldg. Maint., Inc. v. Sampson, 559 F.2d 704, 711 (D.C.Cir.1977)). "

*Id.* at 844.

The Circuit further instructed that "[S]hifting to the plaintiff the risk that the disclosures will be unilluminating" would defeat this purpose because "[f]ew people ... would stake their financial resources on litigation when they can know nothing about the documents or their contents prior to their release." *Id.* at 844

In an earlier case, the DC Circuit wrote that an award of attorney fees will help "implement the FOIA. A grudging application of this provision, which would dissuade those who have been denied information from invoking their right to judicial review, would be clearly contrary to congressional intent." *Davy v. CIA,* 550 F.3d 1155, 1158 (D.C. Circuit 2008) (citations and quotations omitted).

These cases show that Congress wanted to encourage meritorious FOIA cases; a way to do that is to award attorney fees in a manner that is not "grudging."

PLAINTIFF IS ELIGIBLE TO RECOVER FEES AND COSTS

In a FOIA lawsuit, "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552 (a)(4)(E)(i).

Plaintiff has "substantially prevailed." The DHS gave Catholic Charities three pages, and admitted to the existence of yet another document, the "FOIA Processing Guide." Therefore, plaintiff is eligible to recover fees and costs.

PLAINTIFF IS ENTITLED TO RECOVER FEES AND COSTS

"The court should consider [four factors] in determining the appropriateness of an award of costs and attorney fees." *Cuneo v. Rumsfeld,* 553 F.2d 1360, 1365 (D.C. Cir. 1977).  The four factors are: 1) the benefit to the public; 2) the commercial benefit of the complainant; 3) the nature of the complainant's interest in the records sought, and 4) "whether the government's withholding of the records sought had a reasonable basis in law."

"None of these factors are dispositive."  *Piper v. U.S. Dep't of Justice,* 339 F. Supp. 2d 13, 20 (D.D.C. 2004).  Entitlement "is at the discretion of the district court." *Md. Dep't of Human Res. v. Sullivan,* 738 F. Supp. 555, 563 (D.D.C. 1990).

*1. the public benefit*

The "public benefit" factor supports an award where the complainant's victory is "likely to add to the fund of information that citizens may use in making vital political choices." *Cotton v. Heyman,* 63 F.3d 1115, 1120 (D.C. Cir. 1995).

This case is similar to other cases, where a "public benefit" was found:

The Eastern District of Virginia found a public benefit in *Jarno v. DHS,* 365 F. Supp. 2d 733, 739 (E.D. VA 2005), where the plaintiff asylum seeker sought unspecified documents "relating to his detention" and "for use in his Immigration Court proceedings." The court found that the disclosure worked to "preserve the integrity of Immigration Court proceedings," and it "shed light on the immigration policies of this country." *Id.* at 738-39. Jarno's success "contributed to the legitimacy of the immigration and political asylum process…helps protect the public's interest in the fair and just administration of justice." *Id.*

Attorney fees were awarded in *Hernandez v. U.S. Customs and Border Protection,* 2012 WL 398328 (E.D. La. 2012). Hernandez was a day laborer, arrested at a gas station. He sought information to ensure he was afforded a full and fair hearing at his deportation hearing, which was certainly a private interest. However, the court found there was a public interest, in that the community in New Orleans was interested in how day laborers were treated. The court found that the information will increase public awareness of the above issues, "as well as facilitate public oversight of CBP's enforcement of federal immigration law." *Id.* at *9. The

court also found that the "release of these documents is essential to facilitate the much needed community monitoring and oversight of actions by the UD CBP." *Id.* at 9, note 14.

2. *the commercial benefit*

The "commercial benefit" factor might preclude an award if the beneficiary is a large corporate interest. This factor does not bar recovery where the complainant was indigent or a nonprofit public interest group. Plaintiffs are immigrants; Catholic Charities is a nonprofit charity.

