# EXHIBIT 1

Declaration of David L. Cleveland

June 2, 2016

ASYLUM OFFICER LESSON
PLAN : JUNE 21, 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICA GATORE, et al.,<br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY,<br>    Defendant, | )<br>)<br>)<br>)<br>) Civil Action No. 15-cv-459 [RBW]<br>)<br>)<br>)<br>)<br>) |

DECLARATION OF DAVID L. CLEVELAND dated June 2, 2016

  I, David L. Cleveland, pursuant to 28 U.S. C. § 1746, declare under penalty of perjury:

1. I am counsel for plaintiffs in this action.

2. Today I went to the website of US-CIS and found the "Decision Writing Part I" lesson plan, dated June 21, 2004. It is available at:

    https://www.uscis.gov/sites/default/files/USCIS/Humanitarian/Refugees%20%26%20Asylum/Asylum/AOBTC%20Lesson%20Plans/Decision-Writing-Part-1-Overview-Components-31aug10.pdf

Pages 1, 4, 9 & 10 of that Lesson Plan are attached hereto as Attachment A.

 At the top of page 1, the Plan states the officer is introduced "to the standard format for writing asylum decisions." The second-last paragraph on page 4 states: "Computer 'template' documents for assessments and NOIDs are installed on asylum officers' computers so that asylum officers can quickly and easily access and use these documents." At the bottom of page 9 is an example of how to write "testimony." The example states the important facts of an applicant's claim: he became a Christian, began

2

attending services, the school found out, he was expelled, he had to write self-criticisms; he stopped attending services, he could not find work, he left China.

3. This lesson plan demonstrates that officers are trained to write assessments according to a "standard format" and according to a "template."

I declare under penalty of perjury under the laws of the District of Columbia that foregoing is true and accurate.  Dated: June 2, 2016

Respectfully submitted,

>  /s/ David L. Cleveland
>  DAVID L. CLEVELAND
>  DC Bar # 424209
>  Catholic Charities of Washington

3

# ATTACHMENT A

# Lesson Plan Overview

| | |
|---|---|
| **Course** | Asylum Officer Basic Training |
| **Lesson** | *Decision Writing Part I: Overview and Components, Focusing on 1st Three Components* |
| **Lesson Description** | This lesson introduces the asylum officer to the standard format for written asylum decisions. Through lecture, discussion, and practical exercises, the trainees will become familiar with the components of the written decision, the required writing style, and techniques for writing concise summaries of applicant testimony. |
| **Field Performance Objective** | Given a request for asylum in which a preliminary decision has been reached, the asylum officer will write an assessment or Notice of Intent to Deny which is clear, concise, complete, and legally correct. |
| **Academy Training Performance Objective** | Given written and roleplay scenarios involving asylum applications, the trainee will demonstrate ability to write asylum decisions in the proper format and construct concise summaries of applicant testimony. |
| **Interim (Training) Performance Objectives** | 1. List components of a complete assessment.<br>2. List components of a complete Notice of Intent to Deny (NOID).<br>3. Determine which information to include in the biographical/entry information summary.<br>4. Determine which information to include in the summary of the facts.<br>5. Identify information and statements that are not relevant or appropriate to include in an assessment or NOID.<br>6. Within specific time constraints, write an assessment or NOID in language that is easily understood.<br>7. List the circumstances under which a NOID must be prepared.<br>8. Explain when to consult with supervisor.<br>9. Explain when to refer case to supervisor for review and signature.<br>10. Identify who may have access to affirmative asylum assessments and/or NOIDs. |
| **Instructional Methods** | Lecture, Practice Exercise |
| **Student Materials/ References** | Participant Workbook |
| **Method of Evaluation** | Written test, Practical exercise exam |
| **Background Reading** | 8 C.F.R. §208.6 |

US CITIZENSHIP AND IMMIGRATION SERVICES – RAIO – ASYLUM DIVISION         ASYLUM OFFICER BASIC TRAINING COURSE
JUNE 21, 2004                                                            DECISION WRITING PART I: OVERVIEW AND COMPONENTS

1

**Presentation**                                                                 **References**

I. **INTRODUCTION**

   The purpose of this lesson is to instruct students how to write assessments and Notices of Intent to Deny (NOID), focusing on three of the necessary components of these documents only: the biographical/entry information, the basis of the claim, and the testimony. This lesson will also cover the differences between assessments and Notices of Intent to Deny, and appropriate language to use in both documents.

