EXHIBIT 3

Declaration of David L. Cleveland
about two administrative appeals
decisions which do not mention the
word "segregable."

June 5, 2016

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,                    )
                        Plaintiffs,     )
                                        )
v.                                      )        Civil Action No. 15-cv-459 [RBW]
                                        )
UNITED STATES DEPARTMENT                )
OF HOMELAND SECURITY,                   )
                        Defendant,      )
                                        )

<u>DECLARATION OF DAVID L. CLEVELAND dated June 5, 2016</u>

I, David L. Cleveland, pursuant to 28 U.S. C. § 1746, declare under penalty of

perjury: I am counsel for plaintiffs in this action. I work for plaintiff Catholic Charities.

Attached hereto as Attachments A-B, are two more administrative appeal

decisions of DHS, written in the year 2016.  The fourth paragraph of each decision

is exactly the same. The fourth paragraph has the same typing errors: the plaintiff's name,

Anguiamate, is not in italics; nor the plaintiff's name Abramyan.

Neither decision mentions the word "segregable."

I declare under penalty of perjury under the laws of the District of

Columbia that foregoing is true and accurate.  Dated: June 5, 2016.

Respectfully submitted,

                    /s/ David L. Cleveland
                    DAVID L. CLEVELAND
                    DC Bar # 424209
                    Catholic Charities of Washington

ATTACHMENT A



U.S. Department of Homeland Security
HQ FOIA/PA Appeals
150 Space Center Loop, Suite 500
Lee's Summit, MO 64064-2139

**U.S. Citizenship
and Immigration
Services**

January 26, 2016

**APP2016000021**

David L. Cleveland
Catholic Charities of Washington
924 G Street, NW
Washington, DC  20001

Dear Mr. Cleveland:

Re: NRC2015102903

You appealed the action of the National Records Center regarding your request for access to records
pertaining to Jean Luc Bori Mekouangori, dated August 11, 2015. The original determination of the
National Records Center was to withhold 14 pages in part and 4 in full.

After careful consideration of your appeal, and as a result of discussions with the National Records
Center, we have decided to release 3 additional pages to you, copies of which are enclosed. We are
releasing 2 pages in part and 1 in full. We have redacted information pursuant to 5 U.S.C. §§ 552 (b)(5).

On the remaining pages, we found that the National Records Center properly withheld certain information
that is protected from disclosure. We have determined that this information is not appropriate for
discretionary release.

An asylum officer's written assessment is exempt from disclosure. *See Anguimate v. U.S. Dep't of
Homeland Sec.*, 918 F. Supp. 2d 13, 19 (D.D.C. 2013) (finding that USCIS properly withheld an asylum
officer's assessment under the deliberative process privilege) *and Abramyan v. US Dep't of Homeland
Security*, 6 F.Supp.3d 57, (D.D.C. 2013)(finding that, [b]ecause the Assessment to Refer was both
predecisional and deliberative, it qualifies for withholding under exemption (b)(5)).

The National Records Center located potentially responsive documents that may have originated from the
U.S. Department of State and Immigration and Customs Enforcement. The National Records Center has
sent the document(s) and a copy of your FOIA request to their respective FOIA Offices for consideration
and direct response to you. This is consistent with departmental regulations (See 6 C.F.R. 5.4(c)).
Questions concerning the status of the processing of the document(s) should be directed to the individual
agencies. Please visit their websites for current contact information.

APP2016000021
Page 2

If you are dissatisfied with our action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B). The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Sincerely,

Alan D. Hughes, Associate Counsel
Commercial and Administrative Law Division
Department of Homeland Security
Citizenship and Immigration Services

ATTACHMENT B

U.S. Department of Homeland Security
HQ FOIA/PA Appeals
150 Space Center Loop, Suite 500
Lee's Summit, MO  64064-2139



**U.S. Citizenship
and Immigration
Services**

May 10, 2016                                                        APP2016000573

David L. Cleveland
Catholic Charities of Washington
924 G Street, NW
Washington, DC  20001

Dear Mr. Cleveland:

Re: NRC2016033575

You appealed the action of the National Records Center regarding your request for access to records
pertaining to Herman Wainggai, dated March 21, 2016. The determination of the National Records Center
was to withhold 23 pages in part and 11 in full.

After careful consideration of your appeal, and as a result of discussions with the National Records
Center, I have decided to release 10 additional pages to you, copies of which are enclosed. I am releasing
these pages in part. Information has been redacted pursuant to 5 U.S.C. §§ 552 (b)(5), (b)(7)(C) and
(b)(7)(E).

On the remaining pages, I found that the National Records Center properly withheld certain information
that is protected from disclosure. This information is not appropriate for discretionary release.

An asylum officer's written assessment is exempt from disclosure. *See* Anguimate *v. U.S. Dep't of
Homeland Sec.,* 918 F. Supp. 2d 13, 19 (D.D.C. 2013) (finding that USCIS properly withheld an asylum
officer's assessment under the deliberative process privilege) *and* Abramyan *v. US Dep't of Homeland
Security,* 6 F.Supp.3d 57, (D.D.C. 2013)(finding that, [b]ecause the Assessment to Refer was both
predecisional and deliberative, it qualifies for withholding under exemption (b)(5)).

The National Records Center located potentially responsive documents that may have originated from the
U.S. Department of State and Immigration and Customs Enforcement. The National Records Center has
sent the document(s) and a copy of your FOIA request to their respective FOIA Offices for consideration
and direct response to you. This is consistent with departmental regulations (See 6 C.F.R. 5.4(c)), which
states that when a component receives a request for a record in its possession, it shall determine whether
another component, or another agency of the Federal Government, is better able to determine whether the
record is exempt from disclosure under the FOIA and, if so, whether it should be disclosed as a matter of
administrative discretion.

APP2016000573
Page 2

If the receiving component determines that it is best able to process the record in response to the request, then it shall do so. If the receiving component determines that it is not best able to process the record, then it shall either: (1) Respond to the request regarding that record, after consulting with the component or agency best able to determine whether to disclose it and with any other component or agency that has a substantial interest in it; or (2) Refer the responsibility for responding to the request regarding that record to the component best able to determine whether to disclose it, or to another agency that originated the record (but only if that agency is subject to the FOIA). Ordinarily, the component or agency that originated a record will be presumed to be best able to determine whether to disclose it.

Questions concerning the status of the processing of the document(s) should be directed to the U.S. Department of State and Immigration and Customs Enforcement. Please visit their websites for current contact information.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B). The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Sincerely,

Alan D. Hughes, Associate Counsel
Commercial and Administrative Law Division
Department of Homeland Security
Citizenship and Immigration Services