UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICA GATORE, *et al*. ) | |
| ) | |
| Plaintiffs, ) | |
| ) Civil No. 1:15-cv-459 (RBW) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF HOMELAND SECURITY ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

On August 9, 2016, Plaintiffs filed a Motion to Compel the disclosure of particular documents. Plaintiffs' action, however, raises claims under the Freedom of Information Act ("FOIA") and a Motion to Compel is not the proper procedural avenue to obtain documents under the FOIA. Furthermore, Plaintiffs' FOIA request was narrowly crafted and did not include a request for all processing information making the instant motion an improper attempt to amend Plaintiff's FOIA request. Indeed, Plaintiff's motion appears to be an attempt to provoke the Court to rule on the pending Cross-Motions for Summary Judgment. Plaintiff's attempt is procedurally improper and should be rejected.[1] Defendant, accordingly, requests that Plaintiffs' Motion to Compel be denied.

**I.    MOTIONS TO COMPEL ARE LIMITED TO DISCOVERY-RELATED ISSUES**

The Federal Rules of Civil Procedure (FRCivP) limit the use of motions to compel to the discovery context. The Federal Rules state that "a party may move for an order compelling

---

[1] Although not pertinent to Plaintiffs' motion, Defendant continues to analyze the impact of recent D.C. Circuit case law on its production. If Defendant determines that any additional disclosures are necessary in light of intervening authority, Defendant will so advise Plaintiffs and the Court.

disclosure or discovery." FRCivP 37(a)(1). Motions to compel may be filed where a party fails to make a disclosure required by Rule 26(a).[2] FRCivP 37(a)(3)(A). Further, motions to compel are proper for a party seeking discovery or inspection when a deponent fails to answer a question, a corporation or other entity fails to make a designation, a party fails to respond to an interrogatory, or a party fails to respond to a request for inspection under FRCivP 34.[3] FRCivP 37(a)(3)(B). The instant case does not represent a discovery dispute and indeed, Local Civil Rules 16.3(b)(9) and 16.5(c)(1) exempt FOIA actions from the conferencing, scheduling, and discovery rules. Accordingly, Plaintiff's attempted use of a motion to compel is improper.

Ultimately, Plaintiffs' Motion to Compel is being used by Plaintiffs as a means of circumventing FOIA. The use of motions to compel to obtain documents from Federal agencies, outside of the discovery process, if allowed, would place FOIA requesters who are not in litigation at a disadvantage, as Court-Ordered production would interfere with USCIS's 'first in, first out" processing regulations for FOIA requests. *See* 6 C.F.R. § 5.5. In sum, if litigants such as Plaintiffs could obtain discovery-type Court Orders, these litigants would be placed at the front of the line, ahead of all other FOIA requesters, for processing of their requests. Plaintiffs may of course file a new FOIA request for the information sought in their Motion to Compel, but should not be allowed to use the instant motion as a means to circumvent FOIA.

---

[2] FRCivP 26(a) which addresses initial disclosures related to discovery, disclosure of expert testimony, and pretrial disclosures which are not relevant to this case.

[3] FRCivP 34 addresses the form of a party's request for inspection, copying, and reproduction of electronically stored records, or entering onto land to another party. FRCivP 34 is not relevant to the instant litigation.

## II.     PLAINTIFFS ATTEMPT TO USE THE INSTANT MOTION TO AMEND THEIR REQUEST

The Court should also reject Plaintiffs' Motion as an improper attempt to amend their request.  On February 13, 2015, Plaintiffs submitted a Freedom of Information Act (FOIA) request to the United States Citizenship and Immigration Services (USCIS) National Record Center (NRC) requesting:

> documents related to the processing, answering, and responding to FOIA requests for assessments of asylum officers.   This would include, but is not limited to: instructions given to staff; policy statements; rules, and memoranda.

More than a year and a half later, Plaintiffs now attempt to use the instant Motion to Compel to effectively amend their request and seek documents that fall outside the scope of the request at issue in this case.

Indeed, unable to support its argument with the text of the actual FOIA request, Plaintiffs cite their FOIA request out of context in an attempt to obtain relief.   *See generally*, Pl's Mt.  Specifically, Plaintiffs' Motion to Compel states that their FOIA request was for "documents relating to the processing, answering, and responding to FOIA requests . . ." without mentioning the textual limitation that the documents be related to "assessments of asylum officers."   Plaintiffs cannot use this litigation to amend their original FOIA request more than a year and a half later and Plaintiff's motion should be denied.

*     *     *

Dated: October 5, 2016
Washington, DC

Respectfully Submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Civil Chief

By: */s/ Carl E. Ross*  _____ _____ \_\_
CARL EZEKIEL ROSS, D.C. Bar #492441
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Tel:   (202) 252-2533
Fax:   (202) 252-2505

Attorneys for Defendant