# EXHIBIT A

Selected pages from the FOIA Processing Guide

PROCESSING GUIDE March 10, 2016

The <u>USCIS FOIA/PA Processing Guide</u> is a ready reference to assist with the processing of Freedom of Information Act and Privacy Act requests.

The Guide contains all updates or changes from the FOIA Information Bulletins issued as of September 10, 2015.

Any articles relating to processing published in the *FOIA Information Bulletins* have been incorporated into this Guide.

The Guide has been saved in PDF format. The PDF format makes searching for information in the Guide easier. Please view the guide in PDF/A mode while you have FIPS 7 open. A potential Java scripting conflict exists if you have the document open in PDF mode while running FIPS 7. Viewing the Guide in PDF/A mode disables Java scripting within the Guide – which means hyperlinks within the Guide will not work, but FIPS 7 will not freeze or crash. You may alternate between PDF and PDF/A mode in Acrobat Reader by selecting Edit ➪ Preferences ➪ Documents ➪ PDF/A View Mode. Select "Never" to turn PDF/A mode off, and select "Only for PDF/A documents" to turn PDF/A mode on.

How does the rulemaking process for this Guide work? The FOIA Officer, the Chief of FOIA Operations and your Supervisors direct how Government Information Specialists, FOIA/PA Assistants and Office Automation personnel accomplish their missions. Through the Chief of Operations, Supervisors submit a new rule or procedure to the FOIA QA & CS Team. At the direction of the FOIA Officer, QA & CS Team may immediately amend the guide, or they may seek clarification from Office of Chief Counsel. After consultation, QA & CS Team will either amend the Guide or propose a modified rule to FOIA/PA Supervisors, the Chief of FOIA Operations and the FOIA Officer. Re-writes or revisions of the guide are subject to the final approval of the FOIA Officer.

You, the processor, may notice something in the Guide that is awkwardly worded, or contains a typographical error, or something that simply is not true. You contact your supervisor and then Program Office amends the guide.

Before we amend the guide, we may first publish a FOIA Information Bulletin (the exception being a misspelled word, a missing punctuation mark or a grammatical error). FOIA Information Bulletins and the latest version of this Guide are always available at

http://dhsconnect.dhs.gov/uscis/org/ESD/NRC/Pages/FOIAOperationsDivision.aspx

When we make additions or revisions, we create a Record of Revision at Appendix L for quick reference.

1

PLEASE NOTE: The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public.

### 25.04  EXEMPTION (b)(4)

Protects "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." At NRC, the information withheld citing this exemption normally pertains to contracts.

Because there is no corresponding exemption under the PA, we release information normally withheld pursuant to Exemption (b)(4) in a FOIA case, unless that information is exempt under other applicable exemptions.

### 25.05  EXEMPTION (b)(5)

Protects inter-agency or intra-agency memoranda or letters that would not be available by law to a party other than an agency in litigation with the agency. This includes documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, that represent **the work product of an attorney**, or that reflect **confidential communications between a client and an attorney** (i.e., this agency and its attorneys). This may also include documents of a pre-decisional nature used in the process of adjudicating applications for benefits (**deliberative process**). This does not apply to communications between the alien and his attorney/representative.

The President and Attorney General have issued memoranda to all agencies emphasizing that the FOIA reflects a "profound national commitment to ensuring an open Government" and directing agencies to "adopt a presumption in favor of disclosure." If USCIS reasonably foresees that disclosure would cause harm to *deliberative process*, we may withhold the information under Exemption (b)(5). Specifically, three types of harm consistently have been held to constitute a basis for withholding under the deliberative process privilege, if release would:

> (1) cast a **chilling effect** upon open, frank and honest discussion on matters of policy between subordinates and superiors; or
> (2) cause **premature disclosure** of proposed policies before they are actually adopted; or
> (3) cause public **confusion** that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action.

After you have determined that Exemption (b)(5) applies because of deliberative process, you should evaluate the need to protect the information based on one of the three factors listed above.

