# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                                     )
RICA GATORE, et al.,                   )
                                                     )
            Plaintiffs,         )
                                                     )
     v.                            )    Civil Action No. 15-459 (RBW)
                                                   )
UNITED STATES DEPARMENT     )
OF HOMELAND SECURITY,        )
                                                   )
            Defendant.         )
_____)

## ORDER

On June 7, 2016, plaintiff Catholic Charities filed Plaintiff Catholic Charities' Renewed Motion for Summary Judgment as to Ninth Cause of Action ("Renewed Mot."), in its effort to prevail on its February 2015 request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), for "documents relating to the processing, answering, and responding to FOIA requests for assessments of asylum officers," Complaint ("Compl.") ¶ 61 & Exhibit ("Ex.") 9 (FOIA request dated Feb. 13, 2015 ("Request")). The defendant's supplemental Vaughn index makes reference to a "FOIA Processing Guide," see Plaintiff's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment ("Pl.'s Mem.") at 4 (citing Supplemental Declaration of Jill A. Eggleston ("Rev. Eggleston Decl.") at 2, 3 (May 27, 2016), ECF No. 44-1, which Catholic Charities states has yet to be released, id.[1] Catholic Charities' renewed motion seeks an order requiring that the defendant provide a copy of the FOIA Processing Guide to Catholic Charities and awarding it attorney's fees and costs. See generally Pl.'s Mem. The defendant has not filed an opposition to the motion. Upon consideration of the

---

[1] The page numbers cited in reference to Catholic Charities' renewed motion and supporting memorandum, ECF No. 46, refer to the automatically-generated page number assigned by the Court's ECF system.

renewed motion, the Court concludes that it must grant the production requested by Catholic Charities, but will require further briefing on the issue of the amount of attorney's fees and costs that should be awarded.[2]

## I.   BACKGROUND

Catholic Charities filed its FOIA request on February 13, 2015.  Compl. Ex. 9 (Request). The request seeks

> [d]ocuments relating to the processing, answering, and responding to FOIA requests for assessments of asylum officers.  This would include, but is not limited to: instructions given to staff; policy statements; rules, and memoranda.

Id.  As summarized in the Court's memorandum opinion resolving the first round of summary judgment motions in this case, on February 18, 2015, the defendant requested additional time to process the request, Gatore v. U.S. Dep't of Homeland Sec., 177 F. Supp. 3d 46, 54 (D.D.C. 2016) (Walton, J.), but it appears that, with the exception of three pages of documents produced in October 2015, see Pl.'s Mem. at 3, no additional responsive documents were furnished to Catholic Charities, see id. at 13 (stating that "[the defendant] has still not furnished all documents to plaintiff Catholic Charities").

Although the Court previously stated "that the defendant's delay in processing Catholic Charities' FOIA request appear[ed] to be unjustified," Gatore, 177 F. Supp. 3d at 54, the Court nonetheless denied Catholic Charities' first motion for partial summary judgment because Catholic Charities failed to address the elements necessary to establish its eligibility for and entitlement to an award of attorney's fees and costs, id. at 55.  Catholic Charities' renewed

---

[2] In addition to the documents already identified, the Court also considered the following submissions in rendering its decision: (1) Plaintiff Catholic Charities' Motion to Compel Production of Documents ("Mot. to Compel"); (2) Plaintiff Catholic Charities' Memorandum of Points and Authorities in Support of Its Motion to Compel ("Mot. to Compel Mem."); (3) the Defendant's Opposition to Plaintiff's Motion to Compel ("Def.'s Opp'n to Mot. to Compel"); and (6) Plaintiff Catholic Charities' Reply to Defendant's Opposition to Motion To Compel ("Mot. to Compel Reply").

motion addresses these elements, Pl.'s Mem. at 5, and the Court now turns to an assessment of its merits.

## II.     STANDARD OF REVIEW

In enacting the FOIA, it was Congress's goal "to ensure an informed citizenry vital to the functioning of a democratic society." Critical Mass Energy Project v. Nuclear Regulatory Comm'n, 975 F.2d 871, 872 (D.C. Cir. 1992) (quoting FBI v. Abramson, 456 U.S. 615, 621 (1982)). "[The] FOIA requires federal agencies to disclose, upon request, broad classes of agency records unless the records are covered by the statute's exemptions." Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (citation omitted). In a FOIA action, the agency has "[the] burden of demonstrating that the withheld documents [requested by the FOIA requester] are exempt from disclosure." Boyd v. Criminal Div. of the Dep't of Justice, 475 F.3d 381, 385 (D.C. Cir. 2007) (citation omitted). The resolution of FOIA cases is typically achieved through summary judgment motions. Ortiz v. U.S. Dep't of Justice, 67 F. Supp. 3d 109, 116 (D.D.C. 2014); Defs. of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). The Court will grant summary judgment to the government in a FOIA case only if the agency can prove "that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." Friends of Blackwater v. U.S. Dep't of Interior, 391 F. Supp. 2d 115, 119 (D.D.C. 2005) (quoting Greenberg v. U.S. Dep't of Treasury, 10 F. Supp. 2d 3, 11 (D.D.C. 1998)). To satisfy its burden and prove that it has fully discharged its FOIA obligations, the agency typically submits a Vaughn index, which provides "a relatively detailed justification" for each withheld document, "specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of [the] withheld document to which

they apply." King v. U.S. Dep't of Justice, 830 F.2d 210, 219 (D.C. Cir. 1987) (quoting Mead Data Cent., Inc. v. U.S. Dep't of Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977)); see also Vaughn v. Rosen, 484 F.2d 820, 826–27 (D.C. Cir. 1973) (setting forth requirements for agency's description of documents withheld to allow a court to assess the agency's claims).

