# EXHIBIT 11

U.S. Department of Homeland Security
HQ FOIA/PA Appeals
150 Space Center Loop, Suite 500
Lee's Summit, MO 64064-2139



**U.S. Citizenship and Immigration Services**

October 21, 2016　　　　　　　　　　　　　　　　APP2016001504

Amy L. Yergey
Catholic Charities
201 E. Diamond Ave., 3rd Fl.
Gaithersburg, MD 20877

Dear Ms. Yergey:

Re: NRC2016024300

You appealed the action of the National Records Center regarding your request for access to records pertaining to Veronica Carolina Lemus Miranda, dated March 02, 2016. Please be advised that the final action letter you received contained an incorrect page count. The letter should have stated that the determination of the National Records Center was to withhold 31 pages in part and 11 in full.

After careful consideration of your appeal, and as a result of discussions with the National Records Center, I have decided to release 14 additional pages to you, copies of which are enclosed. I am releasing 13 pages in part and one in full. Information has been redacted pursuant to 5 U.S.C. §§ 552 (b)(5), (b)(6) and (b)(7)(E).

On the remaining pages, I found that the National Records Center properly withheld certain information that is protected from disclosure. This information is not appropriate for discretionary release.

An asylum officer's written assessment is exempt from disclosure. See Anguimate v. U.S. Dep't of Homeland Sec., 918 F. Supp. 2d 13, 19 (D.D.C. 2013) (finding that USCIS properly withheld an asylum officer's assessment under the deliberative process privilege) and Abramyan v. US Dep't of Homeland Security, 6 F.Supp.3d 57, (D.D.C. 2013)(finding that, [b]ecause the Assessment to Refer was both predecisional and deliberative, it qualifies for withholding under exemption (b)(5)).

In your appeal letter, you requested what is tantamount to a Vaughn index; however, at this stage a Vaughn index is not given or required. See Vaughn v. Rosen, 484 F. 2d 820 (D.C. Cir. 1973). Your request to itemize and justify each item of the information withheld is denied. You are not entitled to such a listing at the administrative stage of processing FOIA requests and appeals. See Judicial Watch v. Clinton, 880 F.Supp. 1, 11 (D.D.C. 1995). Since what you seek is outside the responsibilities of this office, I cannot assist you in this matter.

www.uscis.gov

APP2016001504
Page 2

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B). The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Sincerely,

*[signature]*

Alan D. Hughes, Associate Counsel
Commercial and Administrative Law Division
Department of Homeland Security
Citizenship and Immigration Services