IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICA GATORE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 15-00459-RBW |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO RECONSIDER & STAY, OR,
IN THE ALTERNATIVE, TO MODIFY THIS COURT'S
FEBRUARY 3, 2017, ORDER AND MEMORANDUM IN SUPPORT**

Pursuant to Rule 54(b) and this Court's inherent power, Defendant, the U.S. Department of Homeland Security ("DHS" or "Defendant"), by and through counsel, hereby respectfully requests that this Court reconsider and stay its February 3, 2017 Order (the "Order"). That Order required Defendant to disclose the "'FOIA Processing Guide'" in its entirety by February 14, 2017. *See* Feb. 3, 2017 Order at 1, 9. Plaintiffs' FOIA Request did not seek disclosure of the entire FOIA Processing Guide. That document is hundreds of pages long and consists of multiple agency records on a variety of FOIA-related topics. Instead, Plaintiffs asked for disclosure of records relating to only the "'processing, answering, and responding to FOIA requests *for assessments of asylum officers*.'" *See id.* at 2 (emphasis added) (quoting Plaintiffs' FOIA request). On its face, Plaintiffs' FOIA Request sought only a subset of FOIA processing-related records—those concerning "assessments of asylum officers—not all FOIA processing records.

Defendant seeks reconsideration of the Order for two reasons. First, Plaintiffs' effort, in litigation, to broaden the scope of their FOIA Request is inconsistent with administrative exhaustion principles under FOIA and the plain meaning of their FOIA Request as considered by

Defendant. Plaintiffs' *ex post* interpretation of their FOIA Request, which this Court adopted, conflicts with a cardinal interpretive canon, namely, to give effect, if possible, to every word of the text being considered. Second, reconsideration is warranted due to an intervening D.C. Circuit decision, and related guidance from the Department of Justice's Office of Information Policy ("OIP"), that fully support Defendant's decision to treat the FOIA Processing Guide as a collection of separate FOIA processing-related records.[1]

Plaintiffs cannot expand their FOIA Request through a motion to the Court without violating well-established administrative exhaustion principles under FOIA. Treating a FOIA Request seeking records related to the "processing, answering, and responding to FOIA requests for assessments of asylum officers" to be equivalent to a request for records related to the "processing, answering, and responding to FOIA requests" is improper because it renders as a nullity the qualifier "for assessments of asylum officers." Defendant has the right under FOIA to first consider a broadened request for *all* records related to the "processing, answering, and responding to FOIA requests" at the administrative stage.

## PROCEDURAL POSTURE

In February 2015, Plaintiffs requested various categories of records for individual asylum applicants. In addition, Plaintiffs filed a FOIA request seeking:

> Documents relating to the processing, answering, and responding to FOIA requests for assessments of asylum officers. This would include, but is not limited to: instructions given to staff; policy statements; rules, and memoranda.

---

[1] As to the records Plaintiffs actually requested under FOIA, Defendant released "processing, answering, and responding to FOIA requests for assessments of asylum officers" in full, without redaction. That is why there was no reference to FOIA Processing Guide on Defendant's Supplemental Vaughn Index, *see* Order at 5; Defendant released it. Alternatively, as discussed below, Defendant requests that the Court modify its February 3, 2017, Order to limit the ordered disclosure and grant Defendant sufficient time to review and redact the records in question.

Defendant produced the records within the broader FOIA Processing Guide that related to "the processing, answering, and responding to FOIA requests for assessments of asylum officers" in October 2015. Defendant produced these records with no redactions and therefore did not include such records in any Vaughn declaration.

After Defendant filed its Supplemental Vaughn Index, Dkt. 44, Plaintiffs renewed their motion for partial summary judgment seeking the entire FOIA Processing Guide and later moved to compel seeking the same relief. Dkts. 46 & 48. Through an oversight,[2] Defendant did not timely oppose Plaintiffs' partial motion for summary judgment. However, Defendant did oppose Plaintiffs' motion to compel, pointing out that Plaintiffs had not sought the entire FOIA Processing Guide in the administrative process and that the effort of Plaintiffs, in litigation, to expand the scope of their FOIA Request was improper. *See generally* Dkt. 53 at 3.

