UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                                             Civil Action No.  15-cv-459 [RBW]

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
Defendant

## PLAINTIFF CATHOLIC CHARITIES' OPPOSITION TO THE DHS MOTION TO RECONSIDER AND STAY

The DHS motion to reconsider and stay should be denied because: 1]The order of the court is supported by the factual record and is consistent with applicable legal authorities; and 2] There is no administrative remedy to exhaust.

The DHS has waived its arguments by not asserting them earlier. It has not shown any error, let alone clear error. It has not shown that any harm would result from disclosure

BACKGROUND

Two years ago, Catholic Charities made a FOIA request. The DHS did not respond within 20 working days, nor within 30 days. The DHS quoted from the "FOIA Processing Guide" in defending this lawsuit. *See* Jill Eggleston declaration, at ECF #44-1.  Catholic Charities filed motion after motion trying to get that Guide. On February 3, 2017, via ECF #58, the Court ordered the production of that

Guide, by February 14th. Instead of obeying the Court, the DHS filed a lengthy motion. The DHS maintains this as its posture: "We can cite from a source not in the record, and nonetheless keep it secret from the Court and the opposing party."

THE FOIA REQUIRES DISCLOSURE OF THE GUIDE

The FOIA imposes deadlines and rules upon agencies. FOIA's exemptions are "explicitly made exclusive and must be narrowly construed." *American Immigration Lawyers Association v. Executive Office for Immigration Review,* 830 F.3d 667, 672 (D.C. Cir. 2016) (citations and quotations omitted). In that case, the D.C. Circuit reversed a lower court, in part, and ordered the release of more information. The D.C. Circuit repeated what it said at page 672: FOIA's exemptions are "explicitly made exclusive and must be narrowly construed." 830 F.3d at 677.

The D.C. Circuit instructs that it is wrong for "agencies to keep FOIA requests bottled up for months or years on end while avoiding any judicial oversight." *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission,* 711 F.3d 180, 190 (D.C.Cir. 2013).

1. **The Order of the Court is supported by the factual record and is consistent with applicable legal authorities.**

The DHS has had years to demonstrate that the Processing Guide is exempt under some provision of law. The DHS has still not done so. Counsel for DHS makes some vague assertions in his brief; but statements of counsel are not evidence.

The DHS cites *Cobell v. Norton,* 355 F. Supp. 531 (D.D.C. 2005) to suggest that "justice requires" a reconsideration. *See* DHS Motion at 4, ECF #63.  The Court in *Cobell* denied the motion for reconsideration, in part because no harm was demonstrated. 355 F. Supp. 531, 540. No harm has been demonstrated in this case either.

. A motion for reconsideration "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (citations and internal quotation marks omitted). None of these factors are present here." *Foster v. Sedgwick Claims Management,* 842 F.3d 721,735 (D.C.Cir. 2016)

In order "to promote finality, predictability and economy of judicial resources," courts "generally should not revisit prior interlocutory decisions in the

absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Kennedy v. District of Columbia,* 145 F. Suppl. 3d, 46, 49 (D.D.C. 2015) (citations and quotations omitted). The DHS has not shown that ECF # 58 was clearly erroneous.

*Energy Future Coalition v. Office of Management and Budget,* 2016 WL 4435183, at *1 (D.D.C. 2016) denied a motion to reconsider. The Court ruled that

> the movant bears the burden of identifying an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996). However, "[m]otions for reconsideration are disfavored [.]" *Wright v. F.B.I.*, 598 F.Supp.2d 76, 77 (D.D.C.2009) (internal quotation marks and citation omitted). "The granting of such a motion is ... an unusual measure, occurring in extraordinary circumstances." *Kittner v. Gates*, 783 F.Supp.2d 170, 172 (D.D.C.2011)."

The Court in *Energy Future Coalition* continued:

"Accordingly, motions for reconsideration may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Jung v. Assoc. of Am. Med. Colls.*, 226 F.R.D. 7, 8 (D.D.C.2005) (internal quotation marks and citation omitted)."

*Id.*

The DHS has waived its arguments by not asserting them earlier

 The DHS has not shown clear error.

The DHS has not shown that any harm would result from disclosure.

**There are no administrative remedies that Catholic Charities must exhaust.**

Catholic Charities made its FOIA request years ago. The DHS did not respond within 30 working days. Therefore, Catholic Charities is deemed to have exhausted its remedies.

As stated in *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission,* 711 F.3d 180, 189 (D.C.Cir. 2013) if an agency does not respond within 30 working days, "the administrative exhaustion requirement will not apply." The 30 working day requirement "is the relevant timeline that the agency must adhere to if it wants to trigger the exhaustion requirement before suit can be filed." *Id. Accord: Murphy v.Executive Office for United States Attorneys*, 789 F.3d 204, n. 1 (D.D.Cir. 2015) ("a requester shall be deemed to have exhausted his administrative remedies with respect to his request if the agency does not respond to the FOIA request within 20 business days.")

The DHS referred to the Processing Guide during this litigation. Therefore there is no duty for Catholic Charities to exhaust administrative remedies. "There is no required administrative exhaustion process for that in-court litigation decision." *Bayala v. DHS,* 827 F.3d 31, 35-36 (D.D.Cir. 2016).

CONCLUSION

The DHS has not justified its failure to disclose. Its motion should be denied.

Respectfully submitted,

    Attorney for Plaintiffs

    David L. Cleveland
    DC Bar # 424209
    Catholic Charities
    924 G Street, NW
    Washington, DC 20001
    [202] 772-4345 Fax: [202] 386-7032
    1949.david@gmail.com