IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICA GATORE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 15-00459-RBW |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO RECONSIDER & STAY, OR, ALTERNATIVELY, TO MODIFY THE FEBRUARY 3, 2017, ORDER**

Defendant, the U.S. Department of Homeland Security ("DHS" or "Defendant"), by and through counsel, hereby respectfully submits this Reply in further support of its motion to reconsider. Plaintiffs' opposition, Dkt. 66, illustrates exactly why the Court should grant Defendant's motion.

First, Plaintiffs make no effort to show that the original FOIA Request sought the entire FOIA Processing Guide. Because it did not. The text of Plaintiffs' FOIA Request included an express textual limitation that asked for a discrete record concerning "processing … FOIA requests for assessments of asylum officers." And Plaintiffs do not claim otherwise. Instead, the Opposition confirms exactly what Defendant argued in its motion. *See* Mot. for Reconsideration, Dkt. 65 at 6-8. Namely, that the *entire* basis for Plaintiffs' request for the complete FOIA Processing Guide is not their FOIA Request at all, but the fact that Defendant cited a different portion of that document in its Supplemental Vaughn Declaration. Opp. at 5 ("The DHS referred to the Processing Guide during this litigation. Therefore there is no duty for Catholic Charities to exhaust administrative remedies."); *see also id.* at 1. The clear law, however, is that a party cannot expand the scope of a FOIA request in litigation. *See* Mot. for Reconsideration, Dkt. 65 at

6 (citing cases). Defendant's reference to some other FOIA Processing-related records in the Supplemental Vaughn Index did not result in a *de facto* expansion of Plaintiffs' FOIA Request beyond records concerning "processing … FOIA requests for assessments of asylum officers."

Second, Plaintiffs attempt to obfuscate the issue by asserting that because Defendant "did not respond within 30 working days [] Catholic Charities deemed to have exhausted its remedies." Opp. at 5. It is true, of course, that constructive exhaustion permits a party to file suit if an agency does not respond within FOIA's time limits. *Citizens for Responsibility and Ethics in Washington v. Fed. Elec. Comm.*, 711 F.3d 180, 189 (D.C. Cir. 2013). But that is only true for a FOIA Request actually presented to an agency. A plaintiff cannot make a FOIA Request for X and then decide, in litigation, that it wants X *and* Y and claim he exhausted his administrative remedies for Y simply because he sought X and the defendant referred to Y in the litigation. But that is exactly what happened here. Plaintiffs asked for records related to the "processing … [of] FOIA requests for assessments of asylum officers" and then, in litigation, sought the entire FOIA Processing Guide because Defendant referred to something in the Guide *other than* "the processing of FOIA requests for assessments of asylum officers."

Further, *Bayala v. DHS*, 827 F.3d 31, 36 (D.C. Cir. 2016), on which Plaintiffs rely, is inapposite and does not support Plaintiffs' position that there is never "'required administrative exhaustion process[es] for that in-court litigation decision.'" Opp. at 5 (quoting *Bayala*). *Bayala* concerned "the correctness of the Department's materially novel and different in-court *disclosure* decision" and that, in such a disclosure context by the Agency, no further administrative exhaustion was required. *See Bayala*, 827 F.3d at 35-36 (emphasis added). *Bayala* is nothing like this case. Defendant is not asserting Plaintiffs must exhaust a decision it "no longer stands by and that has been overtaken by new and different in-court disclosures and explanations." *Id.* at

2

36. Rather, here, Defendant has consistently maintained that Plaintiffs did not ask for the complete FOIA Processing Guide. *See* Dkt. 53 at 3. In fact, *Bayala* emphasizes that "[e]xhaustion, instead, can be a substantive ground for rejecting a FOIA claim in litigation" but that "FOIA's text provides only for administratively exhausting an 'adverse determination' made by the agency within its statutorily required administrative process." *See Bayala*, 827 F.3d at 35-36. Among the things that the "statutorily required administrative process" mandates are presentment and exhaustion, *see* Mot. to Reconsider at 6-7; in other words, making the FOIA Request for the particular records in question to the Agency. That is why the scope of Plaintiffs' original FOIA Request is determinative.

