IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICA GATORE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 15-00459-RBW |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' DECEMBER 2016 SUPPLEMENTAL
MEMORANDUM CONCERNING PLAINTIFFS' MOTION TO CERTIFY**

Defendant, the U.S. Department of Homeland Security ("DHS" or "Defendant"), by and through counsel, hereby respectfully submits this Response to Plaintiffs' December 2016 Supplemental Memorandum filed in further support of Plaintiffs' motion for class certification, which this Court recently ordered be separately filed. *See* Feb. 8, 2017, Minute Order & Dkt. 61.

**Procedural Posture**

Plaintiffs originally filed a motion to certify a class in June 2015, Dkt. 15, and Defendant opposed that motion, Dkt. 23. In ruling on the Parties' summary judgment motions, the Court held Plaintiffs' motion to certify a class in abeyance pending further proceedings. *See* Mar. 31, 2016, Order, Dkt. 39, at 2; Apr. 6, 2016, Order, Dkt. 40, at 9 n.3. Defendant filed a Supplemental Vaughn Index, Dkt. 44, but the Parties have yet not renewed their motions for summary judgment as to the withholding of asylum assessments. Likewise, Plaintiffs have yet not renewed their motion for class certification and the Court has issued no further rulings on that issue.

In the interim, undersigned counsel was assigned to represent Defendant in this case in January 2017 and, as previously described, *see* Def. Mtn. to Extend Answer to Am. Compl., Dkt. 62, ¶¶ 4-5, Defendant is in the process of re-reviewing the asylum assessments to reexamine

whether additional reasonably segregable factual material could be released and currently anticipates producing additional redacted records to Plaintiffs by no later than March 13, 2017.

## ARGUMENT

Defendant is unaware of any instance where a court has agreed to certify a class in a FOIA case. Defendant previously opposed Plaintiffs' motion to certify a class principally because Plaintiffs were unable to meet the numerosity requirement in Federal Rule of Civil Procedure 23. *See* Dkt. 23 at 13-16. Defendant maintains that position; a position that is well-supported by this Court's decisions. *See*, *e.g.*, *Feinman v. FBI*, 269 F.R.D. 44, 49-52 (D.D.C. 2010) (holding that a plaintiff's unfounded assumptions regarding the number of supposedly similarly situated plaintiffs lack a reasonable basis to justify class certification as a matter of law). *See also Nat'l Sec. Counselors v. Central Intelligence Agency*, 316 F.R.D. 5, 6-8 (D.D.C. 2012) (holding that plaintiffs had failed to establish numerosity and denying plaintiffs' motion to certify a class in a FOIA case).

Nothing in Plaintiffs' Supplemental Memorandum addresses this numerosity issue. Instead, Plaintiffs' Supplemental Memorandum raises mostly irrelevant issues such as various portions of Defendant's FOIA Processing Guide[1] or other instructions regarding segregablility and attempts to reargue the merits of summary judgment, Pls. Supp. Mem. at 2-5, 10-11. Plaintiffs' memorandum otherwise generally criticizes Defendant's FOIA declarant, *id.* at 5, cites

---

[1] As the Court is aware, this Court's February 3, 2017, Order concerned Plaintiffs' partial motion for summary judgment and the "FOIA Processing Guide." Defendant notes that Plaintiffs' Supplemental Memorandum apparently concedes to having sought and obtained the "FOIA Processing Guide" from Defendant though a separate FOIA Request in "August 2016." *See* Pls. Supp. Mem., Dkt. 61, at 2 ("In August 2016, Catholic Charities made a FOIA request of defendant for 'the FOIA Processing Guide.' Defendant responded by furnishing 250 pages.") Because Plaintiffs already admit to possessing the FOIA Processing Guide, yet another reason exists to reconsider the Court's February 3, 2017, Order: The dispute regarding the FOIA Processing Guide is moot and the February 3, 2017, Order should therefore be vacated.

cases that address segregability and have nothing to do with class certification, *id.* at 5-7, baldly asserts that Defendant has not "carefully examined the assessments of plaintiffs," *id.* at 7, and claims, without any basis, that Defendant should be doing more to release reasonably segregable material. *Id.* at 7-11. When Plaintiffs finally address the class certification factors, Plaintiffs only discuss commonality and assert that there are common issues relevant to all individuals who seek their asylum assessments. Plaintiffs fail entirely to address the other factors necessary to establish that a class should be certified. *Id.* at 11-13; *see* Fed. R. Civ. P. 23.

Moreover, Plaintiffs are wrong in their assertion that Defendant has applied a blanket uniform rule and does not evaluate individual asylum assessments for reasonable segregability. Indeed, as noted above, Defendant in this case is currently reassessing the asylum assessments in question and anticipates a likelihood of releasing additional redacted documents. But even assuming that there are common issues of law that predominate the claims of a putative class, Plaintiffs still have not established that the purported class meets the numerosity and typicality requirements or that such a class would be adequately represented by Plaintiffs here. *See* Fed. R. Civ. P. 23(a). In short, ample grounds exist to deny Plaintiffs' motion for class certification for these reasons and those previously articulated by Defendant. *See* Dkt. 23 at 13-16.

\*     \*     \*

Instead of repeated, seriatim filings on the remaining issues in this case, Defendant respectfully requests that the Court: (1) deny Plaintiffs' motion to certify a class; (2) order the Parties to meet and confer following the expected production of additional records on March 13, 2017; and (3) in the event that this production does not resolve the case, order the Parties to submit a Joint Status Report by March 24, 2017, with a proposed schedule for a single round of briefing to resolve all remaining issues in this case.

## **CONCLUSION**

Defendant respectfully requests that the Court deny Plaintiffs' Motion for Class Certification and order further proceedings consistent with the foregoing request.

Dated: February 24 2017                                      Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar # 415793

DANIEL F. VAN HORN
Chief, Civil Division
D.C. Bar # 924092

  */s/ Alexander K. Haas*
ALEXANDER K. HAAS
Assistant United States Attorney
D.C. Bar # 1007081
555 Fourth St., N.W.
Washington, D.C. 20530
Tel: (202) 252-2533 — Fax: (202) 252-2599
alexander.haas@usdoj.gov