UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                                              Civ. Action No.  15-cv-459 [RBW]

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY
Defendant

## PLAINTIFFS' REPORT TO THE COURT

Counsel for plaintiffs hereby submits their report to the Court. The parties have conferred, and drafted proposed joint reports; however, they could not agree on a joint report.

*Seven new disclosures from the DHS*

On March 14, 2017, the defendant DHS disclosed part of the assessments for seven of the plaintiffs in this case. *See* Exhibit 1, attached hereto.  For example, concerning the assessment for plaintiff Rica Gatore, the DHS has released the first paragraph, comprising two long sentences.  Concerning the assessment for plaintiff Isam Al Timemy, the DHS has released the first paragraph, comprising three sentences.

Plaintiffs are pleased that DHS has made these disclosures; however, DHS should do more. DHS should release parts of the assessments for each member of the class that plaintiffs hope to certify. DHS should pledge that starting today, the DHS shall: a] stop using boilerplate in its initial response that "nothing can be segregated;" b] revise its Processing Guide to instruct its employees that parts of assessments are indeed segregable; and c] release at least some part of the assessment of each requester in the future.

Plaintiffs believe that much more should be released. The DHS should release several more paragraphs of each assessment.

*More class members have been identified*

Via ECF # 47-4, plaintiffs identified 53 members of the class. A 54th member is Ms. Lemus-Miranda, identified at ECF #60-2. Plaintiffs now identify seven more class members, bringing the total to 61:

Lin
Ndingsa
Gebremedhin
Khine
Dramou
Djaleta
Ghani

*See* Exhibit 2, attached hereto.

*Plaintiffs' motion for class certification should be granted*

The DHS has treated a large number of FOIA requesters in the same way; therefore, class certification is appropriate. The status of class actions "should be determined quickly." *Black Panther Party v. Smith,* 661 F.2d 1243, 1279 (D.C.Cir. 1981). Requiring plaintiffs to promptly file class action motions implements the policy "that class certifications be made 'as soon as practicable.'" *McCarthy v. Kliendienst,* 741 F.2d 1406, 1411 (D.C.Cir. 1984). The Advisory Committee stated that "[a]lthough many circumstances may justify deferring the certification decision, active management may be necessary to ensure that the certification decision is not unjustifiably delayed." *Hurley v. U.S. Healthworks Medical,* 2006 WL 1788994, at *5 (E.D. Wash. 2006). "It is well settled that the issue of certification should generally be resolved prior to addressing the merits of the plaintiff's claims." *Quinn v. Specialized Loan Servicing,* 2017 WL 528383, at *2 (N.D. Ill. 2017).

*Plaintiffs' request for stipulations*

Plaintiffs have served four sets of Requests for Admissions, under Civil Rule 36, upon the DHS.  The DHS has declined to respond, noting that discovery is disfavored FOIA cases. Plaintiffs then converted the Requests for Admissions into "Request for Stipulations," hoping that the DHS might stipulate to some of them. *See* Exhibit 3, attached hereto. Plaintiffs believe that most of the requests for stipulations are simple, easy, and within the direct knowledge of the DHS.  Plaintiffs further believe that DHS should stipulate to all or most of them, because that would save the wasting of time by plaintiffs and the Court.

The DHS, however, believes that the Stipulations are not proper.

The DHS has stated many times, in its Answer to the Complaint, and again in its Answer to the Amended Complaint, that it "lacks knowledge or information sufficient to form a belief as to the truth of the averment." The DHS says this more than 20 times in its recent Answer [ECF #72]. This is a FOIA case: plaintiffs make allegations about the DHS: what it does, what actions it takes, what documents it writes. Plaintiffs wonder why it is, that DHS lacks knowledge about itself.

For example, plaintiffs allege, Amended Complaint, ECF #60, ¶ 15 that "During the past six years, more than 100 asylum applicants have made a FOIA request for their assessment. The defendant has not provided even one assessment in response."  The DHS states at ¶ 15 of its Answer: "Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averment."

Plaintiffs allege that Jill Eggleston wrote 25 letters during one time period, and 8 more during another time period. Complaint ¶ 16 & 17.  The DHS says it "lacks knowledge…as to the precise number of response letters…." Answer, ¶ 16&17.

Plaintiffs' counsel alleges that between 1998-2007, he frequently made FOIA requests for assessments, and he was provided with the entire assessment, more than 50 times. *See* page 14, of ECF 60-1, referenced at ¶ 27 of the Complaint.  The DHS claims it "lacks knowledge" about this. ¶ 27 of Answer.  How can DHS say it lacks knowledge about documents it gave to counsel? How can DHS say it lacks knowledge about documents it submitted to Immigration Courts?

¶ 33 of the Amended Complaint states:

"For the past 20 years, defendant has argued to immigration courts and to federal appellate courts that *entire* assessments should be considered by the Court because an assessment is a reliable and trustworthy document, and because an assessment can be probative evidence showing that the claim of an asylum applicant should be denied." [emphasis in original]

The DHS says it "lacks knowledge" about this. ¶ 33 of Answer.

¶ 61 of the Amended Complaint states that Catholic Charities "submitted its own FOIA request on February 12, 2015…"  The DHS says it lacks knowledge! *See* ¶ 61 of Answer.

Rule 11(b) of the Federal Rules of Civil Procedure states that a party may deny facts, "after an inquiry reasonable under the circumstances." Plaintiffs wonder if the DHS has made any inquiry into plaintiffs' allegations.  In any event, Civil Rule 36 is a method to force a party to admit things, upon pain of sanctions. The DHS declines to respond to Plaintiffs' Requests for Admissions. Plaintiffs now seek "stipulations" about defendant's own documents. The DHS should respond, in good faith.

April 17, 2017

Respectfully submitted,


    Attorney for Plaintiffs


    David L. Cleveland
    DC Bar # 424209
    Catholic Charities
    924 G Street, NW
    Washington, DC 20001
    [202] 772-4345 Fax: [202] 386-7032
    1949.david@gmail.com