EXHIBIT 3    REQUESTS FOR STIPULATIONS

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,
Plaintiffs
v.                                      Civil Action No.  15-cv-459 [RBW]
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
Defendant

## PLAINTIFFS' REQUESTS FOR STIPULATIONS

Plaintiffs have sent four "Requests for Admissions" to the DHS. Plaintiffs now convert those requests into "Requests for Stipulations."

## REQUESTS FOR STIPULATIONS

Please stipulate that

1. More than 100 asylum applicants made a FOIA request for the Assessment of their asylum officer from January 1, 1998 to December 31, 2007, and were furnished with the entire Assessment.
2. As of January 1, 2008, the DHS had changed its policy, and stopped furnishing asylum officer assessments to FOIA requesters.
3. More than 100 *entire* asylum officer Assessments have been furnished to immigration judges, by the defendant, from January 1, 2008 to the present.
4. From 2008 to the present, DHS has argued to immigration courts and to Federal appellate courts that asylum officers' assessments in their entirety should be considered by the court, as reliable and trustworthy documents, and as probative evidence showing that a claim of an asylum applicant should be denied.
5. From 2008 to the present, DHS has a policy and practice of not attempting to determine if there are reasonably segregable portions of an asylum officer's assessment requested by a FOIA requester.
6. From 2008 to the present, the DHS has instructed, and still instructs its asylum officers to begin each assessment with a statement of facts.
7. More than 100 asylum applicants made a FOIA request for the Assessment of their asylum officer, from March 2009 to the present, and not one Assessment, or any part of an Assessment, was disclosed
= = =

Please stipulate that:

8-1. Via a letter dated May 31, 2016, Professor Jacqueline Stevens made a FOIA request to US-CIS "for all materials used for guidance in managing USCIS FOIA requests, …" A genuine copy of her request is attached hereto as Exhibit A.

8-2   The USCIS responded to that request by furnishing 4,321 pages, which were published by the American Immigration Lawyers Association [AILA] and by Lexis-Nexis. The 4,321 pages were published by AILA as "AILA Doc. No. 1610 838 [posted 10/28/16]"

8-3 Attached hereto as Exhibit B are two pages, number 3939 and 3940, from the 4,321 pages.

8-4  Page 3939 is entitled "FINAL ACTION LETTER TEMPLATE" and has as its fifth sentence:

> "In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information."

> This sentence has a total of 19 words in it.

8-5 From January 1, 2010 to the present, employees at US CIS who respond to FOIA requests are mandated to use said FINAL ACTION LETTER TEMPLATE

8-6 The word "segregable" does not appear anywhere else on the 4,321 pages, other than on page 3939.

8-7   The word "segregate" appears nowhere in the 4,321 pages.

8-8 There are no instructions in the 4,321 pages dealing with the duty to segregate.

9. Attached hereto as Exhibit C is page 4158 from the 4,321 pages. It states that the employee should "Withhold in full (b)(5)" any document that is a "Asylum/Refugee flowcharts and worksheets that pertain to the interview."

10. Attached hereto as Exhibit D is page 4168 from the 4,321 pages. It instructs the employee in ¶ 3 to "Please fully withhold asylum/Refugee interview notes and question/answer worksheets that pertain to the interview." The employee is told the same thing for the second time in ¶ 4: "Fully withhold asylum/refugee

interview notes…."  The employee is told for the third time in the box at the bottom of the page "Withhold in full."

11. The word "partially" is crossed out on page 4168. This means the employee should not "partially" withhold; rather, the employee should "fully" withhold.
12.  Attached hereto as Exhibit E is page 4206 from the 4,321 pages. It instructs the employee to "Withhold in full" the assessment .

12-1. In August 2016, plaintiff Catholic Charities made a FOIA Request to US-CIS for "a copy of the FOIA Processing Guide and each appendix attached thereto."

12a. The USCIS responded to that request by furnishing that Guide, comprising 250 pages, via *COW 2016 000791*.

12b. Attached hereto as Exhibit A are several pages from that Guide. Some of these pages have two page numbers. Using the number found in the bottom right, attached are pages 1, 38, 39, 45, 47, 74, 132, 132-a, 133, 134, 135, 154, 249, and 250.

13. The word "segregable" appears only on two pages: Page "47"and Page "133." The word "segregable" appears nowhere else in the 250 pages of the FOIA Processing Guide.

13a. The word "segregate" appears only on one page: Page "47." The word "segregate" appears nowhere else in the 250 pages.

14. The word "assessment" appears only on one page: Page "154." The word "assessment" appears nowhere else in the 250 pages.

15. At Page 154, the Guide instructs FOIA clerks to "Withhold in full" asylum Assessments.

16. The 250-page FOIA Processing Guide is silent as to when, or under what circumstances, a portion of an asylum officer assessment may be disclosed to a requester. The Guide does not suggest, instruct, or contemplate any circumstances under which a portion of an assessment may be disclosed.

17. The Guide, at page "47," defines *inextricably intertwined* as "material which, if redacted, would make no sense at all."

18. The Guide, updated on March 10, 2016, at Page "47" refers to "Recent court decisions;" however, no mention is made of *Abtew v. DHS,* decided in 2014, or of *Gosen v. US CIS,* decided in 2015.

19. The Guide nowhere instructs FOIA clerks to conduct line-by-line reviews.

20. ECF #60-1, attached to the amended complaint as Exhibit 2, is a declaration from David L. Cleveland, referencing documents from defendant itself.

21 Those documents are genuine, and are indeed from defendant. They are *entire* assessments, and were given directly to Mr. Cleveland.

*Instructions to FOIA employees*

22. DHS employees who respond to FOIA requests are instructed to use the template marked as ECF #61-3.

23. ECF #61-4 instructs employees to withhold assessments "in full."

24. ECF #61-5 instructs employees to "Fully withhold asylum/refugee interview notes…and worksheets."

25 ECF #61-6 instructs employees to "withhold in full" assessments.

*The 4,321 pages given to Professor Stevens*

26. Professor Stevens made a FOIA request for all materials used in managing FOIA requests, and defendant responded in full, by furnishing 4,321 pages. The word "segregate" appears nowhere in those 4,321 pages. The word "segregable" appears only once: on page 3939. There are no instructions in the 4,321 pages dealing with the duty to segregate.

27. Congress amended the FOIA in June 2016. The DHS has not yet amended its instructions.

March 29, 2017

Respectfully submitted,
Attorney for Plaintiffs

David L. Cleveland  DC Bar # 424209
Catholic Charities  924 G Street, NW Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com