UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, *et al.*,

Plaintiffs,

v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,

Defendant.

Case 1:15-cv-00459-RBW

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h), Defendant submits this statement of material facts as to which there is no genuine issue.

**A.     Plaintiffs' FOIA Requests**

1.      Plaintiff **Rica Gatore** filed a request dated September 10, 2014, and received by USCIS on September 24, 2014. This request sought the notes, assessment prepared by a USCIS asylum officer, and materials used by the asylum officer but not provided to Ms. Gatore. USCIS responded on October 21, 2014. It released some documents in full, released some in part, and withheld some in full. [Eggleston Decl. ¶ 8 & Exhibit A, ECF No. 22-1.]

2.      Plaintiff **Isam Al Timeny** filed a request dated July 16, 2014, and received by USCIS on August 6, 2014. This request sought the notes, assessment prepared by a USCIS asylum officer, and materials used by the asylum officer but not provided to Mr. Al Timeny. USCIS responded on September 2, 2014. It released some documents in full, released some in part, and withheld some in full. [Eggleston Decl. ¶ 8 & Exhibit B, ECF No. 22-1.]

3.      Plaintiff **Georgine Luminoka** filed a request dated August 8, 2014, and received by USCIS on August 18, 2014. This request sought the notes, assessment prepared by a USCIS asylum officer, and materials used by the asylum officer but not provided to Ms. Luminoka. USCIS responded on September 23, 2014. It released some documents in full, released some in part, and withheld some in full. [Eggleston Decl. ¶ 8 & Exhibit C, ECF No. 22-1.]

4.      Plaintiff **Innocent Kabano Shyaka** filed a request dated November 8, 2012, and received by USCIS on November 15, 2012. This request sought the notes and assessment prepared by a USCIS asylum officer. USCIS responded on December 20, 2012. It released some documents in full, released some in part, and withheld some in full.  [Eggleston Decl. ¶ 8 & Exhibit D, ECF No. 22-1.]

5.      Plaintiff **Charly Minth Ayessa** filed a request dated July 14, 2014, and received by USCIS on July 21, 2014. This request sought the notes, assessment prepared by a USCIS asylum officer, and materials used by the asylum officer but not provided to Mr. Ayessa. USCIS responded on August 19, 2014. It released some documents in full, released some in part, and withheld some in full. [Eggleston Decl. ¶ 8 & Exhibit E, ECF No. 22-1.]

6.      Plaintiff **Aminata Ouedraogo** filed a request dated July 7, 2014, and received by USCIS on July 15, 2014. This request sought a copy of the assessment prepared by a USCIS asylum officer. USCIS responded on August 15, 2014. It released some documents in full, released some in part, and withheld some in full. [Eggleston Decl. ¶ 8 & Exhibit F, ECF No. 22-1.]

7.      Plaintiff **Herve Shyaka** filed a request dated January 16, 2013, and received by USCIS on July 24, 2014. This request sought a copy of the notes and assessment prepared by a USCIS asylum officer. USCIS responded on February 20, 2013. It released some documents in

full, released some in part, and withheld some in full. [Eggleston Decl. ¶ 8 & Exhibit G, ECF No. 22-1.]

8.      Plaintiff **Veronica Carolina Lemus-Miranda** filed a request that was received by USCIS on March 3, 2016. This request sought Ms. Lemus-Miranda's Alien File, which included an assessment to refer. USCIS responded on August 22, 2016. It released some documents in full, released some in part, and withheld some in full. [3d Supp. Eggleston Decl. ¶ 4 & Exhibit A.]

9.      Plaintiff **Catholic Charities** filed a request dated February 13, 2015. This request sought as follows:

> Documents relating to the processing, answering, and responding to FOIA requests for assessments of asylum officers. This would include, but is not limited to: instructions given to staff; policy statements; rules, and memoranda.

USCIS responded on February 18, 2015. In its response, USCIS notified Catholic Charities that because of "unusual circumstances" USCIS "may not be able to process [Catholic Charities'] request within the statutory time limit . . . ." And, because of the unusual nature of the request, "it will be necessary to extend the time limit for processing beyond the ten working day extension period due to the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request." USCIS informed Catholic Charities that it may wish to modify its request in order to hasten processing. [Eggleston Decl. ¶ 8 & Exhibit H, ECF No. 22-1.]

