UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICA GATORE, et. al.** | ) |
| **Plaintiffs** | ) ) ) ) ) |
| v. | ) ) |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY,** | ) Civil No. 15-cv-00459-RGW ) ) |
| **Defendant** | ) ) ) ) |

## SECOND SUPPLEMENTAL DECLARATION OF JILL A. EGGLESTON

1    I, JILL A. EGGLESTON, pursuant to 28 U.S.C. § 1746, declare:

2  1. I am the Associate Center Director in the Freedom of Information and Privacy Act
3      (FOIA/PA) Unit, National Records Center (NRC), United States Citizenship and
4      Immigration Services (USCIS), within the United States Department of Homeland
5      Security (DHS), in Lees Summit, Missouri. I have held the position of Assistant
6      Center Director since February 4, 2008. I am also an attorney, licensed to practice
7      law by the State of Kansas in 1983. Prior to joining DHS, I served for 19 ½ years as
8      Associate General Counsel for the Defense Finance and Accounting Service (DFAS)
9      of the United States Department of Defense (DoD). As part of my duties with the
10      DFAS, among other things, I provided legal advice to the agency on the release of
11      information sought under the FOIA and PA. This Supplemental Declaration is
12      submitted in support the limited release of factual portions of the asylum officers'
13      assessments to refer. The assessments to refer are responsive to the FOIA requests
14      described in the above captions case.

16  2. USCIS conducted a good faith segregability analysis of the assessments to refer at
17      issue in this case, and determined that the assessments should be withheld in full
18      under FOIA's deliberative process exemption (b)(5). As explained in USCIS's May
19      2016 Supplemental Declaration, the factual information included in the assessments
20      to refer at issue in this case is a direct reflection of the selected information used

1

during the asylum officer's deliberative process to highlighting those facts most relevant to the officer's conclusion / recommendation. See Abramyan v U.S. Department of Homeland Security, 6 F.Supp.3d, 57, 64 (D.D.C. 2013 ) ("even 'purely' factual information is protected by the deliberative process privilege when it 'is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations,'" and "[e]ven the factual information in the Assessment to Refer can be considered deliberative, because it is a 'distillation' of the facts, not a 'verbatim transcript.'").

3. On further review, it was determined that USCIS could release limited factual information from the assessments to refer. This information is limited to the opening paragraph(s) of the assessments, and includes only limited information relating to the asylum applicant's biographical information.

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Executed in Lee's Summit, Missouri, on this 25th day of May, 2017.

JILL EGGLESTON
Associate Center Director
Freedom of Information Act & Privacy Act Unit
USCIS National Records Center