**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RICA GATORE, et. al.** ) | |
| ) | |
|         **Plaintiffs** ) | |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | **Civil No. 15-cv-00459-RGW** |
| **HOMELAND SECURITY,** ) | |
| ) | |
|         **Defendant** ) | |
| ) | |
| _____ ) | |

**THIRD SUPPLEMENTAL DECLARATION OF JILL A. EGGLESTON**

1    I, JILL A. EGGLESTON, pursuant to 28 U.S.C. § 1746, declare:

2    1.    I am the Associate Center Director in the Freedom of Information and Privacy Act
3           (FOIA/PA) Unit, National Records Center (NRC), United States Citizenship and
4           Immigration Services (USCIS), within the United States Department of Homeland
5           Security (DHS), in Lee's Summit, Missouri. I have held the position of Associate
6           Center Director since February 4, 2008. I am also an attorney, licensed to practice law
7           by the State of Kansas in 1983. Prior to joining DHS, I served for 19 ½ years as
8           Associate General Counsel for the Defense Finance and Accounting Service (DFAS)
9           of the United States Department of Defense (DoD). As part of my duties with the
10          DFAS, among other things, I provided legal advice to the agency on the release of
11          information sought under the FOIA and PA. This Supplemental Declaration is
12          submitted in support of USCIS's Second Motion for Summary Judgment and
13          specifically, to address USCIS's processing of a three page document entitled
14          "assessment to refer" for Veronica Carolina Lemus-Miranda, one of the Plaintiffs in
15          the above-captioned matter.

17    2.    As the FOIA Officer for USCIS, I supervise over 150 information access
18           professionals who are responsible for the orderly processing of all public,
19           congressional, judicial, and inter-/intra-agency requests or demands for access to
20           USCIS records and information pursuant to the FOIA, Privacy Act, Executive Orders,
21           departmental directives, regulations and compulsory legal process.

3. Through the exercise of my official duties as Associate Center Director, I am personally familiar with USCIS's standard process for responding to FOIA requests, including search procedures for locating agency records. More specifically, I am personally familiar with USCIS's procedures and actions taken in response to the FOIA request at issue. I was responsible for overseeing and coordinating the search conducted by USCIS in response to this request, and I am personally familiar with the search conducted by USCIS in response to this request. The statements contained in this declaration are based upon my personal knowledge and information provided to me by other USCIS employees in the course of my official duties.

4. On or about March 3, 2016, USCIS received a FOIA request from Catholic Charities on behalf of its client Ms. Lemus-Miranda, one of the Plaintiffs in the above-captioned case, seeking Ms. Lemus-Miranda's Alien-File. In processing the request, USCIS conducted a good faith segregability analysis of the responsive, non-exempt records, including the assessment to refer at issue in this case. On August 22, 2016, USCIS completed its processing of this request and sent the Plaintiff a copy of all responsive, non-exempt records. See attached Exhibit A. In our final response, USCIS informed the Plaintiff that there were 403 records responsive to her request, that 342 pages were being released to her in full, thirty-one (31) pages released to her in part, and twelve (12) pages were being withheld in full. Further, USCIS advised the Plaintiff that we had referred two (2) pages to the Administration for Children and Families and sixteen (16) pages to United States Immigration and Customs Enforcement (ICE) for direct responses to the Plaintiff. The assessment to refer explains the decision to not grant asylum and instead refer the applicant to an immigration judge for removal proceedings. The decision making process documented by the USCIS asylum officer in the assessment to refer is an essential part of the USCIS deliberative process that leads to the ultimate determination to deny Plaintiff's application for asylum and refer the applicant for removal proceedings.

5. As I understand, the document at issue with regards to this request is the three page "assessment to refer" dated August 12, 2015. The assessment to refer is a pre-decisional, deliberative document prepared by a USCIS asylum officer, recommending that a particular asylum application be denied and that the applicant be referred to an immigration judge for removal proceedings. The assessment to refer is written in three parts including an introductory paragraph that provides a brief background about the asylum applicant, an analysis of the asylum applicant's case that includes the interviewing officer's analysis and basis for opinions, and a section in which the asylum officer notes his conclusions and recommendations for his supervisor. The assessment to refer reflects the asylum officer's analysis of the asylum request and consideration of the various factors and information necessary to that analysis.

