# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                             Civil Action No.  15-cv-459 [RBW]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

## PLAINTIFFS' REPLY TO DHS STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

The Plaintiffs submit the following in response to the DHS Statement of Facts As To Which There Is No Genuine Dispute [ECF #77-1]:

1-9. Plaintiffs admit Facts 1-9.

The DHS cites to a Ms. Eggleston declaration dated July 28, 2015 [ECF #22-1] which is almost two years ago. The DHS does not explain why it cites a 2015 declaration, when 2017 declarations from Ms. Eggleston are in the record.

10. Plaintiffs admit Fact 10, but state that assessments contain more than opinions; they contain facts.

11-12. Plaintiffs admit that the FOIA Processing Guide does have paragraphs which direct processors to release segregable information in general. However, Plaintiffs deny the remainder of the facts in these paragraphs. The Guide does not

state that assessments should "generally" be withheld in full; it states flatly that they *shall* be withheld.    The Guide states this on different pages.

Actions speak louder than words: since 2009, the DHS has released no part of any assessment, except when a federal judge orders it to.

13-14. Plaintiffs deny Facts # 13-14. Plaintiffs deny that "USCIS staff" performed a segregability review. Ms. Eggleston's Declaration does not identify these persons. Nor does she identify the persons who did a "second review in the administrative appeals process."

The DHS cites to a Ms. Eggleston declaration from May 2016 [ECF # 44-1] The DHS does not explain why it cites to this declaration when more recent, and conflicting declarations from the same person are in the record. For example, Ms. Eggleston wrote a declaration in May 2017 [ECF #77-3]

15.  Plaintiffs deny Fact # 15. Plaintiffs admit that asylum officers do not write down everything said by the applicant. But the officer does write many facts, in sentences. These facts can easily be segregated.

16. Plaintiffs deny Fact #16, that claims Ms. Gatore's assessment contains only three sections. It contains more than that. It contains also a "basis of claim," and "testimony." *See* the lesson plan referenced in ¶ 3-3b of the Amended Complaint.

Plaintiffs deny that defendant acted in good faith. Plaintiffs admit that in 2016, Ms. Eggleston determined that nothing could be segregated out of the assessment.

17-23.  Plaintiffs deny Facts #17-23.  Plaintiffs deny that the assessments of the other named plaintiffs contain only three sections. Plaintiffs claim that the assessment of each plaintiff is the same as the assessment of Ms. Gatore. Plaintiffs repeat and incorporate herein by reference their claims as set forth in ¶ 16 above.

24. Plaintiffs admit the facts in Paragraph 24: the agency "could" release some parts of each of the individual Plaintiffs' assessment to refer.

June 21, 2017

Respectfully submitted,

Attorney for Plaintiffs

David L. Cleveland
DC Bar # 424209
Catholic Charities
924 G Street, NW
Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com