# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

RICA GATORE, <u>et al.</u>,            )

                           )

         Plaintiffs,        )

                           )

         v.              )        Civil Action No. 15-459 (RBW)

                           )

UNITED STATES DEPARMENT   )

OF HOMELAND SECURITY,    )

                           )

         Defendant.      )

_____)

## <u>ORDER</u>

On June 7, 2016, plaintiff Catholic Charities filed its Renewed Motion for Summary Judgment as to Ninth Cause of Action, ECF No. 46 ("Pl.'s Renewed Mot."), in its effort to prevail on its February 2015 request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), for "[d]ocuments relating to the processing, answering, and responding to FOIA requests for assessments of asylum officers," Complaint ("Compl.") ¶ 61 & Exhibit ("Ex.") 9 (FOIA request dated Feb. 13, 2015 ("Request")).  The defendant's supplemental <u>Vaughn</u> index makes reference to a "FOIA Processing Guide," <u>see</u> Supplemental Declaration of Jill A. Eggleston at 2, 3 (May 27, 2016), ECF No. 44-1 ("Suppl. Eggleston Decl.")), which Catholic Charities argued fell within the scope of its FOIA request, <u>id.</u>  The Court agreed, and on February 3, 2017, ordered the Department of Homeland Security (the "Department") to furnish the FOIA Processing Guide to Catholic Charities within ten days.  <u>See</u> Order at 9 (Feb. 3, 2017), ECF No. 58 ("Feb. 3, 2017 Order").  The Department instead filed the pending motion for reconsideration, <u>see generally</u> Defendant's Motion to Reconsider & Stay, or Alternatively, to

Modify the February 3, 2017[] Order and Memorandum in Support ("Def.'s Mot."), which after

careful consideration, the Court will deny.[1]

## I.    BACKGROUND

The relevant background of this case is set forth both in the Court's February 3, 2017

Order and in the Court's opinion addressing the parties' first round of summary judgment

motions, and need not be reiterated at length.  See Feb. 3, 2017 Order at 2; Gatore v. U.S. Dep't

of Homeland Sec., 177 F. Supp. 3d 46, 54 (D.D.C. 2016) (Walton, J.).  Pertinent to the present

motion is the following brief summary: Catholic Charities' FOIA request, which was filed with

the Department more than two years ago on February 13, 2015, seeks

> [d]ocuments relating to the processing, answering, and responding to FOIA
> requests for assessments of asylum officers.  This would include, but is not limited
> to: instructions given to staff; policy statements; rules, and memoranda.

Compl. Ex. 9 (Request).  The Court previously concluded that a document entitled "FOIA

Processing Guide," which was referenced in the Department's Vaughn index, clearly falls within

the scope of Catholic Charities' request for "[d]ocuments relating to the processing, answering,

and responding to FOIA requests for assessments of asylum officers."  See Feb. 3, 2017 Order at

4–5 (citation omitted) (emphasis added).  The Department's motion for reconsideration now

argues that (1) Catholic Charities failed to exhaust available administrative remedies regarding

the entire FOIA Processing Guide, Def.'s Mot. at 5–8; and (2) the District of Columbia Circuit's

recent decision in American Immigration Lawyers Association v. Executive Office for

---

[1] In addition to the documents already identified, the Court considered the following submissions in rendering its decision: (1) Plaintiff Catholic Charities' Opposition to the DHS Motion to Reconsider and Stay ("Pl.'s Opp'n"); (2) Defendant's Reply in Support of its Motion to Reconsider & Stay, or Alternatively, to Modify the February 3, 2017 Order ("Def.'s Reply"); (3) Plaintiff Catholic Charities' Motion to Compel Production of Documents ("Pl.'s Mot. to Compel"); (4) Plaintiff Catholic Charities' Memorandum of Points and Authorities in Support of Its Motion to Compel ("Pl.'s Mot. to Compel Mem."); (5) the Defendant's Opposition to Plaintiff's Motion to Compel ("Def.'s Opp'n to Mot. to Compel"); and (6) Plaintiff Catholic Charities' Reply to Defendant's Opposition to Motion to Compel ("Pl.'s Reply to Mot. to Compel").

