UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICA GATORE, *et al.*,<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>　　　　*Defendant*. | Case 1:15-cv-00459-RBW |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION
TO MODIFY THE BRIEFING SCHEDULE ON FEES**

　　Catholic Charities is attempting to gain leverage from Defendant's good-faith settlement negotiations. For the past week and a half, its counsel and counsel for Defendant have engaged in good-faith settlement negotiations on the issue of attorney's fees, during which they have made substantial progress. Over the course of those negotiations, counsel for Defendant has repeatedly requested that Catholic Charities join in a motion to extend the briefing schedule on fees by two weeks to allow the parties time to conclude their negotiations. Counsel for Catholic Charities consistently ignored these inquiries until finally, on the afternoon of July 28—the day Defendant's fees brief was due—counsel for Defendant visited the offices of Catholic Charities to make the request in person. During that visit, counsel for Catholic Charities stated for the first time that his client would not agree to the requested extension unless Defendant immediately capitulated to Catholic Charities' latest settlement demand, which it had presented the previous evening. Viewing that as an attempt to turn its own nonresponsiveness into a tactical advantage, counsel of Defendant refused. Now, in opposing Defendant's motion, Catholic Charities seeks to punish Defendant for attempting to settle the issue of attorney's fees (and thereby conserving party and

judicial resources) by arguing that the Court should deny Defendant's request for time to facilitate such a settlement and instead award Catholic Charities the full amount of fees it requested. (Those fees are not legally supportable, as counsel for Defendant will show the Court if necessary.) The Court should reject this chicanery and grant Defendant's motion so that the parties may conclude their settlement negotiations under normal circumstances. Should those negotiations fail before the end of the requested two weeks, the parties can move for a briefing schedule sooner.

Dated: June 31, 2017

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:  /s/ Johnny Walker
    JOHNNY H. WALKER, D.C. Bar #991325
    Assistant United States Attorney
    555 4th Street, N.W.
    Washington, District of Columbia 20530
    Telephone: 202 252 2575
    Email: johnny.walker@usdoj.gov

*Counsel for Defendant*