UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                               Civil Action No.  15-cv-459 [RBW]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

## PLAINTIFFS' SUPPLEMENT TO ECF #78-2

The DHS released its FOIA Processing Guide, [946 pages long], on July 21, 2017.  In those pages are new facts.  This document describes those facts, and serves to supplement the facts as stated by plaintiffs in ECF # 78-2, "Plaintiffs' statement of genuine issues and statement of material facts that are necessary to be litigated."

The DHS also released 1,239 pages concerning "adjudication of administrative appeals of FOIA" in June 2017.  And also, the DHS also released 3,853 pages, concerning "asylum officer lesson plans" in June 2017.  A lot of reading for counsel for plaintiffs! Plaintiffs now submit the relevant pages from them.

FOIA PROCESSING GUIDE

32. The DHS released 946 pages, comprising its FOIA Processing Guide, on July 21, 2017.  As indicated on the attached declaration, Exhibit 1, counsel for plaintiffs looked at each of those pages; he then printed out 59 pages, read those pages, and then kept 24 pages. Attachment A contains those 24 pages.   Some excerpts from those pages:

"FULLY WITHHOLD ASYLUM OFFICER ASSESSMENTS: this is stated four times, on pages 10, 21, 22, and 24

FULLY WITHHOLD CERTAIN OTHER DOCUMENTS:
   CAARP Worksheets
   Nails lookout inquiry
   Background check Registry

ARTIALLY WITHHOLD CERTAIN DOCUMENTS:
   G-325, Biographical Information
   Tax returns
   CBP Form 93
   Record of IBIS Query"

MORE EXCERPTS:

32. "A processor should segregate information that is exempt (cannot be released) from information that is non-exempt (can be released) …..One exception to this rule is where the non-exempt material is inextricably intertwined with the exempt material and the only information being released are words and/or phrases that do not make sense. *"Inextricably intertwined"* is a term used by the courts to describes material, which, if redacted, would make no sense at all. [Page 2 of Attachment A]

"Fully withhold third party documents such as birth certificates…" [Page 7]

"Redact the G-325, Biographical Information in part, if it does not relate to the subject of the file. Release the title of the form and the name of the individual. Fully release the G-325 if it pertains to the requestor." [Page 7]

"Withhold all sensitive third-party information from an Affidavit of Support… Partially release tax returns…Release only the title of the tax return and the name of the individual who owns the tax return; all other information is exempt under Exemption (b)(6)." [Page 8]

"Please partially withhold CBP Form 93….." [Page 9]

"Please partially withhold the Record of IBIS Query" [Page 9]

"Assessment to reject, terminate, grant or refer (relates to Asylum)  Withhold in full" [Page 10]

"CAARP Worksheet: Withhold in full"   [Page 11]

"Asylum/Refugee flowcharts withhold in full ["partially" is crossed out] [Page 16]

"Nails Lookout Inquiry   withhold in full" [Page 18]

"Background Check Registry   withhold in full" [Page 19]

"Discretionary Authority Checklist withhold in full" [Page 20]

"Assessment to reject, terminate, grant or refer (relates to Asylum) Withhold in full"

   [Page 21]

"Assessment to reject, terminate, grant or refer (relates to Asylum) Withhold in full"

   [Page 22]

"Notes and worksheets: Ordinarily, we fully withhold asylum/Refugee interview notes and question/answer worksheets that pertain to the interview, citing Exemption (b)(5), because they are privileged deliberative process."  [Page 23]

"Assessment to reject, terminate, grant or refer (relates to Asylum)  Withhold in full"

[Page 24]

= = = = = = = = = = = = = = = = = =

ADMINISTRATIVE APPEALS OF FOIA REQUESTS

33. As indicated on the attached declaration, Exhibit 2, the DHS released 1,239 pages concerning "administrative appeals of FOIA requests" in June 2017.  Counsel for plaintiff has now looked at each of those pages, and has attached the 15 relevant ones hereto, as Attachment B to Exhibit 2.

A summary of these pages from Attachment B:

-If non-exempt material is "inextricably intertwined" with exempt material, you may withhold the entire page. [Page 1 of Attachment B].

