# ATTACHMENT B

15 pages concerning "administrative appeals" printed from the disc attached to the DHS letter of June 18, 2017

# The Requirement to Segregate:

- Segregate information that is exempt (cannot be released) from information that is non-exempt (can be released). If a document contains some information that is not releasable, but the rest of the document is releasable, it would be improper to withhold the entire page. (See 2009 *FOIA Guide*.)

- When processing a document containing information that can be released, we must separate this information from information that cannot be released. One exception to this rule is when the nonexempt material is "inextricably intertwined" with the exempt material.


# That implies ...

- What does "inextricably intertwined" mean?
  - it is a term used by the courts to describe material which, if redacted, would make no sense at all. That is to say, a person reading it would not be able to gather any idea of the purpose of the document, the possible subject of the document or any other meaningful piece of information whatsoever.
- For us, it means fully withholding a document should be the exception.
- If we fully withhold a document, we tell you so within the processing guide.
- If in doubt, consult with your supervisor.





NRC FOIA Program Office

11

167

# Blacked Out Information

# Segregate Fact from Deliberation

- Segregable information – Separating facts from deliberative information.

- If, for instance, there are Westlaw cases printed out in an alien file, and the service is either in litigation or contemplating litigation, the cases selected will disclose the service attorney's thought process to the alien's attorney. (Distillation of facts)

- A draft that contains nothing but facts is not exempt unless it has insertions or deletions, or reordering.



U.S. Citizenship and Immigration Services

3

465

# Documents or information that we withhold

- Attorney worksheets or checklists

- Asylum Officers' Assessments

- Withhold block "B" of Form I-696, if the form has not been signed by the reviewer.

- Generally, withhold in full page 2, Form I-696, Basis For Legalization Office Recommendation, unless it is blank.

- Notice of Custody, I-286

- Unserved Warrant for Arrest of Alien, I-200

- Notice to Appear, I-862 (if not signed/served by the alien)


U.S. Citizenship and Immigration Services


4

500

# Is it Deliberation?

What are you looking for as you process the case?

- Factual information – Does the subject of the file already know this? Did they provide us with the information? If the subject of the file provided the information to us, we have no sound legal basis for withholding it.

- Comments – Is this comment an opinion or recommendation? Or is it notes that have nothing to do with the case? Or is it notes that are nothing more than gibberish?

5



U.S. Citizenship and Immigration Services

451

Always withhold an Assessment to Refer, Assessment to Terminate or Assessment to Grant.

The document is always deliberative.

The deliberative nature of the document never expires.

U.S. Citizenship and Immigration Services

ASSESSMENT TO REFER

ALIEN NUMBER: A71 345 678      DATE: March 22, 2007

NAME: Daniel Ortega              ASYLUM OFFICER: Jay Dedd

COUNTRY: El Salvador             REVIEWING SAO: Iherdit All

LOCATION: ZAR

The applicant indicated that he is a 34-year-old male native and citizen of El Salvador who entered the United States without inspection at San Ysidro, CA, in 1994.

The applicant was not represented at the asylum interview. The applicant testified in English. The applicant recalls that he was assisted in preparing his application although he does not remember the name of the person.

The applicant fears that he will be killed by gangs.

The applicant filed his asylum application on September 8, 1995. Because the applicant filed his application prior to April 16, 1998, he is not bound by the one-year rule.

The applicant credibly testified that war was very bad in El Salvador when he left. After the peace accords the guerillas continued to kill people in order to silence them. In 1988 and 1989, two of his cousins were killed. One was in the military. The other was found in the street with his body totally shot up. The applicant never received any threats nor did he have any personal contact with the guerillas.

The applicant testified that the story in his application was not true. When his application was prepared he did not know any English, and he did not know what the preparer put in his statement. The applicant fears returning to El Salvador because it has been so long since he was there. In addition, there are gangs who kill people for money or for no reason at all. He has heard that the situation is especially bad for those who are returning from the United States.

The events the applicant described do not constitute past persecution. While it was undoubtedly traumatic to lose his two cousins, he did not suffer any harm at the hands of the guerillas or the military.

