UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,

    *Defendant*.

Case 1:15-cv-00459-RBW

## DEFENDANT'S RESPONSE TO THE COURT'S
## ORDER TO SHOW CAUSE REGARDING ATTORNEY'S FEES

CHANNING D. PHILLIPS
United States Attorney

DANIEL F. VAN HORN
Chief, Civil Division

JOHNNY H. WALKER
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

Dated: August 16, 2017

# CONTENTS

*Table of Authorities* .................................................................................................................... ii

INTRODUCTION ..........................................................................................................................1

BACKGROUND ............................................................................................................................1

ARGUMENT ..................................................................................................................................3

I.      Catholic Charities Is Not Entitle to Any Fees Whatsoever ..................................................4

II.     Catholic Charities Is Not Eligible for All of Its Claimed "Fees on Fees" ...........................6

III.    The Fees Requested by Catholic Charities Are Unreasonable ............................................7

        A.     Catholic Charities' Proposed Rates Are Unreasonable ............................................7

        B.     Catholic Charities' Claimed Hours Are Unreasonable ............................................9

CONCLUSION .............................................................................................................................10

# AUTHORITIES

**Cases**

*Berke v. Fed. Bureau of Prisons*,
   942 F. Supp. 2d 71 (D.D.C. 2013) ............................................................................................ 7

*Blum v. Stenson*,
   465 U.S. 886 (1984) .................................................................................................................. 7

*Boehner v. McDermott*,
   541 F. Supp. 2d 310 (D.D.C. 2008) .......................................................................................... 9

*Brayton v. Office of U.S. Trade Representative*,
   641 F.3d 521 (D.C. Cir. 2011) ............................................................................................. 3, 4

*Cotton v. Heyman*,
   63 F.3d 1115 (D.C. Cir. 1995) .................................................................................................. 5

*Covington v. Dist. of Columbia*,
   57 F.3d 1101 (D.C. Cir. 1995) .................................................................................................. 7

*C.R.E.W. v. D.O.J.*,
   142 F. Supp. 3d 1 (D.D.C. 2015) .............................................................................................. 7

*Davy v. C.I.A.*,
   550 F.3d 1155 (D.C. Cir. 2008) ................................................................................................ 4

*Elec. Privacy Info. Ctr. v. F.B.I.*,
   80 F. Supp. 3d 149 (D.D.C. 2015) ............................................................................................ 9

*Elec. Privacy Info. Ctr. v. F.B.I.*,
   72 F. Supp. 3d 338 (D.D.C. 2014) ............................................................................................ 4

*Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*,
   218 F. Supp. 3d 27 (D.D.C. 2016) .......................................................................................... 10

*Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*,
   197 F. Supp. 3d 290 (D.D.C. 2016) .......................................................................................... 6

*Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*,
   999 F. Supp. 2d 61 (D.D.C. 2013) ....................................................................................... 3, 4

*Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*,
   982 F. Supp. 2d 56 (D.D.C. 2013) ............................................................................................ 6

*Elec. Privacy Info. Ctr. v. U.S. Drug Enf't Admin.* ("*EPIC*"),
   --- F. Supp. 3d ---, 2017 WL 3049403 (D.D.C. July 18, 2017) ...................................... 4, 8, 9

*Gatore v. U.S. Dep't of Homeland Sec.*,
  177 F. Supp. 3d 46 (D.D.C. 2016) .................................................................................. 1, 2

*Joaquin v. Friendship Pub. Charter Sch.*,
  188 F. Supp. 3d 1 (D.D.C. 2016) ......................................................................................... 7

*Jones v. Mukasey*,
  565 F. Supp. 2d 68 (D.D.C. 2008) ...................................................................................... 5

*McKinley v. Fed. Hous. Fin. Agency*,
  739 F.3d 707 (D.C. Cir. 2014) ............................................................................................ 4

*Salazar v. Dist. of Columbia*,
  809 F.3d 58 (D.C. Cir. 2015) ........................................................................................... 7, 8

*Salmeron v. Dist. of Columbia*,
  195 F. Supp. 3d 153 (D.D.C. 2016) .................................................................................... 8

