# EXHIBIT A

Carolyn Pravlik declaration

dated August 23, 2017

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RICA GATORE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 15-CV-459 (RBW) |
| ) | |
| U.S. DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**AFFIDAVIT OF CAROLYN SMITH PRAVLIK**

I, Carolyn Smith Pravlik, hereby depose and state:

1. I am a partner with Terris, Pravlik & Millian, LLP ("TPM"). Since joining the firm in 1981, all of my work has been in complex federal litigation. TPM has highly-specialized knowledge in the litigation of fees, particularly fee litigation issues in the District of Columbia Circuit. The firm has been litigating fee issues under many fee-shifting statutes, particularly environmental and civil rights statutes, since it was founded. I have been litigating fee issues, particularly the issue of reasonable hourly rates on behalf of TPM's clients, since 1981, prior to the establishment of the *Laffey* Matrix (*see* paras. 5-7 below).

2. I have been asked by David Cleveland, plaintiffs' counsel in the above-captioned case, to prepare this affidavit regarding the competing matrices of attorneys' hourly rates in the District. This affidavit describes the matrices and summarizes the evidence TPM has compiled to demonstrate that the LSI *Laffey* Matrix better reflects the prevailing market rates in the District of

Columbia for complex federal litigation than the USAO Matrix 2015-2017 or the USAO *Laffey* Matrix.[1]

## TPM'S RECENT EXPERIENCE LITIGATING MARKET RATES IN *SALAZAR v. DISTRICT OF COLUMBIA* AND *DL v. DISTRICT OF COLUMBIA*

3.   TPM is counsel for plaintiffs in *Salazar v. District of Columbia*, D.D.C. Case No. 93-cv-452, a long-standing class action in which, in 2015, the court of appeals affirmed a fee award based on the rates evidence presented by the plaintiffs and found no fault with the district court's conclusion "that 'the LSI-adjusted [*Laffey*] matrix is probably a *conservative* estimate of the actual cost of legal services in this area.'" 809 F.3d 58, 65 (D.C. Cir. 2015) (emphasis in original; citation omitted).

4.   TPM is also counsel for plaintiffs in *DL v. District of Columbia*, D.D.C. Case Number 05-cv-1437 (RCL), another long-standing class action in the which the plaintiffs' fee application is currently pending. *See DL* Docket, ECF Nos. 537, 554, 564, 566, 571, 574. Hourly rates have been heavily disputed in that case. For the *DL* case, TPM updated and expanded upon the rates evidence presented in *Salazar*. The relevant *DL* rates evidence is presented here as exhibits submitted with this affidavit. I have included a list of those exhibits at the end of this affidavit. All of the exhibits relate to the fee matrices or market rates in the District. The numbers for the exhibits referenced herein (*e.g.*, Pl. Ex. 1) are the exhibit numbers used in the *DL* litigation. Although the *DL* exhibit numbers range from 1 to 124, not all of the exhibits are presented here.

---

[1] The LSI *Laffey* Matrix is the *Laffey* Matrix updated using the Legal Services Index (LSI) component of the Consumer Price Index (CPI). The USAO *Laffey* Matrix is the *Laffey* Matrix updated using the All-Items Regional CPI. The USAO Matrix 2015-2017 is the new matrix adopted by the USAO in 2015 which is based on entirely different data as addressed in paragraph 9 below.

2

## MATRICES OF ATTORNEYS' RATES IN
## THE DISTRICT OF COLUMBIA

5. When considering fee applications, this court has for years relied upon the "*Laffey* Matrix*,*" a schedule of hourly rates developed in *Laffey v. Northwest Airlines*, 572 F. Supp. 354 (D.D.C. 1983), affirmed in part and reversed in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984), overruled in part on other grounds, *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (*en banc*).

6. The *Laffey* Matrix is a composite of billing rates for firms of different sizes. It is based on data for sole practitioners, and small, medium, and large firms. Plaintiffs' Exhibit 30 is the Affidavit of Daniel Rezneck in *Laffey v. Northwest Airlines*, and its attached exhibit. The exhibit to the Rezneck Affidavit sets forth the data for the *Laffey* Matrix.[2] The exhibit has 22 entities listed. *See* Pl. Ex. 31. In addition to larger firms—*e.g.*, Arnold & Porter, Covington & Burling, and Steptoe & Johnson—the following were included (*ibid*.):

