UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RICA GATORE, et al.,                )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )   Civil Action No. 15-459 (RBW)
                                    )
UNITED STATES DEPARMENT             )
OF HOMELAND SECURITY,               )
                                    )
            Defendant.              )
_____)

# MEMORANDUM OPINION

The plaintiffs initiated this civil action against the defendant, the United States Department of Homeland Security, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), seeking, inter alia, portions of documents termed "assessments to refer" ("assessments") prepared by asylum officers in connection with the individual plaintiffs' asylum applications. See generally Amended Complaint ("Am. Compl."). Currently pending before the Court is the Defendant's Renewed Motion for Summary Judgment ("Def.'s Renewed Mot."), which seeks, inter alia, summary judgment as to the individual plaintiffs' requests for their assessments. See Def.'s Renewed Mot. at 1. Upon careful consideration of the parties' submissions,[1] the Court concludes that it must conduct an in camera review of the assessments in order to resolve the defendant's motion.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Declaration of Jill A. Eggleston ("Eggleston Decl."), ECF No. 22-1; (2) the Memorandum of Points and Authorities in Support of Defendant's Renewed Motion for Summary Judgment ("Def.'s Mem."); (3) the Defendant's Statement of Material Facts as to Which There Is No Genuine Issue ("Def.'s Facts"); (4) the Supplemental Declaration of Jill A. Eggleston ("Supp. Eggleston Decl."), ECF No. 44-1; (5) the Second Supplemental Declaration of Jill A. Eggleston ("2d Supp. Eggleston Decl."), ECF No. 77-3; (6) the Third Supplemental Declaration of Jill A. Eggleston ("3d Supp. Eggleston Decl."), ECF No. 77-4; (7) the Plaintiffs' Opposition to the [Defendant's] Renewed Motion for Summary Judgment ("Pls.' Opp."); (8) the Plaintiffs' Reply to
(continued . . . )

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Catholic Charities submitted FOIA requests to the defendant on behalf of each of the eight individual plaintiffs, requesting, inter alia, the assessments prepared by an asylum officer after interviewing each plaintiff in connection with his or her pending application for asylum in the United States.  See, e.g., Am. Compl. ¶¶ 10, 12; see also Def.'s Facts ¶¶ 1–8.  Although the defendant initially disclosed some documents in response to the individual plaintiffs' FOIA requests, see Supp. Eggleston Decl. ¶ 12, it withheld in full the assessments prepared in each of the individual plaintiffs' cases, see, e.g., Am. Compl. ¶ 12; see also Supp. Eggleston Decl. ¶¶ 11–12.  Consequently, the plaintiffs filed suit, alleging that "the first several paragraphs" of each assessment were reasonably segregable and that the defendant's failure to release those paragraphs violated the FOIA.  See, e.g., Am. Compl. ¶¶ 11, 35.

On July 28, 2015, the defendant initially moved for summary judgment as to the individual plaintiffs' claims regarding their requests for production of their asylum assessments, asserting that it had properly withheld the assessments in their entirety pursuant to Exemption 5 of the FOIA, in particular, the deliberative process privilege.  See Def.'s 1st Summ. J. Mem. at 7.  In support of its position, the defendant relied on a declaration from Jill A. Eggleston, the Assistant Center Director in the FOIA and Privacy Act Unit of the National Records Center of the United States Citizenship and Immigration Services ("USCIS"), see Eggleston Decl. ¶ 1, which concluded, in part, that

---

(. . . continued)
[the Defendant's] Statement of Material Facts as to Which There Is No Genuine Dispute ("Pls.' Reply to Def.'s Facts"); (9) the Plaintiffs' Statement of Genuine Issues and Statement of Material Facts That Are Necessary To Be Litigated ("Pls.' Facts"); (10) the Reply in Support of Defendant's Renewed Motion for Summary Judgment ("Def.'s Reply"); (11) the Plaintiffs' Notice of Additional Authority Concerning Segregability of Asylum Officer Assessments ("Pls.' Notice"); (12) the Plaintiffs' Report to the Court ("Pls.' Report"); and (13) the Defendant's Me[m]orandum of Points and Authorities in Support of Its Motion for Summary Judgment, Opposition to Plaintiff[s'] Motion to Certify Class, and Opposition to Plaintiff[s'] Motion for Partial Summary Judgment ("Def.'s 1st Summ. J. Mem.").

