UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                                                  Civ. Action No.  15-cv-459 [RBW]

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY
Defendant

## PLAINTIFFS' REPORT TO THE COURT

Counsel for plaintiffs hereby submits their report to the Court. Plaintiffs' counsel had a brief email conference with opposing counsel about this submission; however, no agreement was reached.

THE DHS HAS APPARENTLY CONCEDED IT CAN SEGREGATE PARAGRAPHS OUT OF ASYLUM OFFICER ASSESSMENTS

In December 2017, the DHS released several paragraphs from each of three asylum officer assessments, in response to a FOIA request by Catholic Charities. Concerning an applicant named Edmond Watungisa, the DHS released the first five paragraphs. Concerning an applicant named Kaps Kapende, the DHS released the first six paragraphs. Concerning an applicant named Lisbeth Lili Garcia Reyes, the DHS released the first seven paragraphs. *See* Exhibit 1, attached hereto.

Plaintiffs contend that these releases are insufficient; however, Plaintiffs welcome this partial concession by the DHS.

THE DHS IS CONFUSED

In March 2017, the DHS released parts of each assessment of the seven named plaintiffs in this case. ECF #73.

Three months later, the DHS, apparently not knowing what happened in March, filed a "Renewed Motion for Summary Judgment" [ECF #77, filed on June 9, 2017]. In that submission, the DHS admitted that its FOIA Processing Guide "does state that assessments to refer should generally be withheld in full…" ECF # 77-1, page 4.  The DHS commented upon an [undescribed] supplemental declaration of Jill Eggleston, stating that it "describes why there is *no* segregable information." [page 20 of ECF #77-2, emphasis added].  (the DHS attached two declarations from Ms. Eggleston, but discusses only "the" declaration, as if only one declaration was attached.).

Actually, Jill Eggleston wrote in her Second Supplemental Declaration that USCIS "determined that the assessments should be withheld *in full*." [page 1 of ECF # 77-3, emphasis added].  Ms. Eggleston repeated her "in full" statement in her Third Supplemental Declaration: the USCIS "determined that the assessment to refer should be withheld *in full*. " ECF #77-4, page 3, emphasis added].  Ms. Eggleston also made other statements, indicating that assessments should not be withheld in full. Thus, Ms. Eggleston has partially admitted her own inconsistency.

To summarize: in March 2017, the DHS released parts of seven assessments; in June, the DHS stated that assessments must be withheld in full; in December, the DHS released several paragraphs from three new assessments.

The DHS "Renewed Motion for Summary Judgment" should be denied. The DHS now agrees with plaintiffs: large portions of assessments can and should be released to FOIA requesters!   The Court should now rule upon, and grant, plaintiffs' Motion for Class Certification.

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION SHOULD BE GRANTED

The class action is "a valuable tool to circumvent the barriers to the pursuit of justice," Alba Conte & Herbert Newberg, Newberg on Class Actions § 25:24 (4th ed.),

   The DHS has treated a large number of FOIA requesters in the same way; therefore, class certification is appropriate. The status of class actions "should be determined quickly." *Black Panther Party v. Smith,* 661 F.2d 1243, 1279 (D.C.Cir. 1981).  Requiring plaintiffs to promptly file class action motions implements the policy "that class certifications be made 'as soon as practicable.'" *McCarthy v. Kliendienst,* 741 F.2d 1406, 1411 (D.C.Cir. 1984). The Advisory Committee stated that "[a]lthough many circumstances may justify deferring the certification decision, active management may be necessary to ensure that the certification decision is not unjustifiably delayed."  *Hurley v. U.S. Healthworks Medical,* 2006 WL 1788994, at *5 (E.D. Wash. 2006). "It is well settled that the issue of certification should generally be resolved prior to addressing the merits of the plaintiff's claims." *Quinn v. Specialized Loan Servicing,* 2017 WL 528383, at *2 (N.D. Ill. 2017).

This is a simple case: one DHS employee, Jill Eggleston, has, until recently, carried out a policy and practice of releasing no part of asylum officer assessments to requesters. Her own Processing Guide, at four different places, says that assessments should be withheld "in full."

Courts have certified classes in cases involving far more complex facts:

*Nio v. U.S. DHS,* 2017 WL  4876 276 (D.D.C. 2017), a class of immigrant soldiers was certified. They argued the DHS unfairly delayed their naturalization applications.

*Kirwa v. U.S. Dep't of Defense,* 2017 WL 4862763, *16 (D.D.C. 2017) (class certified of MAVNI soldiers who were denied naturalization)

*National Veterans v. USA,* 235 F. Supp. 3d 32 (D.D.C. 2017) (class certified of persons complaining that PACER fees are too high)

*Menocal v. GEO Group, Inc.,* 320 F.R.D. 258, 266 (D. Colo. 2017) (class certified of current and former detainees at a for-profit immigration detention facility who were forced to clean tables and toilets without compensation; "In this case, the putative class members reside in countries around the world, lack English proficiency, and have little knowledge of the legal system in the United States. It is unlikely that they would individually bring these innovative claims against GEO." 320 F.R.D. at 268.)

*Abdi v. Duke,* 2017 WL 5599521 (W.D. N.Y. 2017) (class of asylum seekers denied parole or bond hearings certified)

*Saravia v. Sessions,* 2017 WL 5569 838 (N.D. Cal. 2017) (class of noncitizen minors, who were detained, was certified)

*Gayle v. Warden, Monmouth County,* 2017 WL 547901 (D.N.J. 2017)
(Class certified of immigrant detainees, alleging mandatory detention violates the law)

*Wagafe v. Trump,* 2017 WL 2671 254 (W.D. Wash. 2017) (class certified of naturalization applicants subject to CARRP)

*Wilson v. Anthem Health Plans,* 2017 WL 560 64 (W.D. Ky. 2017)(class certified of children with varying health issues).

January 21, 2018

    Respectfully submitted,

    Attorney for Plaintiffs

    David L. Cleveland
    DC Bar # 424209
    Catholic Charities
    924 G Street, NW
    Washington, DC 20001
    [202] 772-4345 Fax: [202] 386-7032
    1949.david@gmail.com