UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICA GATORE, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARMENT )<br>OF HOMELAND SECURITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 15-459 (RBW) |

## ORDER

The plaintiffs initiated this civil action against the defendant, the United States Department of Homeland Security, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), seeking, inter alia, portions of documents termed "assessments to refer" prepared by asylum officers in connection with the individual plaintiffs' asylum applications. See [Amended] Complaint for Declaratory and Injunctive Relief ¶¶ 1–3, 6. Currently before the Court is the Defendant's Renewed Motion for Summary Judgment ("Def.'s Renewed Mot."), ECF No. 77. In its memorandum in support of that motion, the defendant relies on excerpts from a document titled "FOIA Processing Guide" (the "Guide"), see Memorandum of Points and Authorities in Support of Defendant's Renewed Motion for Summary Judgment ("Def.'s Mem.") at 15, 17–18, which the defendant produced to Catholic Charities on July 21, 2017, pursuant to this Court's Orders, see Plaintiffs' Supplement to ECF #78-2 ("Pls.' Supp.") (Aug. 3, 2017), Exhibit ("Ex") 1 (Declaration of David L. Cleveland dated August 2, 2017 ("Cleveland Decl.")) ¶ 1; see also Order at 9 (Feb. 3, 2017), ECF No. 58; Order at 6 (June 27, 2017), ECF No. 79. Specifically, the defendant relies on the Guide to support its position that "the record shows that [the d]efendant has a policy of reviewing assessments to refer for segregable information." See

Def.'s Mem. at 17; see also id. at 18 ("The [ ] Guide specifically requires that every page of any document potentially responsive to a FOIA request must be independently reviewed for segregable information." (emphasis removed)). Despite this reliance, the defendant failed to attach the Guide to its memorandum or otherwise direct the Court to a docket entry where the document can be found. See generally Def.'s Mem. Instead, it cites only its Statement of Facts, see, e.g., id. at 18 (citing Def.'s Renewed Mot., Ex. 1 (Statement of Facts) ¶¶ 11–12), which in turn cites a declaration of its representative, see Def.'s Renewed Mot., Ex. 1 (Statement of Facts) ¶¶ 11–12 (citing Notice of Supplemental / Revised Vaughn Index, Ex. 1 (Supplemental Declaration of Jill A. Eggleston) ¶¶ 8–9). And, upon a review of the docket in this case, the Court is unable to locate a copy of the Guide in its entirety.[1] To ensure the expeditious resolution of the defendant's motion, and in order to properly assess the defendant's assertion that the Guide supports its position in this case, it is hereby

**ORDERED** that, on or before March 14, 2018, the defendant shall file on the docket in this case a complete copy of its FOIA Processing Guide.

**SO ORDERED** this 9th day of March, 2018.

REGGIE B. WALTON
United States District Judge

---

[1] Although the plaintiffs have filed twenty-four pages from the Guide, see Pls.' Supp., Ex. 1 (Cleveland Decl.), Attachment A (24 pages from the FOIA Processing Guide Released on July 21, 2017), they represent that the entire Guide contains a total of 946 pages, see id., Ex. 1 (Cleveland Decl.) ¶ 1.