UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

RICA GATORE, et al.,
                        Plaintiffs,


                v.                                      Civil Action No. 15-cv-459   (RBW)

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
                        Defendant,
_____

**<u>PLAINTIFFS' OBJECTIONS TO RECENTY-FILED
"COMPLETE" FOIA PROCESSING GUIDE</u>**


On March 13, 2018, the DHS filed 262 pages, purporting to be "the complete"

FOIA Processing Guide. [ECF #101-1].   It is not complete.

At the top of page 1 of 262 [ECF #101-1] is the date "December 14, 2015." The

second sentence of that page states that "The Guide contains all updates or changes from

the FOIA Information Bulletins issued as of June 15, 2015."

June 2015 is almost three years ago. When the Court ordered the DHS to file on

the docket a "complete copy" of the Guide, the Court meant the *current* Guide, not an

out-dated version.

ECF #101, filed by DHS on March 13, 2018, refers to a Declaration of Jill

Eggleston, ECF # 44-1, dated May 27, 2016. In that declaration, Ms. Eggleston states

several times that the factual portions "cannot be severed or segregated…."  However,

Ms. Eggleston has since changed her position: she has actually released several

paragraphs of several assessments. On March 14, 2017, she released several paragraphs

for seven of the plaintiffs in this case; on June 9, 2017, she released three paragraphs for plaintiff Lemus Miranda. In December 2017, she released several paragraphs each for applicants Watungisa, Kapende, and Garcia Reyes. *See* ECF #98. In January 2018, she released nine paragraphs for applicant Kyi. *See* Exhibit 1 attached hereto. The 262 pages filed with the Court do not account for this change in position of Ms. Eggleston. There must be more pages which guide Ms. Eggleston and her staff.

On July 21, 2017, the DHS released a 946-page version of its Processing Guide to plaintiffs. ECF #86.  In that release, is a page entitled "USICS Processing Guide" and is dated "8/15/16."  This page can be found in the record in ECF #86-2, page 2 of 25.

In other words, in 2017 the DHS gave plaintiffs 946 pages, dated August 2016, but just recently the DHS gave the Court 262 pages, dated December 2015. The DHS offers no explanation.

To be sure, the December 2015 Processing Guide states at page 49 that "If you are able to give the requestor part of a page, you should. You should not fully withhold a page solely because it is more convenient." However, the Guide also instructs that several specific documents are "fully" exempt:

Page 39: "As a rule, any document marked 'Attorney Work Product' is fully exempt…."
Page 60: "Please fully withhold the IBIS Resolution Memorandum…"
Page 61:  "Fraud Referral Sheet…Please fully withhold this sheet,…."
Page 67: "Please fully withhold any documents created by the Joint Terrorist Task Force…"
Page 70: "Generally speaking, you should fully withhold information in requests for the identities of detainees…
Page 71: "Tax Returns…Fully withhold the Earned Income Credit Sheet of a third party…"
Page 73: "Fully withhold third party documents such as birth certificates…"
            "Fully withhold Naturalization Certificates…."
            "Fully release the G-325 if it pertains to the requestor."
Page 78: "Please fully withhold any Refugee interview notes…"
Page 82: "…please fully withhold the Discretionary Authority Checklist…"

Page 84: "Please fully withhold CARRP Worksheets…"
Page 88: "Please fully withhold VIBE Status Reports…."
Page 159:
"Assessment to reject, terminate, grant of refer (relates to Asylum) Withhold in full…"
"Non-ICE Attorney work product…Withhold in full…."
Page 160: "Refugee Access Verification Unit Affidavit of Relationship Checklist Withhold in full…"
Page 161: "Background Check Registry Withhold in full…."

Page 162: "CARRP Worksheet  Withhold in full…"
Page 164: "Nails Lookout Inquiry Withhold in full…"
Page 166:   "I-286 Withhold in full document has not been served…"
            "I-851 Withhold in full if document has not been served…."
             "I-871 Withhold in full if document has not been served…."
Page 167:
"I-826 (multi page document) Withhold in full if document has not been served…."
"I-770 (multi page document) Withhold in full if document has not been served…"
"I-296 Withhold in full if document has not been served…"
Page 168: "I-862 (multi page document) Withhold in full if document has not been served…"
Page 169: "I-221 (multi page document)  withhold in full if document has not been served…."
Page 170: "TECS II Subject Query Results (Hit List) Withhold in full"
Page 171: "I-294 Withhold in full if document has not been served…"
            "I-200 Withhold in full if document has not been served…"

THE GUIDE INSTRUCTS THAT SOME DOCUMENTS CAN BE PARTIALLY RELEASED:

