UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICA GATORE, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>    *Defendant*. | Case 1:15-cv-00459-RBW |

**RESONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANT'S
MARCH 13, 2018, RESPONSE TO THE ORDER OF THE COURT**

On March 9, 2018, this Court issued an order noting that Defendant had included block quotations from a FOIA Processing Guide in the supplemental declaration of Jill Eggleston and that it cited those quotations to show that is "has a policy of reviewing assessments to refer for segregable information." Def.'s Mem. of Pts. & Auths. in Support of Mot. for Summ. J. at 15, 17–18, ECF No. 77-2 (citing Def.'s Stmt. of Undisputed Mat'l Facts ¶ 12, ECF No. 77-1 (in turn citing Supp. Eggleston Decl. ¶ 9, ECF No. 44-1)). The Court ordered Defendant to "file on the docket in this case a complete copy of its FOIA Processing Guide." ECF No. 100. Defendant therefore submitted its December 2015 FOIA Processing Guide on March 13, 2018, and directed the Court's attention to page 49 for the text that was block quoted in Ms. Eggleston's supplemental declaration.

On March 19, 2018, Plaintiffs submitted "objections" to Defendant's filing, contending without explanation that the Court had ordered Defendant to submit the August 15, 2016, version of the Guide, which *postdates* the supplemental Eggleston declaration. ECF No. 102. There is no basis for Plaintiffs' reading of the order. Defendant reasonably interpreted the order as directing it to submit the Guide that was excerpted in the portions of the Eggleston declaration that were

referenced in the Court's order. Further, the December 2015 Guide is the one that was in place at the time that Plaintiffs' FOIA requests were processed. In any event, the August 2016 iteration of the FOIA Processing Guide that Plaintiffs reference contains the same language as the 2015 version submitted by Defendant. *See* Ex. 1, FOIA Processing Guide at 18 (Aug. 15, 2016).

Catholic Charities also represents to the Court that Defendant released to it on July 21, 2017, a FOIA Processing Guide consisting of "946 pages." That is simply not true. Defendants' July 21, 2017, release to Catholic Charities consisted of *nine* separate documents—including three different versions of the FOIA Processing Guide and six collections of FOIA Information Bulletins—that *altogether* totaled 946 pages. Those documents are: (1) a FOIA Processing Guide containing updates or changes from FOIA Information Bulletins as of March 2009 (221 pages); (2) a FOIA Processing Guide containing updates or changes from FOIA Information Bulletins as of June 2015 (262 pages) (this is the version submitted to the Court on March 13, 2018); (3) a FOIA Processing Guide dated August 15, 2016 (37 pages); (4) a collection of FOIA Information Bulletins from 2010 (137 pages); (5) a collection of FOIA Information Bulletins from 2011 (54 pages); (6) a collection of FOIA Information Bulletins from 2012 (54 pages); (7) a collection of FOIA Information Bulletins from 2013 (66 pages); (8) a collection of FOIA Information Bulletins from 2014 (40 pages); and (9) a collection of FOIA Information Bulletins from 2015 (75 pages). These nine different documents were provided to Catholic Charities as nine separate PDF files, the file names of which clearly described what each document was. It is disingenuous for Catholic Charities to represent to the Court that Defendant provided it with a single FOIA Processing Guide consisting of 946 pages.

In addition, many of Plaintiffs "objections" consist not of disputes about Defendant's response to the Court's order, but of additional arguments regarding the pending motions for

summary judgment. Specifically, Plaintiffs identify a number of instances where USCIS has released segregable portions of assessments to refer. Notably, this defeats Plaintiffs' claim that Defendant has a policy or practice of not reviewing such records for segregability and supports summary judgment in favor of Defendant.

Dated: March 23, 2018

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:   /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendant*