

# USCIS
# FOIA Processing Guide



NRC FOIA Training Office
8/15/2016

1

**Exhibit 1**

**FOREWARD**

The <u>USCIS FOIA/PA Processing Guide</u> is a ready reference to assist with the processing of Freedom of Information Act and Privacy Act requests.

The Guide has been saved in PDF format. The PDF format makes searching for information in the Guide easier. **Please view the guide in PDF/A mode while you have FIPS 7 open.** A potential Java scripting conflict exists if you have the document open in PDF mode while running FIPS 7. Viewing the Guide in PDF/A mode disables Java scripting within the Guide – which means hyperlinks within the Guide will not work, but FIPS 7 will not freeze or crash. You may alternate between PDF and PDF/A mode in Acrobat Reader by selecting Edit ⇨ Preferences ⇨ Documents ⇨ PDF/A View Mode. Select "Never" to turn PDF/A mode off, and select "Only for PDF/A documents" to turn PDF/A mode on.

**How does the rulemaking process for this Guide work?** The FOIA Officer, the Chief of FOIA Operations and your Supervisors direct how Government Information Specialists, FOIA/PA Assistants and Office Automation personnel accomplish their missions. Through the Chief of Operations, Supervisors submit a new rule or procedure to the FOIA QA & CS Team. At the direction of the FOIA Officer, QA & CS Team may immediately amend the guide, or they may seek clarification from Office of Chief Counsel. After consultation, QA & CS Team will either amend the Guide or propose a modified rule to FOIA/PA Supervisors, the Chief of FOIA Operations and the FOIA Officer. Re-writes or revisions of the guide are subject to the final approval of the FOIA Officer.

If you notice something in the Guide that is awkwardly worded, contains a typographical error, or is out of date guidance, contact your supervisor and they in turn will contact the Program Office for amendments.

Before we amend the guide, we may first publish a FOIA Information Bulletin (the exception being a misspelled word, a missing punctuation mark or a grammatical error). FOIA Information Bulletins and the latest version of this Guide are available at:

http://ecn.uscis.dhs.gov/team/esd/Division/NRC/Branches/FOIA_OPS/Lists/Links/AllItems.aspx

# Table of Contents

1.   INTRODUCTION ................................................................................................. 7

2.   BEFORE PROCESSING ..................................................................................... 7
   Duplicate, Similar, and Related requests .................................................................................. 7

3.   PROPER FOIA REQUEST ................................................................................. 7

   Certification of agreement (COA) ............................................................................................. 7

   Verification of Identity ................................................................................................................ 8

   (VOI) .............................................................................................................................................. 8

   Certification of Agreement and Verification of Identity chart (COA / VOI) ....................... 9

   Minors, Guardianship, and Deceased Subjects ....................................................................... 9

4.   FOIA OR PA .................................................................................................... 10

5.   FOIA SAFE PROCEDURE .............................................................................. 10

   Classified Records ..................................................................................................................... 10

   Letterhead Memorandum (LHM) ............................................................................................ 11

6.   FOIA EXEMPTIONS (5 U.S.C. § 552) ........................................................... 11

   EXEMPTION (b)(3) ................................................................................................................... 11

   EXEMPTION (b)(5) ................................................................................................................... 12

   EXEMPTION (b)(6) ................................................................................................................... 13

   EXEMPTION (b)(7) ................................................................................................................... 14
   EXEMPTION (b)(7)(C) .............................................................................................................. 14
   EXEMPTION (b)(7)(E) .............................................................................................................. 15

   Other (b)(7) exemptions: .......................................................................................................... 15
   •    ( .......................................................................................................................................... 15

7.   PRIVACY ACT EXEMPTIONS, 5 U.S.C. § 552A ........................................... 15

   EXEMPTION (d)(5) ................................................................................................................... 16

   EXEMPTION (j)(2) .................................................................................................................... 16

   EXEMPTION (k)(2) ................................................................................................................... 16

**8.     REVIEWING RECORDS AND APPLYING EXEMPTIONS................................ 16**

**GENERAL GUIDANCE TO PROCESSING ........................................................................ 17**

Exemption Marking Placement ........................................................................................................17

Special Legends ................................................................................................................................17

Reasonably Segregable .....................................................................................................................18

Out of Scope.....................................................................................................................................18

3rd Party Referrals ............................................................................................................................18

Misfiled Documents..........................................................................................................................19

Reference Request Sheet for ARCIS - Out of Scope .......................................................................19

Translation of Documents .................................................................................................................19

Duplicate Pages ................................................................................................................................19

Border Crossing Card (BCC) ...........................................................................................................20

Certified Copies / Certificate of Non-Existence of Record .............................................................20

I-589 Asylum Applications (First Party and Third Party) ................................................................20

National Automated Immigration Lookout System (NAILS) ..........................................................21

Interagency Border Inspection System (IBIS)..................................................................................21

Joint Automated Booking System (JABS) .......................................................................................21

Federal Bureau of Investigation (FBI) .............................................................................................21

Tax Returns .......................................................................................................................................22

Petitioner FOIA Requests..................................................................................................................22

Asylum and Refugee Interview Notes...............................................................................................23

Refugee Officers and other Government Employees Working Outside of the U.S. ..........................23

Choicepoint/Discovery Plus/CLEAR/Accurint/LexisNexis/National Comprehensive Report Person
Searches ............................................................................................................................................23

Certificate of Service and Documents Filed in Court ......................................................................23

I-181, Memorandum of Creation of Record of Lawful Permanent Residence .................................23

I-696, Legalization/SAW Examinations Worksheet.........................................................................24

Worksheets, Processing Sheets, Checklists and Flowcharts..............................................................24

4

a.   Controlled Application Review and Resolution Program (CARRP) ...................24

b.   Asylum and NACARA § 203 Background Identity and Security Checklist........................24

c.   Validation Instrument for Business Enterprises (VIBE) ...................24

d.   (b) (7)(E) ...................24

Screen Prints...................24

a.   CIS (Central Index Systems) ...................24

b.   NCIC (National Crime Information Center) ...................24

c.   TECS (The Enforcement Communications System) ...................24

d.   TECS II Person Subject Display ...................25

e.   TECS II – NCIC/NLETS RECORD DISPLAY ...................25

f.   Marriage Fraud Mainframe System ...................25

g.   Refugee and Asylee Processing System (RAPS)...................25

I-213, Report of Deportable/Inadmissible Alien ...................25

Processing Marriage Fraud Interviews / Stokes Interviews ...................25

Report of Investigation or Memorandum of Investigation...................25

Record of Information Disclosure (Privacy Act), Form G-658 ...................26

US-Visit and ADIS ...................26

Aliens with Multiple Unconsolidated A-Numbers ...................26

Identifying Robert Schofield / Hidden Patriot Cases ...................26

9.   REFERRALS / CONSULTATIONS...................27

General Considerations for Referrals and Consultations ...................27

Referrals with USCIS Redactions...................28

Adding Information to Referral Letters ...................28

DCII Referrals...................28

Bureau of Prisons (BOP) ...................29

Immigration and Customs Enforcement (ICE) documents...................29

U.S. Department of State documents (DOS) ...................29

**State Department Guidance Chart:** ...............................................................................30

**White House and related agency's documents** ...........................................................31

**Office of Refugee Resettlement (ORR)** ....................................................................31

**10.    REQUESTS FROM INMATES OR BOND OBLIGORS** .................................... 31

**Requests from Inmates** ...............................................................................................31

**Requests from Bond Obligors** ...................................................................................31

**11.    GENEALOGY / RECORDS INDEXING** ......................................................... 32

**12.    FINAL ACTION** ............................................................................................. 32

**Final Action Letter (FAL)** ..........................................................................................32

**Formatting the Final Action Letter** ............................................................................33

**Lost / Missing Files** ....................................................................................................33

**Dates on Final Action Letters** ....................................................................................33

**Ensuring you get credit for pages** .............................................................................34

**13.    SPECIFIC DOCUMENT REQUEST** ............................................................... 34

**14.    MEDIA** ......................................................................................................... 34

**15.    DISCUSSIONS, CASE NOTES, AND SUMMARIES** ...................................... 35

**Discussions / Case Notes** ............................................................................................35

**Summary** .....................................................................................................................35

**Summary Format:** ........................................................................................................35

**QUICK LINKS TO ECN** ............................................................................................ 36

**Acronyms** ....................................................................................................................37

**Class of Admission (COA)** .........................................................................................37

**Processing Tables and Forms** ......................................................................................37

**TECS Codes** .................................................................................................................37

# 1.   INTRODUCTION

The United States Citizenship and Immigration Services (USCIS) use an automated system to create, control and process all Freedom of Information Act/Privacy Act (FOIA/PA) requests. All FOIA work for USCIS is centralized at the National Records Center (NRC).

