**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RICA GATORE, et al.,

Plaintiffs

v.   Civil Action No.  15-cv-459 [RBW]

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
Defendant

**PLAINTIFFS' NOTICE OF ADDITIONAL AUTHORITY CONCERNING
CLASS CERTIFICATION AND ASYLUM APPLICANTS**

A district court in Seattle, Washington certified a class of asylum applicants and criticized the United States government for confusing the applicants and for failing to notify them of their one-year deadline to apply for asylum. *Rojas v. Johnson,* 2018 WL 1532715 (W.D. Washington, March 29, 2018).

The Court noted that "it is important to recognize the limitations of the persons seeking asylum. As Plaintiffs note, many class members have suffered severe trauma, do not speak English, are unfamiliar with the United States' complicated immigration legal system, and do not have access to counsel." 2018 WL 1532715, *7.

The Court also noted, at *9, that "no deference is owed to procedures that violate a statute or the Constitution. See *Schneider v. Chertoff,* 450 F.3d 944, 952 (9th Cir. 2006) ('[W]e must reject those [agency] constructions that are contrary to clear congressional intent or that frustrate the policy that Congress sought to implement.') (citing *Chevron U.S.A. Inc. v. NRDC, Inc.* 467 U.S. 837, 843 n.9, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) )."

There is a one-year deadline to apply for asylum. The applicant could file with the DHS, or with the immigration court. This scenario happened many times: the applicant would apply to DHS, would be rejected, and was told to file with the immigration court. The applicant then applied to the immigration court, and was told to file at DHS!  When Rojas filed his lawsuit, lamenting this ridiculous situation, the government argued not only that there was nothing wrong with this, but that the federal court lacked jurisdiction!

In *Rojas,* the government opposed class certification, in part due to lack of commonality: "the resolution of the claims requires an individualized inquiry;" and because no plaintiff had suffered an actual injury: no plaintiff had been denied asylum. *Rojas v. Johnson,* 2017 WL 1397749, *4 (W.D. Washington, 2017).  The Court swept aside these objections, noting that there was a statutory right to apply for asylum, and certified four sub-classes.

In the instant case, Ms. Gatore challenges the DHS policy and practice of failing to disclose the segregable portions of asylum officer assessments. The class she seeks to represent is simpler than the class certified in *Rojas*. Without class certification, most of the class members will not see justice.

Respectfully submitted,

    Attorney for Plaintiffs

    David L. Cleveland
    DC Bar # 424209
    Catholic Charities
    924 G Street, NW
    Washington, DC 20001
    [202] 772-4345 Fax: [202] 386-7032
    1949.david@gmail.com