UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RICA GATORE, et al.,                )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )   Civil Action No. 15-459 (RBW)
                                    )
UNITED STATES DEPARMENT             )
OF HOMELAND SECURITY,               )
                                    )
            Defendant.              )
_____)

**ORDER**

On March 9, 2018, the Court ordered the defendant, the United States Department of Homeland Security, to "file . . . a complete copy of its FOIA Processing Guide" (the "Guide"), Order at 2 (Mar. 9, 2018), ECF No. 100, in light of the fact that the defendant's memorandum in support of its renewed motion for summary judgment "relie[d] on excerpts from . . . [the Guide], which the defendant produced to [plaintiff] Catholic Charities on July 21, 2017," id. at 1 (internal citations omitted), but "the defendant failed to attach the Guide to its memorandum or otherwise direct the Court to a docket entry where [it] c[ould] be found," id. at 2.  The Court explained that when quoting the Guide in its memorandum, the defendant "cite[d] only its Statement of Facts, which in turn cite[d] a [supplemental] declaration of its representative" (the "supplemental Eggleston declaration").  Id. (internal citations omitted).  On March 13, 2018, the defendant timely filed what it represented was "the complete . . . Guide," Notice of Filing at 1 (Mar. 13, 2018), ECF No. 101, which consists of 262 pages and is dated December 14, 2015 (the "2015 Guide"), see generally id., Exhibit ("Ex.") A (Processing Guide December 14, 2015) at 1.

Thereafter, the plaintiffs filed the Plaintiffs' Objections to Recently-Filed "Complete" FOIA Processing Guide ("Pls.' Objs."), in which they assert that the 2015 Guide filed by the

defendant "is not complete," Pls.' Objs. at 1, because it only contains 262 pages dated December 2015, whereas when the defendant produced the Guide to the plaintiffs in 2017, it "gave [the] plaintiffs 946 pages[] dated August 2016," id. at 2.  The plaintiffs further assert that "[w]hen the Court ordered the [defendant] to file . . . a 'complete copy' of the Guide, the Court meant the current Guide, not an out[]dated [2015] version."  Id. at 1.  In response, the defendant argues that "[t]here is no basis for [the p]laintiffs' reading of the [O]rder."  Res[p]onse to Plaintiffs' Objections to Defendant's March 13, 2018[] Response to the Order of the Court at 1 ("Def.'s Resp.").  It asserts that it "reasonably interpreted the [O]rder as directing it to submit the [version of] the Guide that was excerpted in the portions of the [supplemental] Eggleston declaration that were referenced in the Court's [O]rder," id. at 1–2, and not "the August 15, 2016[] version of the Guide, which postdates the . . . declaration," id. at 1.  It further asserts that "[i]t is disingenuous for Catholic Charities to represent to the Court that [in 2017, the d]efendant provided it with a single . . . Guide consisting of 946 pages," because the "[d]efendant['s] July 21, 2017[] release to Catholic Charities consisted of nine separate documents—including three different versions of the FOIA Processing Guide and six collections of FOIA Information Bulletins—that altogether totaled 946 pages."  Id. at 2.

      The defendant is correct that the Court's March 9, 2018 Order only required the defendant to produce the version of the Guide that was cited in its memorandum in support of its renewed summary judgment motion and the supplemental Eggleston declaration.  See Order at 1–2 (Mar. 9, 2018).  And notably, the plaintiffs have not refuted the defendant's representation that the 2015 Guide filed in response to the Court's Order is the version that is cited in these documents.  See generally Pls.' Objs.  Nor have the plaintiffs refuted, or otherwise responded, to the defendant's representation that the 946 pages produced by the defendant in July 2017 are a

compilation of nine different documents, of which the 2015 Guide is only a part. Therefore, the Court concludes that the defendant has fulfilled its obligations under the Court's March 9, 2018 Order. Accordingly, it is hereby

**ORDERED** that the Plaintiffs' Objections to Recently-Filed "Complete" FOIA Processing Guide, ECF No. 102, are **DENIED**.[1]

**SO ORDERED** this 23rd day of May, 2018.

REGGIE B. WALTON<br>
United States District Judge

---

[1] The Court reminds the parties that the Local Rules of this Court require counsel, "[b]efore filing any nondispositive motion in a civil action, . . . [to] discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought, and if there is, to narrow the areas of disagreement," and also to "include in [such] motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed." Local Civil Rule 7(m).