**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RICA GATORE, et al.,

Plaintiffs

v.                                                       Civil Action No.  15-cv-459 [RBW]

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
Defendant

**PLAINTIFFS' JULY 2018 NOTICE OF SUPPLEMENTAL AUTHORITY**
**CONCERNING CLASS CERTIFICATION**

A district court here in Washington DC certified a class of asylum applicants who had been denied release from detention: *Damus v. Nielsen,* 2018 WL 3232 515 (D.D.C. July 2, 2018).  Plaintiffs challenged the practices at five field offices: El Paso, Philadelphia, Newark, Los Angeles, and Detroit. Defendant DHS argued that there were a great number of individual differences at the five different offices, as well as differences among the asylum applicants; therefore, there was no commonality. The Court certified the class, stating that if "there is a single common question, factual variations do not defeat" class certification. *Id.* at *10. The Court noted that Defendant sent out "nearly identical boilerplate denials;" this fact shows lack of compliance with the law. *Id.* at 16.  The Court had solicitude for

"individuals who have often fled violence and persecution to seek safety on our shores." *Id.* at 18.

In the instant case, Ms. Gatore challenges the DHS policy and practice of failing to disclose the segregable portions of asylum officer assessments. Ms. Gatore's class is not diverse and is not at five different field offices. Her class members were all sent boilerplate by the same DHS official: Ms. Jill Eggleston. The class she seeks to represent is much simpler than the class certified in *Damus*. Without class certification, most of the class members will not see justice.

Several other courts have certified classes which had many more individual differences than the class of Ms. Gatore:

*Healthy Futures of Texas v. Dep't of Health and Human Services,* 2018 WL 2463 074, *7 (D.D.C. 2018) ( entities awarded grants for Teen Pregnancy Prevention alleged unfair shortening of contracts; class was certified despite the fact that some entities were able to extend their contracts. To deny certification "would clearly undermine the purpose of Rule 23(b)(2) which is to 'avoid piecemeal litigation when common claims arise from systemic harms that demand injunctive relief," *DL v. District of Columbia,* 860 F.3d 713, 726 (D.C.Cir. 2017)."

*Garnett v. Zeilinger,* 301 F. Supp. 3d 199 (D.D.C. 2018) (Recipients of nutrition program; class certified; 3 subclasses; variations in factual patterns do not undermine commonality)

*Borum v. Brentwood Village,* 324 F.R.D. 1,13 (D.D.C. 2018)(residents of apartment complex alleging violations of the Fair Housing Act; class was certified despite many individual differences: residents of three-bedroom apartments are treated differently from residents of four-bedroom apartments; residents with adult children are treated differently from residents with children under the age of 18; and also 30 members of the putative class signed declarations expressing *disapproval* of the litigation);

*Garza v. Hargan,* 304 F. Supp. 3d 145 (D.D.C. 2018) (pregnant immigrant minors alleging denial of healthcare services; class certified despite differences in the health of the minors, whether the minor could be reunited with a parent, differences in state legal requirements, whether the minor did or did not want to give birth; one named plaintiff already had an abortion; two named plaintiffs were no longer in DHS custody);

*Nio v. Dep't of Homeland Security,* 323 F.R.D. 28, 32 (D.D.C. 2017)(naturalization applicants, who were in the U.S. military, were certified as a class: "factual variations among class members" do not trump "the overarching questions common to the class" addressing the "legal authority to implement [the challenged] policies and practices.")

*Ms. L. v. ICE,* 2018 WL 3129 486, note 5 (S.D. Cal. 2018) (class certified of parents separated from children);

*Doe v. Nielsen,* (N. D. Cal. July 10, 2018) Case No. 18-cv-2349, ECF #87. Class certified of Iranian refugees, living in Vienna, Austria, who received the identical boilerplate denial, and a group of U.S. citizens. The DHS argued that of course refugees outside of the United States are very different from U.S. citizens; therefore, there was no typicality. The Court disagreed, stating that the "standard for typicality is permissive." [Page 15 of ECF #87]

*Guam Contractors v. Sessions,* 2018 WL 5256 97 (D. Guam 2018) (US-CIS failed to properly adjudicate employer petitions for short-term workers);

*Beltran v. Interexchange,* 2018 WL 1948 687 (D. Colo. 2018) ( class of au pair workers certified, despite the fact that class members had worked in ten different states; some class members had to attend unpaid training in New York, while some did not; the Court noted, at *13, that the case involved the relatively small claims of low-wage workers, some with limited English proficiency. The Court certified two classes, and thirteen sub-classes.)

*Menocal v. GEO,* 882 F.3d 905, 924-25 (10th Cir. 2018)(Class of immigration detainees in a private detention facility, who alleged being forced to work; class certified despite contentions that many of the inmates wanted to do light housekeeping chores because they were bored, they wanted to be social, they just wanted a clean environment. The Court noted that "many of the putative class members are immigrant detainees who lack English proficiency[,] ... have limited

financial resources and reside in countries around the world."

The class that Ms. Gatore represents has no important individual differences. Each class member has been treated the same. A computer at the desk of one DHS employee [Jill Eggleston] has been spitting out boilerplate letters [the fifth sentence of each letter has the same 19 words] to asylum applicants for years. Ms. Gatore easily meets the requirements of Civil Rule 23.

Respectfully submitted,

    Attorney for Plaintiffs

    David L. Cleveland
    DC Bar # 424209
    Catholic Charities
    924 G Street, NW
    Washington, DC 20001
    [202] 772-4345 Fax: [202] 386-7032
    1949.david@gmail.com