**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RICA GATORE, et al.,

Plaintiffs

v.                                    Civil Action No.  15-cv-459 [RBW]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

### CATHOLIC CHARITIES' MOTION FOR CLASS CERTIFICATION

Plaintiff Catholic Charities, pursuant to Fed. R. Civ. P. 23, hereby move this Court to

certify this case as a class action. As shown in the attached memorandum, Catholic Charities has

satisfied all of the requirements of Civil Rule 23.

The proposed class is as stated in ¶ 65 of the amended complaint:

"all persons who, since March 30, 2009, have made, or will make during the pendency of this

lawsuit, a FOIA request for the Assessment of their asylum officer, but were provided no portion

of the Assessment."

August 31, 2018

Respectfully submitted,

Attorney for Plaintiffs

David L. Cleveland
DC Bar # 424209
Catholic Charities
924 G Street, NW
Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RICA GATORE, et al.,

Plaintiffs

v.                                          Civil Action No.  15-cv-459 [RBW]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

 Pursuant to Fed. R. Civ. P. 23, plaintiff Catholic Charities submits this Memorandum of

Points and Authorities in support of its motion for class certification.  The Court should certify

this case as a class action because Catholic Charities has satisfied all the requirements of Civil

Rule 23(a) and 23(b).

INTRODUCTION

 The DHS has a policy and practice of never providing the reasonably segregable portions

of Assessments written by asylum officers, in response to FOIA requests by asylum applicants.

The DHS has the policy and practice of not even *attempting* to determine if there are segregable

portions. ECF #110.

 THE REMEDIAL PURPOSES OF CLASS ACTIONS

 Civil Rule 23 helps individuals who are ignorant or are too poor to file individual suits.

Without class actions, many claims would go unaddressed. The class members in this case are

asylum applicants: they are recently-arrived immigrants who suffered in their home countries.

The Court can take judicial notice that such persons are not wealthy, are not knowledgeable

about their rights, and will often be reluctant to sue a government that they hope will give them

asylum. They are not seeking money damages; most of them do not have English as a native

language; most fear all governments. Very few lawyers have experience in asylum and also in

FOIA. Without a class action, most of these asylum applicants will not see justice.

This class action is simple: asylum applicants were wrongly denied a portion of their

Assessments. Courts have certified far more complex class actions.

**THE PREREQUISITES OF RULE 23(a) ARE SATISFIED**

To justify class certification, the plaintiffs must satisfy the four requirements  in FRCP

23(a): 1) the class is so numerous that joinder of all members is impracticable 2) there are

questions of law or fact common to the class; 3) the claims or defenses of the representative

parties are typical of the claims or defenses of the class; and 4) the representative parties will

fairly and adequately protect the interests of the class. *See Love v. Johanns,* 439 F.3d 723, 727

(D.C. Cir. 2006)

**A.  Numerosity: Rule 23(a)(1)**

If the class is so large that joinder of all parties is impracticable, the prerequisite of

numerosity is satisfied.  As of April 2017, there were 61 members in the class. ECF #110 at 4.

Seven more members of the class are named in Exhibit 1, attached hereto. There are very likely

more members of the class. From 2009 to the present, which is about nine years, thousands of

people applied for asylum each year; many of them probably made FOIA requests. If the class is

certified, these persons can also see justice.

*It is impracticable to join all the members of this class*

"Several of the relevant factors to impracticability— 'financial resources of class

members, the ability of claimants to institute individual suits, and requests for prospective

injunctive relief which would involve future class members,'…are present here." *DL v. District*

*of Columbia,* 302 F.R.D. 1, 11 (D.D.C. 2013). Moreover, the class seeks prospective relief for

future class members, whose identities are currently unknown and who are therefore impossible

to join. *See e.g. Olson v. Brown,* 284 F.R.D. 398, 408 (N.D. Ind. 2012) ("[F]uture members make

joinder inherently impracticable because there is no way to know who they will be").

### B. Commonality: Rule 23(a)(2)

Commonality requires that a plaintiff raise claims which rest on questions of

law or fact common to the class. *Taylor v. D.C. Water & Sewer Auth,* 241 F.R.D. 33, 37 (D.D.C.

2007). The DHS has a policy of never providing any part of an assessment to a FOIA requester.

ECF #110 at 18. As the D.C. Circuit recently explained, commonality is satisfied where there is

"a uniform policy or practice that affects all class members." *DL v. District of Columbia,* 713

F.3d 120, 128 (D.C. Cir. 2013).

