UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                                                        Civ. Action No.  15-cv-459 [RBW]

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY
Defendant

## PLAINTIFFS' REPORT TO THE COURT

Plaintiffs offer the following as their summary of this case:

Applicants for asylum are "individuals who have often fled violence and persecution to seek safety on our shores." *Damus v. Nielsen,* 313 F. Supp. 3d 317, 343 (D.D.C. 2018) (class certified of asylum applicants denied release from detention).  Many of the plaintiffs "have suffered severe trauma, do not speak English, are unfamiliar with the United States' complicated immigration legal system, and do not have access to counsel." *Rojas v. Johnson,* 305 F. Supp. 3d 1176, 1185 (W.D. Wash. 2018).  The Court should have enhanced solicitude for their problems.

HAS THE DHS CHANGED ITS POLICY?

Plaintiffs suggested that DHS had finally changed its policy, and that DHS now conceded that plaintiffs were correct: that of course, several paragraphs can be disclosed.  The DHS promptly disagreed, in ECF #99, filed in January 2018: "HHS has explained why it withheld the information…. It stands by that position and makes no concession to the contrary."

In August 2018, the Court issued a Memorandum Opinion, ECF #110. The Court held that "Catholic Charities has proffered an abundance of evidence to support the existence of a policy or practice of never providing any portion of an assessment to a FOIA requester Id. at 18. The Court noted that defendant DHS" has not identified a single instance in which it voluntarily provided <u>any</u> part of an assessment to a FOIA requester during the period." *Id.* at 26. [emphasis in original].

From March 2009 until recently, the DHS has violated the rights of asylum applicants who made FOIA requests. There must be some remedy.

THE DHS HAS NOT YET FULLY AMENDED ITS FOIA PROCESSING INSTRUCTIONS

Counsel for plaintiffs recently received three undated, unnumbered pages that apparently constitute newly-revised instructions to FOIA requesters. *See* Attachment A. These pages show that some facts are released, but that some are not. At ¶s 6 and 7, for example, many facts are withheld: what did the flyers say, where was applicant taken, when was his arrest, etc.

Moreover, page 159 of the Processing Guide dated December 15, 2015, has apparently not been amended: it says, "Withhold in full." *See* Attachment B. When will this page be amended?

NOTICE TO THE CLASS

Plaintiffs suggest that

1] DHS announce on its website that it has changed its FOIA Processing Guide;

2] DHS announce on its website that it has changed its policy about the segregability of asylum officer assessments, and invite requesters to re-submit requests;

3] DHS exert reasonable efforts to identify and notify members of the class and send notice to each.

"If a court certifies a class... .a court must direct to class members the best notice that is practicable under the circumstances…." *Moore v. Napolitano,* 926 F. Supp 2d 8, 34 (D.D.C. 2013)   For a class certified under Civil Rule 23(b)(2), the "court may direct appropriate notice." If the certification is under subsection (b)(3), the court shall "give best notice practicable, including individual notice to all members who can be identified through reasonable effort."

In *Bynum v. DC,* 384 F. Supp. 2d 342 (D.CD.C. 2005), notice was sent by email; notices were placed in the Washington Post and three regional newspapers, and notice was placed at the DC jail.  "The District shall pay to the Class Administrator the costs of preparing and publishing the Class Notice and other expenses related to the publication and distribution of notice to the class."  *Id.* at 347.

THE DOCTRINE OF VICARIOUS EXHAUSTION PROTECTS CLASS MEMBERS

The eight named plaintiffs have exhausted their administrative remedies. Their claims are identical to the claims of the class members. Therefore, "it would be wasteful, if not vain, to require separate [filings]. *Breen v. Chao,* 2018 U.S. Dist LEXIS 50209, *20 (D.D.C. 2018).  The class members, therefore, "have vicariously exhausted their administrative remedies."  *Id.* at *22.

October 29, 2018

Respectfully submitted,

Attorney for Plaintiffs

David L. Cleveland
DC Bar # 424209
Catholic Charities 924 G Street, NW
Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com