3. *the nature of complainant's interest*

Plaintiff Catholic Charities is a nonprofit organization, dedicated to the assistance of asylum applicants. It also interested in justice in immigration court. As stated in the Eight Cause of Action, ¶ 56-58 of the Complaint:

> 56. Plaintiff Catholic Charities is a religious organization that helps asylum applicants. Catholic Charities has made many FOIA requests for Assessments of asylum applicants in the past, and will continue to do so in the future. …
>
> 57. Catholic Charities conducts trainings and seminars for lawyers representing asylum…
>
> 58. Catholic Charities wants to monitor and examine the work of asylum officers, to ensure that all asylum applicants obtain justice, to ensure that the officers are doing their job properly, that their training and internal quality control mechanisms are sufficient….

4. *the reasonable basis of the government's opposition*

The DHS did not, and does not, have a reasonable basis for its refusal to furnish the documents.

PLAINTIFF'S REQUESTED FEES AND COSTS ARE REASONABLE

Plaintiff requests $13,643 in attorney fees and costs of $400.  The attorney hours are set forth in detail and explained in Exhibit A and B.

A reasonable attorney's fee award is determined by calculating the "lodestar" amount, which is the number of hours reasonably worked multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*Plaintiffs' counsel's hours on this case were reasonable.*

Courts must verify that the attorney did not waste time, and that he exercised good "billing judgment." *Hensley,* 461 U.S. at 434.  Courts should deny fees for time unsuccessfully expended when the plaintiff did not prevail on a claim that is distinct "in all respects from its successful claims." *Hensley*, 461 U.S. at 440.  Courts should not compensate for "nonproductive time."

Here, the hours spent by counsel were reasonable.

*An hourly rate of $789 is reasonable for the time period June 2014 through May 2015.*

In *Salazar ex. rel. Salazar v. District of Columbia,* 809 F.3d 58 (D.C. Cir. 2015), the Court approved the use of LSI-adjusted <u>Laffey</u> rates in a Medicaid class action brought under 42 U.S.C. § 1983.  Those rates should be used here.

Plaintiff's attorney graduated from law school more than 30 years ago.  The *Laffey* matrix published at www.laffeymatrix.com/see [accessed on June 5, 2016] sets a rate of $789 per hour, for lawyers with 20+ years of experience.

In *C.R.E.W. v. US Dep't of Justice,* 80 F. Supp. 3d 1, 3 (D.D.C. 2015), the Court compared the LSI-adjusted *Laffey* matrix with the matrix maintained by the United States Attorney's Office for the District of Columbia ("USAO").  The Court reviewed declarations of experts from both sides, and determined that the LSI-adjusted matrix was better.  The Court then reduced those rates by 15 percent.

As set forth in Exhibit A, plaintiff's counsel spent 1.8 hours between June 2014 and May 2015.  A reasonable hourly rate for this time period is $789 per hour.

*An hourly rate of $796 is reasonable for the time period June 2015 through May 2016.*

As set forth in Exhibit A, plaintiff's counsel spent 4.9 hours between June 2015 and May 2016.  A reasonable hourly rate for this time period is $796 per hour.

*An hourly rate of $820 is reasonable for the time period June 2016 through May 2017.*

As set forth in Exhibit A, plaintiff's counsel spent 10.15 hours between June 2016 and May 2017, so far.  A reasonable hourly rate for this time period is $820 per hour.

Total requested: as set forth in Exhibit A, a total of $13, 643 in fees and $400 in costs should be awarded for work on the 9th cause of action.

CONCLUSION

The DHS has still not furnished all documents to plaintiff Catholic Charities. The Court should order the DHS to furnish the FOIA Processing Guide to Catholic Charities. The Court should then grant this motion for partial summary judgment, and order DHS to pay attorney fees of $13, 643 and $400 in costs.

Respectfully submitted,

Attorney for Plaintiffs

David L. Cleveland
DC Bar # 424209
Catholic Charities
924 G Street, NW
Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com