II. **OVERVIEW**

   A. **Background**                                                             OH #1: FPO;
                                                                                  OH #2A, 2B: IPOs

   Assessments and Notices of Intent to Deny explain the bases for asylum officers' decisions.

   Prior to "Reform" asylum officers were required to write lengthy decisions, citing all relevant case law and country conditions information. The writing of assessments and Notices of Intent to Deny, however, has evolved into the streamlined version that asylum officers now use. One of the purposes of using a more streamlined written assessment is to reduce the length of writing time.

   Computer "template" documents for assessments and NOIDs are installed on asylum officers' computers so that asylum officers can quickly and easily access and use these documents. Asylum officers should check with their supervisors for how to access these shells.

   B. **"Know It But Don't Show It"**                                            Refer to lesson *Decision Writing II: Legal Analysis* or *Procedures Manual* for copies of templates.

   An important aspect of streamlined writing is that the asylum officer is not required to "show" all the information that he or she is required to "know." This is often referred to as the "know it but don't show it" technique. Information that forms the basis of the claim and the decision, however, must be "shown."

3. Example

   Applicant is a 19-year old single male, native and citizen of the People's Republic of China who entered the U.S. without inspection somewhere along the border between Mexico and California on March 24, 1995.

B. **Basis of Claim**

   1. Brief statement of:

      a. What the applicant fears

      b. Whom the applicant fears

      c. The protected ground(s), if any, the fear is connected to (on account of)

   2. Example

      Applicant fears he will be harmed by the government of China on account of his religious beliefs.

C. **Testimony**

The testimony is a summary of the material facts of the applicant's claim.

Material facts are those facts that have a direct and substantive bearing on the claim, and which, when analyzed by applying the law, determine the outcome of the claim.

Generally speaking, material facts are related to the event(s) that caused the applicant to leave his or her country and/or the event(s) that form the basis of the applicant's fear of return.

All material facts necessary to construct the legal analysis should be described in the testimony component of the assessment and NOID. Material facts should not be introduced in the content of the legal analysis.

Example:

Applicant testified that he became interested in Christianity through Christian friends in 1992. In early 1993, he began attending weekly Protestant services that were held secretly in a neighbor's house. In December, 1993, he took two

classmates to his church. The school authorities found out about his religious activities, accused him of proselytizing, and expelled him, reporting him to the local authorities. Throughout January, 1994, the applicant had to write weekly self-criticisms for the local authorities who told him that, because of his religious proselytizing, he would not be able to finish school and would be prohibited from finding work. He stopped attending church services and continued living with his parents. He tried to find a job but his record showed that he had a "bad background" due to his religious activities, so no one would hire him. One year later, the applicant borrowed money from smugglers and left China.

**Instructor Note 5**

D. **Credibility Determination**

The asylum officer must make an assessment of the applicant's credibility in every case. If a negative credibility determination is made, the asylum officer must explain in the assessment or NOID the reasons for finding the applicant not credible. A negative credibility determination must be based on material points of the applicant's claim. The asylum officer must note in the credibility determination any discrepancies, inconsistencies, or lack of details in the applicant's claim and explain why they are material to the claim.

The credibility component of the assessment and NOID is discussed in detail in lesson, *Credibility*.

**Instructor Note 6**

E. **Legal Analysis**

The asylum officer's legal rationale for the decision must be included in every assessment and NOID.

Legal analysis is discussed in depth in lesson, *Decision Writing Part II, Legal Analysis*.
**Instructor Note 7**

F. **Decision**

This is the outcome of the asylum officer's legal analysis of the applicant's request for asylum. In an assessment, the Decision states whether the case is granted or referred. In the case of a NOID, the Decision indicates that USCIS finds that the applicant does not qualify for asylum (and in some cases, withholding of removal) and intends to deny the request.

**Instructor Note 8**

V. **WRITING STYLE**

Assessments and NOIDs should be informational in tone and written in language that the reader can easily understand.

A. **Informational Tone**

OH #7A & B: Writing Style

1. The assessment is written in the third person, referencing