Some documents we routinely withhold pursuant to Exemption (b)(5) include adjudicator's notes; internal e-mail messages; memoranda and other internal documents. We also withhold Westlaw case printouts, including the web address, as long as those printouts were prepared by a United States attorney (that is, an attorney working for Department of Justice or USCIS, and NOT the alien's attorney). This also excludes attorney work product prepared by ICE attorneys, as we now refer those pages to ICE.

38

PLEASE NOTE: The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public.

38

The corresponding exemption under the PA for this type of information is Exemption (d)(5), which exempts information compiled in reasonable anticipation of litigation in a civil action or proceeding. Most immigration issues are administrative in nature.

Documents with instructional legends (e.g., "For Official Use Only," "Adjudicative Work Product," "Do Not Release Outside the Agency.") **are not** automatically exempt from disclosure under the FOIA or PA. A processor must review these types of documents for content. As a rule, any document marked "Attorney Work Product" is fully exempt under (b)(5) or (d)(5)/(b)(5) if PA unless the document is blank. If the attorney work product has to do with deportation, removal or detention, please refer it to ICE.

### 25.05.a    HANDWRITTEN NOTES AND EXEMPTION (b)(5)

The deliberative process prong of Exemption (b)(5) does not apply to notes that are trivial in nature or state facts. Read and analyze the notes found in the record. Review and carefully apply Exemption (b)(5) only when appropriate.

For example, if a handwritten note states that in someone's opinion the I-485 should be denied and the file shows that a final decision has been made and the subject of the file has been notified, Exemption (b)(5) would still apply to the handwritten notes. Another example is a note asking that a file be returned to an individual; Exemption (b)(5) does not apply. Handwritten notes that are gibberish do not need protection from disclosure, so Exemption (b)(5) does not apply.

Notes in a file written by an attorney require a separate analysis of whether the note is a protected communication as attorney work product or falls under an attorney-client privilege.

### 25.06  EXEMPTION (b)(6)

Permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we withhold may consist of, but is not limited to, birth certificates, naturalization certificates, driver's licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

### 25.06.a    EXEMPTION (b)(6) AND PERSONALLY IDENTIFYING INFORMATION (PII)

39

PLEASE NOTE: The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public.

Apply only the exemptions that are applicable. For example, the tables in this guide may say to fully withhold a certain document pursuant to Exemptions (b)(7)(C) and (b)(7)(E), but you determine that the document you are looking at contains no possible invasion of privacy – you would then determine not to cite (b)(7)(C).

Apply all exemptions that are applicable. For example, the tables in this guide may say to withhold law enforcement names, fax and phone numbers on a certain document pursuant to Exemption (b)(7)(C), but you see an IBIS stamp with a result on the document – you would then determine also to cite (b)(7)(E).

Without a Letter of Instruction or Memorandum of Understanding, we do not ordinarily withhold another agency's information. Refer or consult with the originating component or agency and withhold only if advised. See section 28, Referrals/Consultations.

### 27.01   Exemption Marking Placement

You should try to place the exemption stamp as close as possible to the information redacted in the nearest clear area of the document.

If you have a "cluster" of several pieces of exempt information all withheld under only one exemption, you may place that exemption marking close to the center of the "cluster" so that it is obvious that all several pieces are exempt under one exemption.

If you are citing only one exemption on an entire page, you may either place the exemption stamp as close as possible to the information redacted or you may place an exemption stamp once at the top and once at the bottom of the page. The only time you may place a stamp once at the top and once at the bottom is when you are citing only one exemption on the entire page, or if the case is PA, only one FOIA exemption and only one corresponding PA exemption.

When withholding a page in full, the exemption may be completely or partially hidden (see "before" example below) if it is placed too close to the "PAGE WITHHELD PURSUANT TO" item. You won't see this while you are processing, but if you placed the stamp too close, you will see it after you check the document in.

To avoid this problem, place the exemption <u>further to the</u> <u>right of or below</u> the "PAGE WITHHELD PURSUANT TO" item.



**BEFORE**

46

PLEASE NOTE: The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public.