The FOIA also provides that courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the [plaintiff] has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). "This language naturally divides the attorney-fee inquiry into two prongs, which [District of Columbia Circuit] case law has long described as fee 'eligibility' and fee 'entitlement.'" Brayton v. Office of the U.S. Trade Representative, 641 F.3d 521, 524 (D.C. Cir. 2011) (quoting Judicial Watch, Inc. v. U.S. Dep't of Commerce, 470 F.3d 363, 368–69 (D.C. Cir. 2006)). "The eligibility prong asks whether a plaintiff has 'substantially prevailed' and thus 'may' receive fees." Id. "If so, the court proceeds to the entitlement prong and considers a variety of factors to determine whether the plaintiff should receive fees." Id. "Finally, '[a] plaintiff who has proven both eligibility for and entitlement to fees must submit [its] fee bill to the court for [the court's] scrutiny of the reasonableness of (a) the number of hours expended and (b) the hourly fee claimed.'" Judicial Watch, 470 F.3d at 369 (quoting Long v. IRS, 932 F.2d 1309, 1313–14 (9th Cir. 1991)).

### III. ANALYSIS

#### A. The Defendant's Failure to Furnish the FOIA Processing Guide

The defendant's revised Vaughn index, which makes several references to the FOIA Processing Guide, e.g., Rev. Eggleston Decl. at 2, 3, summarily states with respect to Catholic Charities' request that, on February 18, 2015, the defendant asked for additional time to process the request, and that the defendant "informed . . . Catholic Charities that it may wish to modify

its request in order to hasten processing," id. at 12.  What is utterly lacking in the Vaughn index is an explanation of why a document titled "FOIA Processing Guide,", as of May 27, 2016—nearly eighteen months after Catholic Charities filed its FOIA request seeking "[d]ocuments relating to the processing, answering, and responding to FOIA requests for assessment of asylum officers"—had not yet been furnished to Catholic Charities.  Compl., Ex. 9 (Request).  And if the defendant had some basis for withholding that document, the Vaughn index should have set forth the applicable FOIA exemption.  See Boyd, 475 F.3d at 385 (noting that the burden is on the agency to establish the applicability of an exemption).  It therefore is troubling that the FOIA Processing Guide was not provided to Catholic Charities.  Because the defendant has failed to provide any reason why this document, which in the Court's view falls squarely within the four corners of Catholic Charities' FOIA request, should not be furnished to Catholic Charities, and given the passage of time since Catholic Charities made its FOIA request, the Court will order the defendant to furnish the FOIA Processing Guide to Catholic Charities within ten days of the issuance of this Order.[3]

### B. Attorney's Fees

As noted earlier, "[e]ven though the award of attorneys' fees and costs is within the Court's discretion, a complainant must be both 'eligible' for and 'entitled' to attorneys' fees," Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec. (EPIC), ___ F. Supp. 3d ___, ___, 2016 WL 6879251, at *5 (D.D.C. Nov. 21, 2016), and the Court must further assess whether the requested fees and costs are reasonable, Judicial Watch, 470 F.3d at 369.  As discussed further

---

[3] Because the Court agrees with Catholic Charities that it is entitled to the FOIA Processing Guide, the Court will deny the pending motion to compel, which seeks the production of the same document, see Mot. to Compel Mem. at 4, as moot.

below, the Court concludes that Catholic Charities is both eligible for and entitled to an award of attorney's fees and costs.

### a.     Eligibility

In light of the Court's conclusion that the FOIA Processing Guide must be furnished to Catholic Charities, it is beyond debate that Catholic Charities has substantially prevailed in this litigation, see Judicial Watch, Inc. v. FBI, 522 F.3d 364, 370 (D.C. Cir. 2008) ("[A] plaintiff becomes a prevailing party once 'awarded some relief by [a] court.'" (second alteration in original) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001))), and consequently, it is eligible for attorney's fees.

### b.     Entitlement

In assessing whether a plaintiff is entitled to attorney's fees, the Court typically considers four factors: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding" of the requested documents. McKinley v. Fed. Housing Fin. Agency, 739 F.3d 707, 711 (D.C. Cir. 2014) (quoting Tax Analysts v. U.S. Dep't of Justice, 965 F.2d 1092, 1093 (D.C. Cir. 1992)).