This Court's February 3, 2017, Order granted Plaintiffs' partial motion for summary judgment, ordered Defendant to release the full FOIA Processing Guide by February 14, 2017, and issued an Order to Show Cause regarding Attorney's Fees. Dkt. 58. The Court noted that Defendant's Supplement Vaughn index "makes reference to a "'FOIA Processing Guide' … which [Plaintiffs] state[] has yet to be released." Feb. 3, 2017 Order at 1. The Court stated that it considered Defendant's arguments, *id*. at 2 n.2, but did not discuss the scope of Plaintiffs' FOIA Request other than to say that in the Court's view it fell within the scope of Plaintiffs' FOIA Request. *Id.* at 5.

---

[2] Undersigned counsel understands that Defendant's former counsel intended for the opposition to Plaintiffs' motion to compel to also oppose the relief requested in Plaintiffs' motion for partial summary judgment. Defendant, and the U.S. Attorney's Office, regrets the oversight in failing to formally and timely oppose Plaintiffs' motion and apologizes to the Court and Plaintiffs for that error.

The Order goes on to state that "an explanation of why a document titled 'FOIA Processing Guide' … had not yet been furnished to [Plaintiffs]" was "utterly lacking." *Id.* The Court also stated that the "basis for withholding that document" should have been included in the "Vaughn index" and "set forth the applicable FOIA exemption." *Id.* Finally, the Court described as "troubling" Defendant's failure to provide the FOIA Processing Guide in full and ordered it produced on or before February 14, 2017, because of the passage of time and Defendant's "fail[ure] to provide any reason why this document … should not be furnished."[3] *Id.*

As described more fully in Defendant's motion for an extension filed contemporaneously herewith, the Parties met and conferred regarding the status of this case, including Defendant's intention to re-review the asylum assessments in light of the filing of the recent Amended Complaint and potentially release additional segregable material by March 13, 2017. As required by Local Civil Rule 7(m), the Parties discussed the instant motion and Plaintiffs advised that they oppose this motion for reconsideration.

## LEGAL STANDARDS

Rule 54(b) governs reconsideration of orders that do not constitute final judgments such as the Court's February 3, 2017 Order. *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). Reconsideration under that rule is within the Court's discretion and may be granted "as justice requires." *Id.* The "as justice requires" standard may be met where the Court has patently misunderstood the parties, strayed far afield of the issues presented, or failed to consider a controlling or significant change in the law or facts since the submission of the issue. *See Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004). The considerations embedded in the "as justice

---

[3] The Court also issued an Order to Show Cause regarding Plaintiffs' entitlement to attorney's fees. Feb. 3, 2017 Order at 5-8.

requires" standard "leave a great deal of room for the court's discretion and, accordingly, the 'as justice requires' standard amounts to determining 'whether [relief upon] reconsideration is necessary under the relevant circumstances.'" *Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26, 30-31 (D.D.C. 2013), *aff'd* 775 F.3d 425 (D.C. Cir. 2015) (quoting *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 224 (D.D.C. 2011)). Finally, "even if justice does not require reconsideration of an interlocutory ruling, a decision to reconsider is nonetheless within the court's discretion" if there is "good reason" to do so. *In Def. of Animals v. NIH,* 543 F. Supp. 2d 70, 76 (D.D.C. 2008).

## ARGUMENT

Reconsideration of the Court's February 3, 2017, Order is warranted for two reasons. First, the Order did not consider the administrative exhaustion principles inherent in the dispute regarding the scope of Plaintiffs' FOIA Request. As a result, the Court appears to have misunderstood Defendant's position with regard to how it interpreted Plaintiffs' FOIA Request. Defendant explained the textual limitation on the face of Plaintiffs' FOIA Request, *see generally* Dkt. 53 at 3, however, the Order incorrectly asserts that Defendant had "failed to provide *any* reason why [the entirety of the FOIA Processing Guide … should not have been furnished to [Plaintiffs]." Order at 5 (emphasis added). This apparent misunderstanding meets the "as justice requires" standard.