Third, Plaintiffs other assertions regarding whether the Court's February 3, 2017, Order meets the standard for reconsideration are likewise incorrect. Plaintiffs are wrong that the February 3, 2017, Order fails to meet the reconsideration standard, Opp. at 3-4, both because there is a need to correct a clear error and because of the D.C. Circuit's intervening decision in *American Immigration Lawyers Association v. Executive Office for Immigration Review*, 830 F.3d 667 (D.C. Cir. 2016) (hereafter "*AILA*").

Plaintiffs are wrong that Defendant has "waived its arguments by not asserting them earlier." Opp. at 4. To be sure, Defendant could have more clearly identified the administrative exhaustion principles in its earlier Opposition to Plaintiffs' Motion to Compel. But these presentment and exhaustion principles are inherent within the question of how broadly to construe the scope of Plaintiffs' FOIA Request. And that issue was squarely before the Court insofar as Defendant stated clearly that Plaintiffs sought to "effectively amend their request and seek documents that fall outside the scope of the request at issue in this case" and that Plaintiffs

were "unable to support [their] argument with the text of the actual FOIA request." Dkt. 53 at 3 (Opp. to Mot. to Compel). Defendant did not waive these arguments.

Plaintiffs are also wrong, Opp. at 3, that Defendant has not demonstrated harm. Defendant has a right under FOIA to insist that Plaintiff present a proper request—*i.e.*, not a request asserted for the first time during the course of litigation to expand an otherwise narrower request—for the entire FOIA Processing Guide. Defendant's loss of its statutory right to consider Plaintiffs' expanded request administratively is harmful. In addition, courts have repeatedly held that mandated disclosure of records is a harm so significant and irreparable it justifies a stay pending appeal. *See Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 217 F. Supp. 2d 58, 58 (D.D.C. 2002). The harm lies in the fact that "[o]nce the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. The status quo could never be restored." *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979).

Finally, while Plaintiffs cite the D.C. Circuit's intervening *AILA* ruling briefly, Opp. at 2, Plaintiffs make no effort to grapple with that decision or the revised OIP Guidance that fully supports Defendant's decision to treat the FOIA Processing Guide as a collection of different records. *See* Mot. to Reconsider at 8-10 (Dkt. 65). It was proper and consistent with *AILA* and the OIP Guidance for Defendant to treat that portion of the FOIA Processing Guide related to the "processing … FOIA requests for assessments of asylum officers" as a discrete record.[1] *See id.* (citing and quoting *AILA* and the OIP Guidance). The intervening *AILA* decision and the OIP Guidance provides an independent basis to reconsider.

---

[1] And, as explained in Defendant's motion, Defendant's decision to treat release, in full, the records from the FOIA Processing Guide that relate to "the processing, answering, and responding to FOIA requests for assessments of asylum officers" provides the explanation of why there was no further reference on the Vaughn index. *See* Mot. for Reconsideration at 2 n.1 & 7 n.3 (discussing the Court's observations regarding perceived deficiencies in Defendant's position.).

4

**CONCLUSION**

Defendant respectfully requests that the Court reconsider its February 3, 2017, Order for the reasons stated above and in Defendant's motion and believes there is ample reason to do so.

Dated: February 21, 2017

Respectfully submitted,

CHANNING D. PHILLIPS
U.S. Attorney for the District of Columbia
D.C. Bar # 415793

DANIEL F. VAN HORN
Chief, Civil Division
D.C. Bar # 924092

 /s/ Alexander K. Haas
ALEXANDER K. HAAS
Assistant United States Attorney
D.C. Bar # 1007081
555 Fourth St., N.W.
Washington, D.C. 20530
Tel: (202) 252-2533 — Fax: (202) 252-2599
alexander.haas@usdoj.gov