**B.      The Nature of Assessments to Refer**

10.     Assessments to refer are documents created by asylum officers containing their opinion about whether an applicant should receive asylum or, instead, be referred to an immigration judge for removal proceedings. They are subject to approval by a supervisory asylum officer. [Eggleston Decl. ¶ 4, ECF No. 22-1.]

**C.      Agency Policy Concerning FOIA Requests for Assessments to Refer**

11.      The Agency's policy includes a segregability review and instructions to release segregable information from assessments to refer. Although the USCIS FOIA Processing Guide, Appendix C table, does state that assessments to refer should generally be withheld in full, that is not a strict direction to withhold the assessments. The FOIA Processing Guide, Appendix C introductory paragraph states that the

> tables provide guidance relating to processing specific and/or commonly used documents. This guidance does not comprehensively cover every scenario and cannot be used as a substitute for thought. The guidance provided does not mean you must always use all those exemptions, or only those exemptions. A processor must evaluate the page.

[Supp. Eggleston Decl. ¶ 8, ECF No. 44-1.]

12.      USCIS does not have any official or unofficial policy or policies that are counter to the legal requirements of FOIA and requires segregability review for every responsive document. The FOIA Processing Guide requires processors to

> segregate information that is exempt (cannot be released) from information that is non-exempt (can be released). If a document contains one piece of information that is not releasable, but the rest of the document is releasable, it is usually improper to withhold the entire page. If you are able to give the requestor part of a page, you should. You should not fully withhold a page solely because it is more convenient. The principle in 5 U.S.C. § 552 is that the court may assess reasonable attorney fees and other litigation costs against the agency when the court determines that agency personnel acted arbitrarily or capriciously with respect to withholding information.

It further directs reviewers to:

> segregate information that is exempt (cannot be released) from information that is non-exempt (can be released). If a document contains one piece of information that is not releasable, but the rest of the document is releasable, it is usually improper to withhold the entire page. If you are able to give the requestor part of a page, you should. You should not fully withhold a page solely because it is more convenient.

4

[Supp. Eggleston Decl. ¶ 9, ECF No. 44-1.]

**D.     The Segregability Review for the Assessments to Refer at Issue**

13.     When the Plaintiffs' FOIA requests relating to the individual clients of Catholic Charities were ready for processing, USCIS staff reviewed all responsive documents pursuant to the FOIA requests. [Eggleston Decl. ¶ 9, ECF No. 22-1.]

14.     Furthermore, the documents at issue in this litigation, including the assessments to refer, were also subjected to a second review in the administrative appeals process by the USCIS Office of Chief Counsel, outside the purview of the National Records Center and the FOIA Processing Guide, and in each case, the independent review, while releasing additional information in some instances, found the factual portions of the assessments properly withheld as deliberative based on FOIA law alone—not the FOIA Processing Guide. [Supp. Eggleston Decl. ¶ 10, ECF No. 44-1.]

15.     After two levels of review a determination was made that the factual portions of the assessments to refer could not be severed or segregated from their context and thus must remain exempt from disclosure. The factual distillation in each of the assessments to refer does not purport to be a verbatim transcript of the plaintiffs' respective asylum interviews. Rather, they reflect a selective recording of the information that the USCIS asylum officers deemed particularly pertinent to Plaintiff's requests for asylum. As such, the assessments to refer contain factual matters that cannot be severed from their context and are exempt from disclosure pursuant to Exemption 5 of the FOIA. A description of the assessments to refer for each individual Plaintiff is provided below. [Supp. Eggleston Decl. ¶ 11, ECF No. 44-1.]

16.     Ms. Gatore's assessment to refer contains three sections, an introduction, an analysis section, and a conclusion / recommendation section. The introduction section is not a verbatim transcript of information provided by Ms. Gatore but reflects a selective recording of

information the USCIS asylum officer deemed particularly pertinent to her request for asylum and, therefore, focused specifically on select information. Likewise, the factual distillation noted in the analysis section does not purport to be a verbatim transcript of Ms. Gatore's asylum interview but only reflects selective information pertinent to the asylum officer's deliberative process. Finally, the conclusion / recommendation section, and any facts included therein, does not include a list of all facts raised by Ms. Gatore but is a direct reflection of the selected information used during the asylum officer's deliberative process to highlight those facts most relevant to the officer's conclusion / recommendation. Defendant, therefore, determined in good faith that while the assessments to refer contained selected factual information, that factual information cannot be severed from its context and is exempt from disclosure pursuant to Exemption 5 of the FOIA. [Supp. Eggleston Decl. ¶ 12, ECF No. 44-1.]