6. The introductory portion of the assessment to refer includes information chosen by the asylum officer to inform the Supervisory Asylum Officer (SAO) about relevant case background. The information used by the asylum officer in the introductory paragraph is deliberately selected from the applicant's asylum application, as well as

2

asylum interview testimony, to best convey to the SAO who the applicant is, and what the assessment addresses.

7. The analysis portion of the assessment to refer is the asylum officer's deliberative examination of the case, and forms the basis for the officer's recommendation to deny an asylum application. The analysis section of the assessment to refer includes such considerations as the asylum application, the applicant's interview with the applicant, the credibility or consistency of the applicant's testimony, and the applicable laws as applied to the applicant, all of which were present in this particular assessment to refer. The analysis section is a direct reflection of the asylum officer's thought process when forming a recommendation for supervisory review.

8. In addition to the asylum officer's analysis and deliberations, the assessment to refer also contains pre-decisional recommendations from the asylum officer to the SAO based on the asylum officer's analysis. The assessment to refer is clearly a pre-decisional document. Upon receipt of an assessment to refer, the SAO will review it and can take any number of actions, including returning the assessment to the asylum officer with additional questions, rejecting the asylum officer's recommendations to either deny the application or to refer the case to an immigration judge, or, of course, accepting and agreeing with the asylum officer's recommendations. If the SAO determines to accept the asylum officer's recommendations, the matter is then referred to United States Immigration and Customs Enforcement (ICE) for additional action. ICE has the authority to either initiate removal proceedings against the applicant or disagree with USCIS's recommendation to refer the matter to immigration court. For these reasons, USCIS determined that the assessment to refer clearly falls under the deliberative process privilege recognized by FOIA exemption (b)(5) and determined that it should be withheld. As USCIS does with all exempt, responsive records, USCIS also conducted a segregability review and determined that the assessment to refer should be withheld in full.

9. On further review, it was determined that USCIS could release limited factual information from the introductory portion of the Lemus-Miranda assessment to refer. After reviewing the remaining portion of the assessment to refer, USCIS determined that it cannot further segregate any additional information. The remainder of the assessment to refer, including the asylum officer's analysis, conclusions and recommendations, are, therefore, deliberative and remain withheld under FOIA exemption (b)(5).

```
111   I declare under the penalty of perjury that the foregoing is true and accurate to the best of my
112   knowledge and belief.
113
114   Executed in Lee's Summit, Missouri, on this ___9th___ day of June, 2017.
115
116
117
118                                    _____
119                                    JILL EGGLESTON
120                                    Associate Center Director
121                                    Freedom of Information Act & Privacy Act Unit
122                                    USCIS National Records Center
123
124
125
126
127
128
129

130
```

# EXHIBIT A

**Third Supplemental Declaration of Jill Eggleston**

*Gatore, et al. v. U.S. Dep't of Homeland Sec.*,
No. 1:15-cv-00459-RBW (D.D.C.)

June 9, 2017



U.S. Department of Homeland Security
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship and Immigration Services**

August 22, 2016

NRC2016024300

Amy L. Yergey
Catholic Charities
201 E. Diamond Ave., 3rd Fl.
Gaithersburg, MD  20877

Dear Amy L. Yergey:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office March 2, 2016 regarding Veronica Carolina Lemus Miranda.

We have completed the review of all documents and have identified 403 pages that are responsive to your request.  Enclosed are 342 pages released in their entirety and 31 pages released in part.  We are withholding 12 pages in full.  In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information.  Additionally, we have referred 2 pages in their entirety to the Administration for Children and Families for their direct response to you.  We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located 16 pages of potentially responsive document(s) that may have originated from U.S. Immigration and Customs Enforcement (ICE).  USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you.  Should you wish to contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov.  The ICE FOIA Office mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency.  The types of documents and/or information we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.  The types of documents and/or information we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

NRC2016024300
Page 2

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy.  We have withheld information relating to third-party individuals.  The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information.  We will identify discretionary releases within the record.  These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available.  Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 90 days of the date of this letter.  Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act.  If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester.  Please include the NRC number listed above on all correspondence with this office.  Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785.  You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)