Immigration Review ("AILA"), 830 F.3d 667 (D.C. Cir. 2016), supports the Department's

continued refusal to release the requested document, Def.'s Mot. at 8–10.

## II.    STANDARD OF REVIEW

Under Rule 54(b), a motion for reconsideration may be granted "as justice requires,"

Cobell v. Norton, 355 F. Supp. 2d 531, 539 (D.D.C. 2005), and the Court has "broad discretion"

in deciding whether to grant such relief.  Id. (citations omitted).  "[M]otions for reconsideration

are vehicles for neither reasserting arguments previously raised and rejected by the court nor

presenting arguments that should have been raised previously with the court."  Said v. Nat'l R.R.

Passenger Corp., 191 F. Supp. 3d 55, 57 (D.D.C. 2016) (Walton, J.).  Instead, courts deciding

whether to reconsider interlocutory orders under Rule 54(b) assess whether the court

> has patently misunderstood a party, has made a decision outside the adversarial
> issues presented to the [c]ourt by the parties, has made an error not of reasoning,
> but of apprehension, or where a controlling or significant change in the law or facts
> [has occurred] since the submission of the issue to the court.

Lewis v. District of Columbia, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (alternations in original)

(quoting Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004)).  "The burden is on the moving

party to show that reconsideration is appropriate and that harm or injustice would result if

reconsideration were denied."  United States ex rel. Westrick v. Second Chance Body Armor,

Inc., 893 F. Supp. 2d 258, 268 (D.D.C. 2012).

## III.    ANALYSIS

The Department first contends that the Court cannot require it to provide the FOIA

Processing Guide to Catholic Charities because Catholic Charities has not exhausted its

administrative remedies with respect to that document, see Def.'s Mot. at 5–8, an argument that

was previously raised, albeit in a different form, before the Court, see Def.'s Opp'n to Mot. to

Compel at 3 (arguing that the "[p]laintiffs now attempt to use the instant [m]otion to [c]ompel to

effectively amend their request and seek documents that fall outside the scope of the request at issue in this case").  The Court is not swayed by this argument, having already ruled that the FOIA Processing Guide falls squarely within the scope of Catholic Charities' FOIA request, which the Department previously processed.  See Feb. 3, 2017 Order at 5 ("What is utterly lacking in the Vaughn index is an explanation of why a document titled 'FOIA Processing Guide,'[] as of May 27, 2016—nearly eighteen months after Catholic Charities filed its FOIA request seeking '[d]ocuments relating to the processing, answering, and responding to FOIA requests for assessment of asylum officers'—had not yet been furnished to Catholic Charities. And if the defendant had some basis for withholding that document, the Vaughn index should have set forth the applicable FOIA exemption." (citations omitted)).  Because "[p]arties should not use motions for reconsideration to attempt to relitigate matters already settled," Shea v. Clinton, 850 F. Supp. 2d 153, 158 (D.D.C. 2012); see also Def.'s Opp'n to Mot. to Compel at 3 ("The Court should also reject [the p]laintiffs' [m]otion [to compel] as an improper attempt to amend their [FOIA] request."), the Court will reject the Department's motion for reconsideration on this ground.