 *"If we fully withhold a document, we tell you so within the processing guide."* [Page 2, emphasis added]

 - "Documents or information that we withhold:…Asylum officer assessments…Notice of Custody, Unserved Warrant for Arrest of Alien…" [Page 4]

 -"Factual information- Does the subject of the file already know this? Did they provide us with the information? If the subject of the file provided the information to us, we have no sound legal basis for withholding it." [Page 5]

 -"*Always* withhold an Assessment to Refer…….March 22, 2007…" [Page 6, emphasis added]

 -"Fully withhold Assessment to Refer…..July 28, 1999…" [Page 10]

 -withhold "in part" NACARA Background Identity and Security Checklist [Page 11]

 -"Assessment to reject…Withhold in full…." [Page 12]

 -"NAILS screen-prints are withheld in full…Fully withhold the IBIS Resolution Memorandum…" [Page 21]

 -"Corporate tax returns…you may release most of their financial information…" [Page 14]

 -"Fully withhold VIBE Status Reports….." [Page 15]

 = = = = = = = = =

 ASYLUM OFFICER LESSON PLANS

 As indicated in Exhibit 3, attached hereto, the DHS released 3,853 pages in June 2017, concerning "asylum officer lesson plans." Counsel for plaintiffs looked at each page [!]. Counsel then selected the 20 relevant pages, and attached them as Attachment A. Some excerpts:

    34. "… Asylum officers use standardized templates" when writing Assessments. [Page 1 of Attachment Exhibit A]

- Many people have access to assessments, including "the applicant and his or her attorney, and "BIA and Federal Courts….." [Page 3]

- -there are seven components to an Assessment, according to Page 4:
  A. Biographic
  B. Basis of claim
  C. Analysis of prohibitions against filing
  D. Summary of testimony
  E. Credibility Determination
  F. Focused legal analysis
  G. Decision
- = = = =

- Officers are instructed at Page 7 to

    "Stick to the facts as they were presented
    Don't editorialize
    Don't interpret what the applicant said
    Be concise
    State the facts clearly"

"The summary of the testimony should include only facts, not legal conclusions." [Page 8]

"Avoid language that suggests personal opinion" [Page 8]

    35. In LESSON PLAN OVERVIEW, dated May3, 2013, it is stated that an objective of the lesson is to teach the officer to: "Identify who may have access to affirmative asylum assessments" [Page 9}

"No personal opinions, either positive or negative" [Page 10]

"Standardized 'template' documents for assessments and NOIDs are installed on the Asylum Division computer network so that asylum officers can quickly and easily access and use these documents…The use of standardized templates promotes consistency of work product across the Asylum program." [Page 11]

**"Assessments [are] documents to which a Number of Persons have access."** [Page 11, Bold in original]

"Individuals who have access to assessments and NOIDs include the following:

1. The applicant and his or her attorney…under some circumstances…may file a Freedom of Information Act (FOIA) [and obtain the assessment]." [Pages 11-12]

4. "In some cases, the Assistant Chief Counsel may enter an assessment or NOID into the record, which means that the immigration judge and others would also review these documents.

5. The Board of Immigration Appeals (BIA) and federal courts review certain assessments and NOIDs." [Page 12].
= = =

"Material facts not stated in the summary of testimony should not be introduced in the content of the legal analysis." [Page 16]

"The credibility determination is made after the summary of the facts." [Page 17]

"The asylum officer should not include his or her personal opinions, or value judgments, either positive or negative, when writing these documents. Both assessments and NOIDs should be strictly informational in tone." [Page 18]

"A number of persons may have access to assessments and NOIDs including, but not limited to:

    1. The applicant and his or her attorney or legal representative;
    4. ICE Assistant Chief Counsels;
    5. The BIA and federal courts…" [Page 19]

"Assessments should not include any personal opinions of the asylum officer."

[Page 20]

August 3, 2017

    Respectfully submitted,

    Attorney for Plaintiffs

    David L. Cleveland
    DC Bar # 424209
    Catholic Charities
    924 G Street, NW   Washington, DC 20001
    [202] 772-4345 Fax: [202] 386-7032
    1949.david@gmail.com