The applicant has failed to show that the harm he fears is on account of one of the five protected grounds. Fearing being unsafe because of increased incidents of criminal activity in one's native country is not a ground for a grant of asylum. The threat the applicant fears is a personal problem and as a personal problem does not establish eligibility for asylum. A personal problem is one that arises from a dispute or crime unrelated to any of the five protected grounds.

For the foregoing reasons, the applicant is not eligible for asylum status in the United States. Assessment is to refer to the Immigration Judge.

473

# Documents or information that we withhold

- Attorney worksheets or checklists

- Asylum Officers' Assessments

- Withhold block "B" of Form I-696, if the form has not been signed by the reviewer.

- Generally, withhold in full page 2, Form I-696, Basis For Legalization Office Recommendation, unless it is blank.

- Notice of Custody, I-286

- Unserved Warrant for Arrest of Alien, I-200

- Notice to Appear, I-862 (if not signed/served by the alien)

7


U.S. Citizenship and Immigration Services

500

# Two thought questions:

- The asylum officer's Assessment to Refer, Assessment to Grant, or Assessment to Reject are to be held in full. Why would we withhold an Assessment to Grant?

- The back page of the Basis for Legalization Office Recommendation, I-696, is withheld in full, even if the decision was made a long time ago and the alien was informed of the decision. Why?





Participant Workbook

- The highlighted bullet from the asylum officer's basic course means asylum interview notes should never contain deliberative process, so theoretically, we should never have (b)(5).

- We know that sometimes deliberation gets in there anyway, so we have to look for it.

1. To substantiate the asylum officer's decision regarding the applicant's eligibility (including credibility) for asylum; and

2. To enable the reviewer to reconstruct the discussion that took place during the asylum interview

B. Interview Notes: Legible, Accurate, Objective

A number of individuals may have access to and may review interview notes.

Interview notes

- must be legible

- must accurately reflect what transpired during the interview

- must not contain the asylum officer's subjective opinions

- do not need to include every word the applicant says

- must include what the applicant did not say when appropriate

- must indicate who said what

- must not include shorthand or abbreviations that cannot be understood

- must include the date, A-#, and asylum officer's name

C. Note-Taking Should be Non-Intrusive

Taking notes is secondary to the interaction between the asylum officer and the applicant.

9



U.S. Citizenship and Immigration Services

# An Asylum Interview should only be FACTS

Q: The Fifth Modernization of the democracy movement in China - what does that refer to?

A: Applicant did not answer.

- Fact: "Applicant did not answer." It is not deliberation. It is not an opinion.


U.S. Citizenship and Immigration Services

# Assessment
Fully withhold Assessment to Refer, Assessment to Grant, Assessment to Terminate, or any assessment written by an asylum or refugee officer.

If it has been less than 25 years since the form was created apply Exemption (b)(5).

After 25 years – release per the Sunset provision.

Refugee Officer? Add Exemption (b)(6).

ASSESSMENT TO REFER

| | |
|---|---|
| ALIEN NUMBER: | DATE: July 28, 1999 |
| NAME: | ASYLUM OFFICER: P. |
| COUNTRY: Sierra Leone | REVIEWING SAO: Pat. |
| | LOCATION: ZAR |

Applicant indicated that he is a 22-year-old male native and citizen of Sierra Leone who entered the United States without inspection at New York on December 31, 1998.

Applicant fears that he will be harmed by the Revolutionary United Front (RUF) on account of his membership in a particular social group.

Applicant testified that he was afraid of the RUF because of the war that started in 1995. Applicant stated he was a supporter of the Sierra Leone People Party (SLP) but he wasn't an active member he just didn't want to support the RUF rebels. Applicant stated on June 10, 1997, at about five a.m. he heard gun fire and everyone gathered to see what was happening. The Applicant stated the rebels were shooting in his area, when the shooting stopped the rebels broke into his house and began shooting. Applicant stated he was in hiding and when he came out he found his father dead. Applicant stated he wanted to leave but his mother refuse to leave because she didn't want to loose their home and all its contents. Applicant said the family stayed in the home for another year before the rebels came again.

Applicant stated in August 1998 at five a.m. he heard some noise and before he knew anything the house was on fire. Applicant stated he tried to get his mother out of the house but it was to late his mother and sister burn to death. Applicant stated about six or eight men in rebel uniform were burning many houses in his neighborhood. Applicant stated his entire family was gone so he left the same day and went to a refugee camp.