*Tax Analysts v. U.S. Dep't of Justice*,
  965 F.2d 1092 (D.C. Cir. 1992) .......................................................................................... 4

*U.S. Dep't of Justice*,
  80 F. Supp. 3d 1 (D.D.C. 2015) .......................................................................................... 8

**Statutes**

5 U.S.C. § 552(a)(4)(E)(i) ........................................................................................................ 3

# INTRODUCTION

Catholic Charities sought a FOIA Processing Guide from Defendant in an attempt to bolster its claims in this litigation. It won summary judgment on the issue and now seeks fees. But Catholic Charities is ineligible for fees related to a document that only serves its litigation interests. Moreover, even if Catholic Charities were eligible, its request should be reduced from $13,643.00 to $7,208.69 to account for unreasonable rates and hours and a lack of success on its motion.

# BACKGROUND

Eight of the nine Plaintiffs in this case are individuals who submitted Freedom of Information Act ("FOIA") requests for records called "assessments to refer" related to their asylum applications. [*See* Am. Compl. ¶¶ 10, 37, 40, 43, 46, 49, 52, 73, ECF No. 60.] The ninth plaintiff, Catholic Charities, represents those individuals but also brings two claims of its own. First, it challenges what it alleges to be a "policy and practice of not even attempting to determine if there are reasonably segregable portions of an Assessment." [*Id.* ¶¶ 25, 59.] Second, it alleged that Defendant "provided nothing" in response to its February 15, 2015, FOIA request for records about processing of requests for assessments. [*Id.* ¶ 61.] [*See* ECF Nos. 30-2 at 2; 41 at 11–12.]

On June 24, 2015, Plaintiff Catholic Charities moved for partial summary judgment on its claim alleging that DHS had not timely responded to its FOIA request for documents about processing requests for assessments. [ECF No. 17.] Defendant opposed that motion and filed its own motion for summary judgment on the other claims in the case. [ECF Nos. 22, 23.] On April 6, 2016, the Court denied Catholic Charities' motion for partial summary judgment and denied, without prejudice, Defendant's motion for summary judgment. [ECF No. 40.] With respect to the motion by Catholic Charities, the Court noted that, after Catholic Charities filed the motion, Defendant had responded to its FOIA request on October 18, 2015. *Gatore v. U.S. Dep't of Homeland Sec.*, 177 F. Supp. 3d 46, 54 (D.D.C. 2016). Further, the Court held that Catholic

Charities' motion failed to address the legal standards applicable to claims for attorney's fees and costs and therefore must be denied in that respect. *Id.* at 55.

As for Defendant's motion, the Court held that it "might be inclined to rule in favor of the defendant here, were it not for two matters of concern" with Defendant's declaration. *Id.* at 52. The Court therefore ordered Defendant to "submit a revised *Vaughn* index, affidavit, or declaration, that reassesses the issue of segregability as to each of the individual plaintiffs' assessments, and provides an adequate description of each assessment to support the defendant's assertion that no portion may be released." *Id.* at 52. In compliance with the Court's order, on May 27, 2016, Defendant submitted a supplemental declaration addressing both of the Court's concerns. [ECF No. 44.] Defendant neglected at the time, however, to formally renew its motion for summary judgment, and the Court did not act on Defendant's supplemental declaration alone.[1]

Shortly after Defendant filed the supplemental declaration, Catholic Charities refiled its motion for partial summary judgment, this time seeking a FOIA Processing Guide referenced in the supplemental declaration. [ECF No. 46.] Two months later, on June 9, 2016, Catholic Charities also filed a "motion to compel," again seeking the same document. [ECF No. 48.] Defendant opposed the motion to compel [ECF No. 53], but did not lodge a separate docket entry opposing the renewed motion for summary judgment. On February 3, 2017, this Court granted in part and held in abeyance in part Catholic Charities' motion, noting that Defendant had not opposed the motion nor offered any explanation for not furnishing the requested document. [ECF No. 58 at 1–2.] The Court held Catholic Charities' request for attorney's fees in abeyance, however, to "give the defendant an opportunity to submit a response, if it chooses, to the amount sought, to ensure

---

[1] Defendant has since renewed its motion for summary judgment on the individual plaintiffs' claims and on Catholic Charities' purported policy-or-practice claim. That motion is fully briefed and awaiting the Court's decision. [*See* ECF Nos. 77, 78, and 82.]

that this issue is fully briefed prior to its resolution." [*Id.* at 8.] On February 14, 2017, Defendant moved for reconsideration of that order, noting that Catholic Charities' FOIA request, by its terms, sought only documents specific to processing assessments to refer, not records governing the processing of all FOIA requests. [ECF No. 65.]