| Attorney or Firm in *Laffey* Exhibit (Pl. Ex. 31) | Size from 1982 Listing in Martindale-Hubbell[3] (Including Members, Associates and Of Counsel) | Page in 1982 Martindale-Hubbell (Pl. Ex. 32) |
|---|---|---|
| Caplin & Drysdale | 35 | 1162B – 1166B |
| Ewald, Thomas R. | Sole Practitioner | 1311B |
| Hahn, Gilbert T. (Wolf, Amram & Hahn) | 6 | 2048B – 2049B |
| McDonald, Bradley G. | Sole Practitioner | 1630B |
| Miller, Cassidy, Larroca & Lewin | 17 | 1654B - 1656B |
| Miller & Chevalier | 57 | 1657B - 1662B |
| Nussbaum, Owen & Webster | 11 | 1687B - 1688B |
| Seymour, Samuel (Seymour, Seefried & Hoffman) | 4 | 1836B |

---

[2] For convenience, the exhibit is attached independent of Mr. Rezneck's affidavit as Plaintiffs' Exhibit 31.

[3] The 1982 Martindale-Hubbell Law Directory listings for these firms are set forth in Plaintiffs' Exhibit 32.

3

7. The *Laffey* Matrix provided market rates for complex federal litigation in Washington, D.C., for the period from 1981 to 1982. *See Laffey, supra*, 572 F. Supp. at 374-375; Pl. Ex. 30, para. 10. Subsequently, the matrix was updated through May 31, 1989, at the urging of the court of appeals in its *en banc* decision in *Save Our Cumberland Mountains, supra*, 857 F.2d at 1525, in connection with a settlement reached on remand in that case. *See, e.g., Trout v. Ball*, 705 F. Supp. 705, 709, n. 10 (D.D.C. 1989) (the updated matrix developed in *Save Our Cumberland Mountains v. Hodel* "does provide an updated and accurate schedule of attorney fees in this District"); *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 13 (D.D.C. 2000).

8. Two inflation indices have typically been used to update the *Laffey* Matrix to present. The LSI *Laffey* Matrix (Pl. Ex. 23) updates the 1989 *Laffey* Matrix (resulting from *Save Our Cumberland Mountains*) using the LSI, which is an index related only to legal services. *See* Pl. Ex. 1, para. 82; Pl. Ex. 27, paras. 10-13. The other inflation index is the All-Items Regional CPI, which the USAO used to update the 1981-1982 *Laffey* Matrix, to yield the USAO *Laffey* Matrix, which the USAO relied upon until 2015. *See, e.g.,* Pl. Ex. 25. The differences in the indices used produce very different updated rates. *See* Pl. Ex. 23; Pl. Ex. 25; Pl. Ex. 115, para. 32. Prior to 2015, disputes regarding the *Laffey* Matrix generally related to the appropriateness of the inflation index used to update the base rates to present. As explained below, since 2015, the dispute has shifted from the indices to the base rates data.

9. The USAO stopped using the USAO *Laffey* Matrix in 2015. It now uses a new baseline survey, which it explains comes from ALM Legal Intelligence's 2010 & 2011 Survey of Law Firm Economics.[4] *See* Pl. Ex. 24, n. 2. As part of the *DL* fees litigation, I learned that the

---

[4] According to its website, ALM Legal Intelligence "offers detailed business information and competitive intelligence about the legal industry * * *." http://www.almlegalintel.com/aboutus.aspx (last visited August 23, 2017).

4

base data for the USAO Matrix 2015-2017 is actually a custom report prepared for the USAO by ALM from the 2011 ALM Survey of Law Firm Economics ("2011 ALM SLFE") database and therefore is only available through the United States' release of the data under FOIA or through litigation. *See* Pl. Ex. 70, paras. 4-9; Pl. Exs. 84, 88, 91. The USAO also no longer uses the All-Items Regional CPI as its inflation index. Instead, it updates the rates in the custom report it obtained from the 2011 ALM SLFE using the Producer Price Index – Offices of Lawyers Index (PPI-OL). *See* Pl. Ex. 24, n. 2. Like the LSI, the PPI-OL is an index related only to legal services.

10. For the timeframes when the LSI and the PPI-OL indices overlap, they report similar rates of price change for legal services. Pl. Ex. 27, para. 17. This means that when the same hourly rate is adjusted with the LSI or the PPI-OL, the resulting hourly rate is about the same. *Ibid.* The USAO's switch to the PPI-OL from the All Items Regional CPI has shifted the dispute from one regarding the adjustment index to one regarding the base data. *Id.*, para. 22.