> [t]he factual portions of the assessment[s] to refer cannot be severed or segregated from [their] context and thus must remain exempt from disclosure. The factual distillation[s] in the assessment[s] to refer do[] not purport to be a verbatim transcript of [each of] the plaintiffs' asylum interviews. Rather, they reflect a selective recording of information the USCIS asylum officers deemed particularly pertinent to [the] plaintiffs' requests for asylum. As such, the assessment[s] to refer [ ] contain[] factual matter that cannot be severed from its context and is exempt from disclosure pursuant to Exemption 5 of the FOIA[,]

id. ¶ 18 (citations omitted).

In a memorandum opinion issued on April 6, 2016, the Court denied the defendant's initial summary judgment motion, due to several concerns reiterated below with the defendant's position that no part of the asesssments was reasonably segregable:

> First, the Eggleston Declaration discusses the segregability of the assessments in a categorical fashion, as opposed to providing a description of the assessments prepared in each of the individual plaintiffs' cases. See Eggleston Decl. ¶¶ 17, 19, 20 (discussing the assessments in general). The Court is therefore unable to conduct a de novo assessment of the agency's determination of segregability as to each of the individual plaintiffs' requests. 5 U.S.C. § 552(a)(4)(B) (upon judicial review, "the court shall determine the matter de novo . . . ."). Second, the defendant's representation that it conducted a "line-by-line examination" of each of the assessments to determine whether any portions were reasonably segregable, Eggleston Decl. ¶ 20, is seemingly undermined by what appears to be the defendant's blanket policy not to release any portion of an assessment, irrespective of its contents, see Pls.' Suppl. Partial Summ. J. Mem., Ex. A at 1, 2 (indicating that assessments should be withheld in full). . . .
>
> The courts in Gosen v. U.S. Citizenship and Immigration Services, 118 F. Supp. 3d 232 (D.D.C. 2015), and Abtew v. U.S. Department of Homeland Security, 47 F. Supp. 3d 98 (D.D.C. 2014), aff'd 808 F.3d 895 (D.C. Cir. 2015), which both involved the same type of assessment at issue here, ordered the defendant to provide the withheld assessments for in camera review and thereafter concluded that some portions were reasonably segregable. See Gosen, 118 F. Supp. 3d at 243 ("The Court has reviewed the documents in question and finds that there is at least some factual material that may not expose the deliberative process. For example, both assessments begin with factual introductory information."); Abtew, 47 F. Supp. 3d at 114 ("After reviewing the Assessment in camera, the Court concludes that the first six paragraphs simply recite and summarize the facts that [the] plaintiff presented to the [asylum officer] during his asylum application interview. Those paragraphs do not include any analysis or impressions, and they do not reflect the [asylum officer's] deliberative process: although the document does not purport to be a verbatim rendition of the interview, and there may have been some streamlining involved, the summary does not involve the sort of culling of facts

3

from a large universe that could be characterized as deliberative." (citing Ancient Coin Collectors[ Guild v. U.S. Dep't of State], 641 F.3d [504,] 513 [(D.C. Cir. 2011)])). The Court is persuaded by Gosen and Abtew that there may be some portion of the assessments at issue in this case that contain factual information that may be reasonably segregated from the whole.

Gatore v. U.S. Dep't of Homeland Sec., 177 F. Supp. 3d 46, 52–53 (D.D.C. 2016) (Walton, J.). In light of all of these concerns, the Court ordered "the defendant to submit a revised Vaughn index, affidavit, or declaration, that reassesses the issue of segregability as to each of the individual plaintiffs' assessments, and provides an adequate description of each assessment to support the defendant's assertion that no portion may be released." Id. at 53.