Page 64: "The FD-258 Fingerprint Tracking System..If an FD-258 screen contains any result, whether positive or negative, please partially redact the page…"
"Please partially redact documents containing the result of any FBI name check…"
Page 66: "However, please partially redact documents containing the result of NCIC checks…"
Page 74: "Partially release tax returns and W-2s provided in support of an Affidavit of Support."
Page 82: "Please partially withhold CBP Form 93…"
        "Please partially withhold the Record of IBIS Query…."
Page 92: "Unless there is an active investigation, you may partially release Marriage Fraud Mainframe System screen prints…"

When an instruction manual lists dozens of specific documents with the explicit instruction, "withhold in full," and several other specific documents with the explicit instruction "withhold in part," the average FOIA processor will obey the text, and withhold in full those things which are so described. These multiple instructions obviate and overrule the language on page 49 of the December 2015 Guide {"If you are able to give the requestor part of a page, you should."}. The language on page 49 has been rendered nugatory by the dozens of other paragraphs found elsewhere.

The December 2015 version of the FOIA Processing Guide, at page 159, instructs that asylum officer assessments shall be "withheld in full." Yet, as of March 2017, the DHS has modified this instruction.  Plaintiffs wonder what instructions the processors are being given in March 2018.  Are these instructions in writing? If so, they should be filed with the Court. If they are not in writing, the Court should order the DHS to update its manual.

THERE ARE MANY OTHER WRITTEN INSTRUCTIONS CONCERNING ASYLUM OFFICER ASSESSMENTS, NOT INCLUDED IN THE December 2015 VERSION OF THE GUIDE.

1.  4,321 pages released to Professor Stevens.

Professor Jacqueline Stevens requested "all materials used for guidance in managing USCIS FOIA requests" in May 2016 and was given 4,321 pages. ECF #61-1. At page 4158 of those pages, the FOIA processors are instructed twice to "withhold in full" asylum flow charts; they are instructed four times at page 4168 to "fully withhold" asylum refugee notes; and they are instructed once at page 420 to "Withhold in full"

assessments. *See* ECF #61-4, at page 2 of 2; ECF #61-5, page 2 of 2; ECF #61-6, page 2 of 2.

The clerks are *never* instructed to "partially" withhold assessments in the 4,321 pages.


2.  1,239 pages released in June 2017.

In response to a FOIA request, the DHS released 1,239 pages concerning "administrative appeals of FOIA requests" in June 2017.  Fifteen of those pages are in the record as ECF #86-4. Some excerpts from those pages, found at ECF #86-4:

"If we fully withhold a document, we tell you so within the processing guide."
    Page 3 of 19
"documents or information that we withhold…Asylum Officer assessments…Notice of Custody, Unserved warrant for Arrest of alien"
    Page 6 of 19
"Always withhold an Assessment to Refer….March 22, 2007…"
    Page 8 of 19
"The asylum officer's Assessment to Refer, Assessment to Grant, or Assessment to Reject are to be held in full."
    Page 10 of 19.
"Fully withhold Assessment to Refer…July 28, 1999…"
    Page 13 of 19
-withhold "in part" NACARA Background Identity and Security Checklist
    Page 14 of 19
"Assessment to reject….Withhold in Full…"
    Page 16 of 19
"NAILS screen-prints are withheld in full…Fully withhold the IBIS Resolution Memorandum…"
    Page 17 of 19
"Corporate tax returns…you may release most of their financial information…"
    Page 18 of 19
"Fully withhold VIBE Status Reports"
    Page 19 of 19


At least five times in the above 1,239 pages, the FOIA processors are told to "fully" withhold assessments.  They are told to withhold "in part" the NACARA

Background Identity and Security Checklist; they are told to release "most" of corporate

tax returns. ECF #86-4, at page 3 of 19, states:

> "If we fully withhold a document, we tell you so within the processing guide."

The reasonable FOIA processor will read that instruction, and withhold in full all

assessments.

CONCLUSION

The DHS apparently gives its employees thousands of pages, at different times.

ECF #101-1, which is 262 pages long, does not represent the current instruction given to

the employees.

The thousands of pages instruct the employees to withhold assessments "in full"

dozens of times. Yet, recently, the employees have begun releasing several paragraphs

from each assessment. Nine paragraphs were released to Ms. Kyi in January 2018, for

example.

Are the employees making these releases acting without the benefit of any written

instructions?

Dated: March 19, 2018        Respectfully submitted,

DAVID L. CLEVELAND
Attorney for Plaintiffs    DC Bar # 424209
924 G Street, NW  Washington, DC 20001
[202] 772-4345  Fax: [202] 386-7032
1949.david@gmail.com