This guide will assist in processing Freedom of Information Act (FOIA) and Privacy Act (PA) requests. It contains the most commonly seen items you will incur while processing a FOIA/PA request.  An explanation of the most commonly used exemptions including the standard paragraphs for final action letters, examples of the information we withhold, samples of documents with redactions, and flowcharts/diagrams are included in this guide.  Processing guidance for USCIS, Customs and Border Protection (CBP), U.S. Department of State (DOS), and Immigration and Customs Enforcement (ICE) cases are also in this guide.

# 2.   BEFORE PROCESSING

Before you begin processing the Responsive Records read the entire request, all case supporting documents, and all Discussions. This is crucial.

### Duplicate, Similar, and Related requests

Check for Duplicate, Similar, and Related requests.  If you find any, create a Discussion in each. Your supervisor may wish to assign the Duplicate case to you to close. The same processor should process similar requests whenever possible.  In Related cases you can use the consent from each subject to process the relating cases.  Please note: a supervisor will not move cases out of numerical order.
- Duplicate requests are from the same subject, with the same requestor, 6 or fewer months apart.
- Similar requests are from the same subject, different requestor.
- Related cases are separate requests from spouses, adult children, parents, and other instances, which use the same attorney, and have been submitted 6 or fewer months apart.

# 3.   PROPER FOIA REQUEST

### Certification of agreement (COA)

Certification of agreement for the purposes of FOIA/PA is a written agreement, signed by the subject of the record, giving permission for the information in the record to be given to another person. **The case processor must review the request and supporting documents to determine if proper certification of agreement is present.** To read the regulation: 6 CFR § 5.21

Certification of agreement may be found in different places and formats. Some common examples are:

- Block 3 on Form G-639 (older version) or part 8 of the new (3/31/15) version
- A properly executed Form G-28
- A separate declaration signed by the subject.

NOTE: A G-28 within the responsive records does not determine how you process an Alien File.

**Keep in mind:**
If certification of agreement is provided no other place except Form G-28, then the attorney must use a *properly executed* current Form G-28 (revision of 03/04/2015).

If there is no other certification of agreement except on Form G-28 and it is an older version than the revision of 03/04/2015, then you will close the case FC (Failure to Comply).
If there is no other certification of agreement except on a new Form G-28 (revision of 03/04/2015) but it is not properly executed, then you will close the case TD (inadequate certification of agreement).

Not everyone can sign a document.  However, if they make their mark and it is either notarized or made under penalty of perjury that fills this requirement as well.

**Verification of Identity (VOI)**

When people request their alien files or receipt files, they must "prove" that they are the rightful owner of that record.  This is called "providing verification of identity."  These types of records contain Personally Identifiable Information (PII) and as such require this extra layer of protection.  Providing VOI is done by providing certain pieces of information unique to them and attesting to the fact that it is the truth. To read the regulation: 6 CFR § 5.21

For verification of identity, the requestor must provide:

- Full Name
- Current address
- Date of Birth
- Place of Birth

This information **must be signed and notarized or signed under penalty of perjury by the subject of the record**.  The notarized signature of the subject or the signature under penalty of perjury does not need to be on the G-639. If a requestor has inserted the **penalty of perjury statement on ANY document**, and the subject of the file has signed the document, it fulfills the requirement to verify identity.

If the requestor is asking for records concerning *(a living)* individual, and if there is only one signature, and the request does not fall under one of the categories above for certification of agreement and/or verification of identity, create a new Discussion stating the problem and either close the case as a Total Denial or a Failure to Comply, based on the decision matrix shown below.

**Certification of Agreement and Verification of Identity chart (COA / VOI)**

| Requestor | Certification of Agreement | Verification of Identity | Action |
|---|---|---|---|
| Self | No | Yes | Staff for records |
| Self | No | No | Close FC |
| 3rd Party | From subject | From subject | Staff for records |
| 3rd Party | Not from subject | Yes or No | Close TD |
| 3rd Party | From subject | No | Close FC |

- FC (Failure to Comply), for additional guidance see the FOIA/PA Assistants Guide, Section 16b and FAILURE TO COMPLY (FC) CASE CLOSINGS
- For TD: Total Denial guidance, see the FOIA/PA Assistants Guide, Section 16a.

**Minors, Guardianship, and Deceased Subjects**

**Minors:**
A minor can request their own record. There is not any law which states that a requestor must be a certain age to file a FOIA/PA request.  If a parent requests a minor child's records they must submit the minor's name, date of birth and country of birth, the parent's VOI, and proof of parentage, e.g. birth certificate, adoption decree or similar document, naming the requestor as the legal parent. Attorneys may represent minors also.

**Guardianship:**
If a court appointed guardian is requesting the records, we require the court order establishing guardianship, along with name, date of birth, and country of birth of the subject of record, and VOI from the guardian.

**Deceased subjects and the 100 year rule:**
If the subject of record is deceased and they are less than 100 years old the requestor must provide proof of death, e.g. a copy of the death certificate, obituary, a copy of the Social Security Death Index, or a photograph of the tombstone. If the subject of record is over 100 years old USCIS assumes the subject is deceased and does not require proof of death. This USCIS rule carries over from the Department of Justice, Immigration and Naturalization Service, which used Social Security Administration actuarial studies. The studies showed that a male who was 30 years old in 1950 has a 0.01% chance of living to be 100 years old, while a female who was 30 in 1950 has a 2% chance of living to 100. For more information, see Schrecker v. US Dept. of Justice, 349 F. 3d 657.

9

## 4.   <u>FOIA or PA</u>

You determine a subject's status by what records are scanned into FIPS; not on what is in CIS or CLAIMS. If the Subject of Record is a naturalized citizen, legal permanent resident (LPR) or has a current conditional status you will process under the Privacy Act (PA). All others requests are processed under the Freedom of Information Act (FOIA). If there are multiple documents that affect status look for the one with the most current date.

FOIA or PA examples can be found here: <u>Understanding an Immigrant's Status</u>

## 5.   <u>FOIA SAFE PROCEDURE</u>

If you encounter a case that has been staffed to FOIA SAFE follow these steps.

1.  Create a Discussion stating that the case is staffed to FOIA SAFE.

2.  Send the case to Admin and e-mail the NRC, FOIASafe mailbox with the name of the subject of record and control number. **Copy your supervisor on the e-mail**.

<u>Note:</u> Do not process the case. Even though it is sanitized and does not require a clearance to review the documents, special care is taken in the processing of these cases.

FOIA SAFE staffing example:

| 11 | 04/15/10 | Responsive Records | FOIA SAFE | 42 | Scanned |
| 10 | 04/15/10 | Staffing Response | FOIA SAFE | 1 | Scanned |

### <u>Classified Records</u>

We do not process classified records containing National Security Information (NSI) in FIPS. However, if you encounter a document bearing a security classification marking (Confidential, Secret, Top Secret, Sensitive Compartmented Information [SCI], or Department of Energy [DOE] Restricted/Formerly Restricted) take the following actions.

Stop processing, check-in the responsive records, and create a Discussion titled: Possible NSI. Include the specific page number(s) in the Discussion. Contact a supervisor via phone or instant message and advise them, "I may have run into NSI information while processing." Do not discuss or explain the document. The supervisor will assign the case to the appropriate person in the ADMIN Queue and you may pull another case and continue working.