There are no factual variations of the members of this class. Each is an asylum applicant

who made a FOIA request for his assessment.

### Typicality: Rule 23(a)(3)

Typicality requires that a plaintiff must show that the claims or defenses of the

representative parties are typical of the claims or defenses of the class. Each applicant wants the

segregable portions of his assessment. There is no evidence that any of the applicants are

different from one another. Each was injured in the same way. Typicality is easily satisfied.

*Coleman through Bunn v. District of Columbia,* 306 F.R.D. 68, 83 (D.D.C. 2015). **Adequacy of**

**Representation: Rule 23(a)(4)**

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts

of interest between named parties and the class they seek to represent." *Amchem Products v. Windsor,* 521 U.S. 591, 625-26 (1997). There are no conflicts here. In determining whether the named plaintiffs will fairly and adequately

## CERTIFICATION IS APPROPRIATE UNDER RULE 23(b)(2)

Rule 23(b)(2) authorizes class certification where the party opposing the class has acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. *In re DC Water & Sewer Authority,* 561 F.3d 494, 495, n. 1 (D.C. Cir. 2009).

*More than 50 asylum applicants are still waiting for justice*

As of April 2017, there were 61 members of the class. ECF #110 at 4. Eight of those persons, who are named as plaintiffs in this case, will get the segregable portions of their assessments, as per this Court's recent order. But, what about the 53 remaining members of the class? Must each one of them file his own complaint, serve process upon defendant, get assigned to a judge, and argue his case? This would be an unnecessary burden on the class members, and on the Court. The Court should certify this case as a class action, and order the DHS to give justice to the 53 applicants.

*Catholic Charities has standing to represent the class*

Catholic Charities has demonstrated "a likelihood of future injury for purposes of standing…" ECF # 110, at 18. It has standing to represent the class.

Catholic Charities has demonstrated its interest in assisting asylum applicants and FOIA requesters. It is a "particularly good class representative." In *National Veterans Legal Services Program v. USA,* 235 F. Supp. 3d 32, 42 (D.D.C. 2017) a class was certified, concerning excessive fees charged for PACER, and the Court stated: "In fact, the nonprofit organizations

who are named plaintiffs in this case make particularly good class representatives. They are interested in reducing PACER fees not only for themselves but also for their constituents. As nonprofit organizations, named plaintiffs exist to advocate for consumers, veterans, and other public interest causes."   In addition, "organizational representatives with experience" can "provide more vigilant and consistent representation than individual representatives."

This case is not moot. The Court should protect the interests of the class members. In *DL v. District of Columbia,* 860 F.3d 713, 722 (D.C. Cir. 2017) the defendant argued the case was moot because the named plaintiffs had aged out. When the lawsuit was filed a decade ago, the named plaintiffs were between the ages of three and five. They challenged how the public school system treated this age group.  Ten years later, they indeed aged out. Nonetheless, the Court ordered the case to continue as a class action.  The Court stated, at page 722:

> Permitting relation back in this case is also consistent with Rule 23's purpose. As the Supreme Court explained in *Geraghty,* the "justifications that led to the development of the class action include ... the provision of a convenient and economical means for disposing of similar lawsuits[ ] and the facilitation of the spreading of litigation costs among numerous litigants with similar claims." 445 U.S. at 402-03 (citing Advisory Committee Notes on Fed. R. Civ. P. 23). Those interests are served by a rule allowing class claims to proceed when a district court erroneously certifies too broad a class while plaintiffs' claims are live, only to be reversed and instructed to consider smaller subclasses containing exactly the same children. By contrast, Rule 23's purpose would be disserved by a rule, advocated by the District, requiring parents to find new named plaintiffs at every turn of inevitably protracted class litigation.

In this case, we have a "voteless class of litigants…who are strangers to the laws and customs in which they find themselves involved and… often do not understand the [language]…" *Wong Yang Sung v. McGrath,* 339 U.S.33, 46 (1950).  The Court should protect them.  Class actions save the resources "of both the courts and the parties" by litigating issues potentially affecting every class member "in an economical fashion." *Califano v. Yamasaki,* 442 U.S. 682, 701 (1979).