Some types of application/petitions or investigative materials (I-589, I-360, Legalization and SAW or investigative material) are highly sensitive. When a third party requestor specifically requests these documents, see section on "Glomar".

## 27.03 What is reasonably segregable?

A processor should segregate information that is exempt (cannot be released) from information that is non-exempt (can be released). If a document contains one piece of information that is not releasable, but the rest of the document is releasable, it is usually improper to withhold the entire page. If you are able to give the requestor part of a page, you should. You should not fully withhold a page solely because it is more convenient. The principle in 5 U.S.C. § 552 is that the court may assess reasonable attorney fees and other litigation costs against the agency when the court determines that agency personnel acted arbitrarily or capriciously with respect to withholding information.

When we process documents that contain information that can be released, we are required to separate or isolate this information from information that cannot be released. One exception to this rule is where the non-exempt material is inextricably intertwined with the exempt material and the only information being released are words and/or phrases that do not make sense.

*"Inextricably intertwined"* is a term used by the courts to describe material which, if redacted, would make no sense at all. That is to say, a person reading it would not be able to gather any idea of the purpose of the document, the possible subject of the document or any other meaningful piece of information.

Recent court decisions involving FOIA processing have continued to stress the requirement of an agency to provide to a requestor all reasonably segregable portions of a record that are not subject to any FOIA exemption.[1]

## 27.04 Out of Scope

Out of Scope pertains to documents or information contained within a record that does not relate to the requestor or the information being requested. Pages that you may mark "out of scope" could include, for example:

- Misfiled documents that have no relationship to the subject of the file.

- Documents not related to the specific receipt file or document requested.

---

[1] Freedom of Information Guide 2009 Edition pg 82

48

PLEASE NOTE: The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public.

### 27.33 Supporting Documents or Exhibits Submitted with Petitions

Form I-129F or Form I-130, if submitted by an attorney, will be accompanied by a Form G-28 for each party. The G-28 is valid for representation specifically for the benefit being sought and does not carry over to other actions. As a result, when we process a subsequent FOIA request from the beneficiary, we cannot rely on the previously submitted G-28 in order to release personal information pertaining to the petitioner. Unless the FOIA request contains certification of agreement of both parties, the processor must withhold sensitive or personally identifiable third party information in accordance with the guidelines in section 27.31, Third-party Documents and PII.

For example, an attorney files an I-130 with the agency. He represents both the petitioner and the beneficiary in the filing and submits G-28's for both parties with the I-130. He files a FOIA request 12 months later, but includes with his FOIA request certification of agreement from the beneficiary only. The beneficiary has not adjusted status, so the case is FOIA. In order to protect the interest of USCIS, without certification of agreement for the purpose of the FOIA case you are processing, you should not release the information of the petitioner to the attorney, even though the petitioner's information was originally submitted by the same attorney.

Note: Documents filed with the court, or that have been served on the subject or their attorney/representative do not fall under this rule.

### 27.34 Processing Documents Completed by a Petitioner

If the individual requesting copies of documents from an A-file or receipt file is the petitioner and/or the petitioner completed the documents being requested, and you have certification of agreement from both the petitioner and the beneficiary, you may release the documents in full, except for some markings applied by the Service, such as an IBIS result. However, if the petitioner requested a copy of an I-130 and does not have certification of agreement of the beneficiary, and the I-130 has been filed in the beneficiary's A-file, we will close the request as a Total Denial.

### 27.35 Asylum/Refugee Interview Notes

      27.35.a    **Notes and worksheets:** Ordinarily, we fully release Asylum interview notes and question/answer worksheets that pertain to the interview. Please review for clearly deliberative information, and if it is there, partially withhold the page, citing Exemption (b)(5), or (d)(5) and (b)(5) if the case is PA.

      Asylum interviews are never supposed to have opinion or deliberation intermingled, although you may see it more often in refugee interviews, particularly toward the last few

PLEASE NOTE: The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public.