"The first factor . . . requires consideration of both the effect of the litigation for which fees are requested and the potential public value of the information sought." Davy v. CIA, 550 F.3d 1155, 1159 (D.C. Cir. 2008). This factor weighs in favor of Catholic Charities, as this case involves an inquiry into the defendant's processing of several petitions filed by individuals who were seeking asylum in the United States and who Catholic Charities was assisting in their efforts to obtain asylum status. See Compl. ¶¶ 6–7; see also Jarno v. Dep't of Homeland Sec., 365 F. Supp. 2d 733, 739 (E.D. Va. 2005) (noting that the "FOIA is the exclusive means that a

respondent in Immigration Court proceedings must use to obtain documents for use in immigration proceedings" (citing 8 C.F.R. 1208.12 (2005)).

The second and third factors, which "are often analyzed together to determine whether the plaintiff has a 'sufficient private incentive to seek disclosure of the documents without expecting to be compensated for it,'" EPIC, ___ F. Supp. 3d at ___, 2016 WL 6879251, at *11 (quoting McKinley, 739 F.3d at 711), also weigh in favor of Catholic Charities. Catholic Charities "is a nonprofit organization, dedicated to the assistance of asylum applicants." Pl.'s Mem. at 9. Catholic Charities also works to further the interest of justice in immigration proceedings by, inter alia, "conduct[ing] trainings and seminars for lawyers representing asylum applicants," Compl. ¶ 57, and by seeking to "monitor and examine the work of asylum officers, to ensure that all asylum applicants obtain justice," and "preserve the integrity of immigration court and asylum office proceedings," id. ¶ 58. Thus, the Court finds that Catholic Charities has no commercial interest in the records and that its objective is to promote the fairness and integrity of this country's asylum process, which together weigh in favor of an award of attorney's fees.

The final factor concerns "whether the agency's opposition to disclosure 'had a reasonable basis in law' and whether the agency 'had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.'" Davy, 550 F.3d at 1162 (quoting Tax Analysis, 965 F.2d at 1095, and LaSalle Extension Univ. v. FTC, 627 F.2d 481, 484 (D.C. Cir. 1980)). Here, the defendant has provided no legal basis whatsoever for withholding the FOIA Processing Guide, having failed to even file a response to Catholic Charities' renewed motion. And in light of the fact that it defies logic that a document titled "FOIA Processing Guide" does not fall squarely within the scope of Catholic Charities' FOIA request, the Court must conclude

7

that the defendant's inaction amounts to recalcitrance in regards to its obligations under the FOIA.  Therefore, this factor also weighs in favor of granting Catholic Charities' request for attorney's fees.

### c. Reasonableness of the Amount Requested

When determining the reasonableness of a request for attorney's fees, courts consider "(1) 'the attorneys' billing practices'; (2) 'the attorneys' skills, experience, and reputation'; and (3) 'the prevailing market rates in the relevant community.'"  Salazar ex rel. Salazar v. District of Columbia, 809 F.3d 58, 62 (D.C. Cir. 2015) (quoting Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995)).  Catholic Charities seeks over $13,000 in attorney's fees based on the Legal Services Index's update to the Laffey matrix ("LSI-Laffey matrix").  Pl.'s Mem. at 11, 12.  There is some disagreement in this Circuit regarding whether the LSI-Laffey matrix, or the United States Attorney's Office update to the Laffey matrix ("USAO Laffey matrix"), provides the most appropriate billing rate framework for attorneys who do not have a standard billing rate.  See EPIC, ___ F. Supp. 3d ___, 2016 WL 6879251, at *14–15 (discussing the matrices).  And although the defendant failed, for over six months, to file any challenge to the amount of attorney's fees and costs requested by Catholic Charities, the Court will give the defendant an opportunity to submit a response, if it chooses, to the amount sought, to ensure that this issue is fully briefed prior to its resolution.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that Catholic Charities' renewed motion for partial summary judgment must be granted, except as to the issue of the amount of attorney's fees requested, which requires further briefing.  Accordingly, it is hereby

**ORDERED** that Plaintiff Catholic Charities' Renewed Motion for Summary Judgment as to Ninth Cause of Action is **GRANTED IN PART AND HELD IN ABEYANCE IN PART**, due to the Court's decision to permit the defendant to submit a response to the amount of attorney's fees and costs requested.  It is further

**ORDERED** that the defendant shall provide to Catholic Charities a copy of the FOIA Processing Guide on or before February 14, 2017.  It is further

**ORDERED** that the defendant shall show cause, in writing not to exceed ten (10) pages, why the Court should not award the amount of attorney's fees and costs requested by Catholic Charities, on or before February 17, 2017.  It is further

**ORDERED** that Catholic Charities may file a reply to the defendant's response to this Court's show cause order, not to exceed five (5) pages, on or before February 24, 2017.   It is further

**ORDERED** that Plaintiff Catholic Charities' Motion to Compel Production of Documents is **DENIED AS MOOT**.

**SO ORDERED** this 3rd day of February, 2017.

REGGIE B. WALTON
United States District Judge