Second, the D.C. Circuit's decision in *American Immigration Lawyer Association v. Executive Office for Immigration Review*, 830 F.3d 667 (D.C. Cir. 2016) (hereafter "*AILA*"), illustrates that the Order's focus on particular "documents"—such as the FOIA Processing Guide—as opposed to "information" and "records" is improper. *Id.* at 677 ("the 'focus of the FOIA is information, not documents'") (quoting *Mead Data Central, Inc. v. U.S. Dep't of Air*

5

*Force*, 566 F.2d 22, 260 (D.C. Cir. 1997)). *See also AILA*, 830 F.3d at 678-79 (discussing agency discretion to interpret what constitutes a "record"). As intervening authority, which neither the Parties nor the Court addressed, *AILA* provides another reason to reconsider the February 3, 2017, Order.

I. **Plaintiffs Failed to Exhaust Administrative Remedies Regarding the Entire FOIA Processing Guide**

FOIA permits the Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency. 5 U.S.C. § 552(a)(4)(B). Courts have interpreted this portion of FOIA to mean that a valid claim exists on a showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency records. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). Indeed, "[t]he plaintiff must show that the agency 'contravened all three components of this obligation'" in order for a FOIA claim to be heard. *Kuffel v. U.S. Bureau of Prisons*, 882 F. Supp. 1116, 1120 (D.D.C. 1995) (citing *Kissinger*, 445 U.S. at 151.)

It is well-established in administrative law that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193 (1969). Exhaustion of such administrative remedies is generally required under FOIA before a party can seek judicial review. *Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986). The purpose of the exhaustion requirement is to give the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision," as well as to allow "the top managers of an agency to correct mistakes made at lower levels and thereby obviate[] unnecessary judicial review." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990).

A FOIA requester is deemed to have failed to exhaust administrative remedies whenever

the requester fails to comply with the administrative procedures set forth under FOIA, including: (1) providing a request to the particular office identified in the agency's FOIA regulations, *Kessler v. United States*, 899 F. Supp. 644, 645 (D.D.C. 1995); (2) providing the agency the required proof of identity, *Summers v. U.S. Dep't of Justice*, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (3) reasonably describing the records sought, *Gillin v. I.R.S.*, 980 F.2d 819, 822-23 (1st Cir. 1992); (4) complying with fee requirements, *Trueblood v. United States Dep't of Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996); and (5) administratively appealing a denial of records, *Oglesby*, 920 F.2d at 61. *See also* 5 U.S.C. § 552(a)(3) (requests must be made "in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to be followed…"). Where a FOIA plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, it is subject to dismissal. *Oglesby*, 920 F.2d at 71; *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003).

"The first step in exhausting administrative remedies under the FOIA is filing a proper FOIA request"—a request made "in accordance with [the agency's] published rules." *Wicks v. Coffrey*, No. 01-cv-3664, 2002 WL 1000975, *2 (E.D. La. 2002). By the same token, it is well established that a FOIA request may not be initiated through Court filings. *See Pray v. Dep't of Justice*, 902 F. Supp. 1, 2-3 (D.D.C. 1995) (granting defendant summary judgment with respect to request for records "made only in response to the government's motion for summary judgment"); *Muhammad v. U.S. Bureau of Prisons*, 789 F. Supp. 449, 450 (D.D.C. 1992) (dismissing FOIA claim for failure to exhaust where plaintiff "filed his [FOIA] request directly in this Court"). Nor may a FOIA requester expand the scope of the FOIA request, or cure a deficient FOIA request, through Court filings. *See Gillin*, 980 F.2d at 823 & n.3 (plaintiff's attempt to clarify his FOIA request through discovery requests in litigation "amounted to an

7

impermissible attempt to expand a FOIA request after the agency has responded and litigation has commenced"); *Pray*, 902 F. Supp. at 2-3.