17.     Mr. Al Timeny's assessment to refer contains three sections, an introduction, an analysis section and a conclusion / recommendation section. The introduction section is not a verbatim transcript of information provided by Ms. Al Timeny but reflects a selective recording of information the USCIS asylum officer deemed particularly pertinent to his request for asylum and, therefore, focused specifically on select information. Likewise, the factual distillation noted in the analysis section does not purport to be a verbatim transcript of Mr. Al Timeny's asylum interview but only reflects selective information pertinent to the asylum officer's deliberative process. Finally, the conclusion / recommendation section, and any facts included therein, does not include a list of all facts raised by Mr. Al Timeny but is a direct reflection of the selected information used during the asylum officer's deliberative process to highlight those facts most relevant to the officer's conclusion / recommendation. Defendant, therefore, determined in good faith that while the assessment to refer contained selected factual information, that factual

information cannot be severed from its context and is exempt from disclosure pursuant to Exemption 5 of the FOIA. [Supp. Eggleston Decl. ¶ 12, ECF No. 44-1.]

18.    Ms. Luminoka's assessment to refer contains three sections, an introduction, an analysis section, and a conclusion / recommendation section. The introduction section is not a verbatim transcript of information provided by Ms. Luminoka but reflects a selective recording of information the USCIS asylum officer deemed particularly pertinent to her request for asylum and, therefore, focused specifically on select information. Likewise, the factual distillation noted in the analysis section does not purport to be a verbatim transcript of Ms. Luminoka's asylum interview but only reflects selective information pertinent to the asylum officer's deliberative process. Finally, the conclusion / recommendation section, and any facts included therein, does not include a list of all facts raised by Ms. Luminoka but is a direct reflection of the selected information used during the asylum officer's deliberative process. Defendant, therefore, determined in good faith that while the assessment to refer contained selected factual information, that factual information cannot be severed from its context and is exempt from disclosure pursuant to Exemption 5 of the FOIA. [Supp. Eggleston Decl. ¶ 12, ECF No. 44-1.]

19.    Mr. Shyaka's assessment to refer contains three sections, an introduction, an analysis section, and a conclusion / recommendation section. The introduction section is not a verbatim transcript of information provided by Mr. Shyaka but reflects a selective recording of information the USCIS asylum officer deemed particularly pertinent to his request for asylum and, therefore, focused specifically on select information. Likewise, the factual distillation noted in the analysis section does not purport to be a verbatim transcript of Mr. Shyaka's asylum interview but only reflects selective information pertinent to the asylum officer's deliberative process. Finally, the conclusion / recommendation section, and any facts included therein, does not include a list of

7

all facts raised by Mr. Shyaka but is a direct reflection of the selected information used during the asylum officer's deliberative process to highlight those facts most relevant to the officer's conclusion / recommendation. Defendant, therefore, determined in good faith that while the assessment to refer contained selected factual information, that factual information cannot be severed from its context and is exempt from disclosure pursuant to Exemption 5 of the FOIA. [Supp. Eggleston Decl. ¶ 12, ECF No. 44-1.]

20.     Mr. Ayessa's assessment to refer contains three sections, an introduction, an analysis section, and a conclusion / recommendation section. The introduction section is not a verbatim transcript of information provided by Ms. Ayessa but reflects a selective recording of information the USCIS asylum officer deemed particularly pertinent to his request for asylum and, therefore, focused specifically on select information. Likewise, the factual distillation noted in the analysis section does not purport to be a verbatim transcript of Mr. Ayessa's asylum interview but only reflects selective information pertinent to the asylum officer's deliberative process. Finally, the conclusion / recommendation section, and any facts included therein, does not include a list of all facts raised by Mr. Ayessa but is a direct reflection of the selected information used during the asylum officer's deliberative process to highlight those facts most relevant to the officer's conclusion / recommendation. Defendant, therefore, determined that while the assessment to refer contained selected factual information, that factual information cannot be severed from its context and is exempt from disclosure pursuant to Exemption 5 of the FOIA. [Supp. Eggleston Decl. ¶ 12, ECF No. 44-1.]