The Department's second challenge also fails to persuade the Court.  The Department contends that because it released some portion of the FOIA Processing Guide that it deemed to fall within the scope of Catholic Charities' request, see Def.'s Mot. at 9 ("Here, [the Department] identified a particular record within the FOIA Processing Guide as responsive and released it in full to [Catholic Charities], namely the records concerning FOIA treatment of asylum assessments." (emphasis added)), it has complied with both the Circuit's opinion in AILA and certain Department of Justice guidance regarding how "records" may be defined in the FOIA context, id. at 10.  Although the Court appreciates the Circuit's observation that "[u]nder [the]

FOIA, agencies . . . in effect define a 'record' when they undertake the process of identifying records that are responsive to a request," AILA, 830 F.3d at 687; see also id. (noting that the FOIA does not define the term "record"), the Court finds specious the Department's assertion that the entire FOIA Processing Guide is not itself "a single discrete record," Def.'s Mot. at 9, given the Department's own indications that the FOIA Processing Guide is a cohesive record, complete with separately and continuously numbered sections and appendices, see Suppl. Eggleston Decl. at 2–3 (making multiple references to the FOIA Processing Guide), that "relat[es] to the processing, answering, and responding to FOIA requests for assessments of asylum officers," Compl. Ex. 9 (Request) (emphasis added); see, e.g., Suppl. Eggleston Decl. ¶ 8 ("Although the USCIS FOIA Processing Guide, Appendix C table, referred to by [the] plaintiff does state [that] assessments to refer are withheld in full, [the] plaintiff misconstrues this table, and interprets it out of context, as a strict direction to withhold the assessments." (emphasis added)); id. ¶ 9 (quoting FOIA Processing Guide § 27.03, which pertains to the segregation of exempt information); Def.'s Mot. at 10 ("[T]he FOIA Processing Guide is hundreds of pages long and consists of separate and discrete sections relating to any number of different FOIA-related topics."). On the record before the Court, it defies common sense to conclude that the FOIA Processing Guide, in toto, does not constitute a "record" subject to disclosure pursuant to the FOIA.

Furthermore, the Circuit in AILA proscribed conduct very similar to what the Department has acknowledged it engaged in itself. There, the Circuit stated:

> [W]ith respect to the redactions based on non-responsiveness, we find no statutory basis for redacting ostensibly non-responsive information from a record deemed responsive. Under the statutory framework, once the government concludes that a particular record is responsive to a disclosure request, the sole basis on which it may withhold particular information within that record is if the information falls within one of the statutory exemptions from FOIA's disclosure mandate. But the

> government in this case, after determining that records were responsive to AILA's request, redacted discrete information within the records on the basis of non-responsiveness even if no statutory exemption shielded the information from disclosure.  That approach cannot be squared with the statutory scheme.

AILA, 830 F.3d at 670.  The Court finds that the Department's selective release of only a portion of the FOIA Processing Guide it deemed responsive to Catholic Charities' request, see Def.'s Mot. at 9, 10, and its failure to explain why the other portions are exempted from disclosure, see generally Suppl. Eggleston Decl., do not square with the Circuit's instruction that the FOIA's statutory scheme does not permit an agency to fail to disclose purportedly non-responsive information from a record deemed responsive, unless that information is subject to a statutory exemption, see AILA, 830 F.3d at 670; cf. Miller v. Casey, 730 F.2d 773, 777 (D.C. Cir. 1984) (stating that "[t]he agency was bound to read [the plaintiff's request] as drafted, not as . . . agency officials . . . might wish it was drafted").

## IV.   CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that the Defendant's Motion to Reconsider & Stay, or Alternatively, to Modify the February 3, 2017, Order is **GRANTED IN PART AND DENIED IN PART**.  The motion for a stay is **GRANTED**, nunc pro tunc to February 14, 2017.  The motion for reconsideration and to modify the Court's February 3, 2017 Order is **DENIED**.  It is further

**ORDERED** that the defendant shall provide to Catholic Charities a complete copy of the FOIA Processing Guide on or before July 7, 2017.  It is further

**ORDERED** that the defendant shall show cause, in writing not to exceed ten (10) pages, why the Court should not award the amount of attorney's fees and costs requested by Catholic Charities, on or before July 14, 2017.  It is further

**ORDERED** that Catholic Charities may file a reply to the defendant's response to this Court's show cause order, not to exceed ten (10) pages, on or before July 21, 2017.

**SO ORDERED** this 27th day of June, 2017.

REGGIE B. WALTON
United States District Judge