Applicant stated he was never in opposition to the government, he was never involved in political activity. Applicant stated the rebels attacked their house because the war was in full progress.

Applicant stated he can't return to Sierra Leone because the RUF is still active and the war is still in progress. Applicant stated his family is gone and he's afraid he would be killed since there is no one to protect him.

The applicant presented testimony which was believable, consistent, and sufficiently detailed. Therefore she was found to be credible.

U.S. Citizenship and Immigration Services



5/10/2008 11:36:20 AM 2 of 6

766

# Asylum and NACARA § 203 Background Identity and Security Checklist

We withhold this form in part. (b)(7)(c)

This page is not directly related to the interview. There is no deliberative process on this page.


U.S. Citizenship and Immigration Services

---

ASYLUM AND NACARA § 203 BACKGROUND IDENTITY AND SECURITY CHECKLIST

Name(s): _____ Alien Number(s): _____ (b)(7)(e)
List all Aliases(es) or Alternate Name(s) and Date(s) of Birth, if any (must be checked in CIS, NAILS and IBIS):
☐ See attached ROIQ for name/DOB variations, ___ [#] name/DOB variation(s) listed on ROIQ

6/29/71

| By: (initials) | System Name | Result |
|---|---|---|
| | CIS — Sounds-like name and exact DOB required (9106) | ☒ No other A-files found  ☐ Additional A-files in CIS (attach screen prints and briefly discuss below) (b)(7)(e) |
| | DACS — A-Number search required using CASS and CUST commands | Screen print(s) attached: ☐ Other: ☒ CASS (screen print required) ☐ CUST (screen print required only if DACS record) |
| | NAILS — Name and DOB search required | ☐ No Record (screen print attached)  ☐ Record Found – Does Not Relate to Applicant (screen print attached)  ☐ Record Found – Relates to Applicant (screen print attached) |
| | IBIS (result of check on RAPS name/DOB) ☐ Check here if under age 14 (no IBIS required) | ☐ RAPS IBIS screen attached  ☒ ROIQ attached for alternate names/DOBs ☒ OK (No Match) 5/4/05  autenoated ☐ DNR (Record Found Does Not Relate to Applicant) ☐ Hit Resolution Memorandum attached (Positive Match) |
| | IBIS (recheck after expiration of prior result) | ☐ RAPS IBIS screen attached  ☒ ROIQ attached for alternate names/DOBs  Manual Check ☐ OK (No Match) ☐ DNR (Record Found Does Not Relate to Applicant) ☒ Hit Resolution Memorandum attached (Positive Match) |
| | IBIS (recheck after expiration of prior result) | ☐ RAPS IBIS screen attached  ☐ ROIQ attached for alternate names/DOBs ☐ OK (No Match) ☐ DNR (Record Found Does Not Relate to Applicant) ☐ Hit Resolution Memorandum attached (Positive Match) |
| | FBI FINGERPRINTS — Check here if: ☐ Under age 14 ☐ Over age 75 (no prints required) | Screen print attached: ☒ CSTA  Result: ☐ NONIDENT ☐ IDENT ☐ MAX REJECT  ☐ Health-related waiver by ASC 7/23/15  ☒ Requested; Result Pending (not for final grants)  Follow-up documentation: ☐ RAP Sheet on record side of A-file ☐ Sworn Statement on record side of A-file ☐ Police Clearance/Records on record side of A-file |
| | FBI NAME CHECK ☐ Under age 14 (Name check not req'd) | Screen print attached: ☒ CSTA  Result: ☐ Requested; No Response (not for final grants) ☐ Pending (IF) (not for final grants) 12/3/02 ☐ Positive Response  ☒ FBI "No Record" Response |
| | IDENT (check done on principal applicant and dependents 14 years of age or older) | ☐ Interview mailer, endorsed to show IDENT completed, is on record side of A-file ☐ Decision Pick-Up Notice, endorsed to show IDENT done, is on record side of A-file ☐ IDENT Appointment Notice, endorsed to show IDENT done, is on record side of A-file ☒ Applicant could not be enrolled in IDENT (because of system problems, time constraints, etc.) before FDEC (not for final grants)  No Show ☐ Circuit Ride Case  - or -  Applicant interviewed at ZMI before 1/29/03 |