On June 27, 2017, the Court denied Defendant's motion for reconsideration and ordered Defendant to provide Catholic Charities with a copy of the FOIA Processing Guide. It also ordered Defendant to "show cause, in writing not to exceed ten (10) pages, why the Court should not award the amount of attorney's fees and costs requested by Catholic Charities." [ECF No. 79 at 6.] It also permitted Catholic Charities to file a reply within seven days, also not to exceed ten pages. [*Id.* at 7.] The parties initially engaged in discussions about settling the issue of attorney's fees, but those discussions ended when counsel for Catholic Charities, at the last minute, refused to join a motion to stay the briefing deadline on fees unless Defendant capitulated to its settlement demands. [ECF No. 83.] The Court nevertheless granted Defendant its requested extension, and it now timely files its response to the Court's order to show cause.

## ARGUMENT

FOIA contains a fee-shifting provision stating that a trial court "*may* assess against the United States reasonable attorney fees and other litigation costs reasonably incurred" where "the complainant has *substantially prevailed*." 5 U.S.C. § 552(a)(4)(E)(i) (emphasis added). This fee-shifting provision requires a two-step inquiry. First, the Court must determine if the plaintiff is eligible for an award of fees and costs by "ask[ing] whether a plaintiff has substantially prevailed and thus may receive fees." *Brayton v. Office of U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011). Second, "[i]f the requester is eligible for a fee award, a court 'proceeds to the entitlement prong and considers a variety of factors to determine whether the plaintiff *should* receive fees.'" *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 66–67

3

(D.D.C. 2013) (quoting *Brayton*, 641 F.3d at 524). Further, even if a plaintiff meets both tests, the determination of how much to award in fees and costs is committed to the Court's discretion. *Elec. Priv. Info. Ctr. v. F.B.I.*, 72 F. Supp. 3d 338, 352 (D.D.C. 2014).

## I.     Catholic Charities Is Not Entitled to Any Fees Whatsoever.

A court may consider a number of factors in determining entitlement to attorney's fees, including but not limited to: (1) public benefit derived from the suit; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest; and (4) the reasonableness of the agency's withholding of requested documents. *McKinley v. Fed. Hous. Fin. Agency*, 739 F.3d 707, 711 (D.C. Cir. 2014) (citing *Tax Analysts v. U.S. Dep't of Justice*, 965 F.2d 1092, 1093 (D.C. Cir. 1992)). The first three factors "assist a court in distinguishing between requesters who seek documents for public informational purposes and those who seek documents for private advantage." *Davy v. C.I.A.*, 550 F.3d 1155, 1160 (D.C. Cir. 2008). Those factors are therefore sometimes considered together. *See Elec. Privacy Info. Ctr. v. U.S. Drug Enf't Admin.*, --- F. Supp. 3d ---, No. 15-00667, 2017 WL 3049403, at *3 (D.D.C. July 18, 2017).

Catholic Charities' request was for private advantage and not for public informational purposes. Its motion for summary judgment sought only a single document: a FOIA Processing Guide used by Defendant in responding to FOIA requests. [*See* Pl.'s MSJ at 4, ECF No. 46.] As Catholic Charities acknowledges, it sought that document specifically for use in this litigation after Defendant's declarant, Jill Eggleston, referred to it in testimony supporting Defendant's first motion for summary judgment. [*Id.*] Indeed, upon receipt of the Processing Guide, Catholic Charities filed an unauthorized "supplement" to its opposition to Defendant's motion for summary judgment, heavily relying on that newly released document. [*See* ECF No. 86.] The D.C. Circuit, however, has held that a litigant is not entitled to fees where the requested document is of no public

4

value and is sought simply for use in litigation against the government. *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) ("In this case, no evidence exists that the release of the two non-exempt documents will contribute to the public's ability to make vital political choices. Plaintiff does not even argue this point. Rather, she sought these documents for the sole purpose of facilitating her employment discrimination suit."). Here too, Catholic Charities is not entitled to fees for obtaining records that are effectively discovery to aid in this litigation.