11. The LSI *Laffey* Matrix rates are higher than the USAO Matrix 2015-2017 rates. *Compare* Pl. Ex. 23 (rates for 2016-2017) *with* Pl. Ex. 24 (same).

12. In many cases, the proponent of the USAO *Laffey* Matrix or the USAO Matrix 2015-2017 (generally the United States or the District of Columbia) has retained Dr. Laura Malowane as an expert who has supported those matrices. Similarly, in many cases, the proponent of the LSI *Laffey* Matrix has set forth expert testimony from economist Dr. Michael Kavanaugh. Dr. Kavanaugh provided expert affidavit testimony in *DL*.

13. Dr. Kavanaugh explained in his April 26, 2017, declaration in *DL* that the custom report of the 2011 ALM SLFE data that serves as the base for the USAO Matrix 2015-2017 is based on average rates for all types of legal services, not just complex federal litigation. *See* Pl. Ex. 78, paras. 7-16. He further explained that this data problem is exacerbated by the fact that the

custom report of the 2011 ALM SLFE base data includes more non-complex legal services due to its expansion of the geography beyond Washington, D.C. to include counties in Virginia, West Virginia, and Maryland.[5] *Ibid.* Dr. Kavanaugh also rebutted other points raised by Dr. Malowane. *See generally* Pl. Ex. 78. For example, he explained that Dr. Malowane is incorrect when she states that the 2011 ALM SLFE relies upon "actual" billing rates, as opposed to standard rates. Pl. Ex. 78, para. 22. He explains that the 2011 ALM SLFE and the 2011 ALM SLFE custom report state that they provide "Standard Hourly Billing Rates." *Ibid.*

14.     In *DL v. District of Columbia*, the United States, a non-party, filed a Statement of Interest urging the court to select the USAO Matrix 2015-2017 over the LSI *Laffey* Matrix. *See* ECF No. 564. The United States disputed the 1989 base rates for the LSI *Laffey* Matrix. *See* ECF Nos. 564, 571, 574. In response, the plaintiffs there demonstrated that the 1989 *Laffey* Matrix has been adopted by the courts of the D.C. Circuit as the update of the original *Laffey* Matrix, that it was the updated *Laffey* Matrix relied upon by the court of appeals in *Covington v. District of Columbia*, 57 F.3d 1101, 1105-1106, 1109-1112 (D.C. Cir. 1995), certiorari denied, 516 U.S. 1115 (1996) (setting forth the requirements for rates evidence), and that market evidence comports with the 1989 *Laffey* Matrix. *See* Plaintiffs' Response to the Statement of Interest of the United States,

---

[5] The 2011 ALM SLFE includes rates data for the District of Columbia only. Pl. Ex. 81, p. 143. It is lacking data for some of the experience levels. *Ibid.* When the ninth decile rate for the top experience level for the District of Columbia only in the 2011 ALM SLFE (*ibid.*) is adjusted in the same manner as the USAO Matrix 2015-2017, it exceeds the rates in both matrices. The updated ninth decile rate is $879 for the rate year 2016-2017. Pl. Ex. 78, para. 16. The top LSI *Laffey* Matrix and USAO Matrix 2015-2017 rates for the rate year 2016-2017 are $826 and $581, respectively. Pl. Exs. 23, 24. The ninth decile rates are those for the top 10% and Dr. Malowane describes the top 10% rates as reflecting the rates for complex federal litigation. Pl. Ex. 78, para. 16.

ECF No. 571. They further showed that, as of 1989, the rates in the 1989 *Laffey* Matrix, and the USAO *Laffey* Matrix as updated through 1989, were comparable.[6] *Id.*, pp. 18-19.

## COMPARISON OF MATRICES TO MARKET DATA

15.  For the fee application in *DL*, TPM collected market data for the period from January 2015 to September 2016 from sources which have all been recognized by the court of appeals in *Covington, supra*, 57 F.3d at 1109, as appropriate sources of market data. The market data was comprised of affidavits from attorneys familiar with the marketplace and affidavits and other materials from fee applications in other cases. The details of the efforts to collect these data are described in Plaintiffs' Exhibit 1 at paragraph 88.