On May 27, 2016, the defendant filed a supplemental declaration from Eggleston addressing the seven assessments then at issue in this case. See generally Supp. Eggleston Decl.[2] Eggleston's supplemental declaration asserted that each assessment had received "two levels of segregability review," after which it was determined that "[n]one of the assessments . . . contained reasonably segregable information." Id. ¶ 12; see also id. ¶ 11 ("[A] determination was made that the factual portions of the assessment[s] to refer cannot be severed or segregated from [their] context[s] and thus must remain exempt from disclosure.").

Despite Eggleston's representations, on March 14, 2017, the defendant released to the individual plaintiffs limited portions of each of the seven assessments. See Pls.' Facts ¶¶ 23–24; see also Pls.' Report, Exhibit ("Ex.") 1 (attaching the released versions of the assessments). Specifically, the defendant released the first paragraph of each of the assessments for plaintiffs Gatore, Al Timemy, Ouedraogo, Herve Shyaka, and Ayessa, and the first two paragraphs of each of the assessments for plaintiffs Innocent Shyaka and Lumonika. See Pls.' Report, Ex. 1 (March

---

[2] The eighth individual plaintiff now in this case, Veronica Carolina Lemus Miranda, did not become a named plaintiff in this case until February 8, 2017, when the plaintiffs amended their complaint to add her claim. See Am. Compl. ¶¶ 72–74.

4

14, 2017 Release of Information from Seven Assessments) at 2–8.  The defendant subsequently submitted a second supplemental declaration from Eggleston, acknowledging the defendant's decision to release that information, namely that, "[o]n further review, it was determined that USCIS could release limited factual information from the assessments," in particular, "limited information relating to the asylum applicant's biographical information" contained in "the opening paragraph(s)." 2d Supp. Eggleston Decl. ¶ 3.

A few months later, on June 9, 2017, the defendant released the first three paragraphs of the assessment for the eighth named plaintiff, Veronica Carolina Lemus Miranda.  See Pls.' Facts ¶ 24; see also id., Ex. 1 (Declaration of David L. Cleveland (June 15, 2017) ("Cleveland Decl.")), Attachment ("Att.") C (Portions of Assessment of Ms. Lemus Miranda, Released on June 9, 2017).  The defendant simultaneously submitted a third supplemental declaration from Eggleston, which described plaintiff Lemus Miranda's assessment, see 3d Supp. Eggleston Decl. ¶¶ 5–9, and explained that "[o]n further review, it was determined that USCIS could release limited factual information from the introductory portion" of that assessment, id. ¶ 9.

## II. DISCUSSION

As was the case in regards to the first round of summary judgment briefing on the individual plaintiffs' claims, the parties do not appear to dispute that at least some portion of each assessment is protected from disclosure pursuant to the deliberative process privilege of Exemption 5.[3]  Rather, the parties' dispute evolves around whether factual information in the assessments may be reasonably segregated and disclosed.  See Am. Compl. ¶ 1 ("In this [ ] case, [the p]laintiffs seek the reasonably segregable portions of a document that may be used against

---

[3] Exemption 5 protects "documents 'reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" N.L.R.B. v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975) (quoting Carl Zeiss Stiftung v. V.E.B. Carl Zeiss Jena, 40 F.R.D. 318, 324 (D.D.C. 1966).