Send an email to <u>Mary E. Latimer</u>, <u>Kellie Innes</u>, <u>Joe D. Reed</u>, <u>Jarrod Panter</u>, <u>Tracy Bellisime</u>, and CC your supervisor. If the document is NSI you will be asked to complete an Inadvertent Disclosure Document. For additional information view: <u>Classified Records</u>

**Letterhead Memorandum (LHM)**

Many LHMs are unclassified, however, some are classified. If you come across an unclassified LHM in the file that is not preceded by a "Memorandum to File" produced by the National Benefits Center (NBC) FBI Name Check Team, please fully withhold it citing (b)(7)(e) under the FOIA and add (j)(2) under the PA.

If you come across any of the following stop processing:

- "Memorandum to File" produced by the National Benefits Center (NBC) FBI Name Check Team that references a LHM
- A memo or reference to a LHM being available on the Homeland Security Data Network (HSDN)
- A memo or reference to a LHM in a T-file

In these instances you will need to:

1. Fully withhold the memo that references a LHM citing (b)(7)(e) under the FOIA and add (j)(2) under the PA.
2. Email NRC, FOIASafe, CC Joe Reed, and your supervisor. Title the subject line LHM and in the body provide the control number, page where you found the LHM reference, and whether you are teleworking or in the office.
3. Create a Discussion titled LHM, paste the body of your email into it, and send the case to ADMIN. A member of the classified team will review the case and get back with you.

For additional information see: Identifying Classified Documents - 2015

# 6.    FOIA EXEMPTIONS (5 U.S.C. § 552)

There are nine exemptions under the FOIA that allow us to exclude information from release either in whole or in part. Congress and the courts influence our interpretation of FOIA from time to time. If we need clarification, our source is the Department of Justice's Guide to the FOIA, which is updated on the internet only at http://www.justice.gov/oip/foia-guide.html.

Historically, our agency most often uses Exemptions (b)(3), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) when processing alien files. We have provided guidance on these exemptions. Please take a moment to read up on the other exemptions of the FOIA in the Department of Justice Guide (link above).

**EXEMPTION (b)(3)**

Exemption (b)(3) protects from mandatory disclosure items specifically withheld in conjunction with other statutes. The information most often withheld pursuant to Exemption (b)(3) are taxpayer identification numbers, which we cite in conjunction with 26 U.S.C. § 6103. We may

occasionally protect Grand Jury deliberative material, which is exempted by Rule 6(e) of the Federal Rules of Criminal Procedure.

There is no corresponding Privacy Act exemption, therefore under the PA we will release information normally withheld pursuant to Exemption (b)(3) under FOIA, unless that information is exempt under another statute(s).


## EXEMPTION (b)(5)

Exemption (b)(5) protects privileged communications within or between agencies, including:

1. Deliberative Process Privilege, minus the 25 year Sunset provision
2. Attorney-Work Product Privilege
3. Attorney-Client Privilege

The protection of the Deliberative Process Privilege goes away if the records were produced 25 years or more before the date of the request. Click to read about the FOIA Improvement Act of 2016.

In plain English, if the agency wouldn't have to give you the documents if you were embroiled in a court case with them, you're not going to get them under the FOIA. This includes documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, represent **the work product of an attorney**, or reflect **confidential communications between a client and an attorney** (i.e., this agency and its attorneys). This may also include documents of a pre-decisional nature used in the process of adjudicating applications for benefits (**deliberative process, minus the 25 year Sunset provision**). This does not apply to communications between the alien and his or her attorney or representative.

The President and Attorney General have issued memoranda to all agencies emphasizing that the FOIA reflects a "profound national commitment to ensuring an open Government" and directing agencies to "adopt a presumption in favor of disclosure." If USCIS reasonably foresees that disclosure would cause harm to *deliberative process*, we may withhold the information under Exemption (b)(5).

Specifically, three types of harm have consistently been held to constitute a basis for withholding under the deliberative process privilege, if release would:

1. Cast a **chilling effect** upon open, frank and honest discussion on matters of policy between subordinates and superiors; or
2. **Cause premature disclosure** of proposed policies before they are actually adopted; or
3. Cause public **confusion** that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action.

After you have determined that Exemption (b)(5) applies because of deliberative process, you should evaluate the need to protect the information based on one of the three factors listed above.

**Note:** the 25 year Sunset provision and reasonably foreseeable harm only apply to the deliberative process privilege and do not apply to attorney work product or attorney-client communication.

Some documents we routinely withhold pursuant to Exemption (b)(5) include adjudicator's notes, internal e-mail messages, memoranda and other internal documents. We also withhold Westlaw case printouts, including the web address, as long as those printouts were prepared by a United States attorney (that is, an attorney working for Department of Justice or USCIS, and NOT the alien's attorney). This also excludes attorney work product prepared by ICE attorneys, as we now refer those pages to ICE.

The corresponding exemption under the PA for this type of information is Exemption (d)(5), which exempts information compiled in reasonable anticipation of a civil action or proceeding. Most immigration issues are administrative in nature.

Documents with instructional legends (e.g., "For Official Use Only," "Adjudicative Work Product," "Do Not Release Outside the Agency.") **are not** automatically exempt from disclosure under the FOIA or PA. A processor must review these types of documents for content. As a rule, any document marked "Attorney Work Product" is fully exempt under (b)(5) or (d)(5)/(b)(5) if PA unless the document is blank. If the attorney work product has to do with deportation, removal or detention, please refer it to ICE.

**Handwritten Notes:** The deliberative process prong of Exemption (b)(5) does not apply to notes that are trivial in nature, state facts, or were produced 25 years or more before the request. Read and analyze the notes found in the record. Review and carefully apply Exemption (b)(5) only when appropriate.

Examples:
- If an adjudicator's handwritten note from 4 years ago states, "In my opinion the I-485 should be denied due to these charges", Exemption (b)(5) would apply to the handwritten notes.
- If the Adjudicator writes, "please return this file to me after a decision has been reached", Exemption (b)(5) does not apply.

Notes written by an attorney require a separate analysis of whether the note is a protected communication as attorney work product or falls under an attorney-client privilege.


## EXEMPTION (b)(6)

Exemption (b)(6) allows the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we withhold may consist of, but is not limited to, birth certificates, naturalization certificates, driver's licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

Personally identifiable information (PII) is any piece of information which can potentially be used to uniquely identify, contact, or locate a single person. This includes but is not limited to social security numbers, alien registration numbers, biometric identifiers, photographic facial images, addresses, and phone numbers. We must also protect PII of family members of a deceased individual when working a third party request. Exemption (b)(6) is the third most used exemption at USCIS.  You will use it in most of your FOIA cases you process.

There is no corresponding Privacy Act exemption, therefore under the PA we will release information normally withheld pursuant to Exemption (b)(6) under FOIA, unless that information is exempt under another statute(s).

## EXEMPTION (b)(7)

Exemption (b)(7) protects records or information compiled for law enforcement purposes from disclosure. It has six subparts that specify the different types of harm. The corresponding PA exemptions for (b)(7) are Exemptions (k)(2) and in some cases (j)(2).

Exemption 7 protects records or information compiled for law enforcement purposes. This will be the first thing you consider in deciding if Exemption 7 applies. While law enforcement may not be the primary mission of a Federal agency like USCIS, a sub-unit or section of that agency may perform law enforcement activities that generate records compiled for law enforcement purposes. Therefore Exemption 7 may apply. The Office of Fraud Detection and National Security, part of USCIS, is a good example.

## EXEMPTION (b)(7)(C)

Exemption (b)(7)(c) provides protection for personal information in law enforcement records that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is the law enforcement counterpart of Exemption (b)(6). Various types of information relating to third-party individuals may be withheld.

The types of documents and/or information that we withhold could consist of names, addresses, identification numbers, telephone numbers, fax numbers, and various other documents that are considered personal. This exemption is primarily used to protect the identities of law enforcement officers, adjudicators and other DHS employees on a law enforcement document; however, it may also sometimes apply to information relating to other third-party individuals. What about individuals identified in an investigation file or record not normally considered law enforcement personnel?