In *Ramirez v. U.S. Immigration and Customs Enforcement,* Civil Action No. 18-508 (D.D.C. August 30, 2018), the Court certified a class of detained alien children. ECF #50. The class was certified, even though all three named plaintiffs had now been released from detention.  "The Court concludes that Plaintiffs' claims were not moot at the time that this suit was filed…" ECF #50, at 38.  "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Campbell-Ewald Co.,* 136 S.Ct. at 669 (quoting *Chafin v. Chafin,* 568 U.S. 165, 172 (2013))." *Id.* at 38.  The Court in *Ramirez* noted that a class action "does not inexorably become moot by the intervening resolution of the controversy as to the named plaintiffs."  ECF #50 at 42 (quoting from *Sosna,* 419 U.S. at 401.) "The D.C. Circuit has explained that the purpose of Rule 23(b)(2) is to 'avoid piecemeal litigation when common claims arise from systemic harms that demand injunctive relief. *DL,* 860 F.3d at 726." ECF #50 at 66.

**CERTIFICATION IS APPROPRIATE UNDER RULE 23(b)(3)**

Rule 23(b)(3) authorizes class certification where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

As the Advisory Committee notes to Rule 23 explain, "[s]ubdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."

*Questions of law or fact common to class members predominate over any questions affecting only individual members*

There are no individual questions in this case. Each member of the class is an asylum applicant, who made a FOIA request, who was denied by a form letter written by the same employee of defendant DHS. This requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products v. Windsor,* 521 U.S. 591, 623 (1997).

The predominance requirement is linked to the commonality requirement in that "[p]laintiffs must show that the common issues identified by the Court ... as sufficient under Rule 23(a)(2) predominate over any non-common issues." *In re Vitamins Antitrust Litigation,* 209 F.R.D. 251, 262 (D.D.C. 2002).

As stated in *Howard v. Liquidity Services,* 322 F.R.D. 103, 136 (D.D.C. 2017): "[w]hen 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.'" (citing *Tysons Foods,* 136 S.Ct. at 1045).

*A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.*

As of April 2017, there were 61 named members of the class. Eight of them have been accorded some relief; the remaining 53 are waiting. Must there be 53 individual lawsuits? NO: a class action is much more efficient.

There have already been three previous lawsuits: *Gosen, Abtew,* and *Bayala,* (cited at ECF #110 at 12). Three courts ruled that the DHS must provide segregable portions of assessments. But the DHS ignored those courts, and forced the filing of the instant complaint. The DHS apparently will continue its policy of providing portions of assessments only to those

requesters who file complaints in our busy federal courts. Certifying this case as a class action will provide a much-needed remedy.

"A class action would certainly be more desirable than thousands of smaller suits against the District based on essentially the same operative facts and legal theories. Such actions would require the expenditure of unnecessary litigation costs and duplication of effort." *Hardy v. District of Columbia,* 283 F.R.D. 20, 29 (D.D.C. 2012)

Most FOIA requesters do not, and will not, file complaints in federal court. Asylum applicants are, in general, new arrivals to the United States, and are not wealthy. They do not know their rights under the FOIA. Without a class action, they will never see justice. Where there are reasons "why the putative class members would be unlikely to bring their claims to court individually," a class action is "the superior method" of adjudicating a case. *Alvarez v. Keystone Plus Construction Corp.* 303 F.R.D. 152, 163 (D.D.C. 2014)

*The requirements of Civil Rule 23(b)(3) (A-D) have been satisfied*

Civil Rule 23(b)(3) directs the Court to consider four matters:

**(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;

**(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;

**(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

**(D)** the likely difficulties in managing a class action.

*The class members do not show interest in individually controlling the case*

The class members are silent: they have not yet shown any interest in individually controlling this case.

*There is no litigation concerning the controversy already begun by class members*

There is no pending litigation concerning this controversy,

*It is desirable to concentrate this litigation in this Court*

District of Columbia courts have expertise in FOIA.

*There are no difficulties in managing this case as a class action*

Defendant DHS has files in its possession concerning each member of the class.  Each member of the class is similarly-situated to the others. It will be easy to manage this case.

CONCLUSION

Certification of the proposed class will advance the broad remedial purposes of FOIA. The asylum applicant-requesters deserve to be provided a portion of their assessments.

August 31, 2018

Respectfully submitted,

Attorney for Plaintiffs


David L. Cleveland
DC Bar # 424209
Catholic Charities
924 G Street, NW
Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                                          No.  15-cv-459 [RBW]

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY
Defendant

## **<u>ORDER</u>**

Upon consideration of Catholic Charities' Motion for class

certification, it is hereby:

ORDERED that Plaintiff's motion is GRANTED.


Date _____                    _____

                                         REGGIE B. WALTON
                                          U.S. District Judge