The Privacy Act requires agencies maintaining personal information about individuals to keep accurate, timely and complete files. The Privacy of Act of 1974, 5 U.S.C. § 552a(d)(2) permits an individual to request amendment of a record pertaining to themselves. Only LPR's and USC's can request an amendment to or correction of their records.

A Privacy Act Amendment Request is a request from a USC or LPR to amend, expunge or correct information in his/her PA record that the individual believes is not accurate, relevant, timely or complete.

Requestors must identify themselves as described in the paragraph Certification of agreement and Verification of Identity when seeking to amend information in a PA system of records. He or she must identify the particular record involved, the nature of the amendment sought, and the justification for the amendment.

Special Interest Group handles PA Amendment requests. If a creator opens a request that appears to be a true PA Amendment Request, he or she should create the case normally, send an e-mail with the case number to NRC, FOIASIG, and reassign the office to COW. If you, the processor, open a case that should have been created as a PA Amendment request, please place the case in Admin and send an e-mail to your supervisor. Your supervisor will then coordinate with SIG.

Upon determination, the SIG processor will send an acknowledgment letter to the requestor and forward the PA Amendment request to the appropriate adjudications center or a district office. An adjudicating officer will make a determination and return the findings and decision to SIG for preparation of a response to the requestor. By 5 U.S.C. § 552a(d)(2), USCIS has ten working days to make a decision.

## 39. INTERNATIONAL FOIA MAIL

The following instructions apply to any mail going to a foreign address (including Canada and Mexico):

1. Send responsive records on CD, regardless of number of pages.
2. If we are sending one-page correspondence, such as an ack letter or a closure as no record, please send in paper format.

## 40. FINAL ACTION

### 40.01  Preparing the Final Action Letter

    40.01.a    After you have completed processing, you must prepare a Final Action Letter in FIPS. Before you go further, check to make sure the "Print to CD" button is

PLEASE NOTE: The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public.

PROCESSING GUIDE March 10, 2016

selected unless the requestor specified paper, or unless the mailing address is a correctional facility. Click on the task "Final Action Letter."



Select the appropriate final action code from the menu.

The letters generated by FIPS contain almost all the information you need, except for the exemption phrases. The resulting letter will require you to enter the exemptions you used. Ensure the introductory paragraph includes the date the request was received, the name of the subject of the request and the type of request (FOIA or PA). The body of the letter must identify:

- the total number of pages responsive to the request,
- the number of pages released in full, withheld in full and partially withheld,
- if any pages have been referred to another government agency, and
- which exemptions have been applied in withholding information.

40.01.b     Do not mention duplicate or out of scope pages on the final action letter.

135

PLEASE NOTE: The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public

132-a

PROCESSING GUIDE March 10, 2016

40.01.c   Do not insert paragraphs for exemptions you have not cited.

40.01.d   Cite the exemptions used with a description of the reasons(s) for withholding information in detail without divulging the information withheld. The exemption paragraphs are located on the common drive (O: FOIA\FOIA Library\Exemption Phrases).

40.01.e   For pages withheld in full, state that the "pages withheld contained no reasonably segregable portions of non-exempt information." Include a statement reflecting, "the enclosed are the best reproducible copies available." Identify documents referred to another agency.

40.01.f   For all cases where we have withheld any information, we must advise requestors of their appeal rights.

40.01.g   If you do not refer any pages, please delete the following sentence from your final action letter:

"Additionally, we have referred [# of pages] in [its/their] entirety to [government agencies name] for their direct response to you."

If you do refer pages, you will have to modify the sentence to reflect the agency and number of pages, for example:

"Additionally, we have referred ~~3 pages in their entirety to US-Visit and~~ 1 page in its entirety to the Department of State for their direct response to you."

In that paragraph, please do not mention Immigration and Customs Enforcement, or how many pages you are referring to them. If you are referring pages to ICE, you will mention them in the following paragraph:

"During our review, USCIS located # of pages of potentially responsive documents that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you wish to contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov. The ICE FOIA Office mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009."

If you are not referring any pages to ICE, please delete that paragraph. If you referred any pages, please leave the paragraph exactly the way it is.