Here, on its face, Plaintiffs' FOIA Request sought records relating to "the processing, answering, and responding to FOIA requests for assessments of asylum officers." Feb. 3, 2017 Order at 1. That request is different from a request for records "the processing, answering, and responding to FOIA requests." Reading these two requests to be equivalent, as Plaintiffs urged, renders the express textual limitation—*viz.* "for assessments of asylum officers"—a nullity. That is improper. As Defendant previously explained, *see* Dkt. 53, it interpreted Plaintiffs' FOIA Request as seeking only records within the FOIA Processing Guide concerning assessments of asylum officers. And Defendant released those records to Plaintiffs in full, without redaction.[4] The Order in this case was therefore mistaken in asserting that Defendant "has failed to provide *any* reason why [the FOIA Processing Guide] … should not be furnished to [Plaintiffs.]" Order at 5 (emphasis added).

Plaintiffs' belated request for the entirety of the FOIA Processing Guide in litigation represents a clear effort to expand a FOIA request through Court filings, rather than through the administrative process. Because Plaintiffs never submitted a FOIA request to DHS for the complete FOIA Processing Guide, Plaintiffs failed to exhaust their administrative remedies for that request, rendering the motion for partial summary judgment deficient. Plaintiffs could easily submit a new request to DHS for records related to "the processing, answering, and responding to FOIA requests" to permit DHS the opportunity to consider the request.

---

[4] Likewise, this textual limit on the plain meaning of Plaintiffs' FOIA Request explains why "an explanation of why a document titled 'FOIA Processing Guide,' … had not yet been furnished to [Plaintiffs]" and was "utterly lacking in the Vaughn index." Order at 5. In short, Defendant did not believe it withheld non-exempt records because it released the records in question in full.

Requiring Plaintiffs to submit a proper FOIA Request for the entire FOIA Processing Guide—if those are the records Plaintiffs want—to DHS as part of a new request is not an empty formality. The FOIA Processing Guide is hundreds of pages long and consists of many discrete sections and numerous separate agency records that concern a multitude of aspects of how Defendant processes FOIA requests in a variety of subject matter areas. Some of these records almost certainly include exempt information and Defendant is entitled to receive a properly crafted FOIA Request for the entirety of the FOIA Processing Guide so that it may consider which portions are exempt from disclosure.[5]

## II.  The D.C. Circuit's Intervening Decision in *AILA* Provides Another Reason to Reconsider the February 3, 2017 Order

After Plaintiffs filed their motion for partial summary judgment, the D.C. Circuit issued its decision in *AILA*, which neither the Parties nor the Court addressed. There, the D.C. Circuit held that FOIA did not "provide for withholding responsive but non-exempt records or for redacting nonexempt information within responsive records" and it was "improper for [Defendant] to redact non-responsive information from responsive records." 830 F.3d at 677, 679.

The D.C. Circuit noted in "the context of a record containing exempt information, accordingly, the 'focus of the FOIA is information, not documents.'" *Id.* at 677 (quoting *Mead Data Central, Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1997)). Despite the FOIA's focus on records or information, the Court's February 3, 2017, Order takes issue with Defendant's failure to provide "some basis for withholding *that document*" or to "provide any

---

[5] Alternatively, if the Court still concludes that Plaintiffs' FOIA Request, as drafted, did exhaust of Plaintiffs' administrative remedies as to the entirety of the FOIA Processing Guide, or at least those portions cited in the Supplemental Vaughn Index, Defendant requests until March 15, 2017, to process the FOIA Processing Guide, or portions thereof, for release to Plaintiffs to permit Defendant to assert applicable exemptions to the entire FOIA Processing Guide.

9

reason why *this document* … should not be furnished." Order at 5 (emphases added) (discussing the FOIA Processing Guide). Yet, the focus of FOIA is the "command to disclose a responsive *record* as a unit (after deletion of exempt information)" and this "depends on how one conceives of a '*record*.'" *AILA*, 830 F.3d at 677 (emphases added). The *AILA* Court also discussed the nature of what constitutes an agency record.