21.     Mr. Ouedraogo's assessment to refer contains three sections, an introduction, an analysis section, and a conclusion / recommendation section. The introduction section is not a verbatim transcript of information provided by Mr. Ouedraogo but reflects a selective recording

of information the USCIS asylum officer deemed particularly pertinent to his request for asylum and, therefore, focused specifically on select information. Likewise, the factual distillation noted in the analysis section does not purport to be a verbatim transcript of Mr. Ouedraogo's asylum interview but only reflects selective information pertinent to the asylum officer's deliberative process. Finally, the conclusion / recommendation section, and any facts included therein, does not include a list of all facts raised by Mr. Ouedraogo but is a direct reflection of the selected information used during the asylum officer's deliberative process to highlight those facts most relevant to the officer's conclusion / recommendation. Defendant, therefore, determined in good faith that while the assessment to refer contained selected factual information, that factual information cannot be severed from its context and is exempt from disclosure pursuant to Exemption 5 of the FOIA. [Supp. Eggleston Decl. ¶ 12, ECF No. 44-1.]

22.     Mr. Shyaka's assessment to refer contains three sections, an introduction, an analysis section, and a conclusion / recommendation section. The introduction section is not a verbatim transcript of information provided by Mr. Shyaka but reflects a selective recording of information the USCIS asylum officer deemed particularly pertinent to his request for asylum and, therefore, focused specifically on select information. Likewise, the factual distillation noted in the analysis section does not purport to be a verbatim transcript of Mr. Shyaka's asylum interview but only reflects selective information pertinent to the asylum officer's deliberative process. Finally, the conclusion / recommendation section, and any facts included therein, does not include a list of all facts raised by Mr. Shyaka but is a direct reflection of the selected information used during the asylum officer's deliberative process to highlight those facts most relevant to the officer's conclusion / recommendation. Defendant, therefore, determined in good faith that while the assessment to refer contained selected factual information, that factual information cannot be

9

severed from its context and is exempt from disclosure pursuant to Exemption 5 of the FOIA. [Supp. Eggleston Decl. ¶ 12, ECF No. 44-1.]

23.     Ms. Lemus-Miranda's assessment to refer is written in three parts including an introductory paragraph that provides a brief background about the asylum applicant, an analysis of the asylum applicant's case that includes the interviewing officer's analysis and basis for opinions, and a section in which the asylum officer notes his conclusions and recommendations for his supervisor. The assessment to refer reflects the asylum officer's analysis of the asylum request and consideration of the various factors and information necessary to that analysis. The introductory portion of the assessment to refer includes information chosen by the asylum officer to inform the Supervisory Asylum Officer (SAO) about relevant case background. The information used by the asylum officer in the introductory paragraph is deliberately selected from the applicant's asylum application, as well as asylum interview testimony, to best convey to the SAO who the applicant is, and what the assessment addresses. The analysis portion of the assessment to refer is the asylum officer's deliberative examination of the case, and forms the basis for the officer's recommendation  to deny an asylum application. The analysis section of the assessment to refer includes such considerations as the asylum application, the applicant's interview with the asylum officer, the credibility or consistency of the applicant's testimony, and the applicable laws as applied to the applicant, all of which were present in this particular assessment to refer. The analysis section is a direct reflection of the asylum officer's thought process when forming a recommendation for supervisory review. Defendant, therefore, determined in good faith that while the assessment to refer contained selected factual information, that factual information cannot be severed from its context and is exempt from disclosure pursuant to Exemption 5 of the FOIA. [3d Supp. Eggleston Decl. ¶¶ 5–8.]

24.     On further review, it was determined that USCIS could release limited factual information from the introductory portion of each of the individual Plaintiffs' assessment to refer. In each case, this information is limited to the opening paragraph(s) of the assessments, and includes only limited information relating to the asylum applicant's biographical information. [2d Supp. Eggleston Decl. ¶ 3; 3d Supp. Eggleston Decl. ¶ 9.]

Dated: June 9, 2017                    Respectfully Submitted,

                                       CHANNING D. PHILLIPS, D.C. Bar #415793
                                       United States Attorney

                                       DANIEL F. VAN HORN, D.C. Bar #924092
                                       Chief, Civil Division

                                       By:   /s/ Johnny Walker
                                             JOHNNY H. WALKER, D.C. Bar # 991325
                                             Assistant United States Attorney
                                             555 4th Street, N.W.
                                             Washington, District of Columbia 20530
                                             Telephone: 202 252 2575
                                             Email: johnny.walker@usdoj.gov

                                       *Counsel for Defendant*