☐ CHECK HERE IF CASE IS BEING ADJUDICATED ON A TEMP FILE AND ATTACH TEMP FILE PROCESSING SHEET
☐ CHECK HERE IF THERE IS CLASSIFIED INFORMATION ON THIS CASE.
Additional Information (attach pages as necessary): — Applicant LAST ENTER US 7/24/04
(b)(7)(e) See IBIS HIT MEMO & NIIC PRINTOUT — NO RECORD OF Repetitive Overstay Period

BACKGROUND IDENTITY AND SECURITY CHECK CLEARED FOR ADJUDICATION:
(b)(7)(c) AO# _____ 8/13/05  SAO CONCURRENCE: _____ DATE: _____
ADJUDICATION ON TEMP FILE WITH ANY POSITIVE RECORDS CHECK:
DIRECTOR/DEPUTY DIRECTOR CONCURRENCE: _____ DATE: _____

(b)(7)(e) See IBIS MEMO/NIIC PRINTOUT - TRAVEL OUTSIDE US AFTER

778

# Asylum Flow Chart of Processing

Los Angeles Asylum Office
Flow Chart of Processing

Review this page for (b)(5) *(and there usually is not any deliberative process).*

There is an IBIS check at the bottom of this one, and it's a "valid" check, so we also say (b)(7)(E). "JF" is also performing a law enforcement function, so we say (b)(7)(C).


U.S. Citizenship and Immigration Services

### Interview Processing

Interview Date
ASGN/PUSH/RAFACS TO:
AO Name/No J. Engelbach / ZLA 280
A-FILE #
Riders

KLOK TIME 19
11/13/2008
DAY OF INTERVIEW

PUSH DATE
11/26/2008
Yes / No

No Interview/File Closed: Reason

NOV 2 1 2008
File Complete
Sent to Staging
SAO
(signature)

SAO/SAC/AO/CR/AC Name/Date

Reschedule: Reason

SAO/SAC/AO/CR/AC Name/Date

Consolidated c/ ▓▓▓▓

### Decision Processing

Assessment/NOID/I-291 to SAO
Date to SAO 11/17/08
AO Name/No J. Engelbach / ZLA 280

HQ Referral (Date Sent)
Returned/Rewrite by SAO
SAO          Date

Resubmitted by AO/Date

AO Name/No.

### Grant Processing
SAO Approval of Grant Assessment
SAO          Date

SAO Approval of Final Grant
SAO          Date

### Refer/Deny Processing
SAO Approval of NOID
SAO          Date
Rebuttal Received - Date
Denial/Grant to SAO: Date
SAO Approval of Assessment to Refer
SAO  (signature)  Date NOV 2 1 2008

### Decision Service
Grant Served/Mailed & RAPS updated
RAPS/CIS updated/File to FCO
Name          Date

NTA Served/Mailed or Denial Sent
RAPS/CIS updated/File to FCO or EOIR
Name (signature)  Date NOV 26 2008

### IBIS CHECKS
Required for all cases

| # | Date Checked | Valid Until | Initials |
|---|---|---|---|
| 1 | 11/13/08 | 5/13/09 | (b)(7)(c) |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

### IBIS CLEARED
For use only when secondary review required

| # | Date | Signature |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

777

| | |
|---|---|
| I-830 | Notice to EOIR: Alien Address |
| I-851 | Notice of Intent to Issue a Final Administrative Removal Order |
| I-851A | Final Administrative Removal Order |
| I-860 | Notice & Order of Expedited Removal |
| I-862 | Notice to Appear (Multi Pgs) |
| I-870 | Record of Determination/Credible Fear Worksheet |
| I-871 | Notice of Intent/Decision to Reinstate Prior Order |
| CBP 93 | Unaccompained Alien Child Initial Placement Referral Form |
| G-56 | Letter of Appointment |
| G-391 | Official Assignment Sheet |
| G-589 | Property Receipt |
| G-600A | Investigation Preliminary WkSheet |
| N-400 | Application for Naturalization |
| N-600 | Application for Certificate of Citizenship |