Catholic Charities offers no argument to the contrary. In fact, it does not even attempt to contend that its request for the FOIA Processing Guide entitles it to fees,[2] and instead relies upon the individual Plaintiffs' requests for records about their asylum proceedings. [*See* Pl.'s MSJ at 8–9.] That is a red herring. The individual Plaintiffs have not prevailed on their request for asylum records; Defendant's motion for summary judgment on those claims remains pending. [*See* ECF No. 77.] Instead, Catholic Charities' fees petition relates solely to its request for the FOIA Processing Guide. Because Catholic Charities offers no argument that it is entitled to fees related to that request, its petition for fees should be denied outright.

As to the fourth factor, the government was not unreasonable in not releasing the full FOIA Processing Guide to Catholic Charities. As Defendant explained in its motion to reconsider, Catholic Charities limited its FOIA request to documents about "processing, answering, and responding to FOIA requests *for assessments of asylum officer*;" so Defendant released only the sections of its FOIA Processing Guide related to that specified subject matter. [*See* Def.'s Mot. to Reconsider at 7, ECF No. 65-1.] Had Catholic Charities desired information about the processing

---

[2] Nor may Catholic Charities raise such an argument for the first time in a reply brief. *Jones v. Mukasey*, 565 F. Supp. 2d 68, 81 (D.D.C. 2008) ("As the D.C. Circuit has consistently held, the Court should not address arguments raised for the first time in a party's reply.").

of *all* FOIA requests, it presumably would not have included a subject-matter qualifier. Indeed, Catholic Charities raised no objection to Defendant's October 2015 release until Defendant filed a document in this case referencing the FOIA Processing Guide in May 2016. [*Id.* at 3.] For these reasons, Defendant's decision not to initially release the full FOIA Processing Guide in response to Catholic Charities' subject-matter-specific request was not unreasonable and does not entitle Catholic Charities to fees.

## II.   Catholic Charities Is Not Eligible for All of Its Claimed "Fees on Fees."

Even if Catholic Charities were entitled to fees, it would not be eligible for all of the fees it seeks. Defendant acknowledges that Catholic Charities prevailed on its ninth cause of action and that it is eligible for attorney's fees on that discrete issue. But most of the fees that Catholic Charities demands relate not to its ninth cause of action per se, but to its request for attorney's fees itself. In fact, of the 16.85 total hours claimed by Catholic Charities' counsel, 9.25 of those hours (55% of them) relate solely to its request for attorney's fees—so-called "fees on fees." *See* Cleveland Decl., Ex. B, ECF No. 46-3.[3] For the reasons stated below, however, Catholic Charities' fee request is flawed in multiple respects because it seeks unreasonable rates and claims unreasonable hours. Consequently, the 9.25 hours attributed to its fees petition should be reduced by the same percentage that its overall fee award must be reduced. *See Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.*, 197 F. Supp. 3d 290, 297 (D.D.C. 2016) ("Courts regularly conclude that fees on fees should be reduced to exclude time spent on unsuccessful fee requests."); *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 61 (D.D.C. 2013) (awarding plaintiff "the same percentage of fees for fee litigation as it does for fees on the merits"). As discussed in

---

[3] In calculating these numbers, Defendant classifies all of the time purportedly accrued in June 2016 except the 0.9 hours for "review of ECF # 17, 23, and 25" as relating solely to fees. *See* Cleveland Decl., Ex. B at 3.

6

Part III below, Catholics Charities' claimed fees are subject to a reduction of 37%. Accordingly, it is subject to a concomitant reduction to the time its counsel spent litigating fees.

### III.     The Fees Requested by Catholic Charities Are Unreasonable.

Catholic Charities' request for fees is unreasonable in two respects. First, and most importantly, it requests unreasonable rates that it has not justified and that have been roundly rejected by courts in this district. Second, it claims unreasonable hours, a disproportionate amount of which were devoted to its calculation and request for its own fees.