16.  Plaintiffs' Exhibit 48 is a summary of the market data. Additional detail is provided in Plaintiffs' Exhibit 47. Plaintiffs' Exhibit 47 is a chart that sets forth the *Laffey* Matrix experience levels, the LSI *Laffey* Matrix rates, the USAO Matrix 2015-2017 rates, the rates data from the source exhibit, and a citation to the source exhibit where the rates information is set forth. Detail related to the preparation of these exhibits is provided in Plaintiffs' Exhibit 1 at paragraph 89.[7]

---

[6] In the 1990's, the USAO *Laffey* Matrix stopped producing comparable rates due in part to the geographical expansion of the All-Items Regional CPI. *See* Pl. Ex. 115, paras. 7, 22-23; Pl. Exs. 121, 122, 123, 124, paras. 9-11 (information regarding the geographical expansion). Due to this and other factors, the rates in the USAO *Laffey* Matrix no longer reflected market rates so, in 1999, the *Salazar* plaintiffs submitted their first fee application updating the 1989 *Laffey* Matrix using the LSI. *See Salazar, supra*, 123 F. Supp. 2d at 10, 13. Thereafter, litigation over the appropriate index for updating the matrices ensued as described in paragraph 8 above.

[7] In the USAO Matrix 2015-2017, the experience levels have changed as compared to the earlier USAO *Laffey* Matrix and the LSI *Laffey* Matrix. *Compare* Pl. Ex. 24 (USAO Matrix 2015-2017), *with* Pl. Ex. 25 (USAO *Laffey* Matrix) *and* Pl. Ex. 23 (LSI *Laffey* Matrix). To present the comparison in Plaintiffs' Exhibits 47 and 48, TPM presented the USAO Matrix 2015-2017 using the *Laffey* Matrix experience levels, but using the highest USAO Matrix 2015-2017 rate applicable to the experience level for the year. *See* Pl. Ex. 1, para. 89(d). For example, the *Laffey* Matrix has an experience level of 20+ years (Pl. Ex. 23) and the USAO Matrix 2015-2017 has three comparable experience levels—16-20, 21-30, and 31+ years (Pl. Ex. 24)—each with a separate hourly rate for 2016-2017—$516, $543, and $581, respectively (*ibid.*). For the comparison at the

17.     The market data show that the USAO Matrix 2015-2017 rates are 29.68% below market, and the LSI *Laffey* Matrix is 9.36% below market, as summarized in the following tables. *See also* Pl. Ex. 27, paras. 24-26.

| *Laffey* Matrix Experience Levels | Average of Law Firm Averages (from Pl. Ex. 48, p.1) | USAO Matrix 2015-2017 (2016-2017 Rates) | USAO Matrix 2015-2017 Greater (Less) | Average Difference |
|---|---|---|---|---|
| 20th+ | $842[8] | $581 | -31.00% | |
| 11th – 19th | $684 | $516 | -24.61% | |
| 8th – 10th | $637 | $395 | -38.00% | -29.68% |
| 4th – 7th | $585 | $339 | -42.04% | |
| 1st – 3rd | $433 | $322 | -25.69% | |
| Paralegal | $189 | $157 | -16.76% | |

| *Laffey* Matrix Experience Levels | Average of Law Firm Averages (from Pl. Ex. 48, p. 1) | LSI *Laffey* Matrix (2016-2017 Rates) | LSI *Laffey* Matrix Greater (Less) | Average Difference |
|---|---|---|---|---|
| 20th+ | $842 | $826 | -1.91% | |
| 11th – 19th | $684 | $686 | 0.23% | |
| 8th – 10th | $637 | $608 | -4.56% | -9.36% |
| 4th – 7th | $585 | $421 | -28.02% | |
| 1st – 3rd | $433 | $342 | -21.07% | |
| Paralegal | $189 | $187 | -0.85% | |

18.     The market data evidence also includes evidence of billing rates from periods prior to 2015. Pl. Ex. 1, para. 90. The pre-2015 data show rates that are more closely aligned with the

---

20+ level, we used the USAO Matrix 2015-2017 rate of $581, which is the highest rate from that matrix applicable to someone at the 20+ level. *See* Pl. Exs. 47-49.

[8] In *DL,* the United States argued that this market data wrongly included a rate from an attorney practicing in Delaware. The United States was right, but that error decreased the average market rates for attorneys working on complex federal litigation in the District. Excluding that attorney's rate of $675 per hour would increase the average market rate for such attorneys with 20 or more years of experience from $842 to $850. *See* Pl. Ex. 124, para. 4. In short, that error resulted in slightly understating the percentage by which the USAO Matrix 2015-2016 and the LSI *Laffey* Matrix are below market.

8

rates in the LSI *Laffey* Matrix than the rates in the USAO Matrix 2015-2017. *See* Pl. Exs. 40-42, 50-53.