5

them later in immigration court."); see also Pls.' Opp. at 7 (arguing that the defendant's renewed motion for summary judgment should be denied because "[t]he [defendant] has still not released all reasonably segregable information"). The defendant argues that in light of its release of "biographical information" from each assessment, it "has satisfied its obligation to review each of the assessments to refer for segregable information and to provide such information to [the p]laintiffs." Def.'s Mem. at 15. It further argues that its compliance is "shown by [its] supplemental declarations, which address all of the concerns raised by the Court in denying without prejudice [the d]efendant's first motion for summary judgment." Id. at 7–8. The plaintiffs argue that the defendant's disclosure of "the first few sentences" of each assessment does not satisfy the defendant's obligations to release all reasonably segregable information, and that "the first several paragraphs [of each assessment] should be released," specifically, "the first three parts of an assessment [which contain sections regarding the applicant's] biography, basis of claim, and testimony." Pls.' Opp'n at 2. They further contend that "[t]he [defendant] has not demonstrated why all of the facts cannot be disclosed." Id. at 5.

Under the FOIA, the Court must determine whether agency records have been properly withheld de novo. See 5 U.S.C. § 552(a)(4)(B). As the Court explained previously,

> [t]he FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." [Id.] § 552(b). "[I]t has long been the rule in this Circuit that nonexempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." Wilderness Soc'y v. U.S. Dep't of Interior, 344 F. Supp. 2d 1, 18 (D.D.C. 2004) (Walton, J.) (quoting Mead Data Cent.[, Inc. v. U.S. Dep't of Air Force], 566 F.2d [242,] 260 [(D.C. Cir. 1977)]). The agency must provide "a detailed justification and not just conclusory statements to demonstrate that all reasonably segregable information has been released." Valfells v. C.I.A., 717 F. Supp. 2d 110, 120 (D.D.C. 2010). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester. Sussman v. U.S. Marshals Serv., 494 F.3d 1106, 1117 (D.C. Cir. 2007).

6

Gatore, 177 F. Supp. 3d at 51. Although "factual material is [generally] not exempt from disclosure under the deliberative process privilege," Bayala v. U.S. Dep't of Homeland Sec., __ F. Supp. 3d __, __, 2017 WL 3841828, at *6 (D.D.C. Sept. 1, 2017), as the Court previously recognized, see Gatore, 177 F. Supp. 3d at 52, the District of Columbia Circuit has held that the privilege does protect "factual summaries . . . [that are] culled . . . from the much larger universe of facts presented . . . and reflect an exercise of judgment as to what issues are most relevant to the pre-decisional findings and recommendations," Ancient Coin, 641 F.3d at 513 (internal quotation marks omitted).

Upon careful consideration of Eggleston's supplemental declarations, although the Court is satisfied that the defendant has reviewed each assessment individually in this case, see Supp. Eggleston Decl. ¶ 12, and the defendant has now released to the plaintiffs certain "biographical" information contained in each assessment, see 2d Supp. Eggleston Decl. ¶ 3, the Court concludes for several reasons that the supplemental declarations again preclude it from making a de novo determination as to whether the defendant has fulfilled its obligation to disclose all reasonably segregable material, see Gatore, 177 F. Supp. 3d at 53.

First, the defendant's disclosure only partially addresses the Court's concern that, in light of the decisions in Abtew and Gosen, "there may be some portion of the assessments at issue in this case that contain factual information that may reasonably be segregated." See Gatore, 177 F. Supp. 3d at 53. It appears that the information the defendant has disclosed represents only a fraction of the factual material that the Abtew and Gosen courts determined could be released. As the Court explained in its prior Memorandum Opinion, the Abtew and Gosen courts reviewed assessments to refer in camera and either concluded or strongly suggested that the defendant could reasonably segregate several introductory paragraphs from the assessments, including