Anytime an immigration officer takes part in a law enforcement activity (making an arrest; patrolling the border; carrying a firearm; serving and executing a search or arrest warrant; conducting a records or systems search for law enforcement purposes), or is identified in some manner in a law enforcement record, withhold the identity of the immigration officer citing

Exemption 7(C). You will also use Exemption (b)(7)(C) when redacting user ID's and initials involving the same scenarios as stated above.

Refer to 8 C.F.R. § 287.5 for more detailed examples of when immigration officers, including Adjudication Officers, are considered to be performing duties in a law enforcement capacity. Likewise, when an Adjudications Officer runs an investigatory check on a subject using a law enforcement system such as IBIS, the identity of the Adjudications Officers shown anywhere on the IBIS print out is properly withheld citing Exemption 7(C).

**EXEMPTION (b)(7)(E)**

Exemption (b)(7)(e) affords protection to law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

The types of documents and/or information that we may withhold could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

**Other (b)(7) exemptions:**
- (b)(7)(A) – to interfere with enforcement proceedings
- (b)(7)(B) – would deprive a person of a right to a fair trial or an impartial adjudication
- (b)(7)(D) – to disclose the identity/identities of confidential sources
- (b)(7)(F) – to endanger the life or physical safety of an individual

# 7.    **PRIVACY ACT EXEMPTIONS, 5 U.S.C. § 552a**

Congressional and court decisions do not influence our interpretation of the Privacy Act nearly as often as they influence FOIA. The purpose of the Privacy Act is primarily to protect an individual's privacy. Access to records is a secondary part of that protection. If we need clarification of a Privacy Act question, our source is the Department of Justice's Overview of the Privacy Act, which is updated on the internet now at : DOJ Privacy Act overview. There are 10 exemptions under the Privacy Act. Of these 10 exemptions, we use the three following exemptions at USCIS.

**EXEMPTION (d)(5)**

Exemption (d)(5) permits the government to withhold all documents or information that has been compiled in reasonable anticipation of a civil action or proceeding, and Exemption (b)(5) is its companion FOIA exemption. Exemption (d)(5) may not always apply, even if FOIA Exemption (b)(5) does. The courts have refined the definition of "reasonable anticipation" by saying the anticipation must be real and may not be theoretical or tentative. There is no requirement that the document must be prepared by an attorney.

**EXEMPTION (j)(2)**

Protects documents maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities. Exemption (b)(7) is the companion FOIA exemption.

**EXEMPTION (k)(2)**

Provides protection for investigatory material compiled for law enforcement purposes, other than material that falls within the scope of (j)(2). Exemption (b)(7) is the companion FOIA exemption.

## 8.  REVIEWING RECORDS and APPLYING EXEMPTIONS

While the USCIS *FOIA Processing Guide* is your primary reference, the *Guide* cannot address every possible scenario you might encounter in an A-file. Immigration forms are constantly changing. In addition, offices may use different versions of the same form or include additional information on a form, such as an IBIS stamp or hand written note. The inclusion of additional information may trigger the need to use other exemptions in addition to those ordinarily applied to a given form.

Review each page for content. Each case is unique; therefore, consider disclosure on a case-by-case basis. Determining to release in full, withhold in full or release in part depends upon the type of document, the information on the document, the requestor and whether or not certification of agreement is present. As you process, consider the following:

- If this document/information is released, whom will it harm?

- How did we obtain the document/information? Was it from the subject of the file, another individual, or the result of an investigation?

- Is this document/information factual, or is an attorney, investigator or agent analyzing the information and making notes or writing down a plan of action (what steps need to be taken)?

Apply any and all relevant exemptions. For example:

- The Processing Tables may say to fully withhold a certain document pursuant to Exemptions (b)(7)(C) and (b)(7)(E), but you determine that (b)(7)(C) does not apply, therefore do not cite it.

- The Processing Tables may say to withhold law enforcement names, fax and phone numbers on a certain document pursuant to Exemption (b)(7)(C), yet you see an IBIS stamp with a result, you would then cite (b)(7)(E).

Without a Letter of Instruction or Memorandum of Understanding, we do not ordinarily withhold another agency's information. Refer or consult with the originating component or agency and withhold only if advised. See section 9, Referrals/Consultations.


## GENERAL GUIDANCE TO PROCESSING

### Exemption Marking Placement

You should try to place the exemption stamp as close as possible to the exempt information in the nearest clear area of the document. Do not obscure information that is not being withheld with the exemption stamp.

If you have a group of several pieces of exempt information all withheld under one exemption, you may place that exemption close to the center of the group or in a clear area, so that it is obvious that all redactions are held under one exemption.

If you are only citing one exemption on an entire page, you may either place the exemption stamp as close as possible to the information redacted or once at the top and bottom of the page.

Do not overlap exemption stamps with other information. Pages print in black and white.



| PAGE WITHHELD PURSUANT TO     (b)(6) | PAGE WITHHELD PURSUANT (b)(6) |
| Correct | Incorrect |

### Special Legends

Do not automatically withhold documents that are marked For Official Use Only, Adjudicative Work Product, Attorney Work Product, Do Not Release Outside the Agency, and others. A processor must review these types of documents for content.

**Reasonably Segregable**

A processor should segregate information that is exempt (cannot be released) from information that is non-exempt (can be released). If a document contains one piece of information that is not releasable, but the rest of the document is releasable, it is usually improper to withhold the entire page. If you are able to give the requestor part of a page, you should. You should not fully withhold a page solely because it is more convenient. The principle in 5 U.S.C. § 552 is that the court may assess reasonable attorney fees and other litigation costs against the agency when the court determines that agency personnel acted arbitrarily or capriciously with respect to withholding information.

When we process documents that contain information that can be released, we are required to separate or isolate this information from information that cannot be released. One exception to this rule is where the non-exempt material is inextricably intertwined with the exempt material and the only information being released are words and/or phrases that do not make sense. "*Inextricably intertwined*" is a term used by the courts to describe material which, if redacted, would make no sense at all. That is to say, a person reading it would not be able to gather any idea of the purpose of the document, the possible subject of the document or any other meaningful piece of information.

Recent court decisions involving FOIA processing have continued to stress the requirement of an agency to provide to a requestor all reasonably segregable portions of a record that are not subject to any FOIA exemption.


**Out of Scope**

Out of Scope pertains to documents that do not relate to the requestor and/or the information being requested. Pages marked Out of Scope do not print; therefore we do not mention them in the Final Action Letter.

Examples of Out of Scope pages:
- Misfiled documents that have no relationship to the subject of the file.
- Documents not related to the specific receipt file or document requested.
- Documents not a part of the A-file but inserted by the scanner at the digitization facility. For instance, documents marked "Best Available Image" or "The TOC is not part of the certified copy of the A-file."
- Documents scanned in by contractors: Left Side, Right Side, Last Page, Begin and End Visa Packet, and possibly others.


**3rd Party Referrals**

Out of Scope any third party documents that belong to another agency, with the exception of ICE documents. Example: you see a TECS II screen-print that belongs to DOS, yet does not belong to your subject. Out of Scope the screen-print. The exception: refer all ICE documents to ICE.

## Misfiled Documents

If you encounter a document that clearly has no relationship to the subject of record take the following steps:
- Out of Scope misfiled pages
- Fill out the Misfiled Document Form
- Send an e-mail to NRCFOIAMSB with the subject line: Misfiled Documents and attach the Misfiled Documents Worksheet.
- Add to your Summary under Important Information: Misfiled Documents on page(s): 2,5,9-12, notified FOIAProgram

## Reference Request Sheet for ARCIS - Out of Scope

ARCIS is the system our contractor uses to request files from the Federal Records Center (FRC). Please out of scope the ARCIS Reference Request Sheet if you see it in responsive records. It is not part of the alien's file.

## Translation of Documents[2]

This agency is responsible for making a reasonable effort to translate documents. First-party requestors will most likely understand the foreign-language on a given document; therefore we do not normally provide a translation to them. The majority of foreign documents in A-files have been translated. If you come across one that has not, follow this procedure:
- Insert a Discussion titled "Untranslated Documents" and include the page numbers.
- Send an e-mail to FOIAMSB and CC your supervisor, with the Subject line: Untranslated Documents and in the body include the Control Number and specific pages.
- Send the case to the Administrative queue.