PLEASE NOTE: The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public.

PROCESSING GUIDE March 10, 2016

### 40.02 Correctly Formatting the Final Action Letter

Often in an effort to save space, processors try to squeeze all information into one page. Unfortunately, trying to fit everything into one page prompts an error which causes the Final Action letter to not print. When the Final Action letter does not print, two sets of responsive records could be inadvertently sent to the requestor, causing a PII leak.

Bottom line: Don't worry about sending a three-page Final Action letter. Please move the final paragraph and signature to the next page.

### 40.03 Do I need to add the appeals paragraph?

If you are processing and our record is nothing other than screen prints from a Border Crossing card or a 100-million-series EAD, close the case as a G1 and do not add the appeals paragraph to the Final Action letter. Why? This is not a missing A-file. There is nothing more than the electronic record, and we have provided screen prints of that record.

The above situation is not the same as a lost file. Why? In the case of a lost file, we know for a fact that the A-file is missing. The subject, in this case, has the right to appeal. Close this case as a PD. The appeals paragraph will be in the Final Action letter.

### 40.04 Final Action Letter – Zero pages withheld in full

If you have not withheld or referred any pages in full within the responsive records, the final action letter should not state that we "have withheld 0 (zero) pages in full." Delete that portion of the sentence from the final action letter, as well as the following sentence: "In our review of these pages we have determined that they contain no reasonably segregable portion(s) of non-exempt information." If no pages have been withheld in full in a case, the final action letter will not need to contain the sentence relating to segregable portions of information. The same principle applies to a case in which you have not referred any pages.

### 40.05 Final Action Letter – Specific Documents

If you are processing a request for a whole file and the requestor has specifically mentioned that he or she is trying to locate a certain document(s), you should address this in your final action letter. Please insert in the first paragraph one of the following statements;

"You specifically requested a copy of [name of the document(s)] from your file. Please note that the document(s) can be found within the enclosed record."

OR IF THE DOCUMENT WAS NOT IN THE FILE:

137

PLEASE NOTE: The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public.

134

PROCESSING GUIDE March 10, 2016

"The specific document(s), [name of document(s)] you requested was(were) not located within your file."

Note: in such a case, the Final Action Code is PD, even if we fully released all pages. Closing the case PD will allow the requestor appeal rights.

If you are processing a request for specific document(s) and those specific document(s) are not in the file, you will close the case as a "No Record."

### 40.06 Dates on Final Action Letters

Final action letters must be dated within five (5) days of the day they are mailed out. If a case is returned to you for correction and more than five days have elapsed since you processed the case, please update the date of your final action letter. Also, if you are re-mailing final action letters because they were returned, and if you determine the letter was returned because of our mistake in the address, you must update the date on the corrected final action letter.

When the requestor receives final action letters, the requestor has 60 days to appeal our determination. When we receive an appeal, the first thing we do is check for timeliness of filing. If the appeal is filed more than 60 days after the date of the final action letter, then the appeal is closed out as not applicable and the requestor loses the right to challenge our findings. Therefore, if we mail out a letter and it comes back as undeliverable and through research we determine that we mailed it to the wrong address, if we do not change the date of the letter, then we are potentially prejudicing the requestor's right to appeal our case.

### 40.07 Documents that contain blacked out information

Usually, "blacked out information" is caused by highlighters that cause specific information on the photocopied or scanned record to appear to be blacked out. When processing a case that contains documents with information that is blacked out, the processor will need to insert a statement in the final action letter informing the requestor that there is/are document(s) that contain information that was previously blacked out. Insert the statement immediately after the sentence: "The enclosed record consists of the best reproducible copies available." Please also insert a comment in your Summary Discussion. The sentence is not referring to poor copies of documents or very dark or black pages, etc., but rather information that appears to have been marked out intentionally.

The sentence you include in your final action letter should read as follows:

138

PLEASE NOTE:–The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public.