The February 3, 2017, Order assumes that the FOIA Processing Guide is a single discrete record. This is mistaken. "Under FOIA, agencies instead in effect define a 'record' when they undertake the process of identifying records that are responsive to a request." *See id.* (citing 5 U.S.C. § 552(f)(2)). Here, as already described, Defendant identified a particular record within the FOIA Processing Guide as responsive and released it in full to Plaintiffs, namely the records concerning FOIA treatment of asylum assessments. Defendant's position to release an individual record from within the FOIA Processing Guide is fully consistent with *AILA* as well as recent OIP Guidance regarding how agencies are to define a record under FOIA.[6] *See generally* 830 F.3d at 678-79 (favorably discussing prior DOJ OIP Guidance and noting the possibility that "the government in a different case might undertake to conceive of an individual 'record' more narrowly"). *See also* DOJ, OIP Guidance: Defining a "Record" Under the FOIA, FOIA Update (Jan. 11, 2017), *available at* https://www.justice.gov/oip/oip-guidance/defining_a_record_under_the_foia) (last visited Feb. 14, 2017).

That guidance indicates that agencies should treat a record as a "item, collection, or grouping of information" and may employ "a more fine-tuned, content-based approach to the decision [of what constitutes a record], which applies irrespective of the physical attributes of a

---

[6] The *AILA* Court favorably relied on then-existing OIP Guidance in assessing the meaning of a record. 830 F.3d at 678.

document." *Id.* As a result, "a 'record' can potentially constitute an entire document, a single page of a multipage document, or an individual paragraph of a document." *Id.* Further, the "nature of a FOIA 'record' is defined by both the content of a document and the subject of the request," meaning that the manner by which a FOIA requester describes the particular records sought is an important and sometimes determinative factor in deciding whether a record is responsive. As OIP's Guidance notes, "[t]hese distinctions are most easily made when the document can reasonably be broken into discrete units," such as discrete sections within a document. *See id.* (describing as an example a document organized by the name of each judge that "readily lent itself to division.")

Here, as explained, the FOIA Processing Guide is hundreds of pages long and consists of separate and discrete sections that relate to any number of different FOIA-related topics. Plaintiffs' FOIA Request, on its face, did not seek each and every record contained within the FOIA Processing Guide. Rather, Plaintiffs requested, and received in full, the records relating to "the processing, answering, and responding to FOIA requests for assessments of asylum officers."

Consequently, it was proper and consistent with *AILA* for Defendant to treat that portion of the FOIA Processing Guide as a discrete record. The Court, respectfully, should not second guess that decision in light of the textual limitations on the face of Plaintiffs' FOIA Request, particularly because Plaintiffs could easily submit a proper FOIA Request for the entirety of the FOIA Processing Guide, if those are the records that they seek.

### III.     A Limited Stay of the Court's Disclosure Order is Warranted.

It is well-established that every Court has an "inherent" power to exercise its discretion to "control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for the litigants," including by staying its proceedings or the enforcement of particular orders. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Stone v. INS*, 514 U.S. 386, 411 (1995). Among the factors to consider in connection with a requested stay of an Order or proceeding is the prejudice to the respective parties and the public interest.

Stays of disclosure orders are common in the FOIA context. *See Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 217 F.Supp.2d 58, 58 (D.D.C. 2002) (granting stay of disclosure order in FOIA case pending appeal where compliance with order "would effectively moot any appeal"). The harm lies in the fact that "[o]nce the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. The status quo could never be restored." *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979).

Neither Plaintiffs nor the public should suffer any prejudice given that Plaintiffs did not seek the entirety of the FOIA Processing Guide in the first place. In any event, the limited duration of the requested stay—until such time as the Court resolves the instant motion and either reconsiders the February 3, 2017, Order or permits Defendant sufficient additional time to review the entire FOIA Processing Guide—minimizes any potential prejudice to Plaintiffs.

## CONCLUSION

The Court should reconsider its February 3, 2017, ruling for the foregoing reasons.

Dated: February 14, 2017                    Respectfully submitted,

                                                                CHANNING D. PHILLIPS
                                                                 U.S. Attorney for the District of Columbia
                                                                 D.C. Bar # 415793

                                                                DANIEL F. VAN HORN
                                                                 Chief, Civil Division
                                                                 D.C. Bar # 924092

                                                             */s/ Alexander K. Haas*
                                                                 ALEXANDER K. HAAS

Assistant United States Attorney
D.C. Bar # 1007081
555 Fourth St., N.W.
Washington, D.C. 20530
Tel: (202) 252-2533 — Fax: (202) 252-2599
alexander.haas@usdoj.gov