## USCIS MISCELLANEOUS DOCUMENTS

| TITLE/SUBJECT | FOIA EXEMPTION | PA EXEMPTION |
|---|---|---|
| Assessment to reject, terminate, grant or refer (relates to Asylum) | Withhold in full (b)(5) | (d)(5) and (b)(5) |
| Assessment Sheet (Preliminary Assessment) | Review for (b)(5) (deliberative process), otherwise release | Review for (d)(5) and (b)(5) (deliberative process), otherwise release |
| Asylum/Refugee flowcharts and worksheets that pertain to the interview | Review for (b)(5), otherwise release. | Review for (d)(5) and (b)(5), otherwise release. |
| Blank asylum/refugee flowcharts | Release | Release |
| Record of Determination/Credible Fear Worksheet, I-870 | See: Case Processor Guide \ Quick Links to ECN | |
| Non-ICE Attorney work product including attorney worksheets, trial attorney notes (blank sheets can be released) | Withhold in full (b)(5) | (d)(5) and (b)(5) |
| Computer codes used to maneuver within the system such as the function keys (PF1) | Release | Release |
| Initials (not law enforcement function or refugee officer) | Release | Release |
| Names and initials of refugee officers (except on correspondence mailed to the refugee) | (b)(6) | Release |
| Refugee interview notes | (b)(7)(E) | (k)(2) and (b)(7)(E) |

12

1063

### National Automated Immigration Lookout System (NAILS)

NAILS screen-prints are withheld in full citing (b)(7)(e), if there is an agents name or it is a third party screen-print add (b)(7)(c) under the FOIA, add (k)(2) under the PA. NAILS results such as NAILS-X, Positive, or Negative are held using (b)(7)(e) under the FOIA, add (k)(2) under the PA. If the information originated with ICE, refer it to ICE.

### Interagency Border Inspection System (IBIS)

IBIS is not a protected system, yet we withhold certain results, e.g. positive, negative, with Exemption (b)(7)(E) under the FOIA and add Exemption (k)(2) under the PA.

Record of IBIS Query (ROIQ) and Record of Inquiry TECS (ROIT) come in many different forms; redact results using (b)(7)(E) under the FOIA and add (k)(2) under the PA, and redact initials, user IDs, and 3rd party PII using (b)(7)(C) under the FOIA and add (k)(2) under the PA.

Fully withhold the IBIS Resolution Memorandum / IBIS Hit Resolution Memorandum with (b)(7)(C) and (b)(7)(E) under FOIA and (k)(2), (b)(7)(C) and (b)(7)(E) under PA. NOTE: The Background Check Unit at the National Benefits Center no longer refers to the procedure as IBIS Resolution, but now TECS Resolution, and so you may see "TECS Resolution Memorandum" or "TECS Hit Resolution Memorandum."

### Joint Automated Booking System (JABS)

JABS is owned by the United States Marshals Service (USMS), yet many Federal, State and local agencies input information in the system. Look for the JABS number, e.g. INS-C-005256-INS, which will let you know who the information belongs to. Process or refer accordingly.

### Federal Bureau of Investigation (FBI)

FBI personnel names are held using (b)(7)(C) under the FOIA, add (j)(2) under the PA. FBI results are held using (b)(7)(E) under the FOIA, add (j)(2) under the PA. If you are unsure of how to handle FBI records, please consult a supervisor.

a) Withhold FBI results such as: *IDENT, I, NON-IDENT, POSITIVE, POS, P, NEGATIVE, NEG, No Record: NR, ND, or NP, Positive Response: PR, DS, RP, OC or RF, Unknown Response: UN, R: Unclassifiable.* The following codes do not indicate any result, and are releasable: Pending: IP or H, Duplicate: DD or D, Request Cancelled: RC, Error: E.

b) IAFIS is a fingerprint identification system belonging to FBI. We withhold an IAFIS result if it relates to wants or warrants. If it relates to criminal history we release it. If you just see IAFIS: POS or NEG, withhold the result, because it could relate either to criminal history or to wants or warrants.