#### A.     Catholic Charities' Proposed Rates Are Unreasonable.

Catholic Charities has not met its burden of showing that the rates it seeks are reasonable. "[T]he burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *C.R.E.W. v. D.O.J.*, 142 F. Supp. 3d 1, 16 (D.D.C. 2015) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). To that end, the fee applicant "must provide 'evidence that her requested rates are in line with those prevailing in the community for similar services.'" *Joaquin v. Friendship Pub. Charter Sch.*, 188 F. Supp. 3d 1, 11 (D.D.C. 2016) (quoting *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)).

Catholic Charities asks the Court to apply the so-called LSI Matrix that has been occasionally (though not predominantly) used in this district. [Pl.'s MSJ at 11, ECF No. 46.] *See Berke v. Fed. Bureau of Prisons*, 942 F. Supp. 2d 71, 77 (D.D.C. 2013) ("Although plaintiff is correct that courts in this jurisdiction have, at times, approved the use of the [LSI Matrix], the [USAO's *Laffey* Matrix] is far more widely accepted.") (listing several cases). Catholic Charities contends that this LSI Matrix has been "approved" by the D.C. Circuit. *Id.* (citing *Salazar v. Dist. of Columbia*, 809 F.3d 58 (D.C. Cir. 2015)). That is a misreading of *Salazar*. The holding in that

7

case was only that the district court had not abused its discretion in allowing fees based on the LSI Matrix, because defendants in that case presented no "relevant arguments" rebutting the notion that those rates were in line with prevailing rates for the type of case at issue (*i.e.*, a class action claiming Medicaid violations). *See Salazar*, 809 F.3d at 64–65. The Circuit did *not* broadly "approve" the LSI Matrix on its merits, as Catholic Charities inaccurately suggests. Indeed, following *Salazar*, courts in this district, including, importantly, *this* Court, have continued to reject the LSI Matrix in favor of the *Laffey* matrix published by the United States Attorney's Office. *See Salmeron v. Dist. of Columbia*, 195 F. Supp. 3d 153, 166 (D.D.C. 2016) (Walton, J.) ("Accordingly, the Court declines to apply the LSI *Laffey* Matrix but, instead, will adhere to its longstanding practice of using the USAO *Laffey* Matrix as a guide and evaluating on a case-specific basis what amount of attorneys' fees should be awarded.") (internal citations and quotation marks omitted).

The only case that Catholic Charities cites as having used the LSI Matrix over the USAO *Laffey* Matrix is one decided by Judge Cooper. [Pl.'s MSJ at 11 (citing *C.R.E.W. v. U.S. Dep't of Justice*, 80 F. Supp. 3d 1, 3 (D.D.C. 2015) (Cooper, J.)).] But, as Judge Cooper has noted in a subsequent case, the United States Attorney's Office has since revised its methodology for updating fee matrixes. Accordingly, any cases applying the LSI Matrix over the former USAO *Laffey* Matrix are no longer relevant. *See Elec. Privacy Info. Ctr. v. U.S. Drug Enf't Admin.* ("*EPIC*"), --- F. Supp. 3d ---, No. 15 -00667, 2017 WL 3049403, at *5 (D.D.C. July 18, 2017) ("These cases [including *Salazar*] are inapposite, however, insofar as they do not discuss the updated USAO matrix's new methodology . . . ."). As Judge Cooper concluded in *EPIC*, "[a]fter examining the case law and the supporting evidence offered by both parties, the Court is persuaded that the updated USAO matrix, which covers billing rates from 2015 to 2017, is the most suitable

choice here." *Id.* Judge Cooper was persuaded by an expert declaration by Dr. Laura Malowane explaining that the updated USAO Matrix "is based on 2011 rather than 1989 billing rates, breaks attorney experience levels into nine categories rather than five, and uses an inflation index that better captures the pricing changes of the relevant market." *Id.* (internal quotation marks omitted). That declaration is also submitted with this brief as Exhibit 1. Catholic Charities has cited no case (and Defendant is aware of none) that has rejected rate in the updated USAO Matrix in favor of the LSI Matrix rates. Accordingly, this Court should reject the LSI Matrix rates suggested by Catholic Charities and instead apply the updated USAO Matrix rates.[4] That results in the following reductions:

| Year | Hours | Laffey Rate (USAO Rate for 2015-16) | Fees | Salazar Rate | Fees | Dollar Difference | Percent Difference |
|---|---|---|---|---|---|---|---|
| 2014-2015 | 1.80 | $520 | $936.00 | $789 | $1,420.20 | $484.20 | **+34%** |
| 2015-2016 | 4.90 | $568 | $2,783.20 | $796 | $3,900.40 | $1,117.20 | **+29%** |
| 2016-2017 | 10.15 | $581 | $5,897.15 | $820 | $8,323.00 | $2,425.85 | **+29%** |
| **TOTALS**: | **16.85** | | **$9,616.35** | | **$13,643.60** | **$4,026.65** | **30%** |

    B.    **Catholic Charities' Claimed Hours Are Unreasonable.**

Additionally, Catholic Charities' requested fees should be reduced because its counsel spent excessive time on its fees petition. "Fees on fees must be reasonable, and not excessive." *Elec. Privacy Info. Ctr. v. FBI*, 80 F. Supp. 3d 149, 162 (D.D.C. 2015) (internal citation and quotation marks omitted). "Courts, therefore, have an obligation to scrutinize the hours spent preparing the fee petitions to insure that the total is reasonable and that it does not represent a windfall for the attorneys." *Boehner v. McDermott*, 541 F. Supp. 2d 310, 325 (D.D.C. 2008)

---

[4] The new USAO Matrix rates begin in 2015. For the 1.80 hours claimed by Catholic Charities in 2014-2015, Defendant uses the prior USAO *Laffey* Matrix rate. All USAO rate matrixes are available online at https://www.justice.gov/usao-dc/civil-division. (*See also* Exhibits 2 and 3.)

(internal citation and quotation marks omitted). As noted above, fully 55% of the total fees requested by Catholic Charities relate solely to its fees petition and not to litigating the underlying claim on which it prevailed. In *EPIC v. United States Department of Homeland Security*, a court in this district held to be excessive a "fees on fees award that is roughly equivalent to the amount of time EPIC spent on summary judgment." 218 F. Supp. 3d 27, 52 (D.D.C. 2016). So too here. Catholic Charities' requested fees on fees exceeds the fees requested for litigating its underlying motion. Defendant therefore proposes a 33% reduction (*i.e.*, 3.05 hours) to Catholic Charities' fees-on-fees time, which will allow it to be compensated for 6.20 hours devoted to fees. That still amounts to 37% of its total time—over one third.

This results in the following reduction:

| Year | Claimed Hours | Fees | Reasonable Hours | Fees | Dollar Difference | Percent Difference |
|---|---|---|---|---|---|---|
| 2014-2015 | 1.8 | $936.00 | 1.8 | $936.00 | $0 | **+0%** |
| 2015-2016 | 4.9 | $2,783.20 | 4.9 | $2,783.20 | $0 | **+0%** |
| 2016-2017 | 10.15 | $5,897.15 | 7.1 | $4,125.10 | $1,772.05 | **+30%** |
| **TOTALS**: | | **$9,616.35** | | **$8,541.50** | **$1,772.05** | **+18%** |

## CONCLUSION

For the foregoing reasons, Catholic Charities' fees request should be denied because it is ineligible for fees. If the Court does award fees, those fees should be reduced from the requested amount of $13,643.00 to $8,541.50 (a 37% reduction) to account for unreasonable rates and hours claimed by Catholic Charities. The amount of Catholic Charites' award attributable to fees on fees ($3,602.20) should then also be reduced by 37% to account for its lack of substantial success on its motion. That results in an additional reduction of $1,332.81, and a total award (if any) of **$7,208.69**.

Dated: August 16, 2017                    Respectfully Submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:  /s/ Johnny Walker
    JOHNNY H. WALKER, D.C. Bar # 991325
    Assistant United States Attorney
    555 4th Street, N.W.
    Washington, District of Columbia 20530
    Telephone: 202 252 2575
    Email: johnny.walker@usdoj.gov

*Counsel for Defendant*