19. The pre-2015 data includes 2012-2013 data of rates for complex federal litigation, referred to as the Valeo rates data, that was submitted by Arent Fox in *Biery v. United States*, Fed. Cl. Civ. No. 07-693. The Valeo rates data is for complex federal litigation in Washington, D.C.[9] *See* Pl. Ex. 53, para. 18 and Exhibit E. The Valeo rates data provides another set of data based on complex federal litigation against which to assess the rates in the LSI *Laffey* Matrix and the USAO Matrix 2015-2017. Pl. Ex. 78, para. 21. Plaintiffs' Exhibit 79 updates the 2012 and 2013 Valeo rates data to the present using the PPI-OL (the inflation index now used by the USAO) and the experience levels from both the USAO Matrix 2015-2017 and the *Laffey* Matrix. Pl. Ex. 70, paras. 13-18; Pl. Ex. 78, paras. 19-21. The updated Valeo rates exceed the LSI *Laffey* Matrix rates. Pl. Ex. 79, pp. 2-3; Pl. Ex. 78, para. 20.

20. Plaintiffs' Exhibits 17, 51-56, 61, and 65-68 are affidavits from complex federal litigators in the Washington, D.C., marketplace who are familiar with the prevailing market rates for complex federal litigation. Each of these affidavits further confirms that the rates in the LSI *Laffey* Matrix are consistent with or below prevailing market rates for complex federal litigation. For example, Steven K. Davidson of Steptoe & Johnson LLP states that in his expert opinion the LSI *Laffey* Matrix "is a more accurate schedule of hourly rates" and is "consistent with the prevailing market rates." Pl. Ex. 54, paras. 1, 16, 22. Nathan Lewin, whose rate was included in the 1981-1982 *Laffey* Matrix, testifies that his current rate for complex federal litigation is $750

---

[9] The Valeo data is available from Valeo Partners LLC and presents rates "actually billed to a client or determined by a court—they are not surveyed, self-reported or estimated." Pl. Ex. 53, para. 18; *see also* https://www.valeopartners.com/legal/valeo-database (last visited August 23, 2017).

9

(Pl. Ex. 67, para. 12). His rate is better aligned with the LSI *Laffey* Matrix rate than the USAO Matrix 2015-2017 rate for a litigator in the 20+ experience level.

21. In *Salazar v. District of Columbia*, 809 F.3d 58, 64-65 (D.C. Cir. 2015), the court of appeals stated:

> Like the fee applicants in *Covington* [*v. District of Columbia*], 57 F.3d [1101] at 1110 [(D.C. Cir. 1995)], Plaintiffs submitted "a great deal of evidence regarding prevailing market rates for complex federal litigation." * * * With these numbers and submissions in the record, the district court's point that "the LSI-adjusted matrix is probably a conservative estimate of the actual cost of legal services in this area," does not appear illogical.

The evidence presented in *DL*, and described and presented here, is the same type of evidence that was presented in *Salazar*, and, with the addition of the Valeo rates data (Pl. Ex. 79), far exceeds the evidence presented in *Salazar*. The evidence of market rates for complex federal litigation in the District of Columbia assembled by TPM includes evidence of rates from 78 firms. *See* Pl. Ex. 124, para. 3.

**FIRM SIZE**

22. The United States and the District of Columbia frequently argue that the LSI *Laffey* Matrix rates reflect the rates of large firms and are too high for smaller firms. Aside from the fact that drawing such a distinction is contrary to the holdings in *Blum v. Stenson*, 465 U.S. 886, 892-895 (1984), *Save Our Cumberland Mountains, supra*, 857 F.2d at 1524-1525, and *Makray v. Perez*, 159 F. Supp. 3d 25, 52-53 (D.D.C. 2016), the market for complex federal litigation is a single marketplace comprised of law firms of different sizes, all of which compete against each other. Pl. Ex. 27, para. 20; Pl. Ex. 28, para. 16; Pl. Ex. 29, para. 11. It is not divided between large and small firms. *Ibid*.

23. As addressed above (para. 6), the *Laffey* Matrix is a composite of the rates from the complex federal litigation market and thus includes firms of all sizes. Each of the firms in the marketplace compete against each other to represent those who require the services of litigators

experienced in complex federal litigation. Pl. Ex. 28, para. 16; Pl. Ex. 29, para. 11; *see* Pl. Ex. 17, para. 6. This can be seen from the original *Laffey* Matrix data. In that data, Nathan Lewin, a 1960 graduate with the boutique firm of Miller, Cassidy, Larroca and Lewin,[10] had a rate of $250. Pl. Ex. 30, para. 16(e); Pl. Ex. 31, p. 3; Pl. Ex. 67, paras. 1-2, 4. His hourly rate of $250 is among the highest rates in the data underlying the *Laffey* Matrix. Only partners at Caplin & Drysdale had a higher rate ($300) and senior partners at Dickstein, Shapiro & Morin had the same rate. Pl. Ex. 31. By comparison, Daniel A. Rezneck, then of Arnold & Porter, who compiled the data and created the *Laffey* Matrix, had an hourly rate of $200. Pl. Ex. 30, paras. 1, 9; Pl. Ex. 31, p. 1.