7

paragraphs that "recite and summarize the facts that [the] plaintiff presented to the [asylum officer] during his asylum application interview." Abtew, 47 F. Supp. 3d at 114 (ordering the defendant to release the first six paragraphs of the assessment); see also Gosen, 118 F. Supp. 3d at 243 (requiring the government to reassess its segregability determination as to "factual introductory information" and "a paragraph that is (mostly) just a chronological list of what the applicant testified"). And since this Court issued its Memorandum Opinion, a third member of this Court has also reviewed an assessment in camera and similarly concluded that the defendant could reasonably segregate several introductory paragraphs, including paragraphs that "recit[e] and summar[ize] [the plaintiff's asylum] application." Bayala, __ F. Supp. 3d at __, 2017 WL 3841828, at *7; see also id. at *8 (ordering the defendant to release "the first eight paragraphs" of the assessment). Here, by contrast, the defendant has released only the first one or two paragraphs in each assessment, which contain a limited set of facts, such as the plaintiff's age, citizenship, immigration status, date and location of entry into the United States, and information regarding the logistics of a plaintiff's asylum interview. See Pls.' Report, Ex. 1 (March 14, 2017 Release of Information from Seven Assessments). But see Pls.' Facts, Ex. 1 (Cleveland Decl.), Att. C (Portions of Assessment of Ms. Lemus Miranda, Released on June 9, 2017) (releasing limited additional information regarding the basis for plaintiff Lemus Miranda's asylum application). The defendant has not released any paragraphs summarizing the content of a plaintiff's testimony during an asylum application interview or the factual content of a plaintiff' asylum application supporting the plaintiff's asylum claim.

      The supplemental Eggleston declarations fail to adequately explain why the defendant has not disclosed the additional factual paragraphs that the Abtew, Gosen, and Bayala courts determined could be released. Specifically, they lack sufficient detail to allow the Court to

determine whether the assessments at issue here even contain such additional factual paragraphs, and if so, whether the defendant is correct that those paragraphs are protected by the deliberative process privilege. Although the declarations have provided an individual description of each of the eight assessments at issue, see Supp. Eggleston Decl. ¶ 12; 3d Supp. Eggleston Decl. ¶ 6, these descriptions are largely identical and fail to describe the factual content being withheld with any level of specificity. For seven of the eight assessments, Eggleston merely asserts that each assessment contains an "introduction," "analysis," and "conclusion / recommendation" section, and describes the factual content in each section as follows:

> [t]he introduction section is not a verbatim transcript of information provided by [the] plaintiff[] but reflects a selective recording of information the USCIS asylum officer deemed particularly pertinent to [the] plaintiff['s] request for asylum and, therefore, focused specifically on select information. Likewise, the factual distillation noted in the analysis section does not purport to be a verbatim transcript of the plaintiff['s] asylum interviews but only reflects selective information pertinent to the asylum officer's deliberative process. Finally, the conclusion / recommendation section, and any facts included therein, does not include a list of all facts raised by the plaintiff but is a direct reflection of the selected information used during the asylum officer's deliberative process to highlight[] those facts most relevant to the officer's conclusion / recommendation.

Supp. Eggleston Decl. ¶ 12. These descriptions largely reiterate the language used in the categorical description that the Court previously rejected. Compare Eggleston Decl. ¶ 17, with Supp. Eggleston Decl. ¶ 12. Further, they provide little to no information about the type or origin of the factual content in each section, or the length or structure of each section.[4] On the other hand, the plaintiffs have submitted evidence, some of which the defendant relies on in its briefing, see Def.'s Mem. at 11–12, suggesting that all assessments follow a "standard format" and therefore, the assessments at issue here likely contain the same factual paragraphs that the

---
[4] Although the defendant's description of the eighth assessment provides slightly more detail, asserting, for example, that the information in the introduction section is "selected from the applicant's asylum application, as well as asylum interview testimony," 3d Supp. Eggleston Decl. ¶ 6, that description also fails to provide sufficient detail about the nature of the factual content in light of the Abtew, Gosen, and Bayala decisions.