The translated information will be scanned as CSD or added as a Discussion, and the case returned to you for completion.

## Duplicate Pages

A duplicate page is an exact replica: same markings, stamps, dates, et al. The exception is RDF and NRC digitized records, which will have a sequential marking at the top. If this is the only difference you may mark the page as a duplicate.

Do not mark the following as duplicates:
- Blank pages
- Cover sheets
- Referrals

---

[2] FOIA Post (2004):  *The Limits of Agency Translation Obligations Under the FOIA*

**Border Crossing Card (BCC)**

80,000,000 through 86,899,999 series Alien numbers are Border Crossing Card/Border Apprehension numbers. A Border Crossing Card is an electronic record and no physical file exists. The FCO will be blank in CIS. BCC cases are created in Track 1. Process the screen prints and include one of the following paragraphs in the Final Action Letter.

   a. **No Record but asking about deportation-etc**
   *If such records exist, they would be maintained under the jurisdiction of U.S. Customs and Border Protection. You may wish to contact Customs and Border Protection, WWW.CBP.GOV. Their website offers information on filing your FOIA request electronically. Please be sure to include dates and locations of any encounters. Please note they do not have complete records for incidents prior to 2000.*

   b. **Entry/Exit Information**
   *For entrance/exit information, you may wish to contact Customs and Border Protection, WWW.CBP.GOV. Their website offers information on filing your FOIA request electronically. Please be sure to include dates and locations of any encounters. Please note they do not have complete records for incidents prior to 2000.*

**Certified Copies / Certificate of Non-Existence of Record**

If it was not addressed by the Case Creator insert a Discussion "certified documents requested." If you process any records insert the following in the Final Action Letter, *"You requested a certified copy of a U.S. Citizenship and Immigration Services (USCIS) record. The National Records Center does not certify documents and is responding with a copy of these records as required under the Freedom of Information Act/Privacy Act."*

If the case is being closed as a FC, NR, or TD, click here: REQUESTS FOR CERTIFIED COPIES OR CERTIFICATE OF NON-EXISTENCE

**I-589 Asylum Applications (First Party and Third Party)**

If you have consent from the owner of the I-589, release it in full. If you have consent from someone included on an I-589 e.g. spouse or child, you can only release the name of the document, the name of the owner, and the information relating to the consenter. If you do not have consent from any party on the I-589, withhold it in full. See Asylum in FOIA Cases for further guidance.

## National Automated Immigration Lookout System (NAILS)

NAILS screen-prints are withheld in full citing (b)(7)(e), if there is an agents name or it is a third party screen-print add (b)(7)(c) under the FOIA, add (k)(2) under the PA. NAILS results such as NAILS-X, Positive, or Negative are held using (b)(7)(e) under the FOIA, add (k)(2) under the PA. If the information originated with ICE, refer it to ICE.

## Interagency Border Inspection System (IBIS)

IBIS is not a protected system, yet we withhold certain results, e.g. positive, negative, with Exemption (b)(7)(E) under the FOIA and Exemptions (b)(7)(E) and (k)(2) under the PA. Fully withhold the IBIS Resolution Memorandum / IBIS Hit Resolution Memorandum with (b)(7)(C) and (b)(7)(E) under FOIA and (k)(2), (b)(7)(C) and (b)(7)(E) under PA. NOTE: The Background Check Unit at the National Benefits Center no longer refers to the procedure as IBIS Resolution, but now TECS Resolution, and so you may see "TECS Resolution Memorandum" or "TECS Hit Resolution Memorandum."

## Joint Automated Booking System (JABS)

JABS is owned by the United States Marshals Service (USMS), yet many Federal, State and local agencies input information in the system. Look for the JABS number, e.g. INS-C-005256-INS, which will let you know who the information belongs to.  Process or refer accordingly.

## Federal Bureau of Investigation (FBI)

FBI personnel names are held using (b)(7)(C) under the FOIA, add (j)(2) under the PA. FBI results are held using (b)(7)(E) under the FOIA, add (j)(2) under the PA. If you are unsure of how to handle FBI records, please consult a supervisor.

a) Withhold FBI results such as: (b) (7)(E) ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ The following codes do not indicate any result, and are releasable: Pending: IP or H, Duplicate: DD or D, Request Cancelled: RC, Error: E.

b) IAFIS is a fingerprint identification system belonging to FBI.  We withhold an IAFIS result if it relates to wants or warrants. If it relates to criminal history we release it. If you just see IAFIS: (b) (7)(E) ▉▉▉▉▉ withhold the result, because it could relate either to criminal history or to wants or warrants.

c) NCIC is maintained by the FBI's Criminal Justice Information Services Division. Withhold NCIC results such as (b)(7)(E) ▉▉▉▉▉▉▉▉▉▉ Release administrative information that does not have to do with NCIC checks, such as NCIC submitted, NCIC not available, NCIC results pending, and so forth.

d) FBI Warning: There may be a document originating with FBI marked with the following warning at the bottom:

"This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; and its contents are not to be distributed outside your agency."

Please fully withhold the document, citing (b)(7)(E) under FOIA, or ( j)(2) and (b)(7)(E) under PA. If the document does not relate solely to the subject of record or contains law enforcement identifying information, please add (b)(7)(C).

e) The Joint Terrorism Task Force (JTTF) falls under the purview of the FBI.  Please fully withhold the document, citing (b)(7)(E) under FOIA, or ( j)(2) and (b)(7)(E) under PA.. If the document does not relate solely to the subject of record or contains law enforcement identifying information, please add (b)(7)(C).

f) Release FBI Rap Sheets and TECS III screen-prints unless you see exempt information.

## Tax Returns

a) Individual tax returns: If you have consent from the filer, release them in full. If you do not have consent, withhold everything except the form name and the filers' name citing (b)(6).

b) Corporate tax returns: Companies do not have personal privacy rights, so you may release most of their financial information. You will withhold personal earnings and stock holdings. You may withhold the company's TIN / EIN applying Exemption (b)(3), unless you have proof the subject of record worked for the company. Proof of employment may be a paystub, W-2, or the like. Forms ETA 750 and ETA 9089 are not proof of employment. You may also withhold the preparers EIN citing (b)(6) if it is an individual or (b)(3) if it is a company.

For more examples see: Tax Forms in FOIA

## Petitioner FOIA Requests

If the petitioner of an I-130 is requesting their unconsolidated petition and they provided proper VOI you may release all the documents they submitted in full with the exception of IBIS stamps and the like. You will still redact screen-prints where appropriate. If the I-130 has been consolidated into the beneficiary's A-file and you do not have Certification of Agreement and Verification of Identity from the beneficiary you will close the case as a TD.

**Asylum and Refugee Interview Notes**

- Asylum interview: ordinarily we fully release the notes and question/answer worksheets. If you see deliberative information withhold it (b)(5) under the FOIA or (b)(5), (d)(5) under the PA.
- Refugee interview: fully withhold refugee interview notes with (b)(7)(e) under the FOIA, add (k)(2) under the PA. Refugee officers live overseas and may be subjected to harassment.

For additional examples see: <u>Asylum Presentation</u> and <u>Refugee Slides with Examples</u>

**Refugee Officers and other Government Employees Working Outside of the U.S.**

If a Refugee, Asylum, or Adjudications Officer is working overseas, especially in a sensitive region, and/or if you feel that person could potentially be a target for extortion, kidnapping or interference in performance of duty, you should protect the Refugee Officer's name, direct line phone number and e-mail address, along with any other identifying information citing (b)(6). Use your judgment. If you have any questions please contact a supervisor.

**Choicepoint/Discovery Plus/CLEAR/Accurint/LexisNexis/National Comprehensive Report Person Searches**

These screen prints are compiled for law enforcement investigatory purposes. Fully withhold documents from systems such as these citing Exemption (b)(7)(E). If there is third party PII add Exemption (b)(7)(C). Under the Privacy Act add Exemption (k)(2).