## USCIS MISCELLANEOUS DOCUMENTS

| TITLE/SUBJECT | FOIA EXEMPTION | PA EXEMPTION |
|---|---|---|
| Assessment to reject, terminate, grant or refer (relates to Asylum) | Withhold in full (b)(5) | (d)(5) and (b)(5) |
| Assessment Sheet (Preliminary Assessment) | Review for (b)(5) (deliberative process), otherwise release | Review for (d)(5) and (b)(5) (deliberative process), otherwise release |
| Asylum/Refugee flowcharts and worksheets that pertain to the interview | Review for (b)(5), otherwise release. | Review for (d)(5) and (b)(5), otherwise release. |
| Blank asylum/refugee flowcharts | Release | Release |
| Record of Determination/Credible Fear Worksheet, I-870 | See section 27.35.c | See section 27.35.c |
| Non-ICE Attorney work product including attorney worksheets, trial attorney notes (blank sheets can be released) | Withhold in full (b)(5) | (d)(5) and (b)(5) |
| Computer codes used to maneuver within the system such as the function keys (PF1) | Release | Release |
| Initials (not law enforcement function or refugee officer) | Release | Release |
| Names and initials of refugee officers (except on correspondence mailed to the refugee) | (b)(6) | Release |
| Refugee interview notes | (b)(7)(E) | (k)(2) and (b)(7)(E) |

PLEASE NOTE: The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public.

If the request is for a copy of the whole file, and there is a request for certified copy of a naturalization certificate of a deceased person or if it is a request for any other documents that may be within the file, you will not close the case NB.

Please add this paragraph to your Final Action Letter:

"You requested a certified copy of a U.S. Citizenship and Immigration Services (USCIS) record. The National Records Center does not certify documents and is responding with a copy of these records as required under the Freedom of Information Act/Privacy Act."

# March 10, 2016

**We have updated** section 15. **BOND OBLIGORS – IMMIGRATION OR CRIMINAL BONDS** of the Processing Guide as follows (new information in red, ~~deleted information in strikethrough~~):

### 15.   BOND OBLIGORS – IMMIGRATION OR CRIMINAL BONDS

~~Immigration Bond obligors are surety companies who have posted an immigration bond (Form I-352) for an alien who has been taken into custody by the Service. If the alien fails to attend his hearing, then the bond is forfeited. Under the court case *Amwest Surety v. Reno*, No. 93-3256 JSL (Shx) (C.D. CA., June 22, 1995), the surety companies, or their attorneys, are entitled to a partial copy of the alien's file to assist them in locating the alien. These types of requests are processed by Immigration and Customs Enforcement. Immigration bonds may also be posted by individuals. However, individuals are not covered under the court case.~~

~~Criminal bonds are bonds that have been posted by individuals or bail bondsmen relating to non-immigration violations of the law. This type of bond obligor is only entitled to proof of deportation of the alien by the Service. These types of requests are also processed by Immigration and Customs Enforcement.~~

~~Please assign a final action code of ER to any bond obligor requests that have been scanned into FIPS and send to Up-front Approver. Please send the OA room an e-mail containing the REQ number or control number, and also include the requestor's name.~~

~~OA room will mail the request to the following address.~~

~~Immigration and Customs Enforcement
Information Disclosure Section Attn: Debra Laird~~

258

PLEASE NOTE: The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public.

~~1010 East Whatley Road~~
~~Oakdale, LA 71463~~

Criminal bonds are bonds posted by individuals or bail bondsmen relating to non-immigration violations of the law.

Immigration bond obligors are surety companies who have posted an immigration bond (Form I-352) for an alien who has been taken into custody by the Service. If the alien fails to attend his or her hearing, then he or she forfeits the bond.

These requests previously were processed by Immigration and Customs Enforcement.

We will now process bond obligor requests under FOIA.

Since there is no certification of agreement provided with bond obligor cases, we will close these as a TD.

Please refer to Section 27.11 Total Denial.

PLEASE NOTE: The FOIA/PA Handbook is for INTERNAL USE ONLY. Instructions on processing requests, training, and legal interpretations contained herein should generally NOT be disclosed to the public.