/3

c) NCIC is maintained by the FBI's Criminal Justice Information Services Division. Withhold NCIC results such as POS, NEG, and NO NCIC WANT. Release administrative information that does not have to do with NCIC checks, such as NCIC submitted, NCIC not available, NCIC results pending, and so forth.

d) FBI Warning: There may be a document originating with FBI marked with the following warning at the bottom:

"This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; and its contents are not to be distributed outside your agency."

Please fully withhold the document, citing (b)(7)(E) under FOIA, or ( j)(2) and (b)(7)(E) under PA. If the document does not relate solely to the subject of record or contains law enforcement identifying information, please add (b)(7)(C).

e) The Joint Terrorism Task Force (JTTF) falls under the purview of the FBI. Please fully withhold the document, citing (b)(7)(E) under FOIA, or ( j)(2) and (b)(7)(E) under PA.. If the document does not relate solely to the subject of record or contains law enforcement identifying information, please add (b)(7)(C).

f) Release FBI Rap Sheets and TECS III screen-prints unless you see exempt information.

### Tax Returns

a) Individual tax returns: If you have consent from the filer, release them in full. If you do not have consent, withhold everything except the form name and the filers' name citing (b)(6).

b) Corporate tax returns: Companies do not have personal privacy rights, so you may release most of their financial information. You will withhold personal earnings and stock holdings. You may withhold the company's TIN / EIN applying Exemption (b)(3), unless you have proof the subject of record worked for the company. Proof of employment may be a paystub, W-2, or the like. Forms ETA 750 and ETA 9089 are not proof of employment. You may also withhold the preparers EIN citing (b)(6) if it is an individual or (b)(3) if it is a company.

For more examples see: Tax Forms in FOIA

### Petitioner FOIA Requests

If the petitioner of an I-130 is requesting their unconsolidated petition and they provided proper VOI you may release all the documents they submitted in full with the exception of IBIS stamps and the like. You will still redact screen-prints where appropriate. If the I-130 has been

### I-181, Memorandum of Creation of Record of Lawful Permanent Residence

Release form I-181 if adjudicated; marked approved, denied, or terminated. If you are processing under the FOIA withhold blank copies in full citing (b)(5). If you are processing under the PA release blank I-181s. NOTE: There may be other exempt information such as IBIS stamps.

### I-696, Legalization/SAW Examinations Worksheet

On the front of form I-696, if the reviewer signed Box E and annotated a final decision, you will release the information in Box B. If the reviewer didn't sign Box E, you will hold Box B with a (b)(5) under the FOIA, add (d)(5) under the PA. You will need to review the back of this form for deliberative material.

### Worksheets, Processing Sheets, Checklists and Flowcharts

a. Controlled Application Review and Resolution Program (CARRP)
   CARRP worksheets and coversheets are held with (b)(7)(e) under the FOIA and (k)(2) and (b)(7)(e) under the PA. If there is a DHS employees' name on the form add (b)(7)(c).

b. Asylum and NACARA § 203 Background Identity and Security Checklist
   If EARM, IBIS, FBI, US-VISIT, CCD indicate an action you will withhold them one or all citing (b)(7)(e) under the FOIA and appropriately apply (j)(2) and/or (k)(2) under the PA. Withhold DHS employees' names, initials, and or ID numbers appropriately.

c. Validation Instrument for Business Enterprises (VIBE)
   Fully withhold VIBE Status Reports citing Exemptions (b)(5) and (b)(7)(E) under the FOIA, and add (d)(5) and (k)(2) under the PA.

d. Terrorist Identities Datamart Environment (TIDE)
   References to and results from TIDE are withheld citing (b)(7)(E) under the FOIA or (k)(2) and (b)(7)(E) under the PA. TIDE reports are classified, if you see one follow the "CLASSIFIED RECORDS" guidance.

### Screen Prints

a. CIS (Central Index Systems)
   Withhold DACS – X, EARM – X, or NAILS – X with (b)(7)(e) under the FOIA and add (k)(2) under the PA. On the CIS Multiple Finds screens you will withhold the corresponding vertical sections regardless of markings. Apply (b)(6) appropriately.

b. NCIC (National Crime Information Center)
   Withhold the names and badge numbers of law enforcement personnel citing Exemption (b)(7)(C).

15