24. Mr. Lewin explained in his affidavit in *DL* that the size of his firm and its overhead were irrelevant in setting its hourly rates. Pl. Ex. 67, paras. 7, 10. He also explained that he adjusted his hourly rate upward to account for general yearly increases as he moved from 35-attorney Miller Cassidy to 2-attorney Lewin & Lewin. Pl. Ex. 67, para. 8.

25. Bruce MacEwen, an expert regarding the legal market, who is both familiar with the Washington, D.C., legal market, as well as the national legal market, states that firm size is irrelevant to the setting of hourly rates. Pl. Ex. 29, para. 12; *see also* Pl. Ex. 27, para. 20; Pl. Ex. 28, para. 17; Pl. Ex. 67, paras. 8-9; Pl. Ex. 17, para. 6. He also states that overhead is irrelevant to the setting of rates. Pl. Ex. 29, para. 12; *see also* Pl. Ex. 28, para. 17; Pl. Ex. 67, para. 10.

### DISCOUNTS

26. The United States and the District of Columbia frequently argue that the LSI *Laffey* Matrix rates are too high and that the USAO Matrix 2015-2017 or USAO *Laffey* Matrix rates are more reflective of the market due to discounts. They claim that the discounts range from 6 to 10%. They are correct that many corporations or other entities with bargaining power get discounts on

---

[10] At the time, Miller Cassidy had 17 attorneys. Pl. Ex. 32, pp. 1654B-1656B.

standard rates charged by their attorneys. *See* Second Affidavit of Bruce MacEwen, April 20, 2017, Pl. Ex. 73, paras. 6-7, 17. In contrast, many plaintiffs, such as the plaintiffs here and in *Salazar* and *DL*, are not the types of clients with bargaining power who pay bills monthly and negotiate discounts. *See id.*, para. 6. Quite the contrary, in a contingent fee situation, instead of extending discounts to clients, firms demand a risk premium such that their compensation typically exceeds the traditional hours times rates compensation method. *Ibid.*; *see also* Pl. Ex. 37, para. 8. Even though it is unlikely that a discount could be obtained, the data above show that the LSI *Laffey* Matrix rates are 9.36% below market and thereby already incorporate a discount.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on August 23, 2017.

/s/*Carolyn Smith Pravlik*
CAROLYN SMITH PRAVLIK
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
(202) 204-8475

## LIST OF ACCOMPANYING EXHIBITS FROM
## *DL v. DISTRICT OF COLUMBIA*, 05-cv-1437(RCL)

| *DL* Exhibit No. | *DL* ECF No. | Description |
|---|---|---|
| 1 | 537-1 | Affidavit of Bruce J. Terris |
| 17 | 537-17 | Affidavit of Cyrus Mehri |
| 22 | 537-22 | U.S. Department of Commerce, Bureau of Labor Statistics, Legal Services Component of the Consumer Price Index |
| 23 | 537-23 | *Laffey* Matrix Updated Using Legal Services Index ("LSI *Laffey* Matrix") |
| 24 | 537-24 | USAO Matrix 2015-2017 |
| 25 | 537-25 | USAO *Laffey* Matrix 2014-2015 |
| 26 | 537-26 | Affidavit of Carolyn Smith Pravlik |
| 27 | 537-27 | Declaration of Michael Kavanaugh |
| 28 | 537-28 | Affidavit of Michael P. Downey |
| 29 | 537-29 | Affidavit of Bruce MacEwen |
| 30 | 537-30 | Affidavit of Daniel Rezneck, filed in *Laffey v. Northwest Airlines* |
| 31 | 537-31 | *Laffey* Matrix Data from *Laffey* Affidavit of Daniel Rezneck |
| 32 | 537-32 | 1982 Martindale-Hubbell Law Directory Listings for *Laffey* Matrix Firms (excerpted) |
| 33 | 537-33 | Declaration of Joseph A. Yablonski, filed in *Broderick v. Ruder*, No. 86-1834 (D.D.C.) |
| 34 | 537-34 | Yablonski, Both & Edelman Website |
| 36 | 537-36 | Testimony of Ward Bower from *Palmer v. Rice* (excerpted) with Biography from Altman Weil, Inc., website |
| 37 | 537-37 | Affidavit of David N. Webster, filed in *Chewning v. Edwards* |
| 38 | 537-38 | ALM Legal Intelligence, 2010 Survey of Law Firm Economics (excerpted) |
| 40 | 537-40 | 2012-2013 Range of Firm Billing Rates Table: Comparison of LSI *Laffey* (Plaintiffs') Updated *Laffey* Matrix, All-Items CPI (USAO) Updated *Laffey* Matrix, and Washington, D.C. Rates for 2012-2013, filed in *Salazar v. District of Columbia*, No. 93-452 (D.D.C.) |