9

courts in <u>Abtew</u>, <u>Gosen</u>, and <u>Bayala</u> determined could be released. See Plaintiffs' Supplemental Memorandum in Support of Their Motion for Class Certification, Ex. 1 (Declaration of David L. Cleveland (June 2, 2016)), Att. A (Asylum Officer Basic Training Lesson Plan) at 1, 9–10 (providing instruction on "the standard format for written asylum decisions," including assessments to refer); see also Am. Compl., Ex. 2 (Declaration of David L. Cleveland (Mar. 5, 2015)) (describing ten publicly available assessments that contain factual paragraphs summarizing the content of the asylum applicant's testimony and information on the applicant's asylum application). In light of this evidence, as well as the decisions in <u>Abtew</u>, <u>Gosen</u>, and <u>Bayala</u>, the defendant must do more to enable the Court to make an independent <u>de novo</u> determination of segregability in this case. See <u>Oglesby v. U.S. Dep't of Army</u>, 79 F.3d 1172, 1176 (D.C. Cir. 1996) ("The description and explanation the agency offers should reveal as much detail as possible as to the nature of the document, without actually disclosing information that deserves protection.").

Moreover, the defendant's attempt to distinguish the factual material in the assessments at issue in this case from the material in <u>Abtew</u> and <u>Gosen</u> is unpersuasive. The first supplemental Eggleston declaration merely asserts that

> [w]hile [the p]laintiff and the Court cited cases where the Court found some verbatim factual sections in other assessment[s] to refer not at issue in this case, each of the assessments to refer [described in this declaration] focused on selective or a distillation of facts focused solely on those facts pertinent to the asylum officers['] assessment and deliberation. USCIS, accordingly, properly applied Exemption 5 of the FOlA.

Supp. Eggleston Decl. ¶ 12. As an initial matter, this statement describes the <u>Abtew</u> and <u>Gosen</u> decisions too narrowly, as neither Court concluded that only "verbatim" recitations of facts were reasonably segregable. See <u>Abtew</u>, 47 F. Supp. 3d at 114 (explicitly recognizing that the factual summaries it determined could be segregated "d[id] not purport to be a verbatim rendition of the

10

interview, and there may have been some streamlining involved"); Gosen, 118 F. Supp. 3d at 243–44 (describing the factual material it determined could potentially be segregated as "factual introductory information" and "a paragraph that is (mostly) just a chronological list of what the applicant testified"). More importantly, this statement fails to provide the Court with any basis upon which to conclude that the factual content in the assessments at issue here is different from the factual content that the Abtew and Gosen (and now Bayala) courts determined could be segregated and disclosed. Aside from the defendant's incorrect conclusion that the factual material disclosed in those cases was "verbatim," the defendant does not assert that the specific factual content or the presentation of that content in the assessments at issue here is somehow more revealing of the defendant's deliberative processes.

Additionally, the supplemental Eggleston declarations are inadequate because they fail to distinguish the "biographical" information that the defendant has released from the factual information that it continues to withhold. See Am. Immigration Lawyers Ass'n v. U.S. Dep't of Homeland Sec., 852 F. Supp. 2d 66, 80 (D.D.C. 2012) ("Where an agency has publicly disclosed information that is similar to what is being withheld, its Vaughn submission must be 'sufficiently detailed' to distinguish the withheld information from the public information." (quoting Army Times Pub. Co. v. Dep't of Air Force, 998 F.2d 1067, 1071 (D.C. Cir. 1993))). Both the released and withheld content are presumably contained in what Eggleston describes as the "introduction" section of each assessment, yet Eggleston has only provided one description for all of the factual information contained in that section. See Supp. Eggleston Decl. ¶ 12 (describing all factual information in the "introduction" sections as "not a verbatim transcript of information provided by [the] plaintiff[]s but [ ] a selective recording of information the USCIS asylum officer deemed particularly pertinent to [the] plaintiff[]s' request[s] for asylum"). Moreover, the declarations do