**Certificate of Service and Documents Filed in Court**

If there are exhibits that have been filed or served with a court, release those documents in full, unless they belong to ICE. Refer all ICE documents to ICE. An exception to this rule is if there is information in a pleading or exhibit clearly showing it was filed for in camera or ex parte review or filed under seal – in that situation, even though it was filed with the court, you fully withhold it, citing Exemption (b)(5) under the FOIA, add (d)(5) under the Privacy Act. If you are unsure, please contact a supervisor.

**I-181, Memorandum of Creation of Record of Lawful Permanent Residence**

Release form I-181 if adjudicated; marked approved, denied, or terminated. If you are processing under the FOIA withhold blank copies in full citing (b)(5). If you are processing under the PA release blank I-181s. NOTE: There may be other exempt information such as IBIS stamps.

**I-696, Legalization/SAW Examinations Worksheet**

On the front of form I-696, if the reviewer signed Box E and annotated a final decision, you will release the information in Box B. If the reviewer didn't sign Box E, you will hold Box B with a (b)(5) under the FOIA, add (d)(5) under the PA. You will need to review the back of this form for deliberative material.

**Worksheets, Processing Sheets, Checklists and Flowcharts**

a. **Controlled Application Review and Resolution Program (CARRP)**
   CARRP worksheets and coversheets are held with (b)(7)(e) under the FOIA and (k)(2) and (b)(7)(e) under the PA. If there is a DHS employees' name on the form add (b)(7)(c).

b. **Asylum and NACARA § 203 Background Identity and Security Checklist**
   If EARM, IBIS, FBI, US-VISIT, CCD indicate an action you will withhold them one or all citing (b)(7)(e) under the FOIA and appropriately apply (j)(2) and/or (k)(2) under the PA. Withhold DHS employees' names, initials, and or ID numbers appropriately.

c. **Validation Instrument for Business Enterprises (VIBE)**
   Fully withhold VIBE Status Reports citing Exemptions (b)(5) and (b)(7)(E) under the FOIA, and add (d)(5) and (k)(2) under the PA.

d. (b) (7)(E)

**Screen Prints**

a. **CIS (Central Index Systems)**
   Withhold (b) (7)(E) with (b)(7)(e) under the FOIA and add (k)(2) under the PA. On the CIS Multiple Finds screens you will withhold the corresponding vertical sections regardless of markings. Apply (b)(6) appropriately.

b. **NCIC (National Crime Information Center)**
   Withhold the names and badge numbers of law enforcement personnel citing Exemption (b)(7)(C).

c. **TECS (The Enforcement Communications System)**
   TECS has many different screens. To see which agency owns the information look at the last 3 alphanumerics of the TECS Record ID and/or the section midway down titled CONTACT. If the owner is DOS, ICE, or another agency we refer to, refer accordingly.

d. **TECS II Person Subject Display**
Withhold everything from CONTACT down to the "F" codes using (b)(7)(c) and (b)(7)(e) under FOIA, add (k)(2) under PA.

e. **TECS II – NCIC/NLETS RECORD DISPLAY**
Withhold NO NCIC and subsequent info with (b)(7)(e) under FOIA and add (j)(2) under the PA.

f. **Marriage Fraud Mainframe System**
If there is an ongoing investigation withhold this screen-print in full citing (b)(7)(e). If there is not proof of an investigation withhold third party PII.

g. **Refugee and Asylee Processing System (RAPS)**
You may also see the prefix RAX.  Withhold the results next to IBIS, DACS, NAILS or USVISIT citing (b)(7)(E) under the FOIA  and add (k)(2) under the PA. If there is a result in FBI RESPONSE, please withhold it citing (b)(7)(E) under the FOIA and add (j)(2) under the PA.

For more examples search the ECN


## I-213, Report of Deportable/Inadmissible Alien

If authored by ICE, refer accordingly. Otherwise redact agent's names and third party PII citing (b)(7)(c) under the FOIA and add (k)(2) under the PA. Redact the results of DACS, EARM, IAFIS, IBIS, NCIC, LOOKOUTS, special operations, and other possible instances citing (b)(7)(e) under the FOIA and appropriately add (j)(2) and/or (k)(2) under the PA.


## Processing Marriage Fraud Interviews / Stokes Interviews

Withhold the answers of any person you do not have consent from citing (b)(6). Withhold any notes or marks made by the interviewer citing (b)(5) under the FOIA and add (d)(5) under the PA.


## Report of Investigation or Memorandum of Investigation

If a Report of Investigation or Memorandum of Investigation was authored by ICE, refer accordingly. Otherwise you will fully withhold the form citing (b)(7)(c) and (b)(7)(e) under the FOIA and add (k)(2) under the PA.

**Record of Information Disclosure (Privacy Act), Form G-658**

Please Out of Scope Form G-658 if the "Disclosed to" agency is law enforcement or of the intelligence community. If the "Disclosed to" agency is for purposes of obtaining a benefit, please fully release. If you are unsure of the nature of the disclosure, please consult a supervisor.

**US-Visit and ADIS**

Examples of things you will withhold pursuant to (b)(7)(e) under the FOIA and appropriately apply (j)(2) and/or (k)(2) under the PA: (b)(7)(E) , other FBI information, apprehension methods, NCIC results, the URL, and others.

Examples of things you will withhold pursuant to (b)(7)(c) under the FOIA and add (k)(2) under the PA: USER IDs, agent's names, and initials. Check third party PII. The subject of record may have used fraudulent documents, and if releasing the fraudulent PII would constitute an invasion of the third party's privacy withhold it citing (b)(7)(c).

Some things you will release: Person of Interest, Subject of Previous Adverse Action, Recidivist, UNK, and Unknown. Additional examples are found at: US-Visit_Documents

**Aliens with Multiple Unconsolidated A-Numbers**

If the alien has multiple unconsolidated A-Numbers please add them to the spreadsheet that the Case Reolution Branch (CRB) maintains at *O:/Government_Contractor_Shared_Folder/files_to_consolidate.xls*. Make sure the A-numbers are not on the spreadsheet.

**Identifying Robert Schofield / Hidden Patriot Cases**

The Hidden Patriot investigation determined that more than 200 people received benefits (LPR or Citizenship status) illegally through a former DHS official, Robert Schofield. Schofield, who falsified immigration documents, admitted to approximately 700 people who received benefits. This does not include countless others who have received derivative benefits. Within the first 20-30 pages of a case, look for the following indicators:

- Notice of Intent to Deny or Revoke letters. The letter could mention Hidden Patriot or Robert Schofield.
- Memorandums from FDNS or ICE (normally following the NOID or NOIR letter) which give details concerning the investigation and how Robert Schofield is involved
- Form I-485 or N-400 with Robert Schofield's signature

If you believe you have a Schofield case, please send an email to your supervisor with the case number, that you have a Robert Schofield/Hidden Patriot case, put in a good case note and send the case to Admin. The case will be forwarded to the designated Hidden Patriot processor.

## 9.    <u>REFERRALS / CONSULTATIONS</u>

<u>General Considerations for Referrals and Consultations</u>

a)   A referral is a document that originates with another component of DHS or another Federal agency. Generally speaking, you will release the name of the agency. Hide the name of the referred agency if the document comes from one the agencies listed below. The "Hide" function is next to the referral drop down menu in FIPS.

b)   Hide these agencies:



(b) (7)(E)

c)   Please insert the name of the referred agency in your Final Action letter, unless you are referring a document to the "intelligence community". If that is the situation, please advise requestor of referral to "another government agency."

d)   USCIS FOIA has been given permission to make appropriate redactions on some documents that originated within other DHS components and Federal agencies.

e) Please treat attachments as independent documents. That is to say, if you refer a cover letter, you should not refer all attachments just because they are attachments. Instead, you should process those documents according to guidance we have given. For example, if an attorney addresses a letter to ICE and says Exhibit A attached is the subject's birth certificate, we should refer the letter addressed to ICE, but not the birth certificate. We know how to process the birth certificate, and ICE does not need that birth certificate in order to know how to withhold or release the cover letter.