| DL Exhibit No. | DL ECF No. | Description |
|---|---|---|
| 41 | 537-41 | 2012-2013 Average Law Firm Billing Rates Table, filed in *Salazar v. District of Columbia*, No. 93-452 (D.D.C.) |
| 42 | 537-42 | 2012-2013 Percentage Difference in Billing Rates Tables: All-Items CPI *Laffey* Update v. Law Firm Average and LSI (Plaintiffs') *Laffey* Update v. Law Firm Average, filed in *Salazar v. District of Columbia*, No. 93-452 (D.D.C.) |
| 43 | 537-43 | Thomson Reuters/Westlaw Legal Billing Report, August 2015 (excerpted) |
| 44 | 537-44 | Thomson Reuters/Westlaw Legal Billing Report, December 2015 (excerpted) |
| 45 | 537-45 | Thomson Reuters/Westlaw Legal Billing Report, May 2016 (excerpted) |
| 46 | 537-46 | U.S. Department of Commerce, Bureau of Labor Statistics, All-Items, Regional Component of the Consumer Price Index |
| 47 | 537-47 | 2015-2016 Range of Firm Billing Rates Table: Comparison of LSI *Laffey* Matrix, USAO Matrix 2015-2017, USAO *Laffey* Matrix, and Washington, D.C. Rates for 2015-2016 |
| 48 | 537-48 | 2015-2016 Average Firm Billing Rates Table: Comparison of LSI *Laffey* Matrix, USAO Matrix 2015-2017, USAO *Laffey* Matrix, and Washington, D.C., Rates Data for 2015-2016 |
| 49 | 537-49 | 2015-2016 Percentage Difference between 2015-2016 Market Data and 2016-2017 Rate Matrices |
| 50 | 537-50 | Declaration of Mark N. Bravin, filed in *McKesson Corp. v. Islamic Republic of Iran*, No. 82-0220 (D.D.C.) (excerpted) |
| 51 | 537-51 | Declaration of Julie Goldsmith Reiser, filed in *Policemen's Annuity and Benefit Fund of the City of Chicago v. Bank of America, N.A.*, No. 12-02865 (S.D.N.Y.) (excerpted) |
| 52 | 537-52 | Declaration of Paul D. Clement, filed in *Osterweil v. Bartlett*, No. 09-825 (N.D.N.Y.) |
| 53 | 537-53 | Declaration of Mark F. (Thor) Hearne II, filed in *Biery v. United States*, No. 07-693L (Fed. Cl.), with Exhibit A (excerpted) and Exhibit E |
| 54 | 537-54 | Declaration of Steven K. Davidson, filed in *Makray v. Perez*, No. 12-0520 (D.D.C.), with Exhibits A and B |