11

not explain why the defendant has disclosed certain types of factual information from some assessments but not from others. Compare, e.g., Pls.' Report, Ex. 1 (March 14, 2017 Release of Information from Seven Assessments) at 4 (assessment of plaintiff Gatore, disclosing only the first paragraph containing the plaintiff's age, citizenship, and dates and locations of entry into the United States), with Pls.' Facts, Ex. 1 (Cleveland Decl.), Att. C (Portions of Assessment of Ms. Lemus Miranda, Released on June 9, 2017) (assessment of plaintiff Lemus Miranda, disclosing three paragraphs containing additional information regarding the logistics of the plaintiff's asylum interview and a summary of the basis for the plaintiff's asylum claim). Again, the defendant must do more to satisfy its burden. See Am. Immigration Lawyers Ass'n, 852 F. Supp. 2d at 81 (circumstances where documents redacted by the defendant shared a "common subject matter" with documents that the defendant had publicly disclosed resulted in a conclusion that the defendant's Vaughn submissions were inadequate because they failed to "specifically explain the difference between what [the defendant] ha[d] deemed appropriate for public disclosure and what remain[ed] withheld").

For all of these reasons, Eggleston's supplemental declarations fail to provide a sufficiently detailed explanation to enable the Court to make an independent de novo determination regarding segregability. This leaves the Court with "several options, including inspecting the documents in camera, requesting further affidavits, or allowing the plaintiff discovery." Spirko v. U.S. Postal Serv., 147 F.3d 992, 997 (D.C. Cir. 1988). As this Circuit has recognized, "the decision whether to perform in camera inspection is left to the broad discretion of [a] trial court judge," id. at 996 (quoting Lam Lek Chong v. DEA, 929 F.2d 729, 735 (D.C. Cir. 1991)), and "[t]he ultimate criterion is simply . . . [w]hether the district judge believes that in

camera inspection is needed in order to make a responsible de novo determination on the claims of exemption," Ray v. Turner, 587 F.2d 1187, 1195 (D.C. Cir. 1978).

In light of the fact that the defendant has now submitted three additional declarations from Eggleston, all to no ultimate avail, the Court concludes that in camera review is necessary. See Int'l Counsel Bureau v. U.S. Dep't of Def., 864 F. Supp. 2d 101, 107 (D.D.C. 2012) (ordering in camera review where the defendant had been "given [ ] multiple opportunities . . . to supplement its declarations and Vaughn indices" and the deficiencies previously identified by the court "nevertheless persist[ed] in those submissions"); see also Allen v. CIA, 636 F.2d 1287, 1298 (D.C. Cir. 1980) (recognizing that "court[s] not infrequently find[] it necessary to conduct in camera inspection" when "utilization of [other procedures] has not proven fruitful"), disavowed on other grounds by Founding Church of Scientology of Wash. D.C., Inc. v. Smith, 721 F.2d 828 (D.C. Cir. 1983). Further, given the small number of documents at issue and the resources already expended by the parties and the Court after two rounds of summary judgment briefing, the Court finds that in camera review is the most efficient means of resolving the issue of segregability. See Spirko, 147 F.3d at 996 (recognizing that "in camera inspection may be particularly appropriate . . . when the number of withheld documents is relatively small" (internal quotation marks omitted)); see also Physicians for Human Rights v. Dep't of Def., 675 F. Supp. 2d 149, 167 (D.D.C. 2009) ("The contested documents, are 'few in number and of short length,' meaning that instead of being burdensome or costly, in camera review would be an efficient means of resolving the issues at stake." (quoting Allen, 636 F.2d at 1298)). Although the Court recognizes that in camera review "should not [be] undertake[n] . . . as a substitute for requiring an agency's explanation of its claims exemptions in accordance with Vaughn," Am. Immigration Lawyers Ass'n, 852 F. Supp. 2d at 82, the defendant has now had a second opportunity to

explain its withholdings, and for the reasons already explained, the Court is not convinced that it has adequately done so.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that the supplemental Eggleston declarations preclude it from making a <u>de novo</u> determination as to whether the defendant has fulfilled its obligation to disclose all reasonably segregable material in the plaintiffs' assessments. Consequently, and in light of the small number of documents at issue and the resources already expended by the Court and the parties in this case, the Court concludes that <u>in camera</u> review of the plaintiffs' assessments is necessary.[5]

**SO ORDERED** this 4th day of January, 2018.

REGGIE B. WALTON
United States District Judge

---

[5] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.