## Referrals with USCIS Redactions

If you are referring a page and there is information you would normally withhold, you must withhold it. Place the redaction and exemption before the referral stamp or the page will not print. Add the corresponding exemption paragraph and appeal paragraph from the Final Action Letter to the referral letter. The exception is ICE, they will handle all redactions.

Example: If you are referring a document to U.S. Marshals Service and there is a signature from an FBI agent, you will redact the FBI agent's name.

## Adding Information to Referral Letters

a) When you refer a page to another agency FIPS automatically includes the request letter, yet does not include any pertinent Case Supporting Documents (CSDs). To ensure relevant CSDs are sent to the referral agency you need to place an * (asterisk) on the referral letter after the sentence:
   - "*X There are 1 UNCLASSIFIED documents consisting of a total of _ pages.*" *

   This will alert the OA room that there are relevant CSDs that need to be included.

b) Include relevant aliases on the referral letter under additional information.

## DCII Referrals

Please refer all DCII (Defense Central Index of Investigations) printouts to Defense Security Service (DSS) not the Department of Defense (DoD). There is not an option in FIPS for DSS, so select the referral agency *Other* and insert the following address:

Defense Manpower Data Center
ATTN: Privacy Act Branch
P.O. Box 168
Boyers, PA 16020-0168

**Bureau of Prisons (BOP)**

Refer BOP documents to BOP. Do not refer Inmate Locator screen prints to BOP, because the information is publicly available. The Pre-Sentence Investigation Report (PSIR) does not originate with BOP; however they do not release it to someone who is incarcerated. Therefore if the subject's address is a federal correctional institution you will fully withhold the document citing (b)(5) and (b)(7)(C) under the FOIA and add (d)(5) and (k)(2) under the PA. If the subject's address is not at a federal correctional institution, review the document for exempt information.

**Immigration and Customs Enforcement (ICE) documents**

If a document originated with ICE, was authored by ICE, or was addressed to ICE, refer the document to ICE. This includes legacy INS documents having to do with OPLA, investigations, detention and/or deportation. Regardless of consent, refer to ICE. Do not hide the name of the agency. ICE Referrals may include, yet are not limited to: DACS, EARMS, ENFORCE, DHS forms bearing an ICE employees name and or title, Attorney Work Product prepared by ICE, Immigration Bonds, Bond Management Information System (BMIS), Division of Immigration Health Services (DIHS), ICE specific SEVIS, Daily DRO News Submission Report, Intelligence Fusion System (IFS). Refer third party ICE documents to ICE. Other examples may be found at: ICE Document Guidance

**U.S. Department of State documents (DOS)**

a) The U.S. Department of State will make a direct response to the requestor on documents that we refer.  Generally, if a State Department document pertains to an investigation or a nonimmigrant visa, we refer the document over to them and we release the name of the agency. DOS has given us the following guidance for documents that are not third party.

**State Department Guidance Chart:**

| | |
|---|---|
| Statements, acknowledgements, visa stamps, passports or visas the person has, or has received, or has signed. | Process |
| Immigrant visas, Immigrant visa applications and supporting material the subject would posses | Process |
| DHS forms that begin with "I" e.g. I-130, I-129 | Process |
| Report 24 | WIF (b)(7)(C), (b)(7)(E) if FOIA, add (k)(2) if PA |
| Immigrant Data Summary | Process |
| Form IAP-66 | Process |
| Letters, e-mails, checklists and cables having to do with visa determination or investigations. This includes any Visa Lookout System, CLASS/SAO Name Check Results as well as "VISAS" + any animal or number. Keywords: Mantis, Bear, Donkey, Merlin, Eagle, Condor, Hawk, Horse and Pegasus. | Refer |
| Nonimmigrant Visa (NIV) applications | Refer |
| Embassy/Consulate and NVC fraud investigations | Refer |
| State Department law enforcement related documents | Refer |
| Refusal worksheets | Refer |
| United States Information Agency (USIA) documents addressed to the Department of State, if the document concerns advice on whether to grant a waiver to the 2-year foreign residency requirement, or if the document appears to be deliberative | Refer |
| Asylum related documents with State-originated material, such as interagency communications, advisory opinions and deliberative material, including any documents entitled "Country Conditions." | Refer |
| Electronic database prints with information owned by State, if it has to do with NIV or law enforcement | Refer |
| Report 71 | Refer |
| TECS II screen prints marked State Department, TECS Record IDs whose last 3 characters S01, S02, S03 | Refer |
| DOS documents bearing: *Sensitive But Unclassified (SBU) – Information Protected under INA 222(f) and 9 FAM 40.4.  This record cannot be transferred or reproduced in its entirety without the permission of the Department of State – Bureau of Consular Affairs (Visa Services).* May be included with IV, NIV, DOS specific SEVIS, or others. | Refer |
| 3rd party: If you would ordinarily refer a page to the Department of State, but it pertains to a third party whom we do not have consent for | Out of Scope |

b)  We release information that is available on www.state.gov without redaction to the requestor.

c)  If an investigative or nonimmigrant visa document originating with Department of State contains a known alias that has not been listed on the original FOIA request, please include an explanation in your referral letter, for example: "_____ _____ is a known alias per FBI rap sheet."

d) If the request is for a specific document that originated with Department of State, for example, a nonimmigrant visa application and there are no other pages within the scope of the request, please close the case G1 and include an explanatory sentence in your final action letter. For example: "We have referred ___ page(s) to the U.S. Department of State for their direct response to you."

 U.S. Department of State documents (DOS) examples: State Department Guidance with Samples

### White House and related agency's documents

- Referrals to the White House are not an option.
- Once White House consultations are completed, respond directly to the requestor as instructed by the originating agency.

### Office of Refugee Resettlement (ORR)

Each office within Health and Human Services has a FOIA Office. The Office of Refugee Resettlement (ORR) belongs to the Administration for Children and Families. Documents originating with ORR should be referred to the following address:

> Administration for Children and Families
> FOIA Office, 7th Floor East Aerospace Bldg.
> 370 L'Enfant Promenade SW
> Washington, DC  20447

## 10.    REQUESTS FROM INMATES OR BOND OBLIGORS

### Requests from Inmates

If you pull up a request that was submitted by an inmate and the request is over **six months old**, please send the case to Records Locator with a Discussion to send out an Interim Interest letter. **Do not process the records.** If the letter is not returned, the case will close automatically.

### Requests from Bond Obligors

If you do not have Certification of Agreement, close the case as a TD. For additional guidance see BOND OBLIGORS – IMMIGRATION OR CRIMINAL BONDS

## 11.   GENEALOGY / RECORDS INDEXING

### a)   Processing Index Cards with A and C-Numbers

If the index card bears an A or C number, search it in CIS and NFTS to see if there is a file location. If there is file location information staff for the records. If there is not, review the index card for a possible file location and staff accordingly. If the Index card does not bear an A or C number, perform a name search. If you find matching A and C numbers, they will belong to different individuals. Search them in the CIS 9101 screen to find a match.

### b)   Processing Index Cards with Accession Data

If the index card bears accession data (e.g. 59A2038) and the PII on the card relates to the subject of record, you will close it as a G1. These cards do not contain file location information.

### c)   Index Cards and Final Action Letters

If the index card is the only record that relates to the subject, insert the following language in the Final Action Letter:

The record you are requesting is part of a series transferred to and now maintained by the National Archives. Please write to the following address. Your request for this file must contain the following information: name, file number (located in the upper right hand corner of the index card), the accession data (normally the last line on the index card, should consist of a box number and ACC number). Indicate in your request the file is part of NARA Record Group 85, Entry 9, and may have a new NARA box number.