| DL Exhibit No. | DL ECF No. | Description |
|---|---|---|
| 55 | 537-55 | Supplemental Declaration of Steven K. Davidson, filed in *Makray v. Perez*, No. 12-0520 (D.D.C.) |
| 56 | 537-56 | Declaration of John P. Relman, filed in *Makray v. Perez*, No. 12-0520 (D.D.C.) |
| 57 | 537-57 | Declaration of Megan Cacace, filed in *Hardin v. Dadlani*, No. 11-02052 (D.D.C.) |
| 58 | 537-58 | Landowners' Memorandum in Support of Motion for Attorney Fees and Litigation Expenses, filed in *Campbell v. United States*, No. 13-00324 (Fed. Cl.) (excerpted) |
| 59 | 537-59 | E-mail from Meghan Largent to Carolyn Smith Pravlik (Sept. 20, 2016) |
| 60 | 537-60 | Declaration of Cyrus Mehri, filed in *Brown v. Medicis Pharmaceutical Corp.*, No. 13-01345 (D.D.C.) (excerpted) |
| 61 | 537-61 | Declaration of David K. Colapinto, filed in *Citizens for Responsibility and Ethics in Washington v. U.S. Department of Justice*, No. 12-1491 (D.D.C.), with attachment |
| 62 | 537-62 | Declaration of Jeffrey L. Light, filed in *Westfahl v. District of Columbia*, No. 11-2210 (D.D.C.) |
| 63 | 537-63 | Fee Affidavit of Tamara L. Miller, filed in *Westfahl v. District of Columbia*, No. 11-2210 (D.D.C.) |
| 64 | 537-64 | Declaration of Jessica Ring Amunson, filed in *Prunty v. Vivendi*, No. 14-02073 (D.D.C.), with Exhibit A (excerpted) |
| 65 | 537-65 | Affidavit of Robert Corn-Revere, filed in *Young v. Sarles*, No. 14-1203 (D.D.C.) |
| 66 | 537-66 | Affidavit of Anthony T. Pierce |
| 67 | 537-67 | Affidavit of Nathan Lewin |
| 68 | 537-68 | Affidavit of Barry Coburn |
| 70 | 566-3 | Second Affidavit of Carolyn Smith Pravlik |
| 73 | 566-6 | Second Affidavit of Bruce MacEwen |
| 74 | 566-7 | Affidavit of Robert Mattern |
| 78 | 566-11 | Second Declaration of Michael Kavanaugh |
| 79 | 566-12 | Update of Valeo Rates Data from Plaintiffs' Exhibit 53 |

| *DL* Exhibit No. | *DL* ECF No. | Description |
|---|---|---|
| 81 | 566-14 | 2011 ALM Legal Intelligence Survey of Law Firm Economics (2011 ALM SLFE) (excerpt) |
| 82 | 566-15 | 2011 ALM SLFE Questionnaire |
| 83 | 566-16 | 2011 ALM SLFE Instructions |
| 84 | 566-17 | Rates Table from 2011 ALM Survey relied upon by Dr. Malowane |
| 85 | 566-18 | Email from Chad Copeland with 2011 ALM Survey page relied upon by Dr. Malowane, March 7, 2017 |
| 86 | 566-19 | Email from Carolyn Smith Pravlik requesting materials from 2011 ALM Survey supporting statements by Dr. Malowane, March 7, 2017 |
| 87 | 566-20 | Email from Chad Copeland reporting no further documents relied upon by Dr. Malowane, March 10, 2017 |
| 88 | 566-21 | Email from Chad Copeland reporting that the page from the 2011 ALM SLFE is a custom report, March 24, 2017 |
| 89 | 566-22 | FOIA Request for 2011 ALM SLFE data underlying USAO Matrix 2015-2017 |
| 90 | 566-23 | DOJ Response to FOIA Request |
| 91 | 566-24 | 2011 Materials from the DOJ Response to the FOIA Request |
| 92 | 566-25 | Emails with ALM Legal Intelligence regarding the scope of the geography for the Washington, D.C. metro area as used in the 2011 ALM SLFE custom report relied upon by Dr. Malowane |
| 95 | 566-28 | Email from Todd Gluckman requesting materials related to the District's fee opposition, including materials relied upon by Dr. Malowane, February 21, 2017 |
| 96 | 566-29 | 2014 ALM Legal Intelligence Survey of Law Firm Economics (2014 ALM SLFE) (excerpt) |
| 97 | 566-30 | 2014 ALM SLFE Questionnaire |
| 98 | 566-31 | 2014 ALM SLFE Instructions |
| 106 | 566-39 | Affidavit of Dr. Michael Kavanaugh, *Salazar v. District of Columbia*, Civ. No. 93-452 (GK), ECF No. 1587-3 |
| 108 | 566-41 | Email from Chad Copeland related to data relied upon by Dr. Malowane, April 10, 2017 |

| DL Exhibit No. | DL ECF No. | Description |
| --- | --- | --- |
| 115 | 571-7 | Affidavit of Dr. Michael Kavanaugh, April 25, 2012 |
| 121 | 571-13 | U.S. Department of Labor Program Highlights, The 1998 CPI Revision: Changes in Available Data Series |
| 122 | 571-14 | U.S. Census Bureau, Metropolitan Areas and Components, 1990 (excerpt) |
| 123 | 571-15 | U.S. Census Bureau, Metropolitan Areas and Components, 1999 (excerpt) |
| 124 | 571-16 | Third Affidavit of Carolyn Smith Pravlik |