National Archives and Records Administration
Old Military and Civil Records
Textual Archives Division
7th & Pennsylvania Avenue, NW
Washington, DC 20408
Attn: RG85


## 12.   FINAL ACTION

### Final Action Letter (FAL)

a)   After you have processed all Responsive Records and saved your work, check to make sure the "Print to CD" button is selected, unless the requestor specified paper or the mailing address is a correctional facility.

b)   To create a Final Action Letter (FAL) select the "Tasks" tab, Final Action Letter, choose a Final Action Code from the menu, and click Submit. FIPS will generate the FAL using the information under the "Processing" tab. Check the letter to make sure the name(s), address, number of pages released in full, partially released, withheld in full, and/or referred are correct. Delete fields, including referrals that are 0 pages, e.g. delete: 0 pages withheld in full. Do not mention Duplicate or Out of Scope pages in the FAL.

c) Referrals: follow the guidance in section 9 <u>REFERRALS / CONSULTATIONS</u>. If you have referred a document to an agency whose name we hide insert, "to another government agency" into the referral paragraph.

d) If you have ICE referrals add the following paragraph to the Final Action Letter:

*"During our review, USCIS located # of pages of potentially responsive documents that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you wish to contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at <u>ICE-FOIA@dhs.gov</u>. The ICE FOIA Office mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009."*

e) Exemptions: Cite only the exemptions used along with the exemption paragraphs, which are located on the common drive (O: FOIA\FOIA Library\Exemption Phrases). **Do not include exemptions that were not used.**

## Formatting the Final Action Letter

Do not change the formatting of the Final Action Letter; Time New Roman, size 11. If you paste something into the letter make sure it matches. Do not try and squeeze things together, e.g. Director, FOIA Operations and Enclosure(s) is all that appears on page 2. Move the preceding paragraph and full signature down to page 2.

## Lost / Missing Files

Requests with lost or missing files are closed as PD, so the requestor can have appeal rights, regardless if a redaction is made.

## Dates on Final Action Letters

If a case is returned to you five (5) or more days after you have processed it, place the current date on the Final Action Letter and Referral letter(s).

**Ensuring you get credit for pages**

Before you send your case to approver, click on the <u>Fee Information</u> tab. If the 'Pages' field is blank, click on the <u>Processing</u> tab then back to the <u>Fee</u> tab, and it should populate the pages field.



## 13.   <u>SPECIFIC DOCUMENT REQUEST</u>

**Processing Specific Document Requests**

a)  If the request is for a specific document, check the Acknowledgement Letter to see if the "specific document" was addressed.

b)  If it was not addressed, process the entire file unless your supervisor advises otherwise.

c)  If it was addressed and you locate the "specific document" within the Responsive Records, Out of Scope all irrelevant pages and add the following language to the FAL: "You specifically requested a copy of your (client's) ==[item(s) requested]==."

d)  If the "specific document" is not in the Responsive Records, yet you locate a document with like information, regardless of redactions, you will close the case as a PD: Partial Denial. Add the following language to the FAL: "You specifically requested a copy of ==[item(s) requested]==. The document (s) you requested was (were) not located within your (client's) file; however, we did locate a copy of ==[item(s) released]==."

e)  If you cannot locate the specific document or any like document, close the case as a NR: No Record. Add the following language to the FAL: "The specific document(s), ==[item(s)]== you requested was (were) not located within your (client's) file."

## 14.   <u>MEDIA</u>

For files containing media, process all Responsive Records and send an email to <u>NRC, FOIAMEDIA</u> with the subject: Media. Include the control number, A-number, and page number(s) in the body. In the Final Action Letter insert, "The copy of the media located in your file will be addressed under a separate cover." Do not modify the language, the Media team will respond to each requestor. The Exception is ICE media: refer the image, do not add the media language to the FAL, and email <u>NRC, FOIAMEDIA</u>.

## 15.    DISCUSSIONS, CASE NOTES, and SUMMARIES

### Discussions / Case Notes

Discussions are a vital tool where you will note details and facts about a case, never opinions or assumptions. From Case Creators through Appeals, Discussions are there to inform the next party of actions and/or factual observations they will need to know in order to do their part. Discussions are a permanent part of the FIPS record and are accessible after the case has been closed.

### Summary

Case Summaries are a tool used by Case Processors to inform the Approvers of details and facts about a case, and to log verification of identity. Use the format below, filling in your own details. Do not delete fields if the information is not in the Responsive records, e.g. Parents: not in sequence. Exception: only include exemptions used, e.g. (k)(2), (b)(7)(E).

### Summary Format:

| FOIA | PA |
|---|---|
| (Telework)<br>Important Case Details:<br><br>Signature:<br>Parents:<br>Country / DOB:<br>Alias:<br><br>FOIA<br>Pages (print total):<br>Pages released in full:<br>Pages partially released:<br>Pages withheld in full:<br>(b)(5), (b)(6), (b)(7)(C) & (b)(7)(E)<br>Pages referred to:<br><br>Out of Scope page count:<br>Duplicate page count: | (Telework)<br>Important Case Details:<br><br>Signature:<br>Parents:<br>Country / DOB:<br>Aliases:<br><br>PA page:<br>Pages (print total):<br>Pages released in full:<br>Pages partially released:<br>Pages withheld in full:<br>(d)(5)+(b)(5), (k)(2)+(b)(7)(C) &<br>(k)(2)+(b)(7)(E), (a)(j)(2)<br>Pages referred to:<br><br>Out of Scope page count:<br>Duplicate page count: |

# Quick links to ECN

FOIA/PA Training

Exemption B1 (b)(1)

Exemption B2 (b)(2)

Exemption B3 (b)(3)

b3-26 USC 6103 Refresher Training (b)(3)

Exemption B4 (b)(4)

Exemption B5 (b)(5); Inter-agency or Intra-agency memoranda letters, Discovery, Attorney Client privilege, Attorney work product, Deliberative process privilege, chilling effect, cat out of the bag, confusion

Exemption B6 (b)(6)

Exemption B7 (b)(7)

Asylum in FOIA Cases I-589, I-590, I-730, I-870

CBP Rules with Samples US Customs and Border Patrol, Discretionary Authority Checklist, I095, Notice of Detainer, PQH API/Hit Data, Secondary Inspection, APIS, Report of Apprehension or Seizure, SEACATS, Standard District Worksheet, Supervisor's Sworn Statement, Customs Fugitive Report, I-94

DEFINE FOIA PA Freedom of Information Act, Privacy Act, United States Citizen USC, Lawful Permanent Resident LPR, Fees, Fee Waiver, Expedited Treatment, Appeals

ELIS

ELIS2

FBI Redaction Guidance Federal Bureau of Investigation, NON-IDENT, IDENT, IAFIS

ICE Document Guidance U.S. Immigration and Customs Enforcement, Detention, Removal, Depart, Deportation, Detainee, Immigration Bond, Warrant, I-205, Intelligence Fusion System IFS, DACS, ICE Officer Job Titles

ICE Document Samples U.S. Immigration and Customs Enforcement, Detention, Removal, Depart, Deportation, Detainee, Immigration Bond, Warrant, I-205, Intelligence Fusion System IFS, DACS

Privacy Act PA, United States Citizen USC, N-400, Naturalized Citizen, Lawful Permanent Resident LPR, Conditional Permanent Resident

Processing Refugee Interview Notes

Referring with redactions

State Department Rules with Samples Department of State, Non-Immigrant Visa NIV, Immigrant Visa, Visa Lookout System, Immigrant Visa and Alien Registration, Non-Immigrant Information System NIIS, Refusal Worksheet, Report 24, Report 71, CEAC DS-160

Tax Forms in FOIA Form 1040, Form 1120, Earned Income Credit EIC, Employer Identification Number EIN

US-Visit Documents US Visit, Arrival Departure Information System ADIS, Biometric Capture

Understanding an Immigrants Status Freedom of Information Act FOIA, Privacy Act PA, Legal, Illegal, Entry without Inspection EWI, USC, LPR, Conditional Permanent Resident

Understanding IDENT IDENT System, FBI, Federal Bureau of Investigation, NON-IDENT, IDENT, IAFIS, NGI

Verification of Identity Certification of Agreement VOI, COA, Date of Birth DOB, Country of Birth COB, Signature, Verification of Guardianship, G-28

Acronyms

Class of Admission (COA)

Processing Tables and Forms

TECS Codes