## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

              Plaintiffs,

       v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY

              Defendants.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 15-459 (RBW)

## <u>DECLARATION OF JILL A. EGGLESTON</u>

I, JILL A. EGGLESTON, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury:

1.    I am the Associate Center Director in the Freedom of Information and Privacy Act (FOIA/PA) Unit, National Records Center (NRC), United States Citizenship and Immigration Services (USCIS), within the United States Department of Homeland Security (DHS), in Lees Summit, Missouri.  I have held the position of Associate Center Director since February 4, 2008.  I am also an attorney, licensed to practice law by the State of Kansas in 1983.  Prior to joining USCIS, I served for 19 ½ years as Associate General Counsel for the Defense Finance and Accounting Service (DFAS) of the U.S. Department of Defense (DoD).

2.    As FOIA Officer for USCIS, I supervise approximately 225 information access professionals who are responsible for the orderly processing of all public, congressional, judicial, and inter-/intra-agency requests or demands for access to USCIS records and information pursuant to the FOIA, Privacy Act, Executive Orders, departmental directives, regulations and compulsory legal process.

3.    Through the exercise of my official duties as Associate Center Director, I am personally familiar with USCIS's standard processes and practices for receiving FOIA requests, inputting and maintaining such requests into our FOIA information processing system, and processing such requests.  I am also personally familiar with other aspects of our FOIA operations, including the volume and type of FOIA requests annually received at USCIS and the FOIA training and guidance materials provided to our FOIA processors.

4.    This declaration is submitted in support of litigation in this matter. The statements contained in this declaration are based on my personal knowledge, my review of relevant

1

documents kept by USCIS in the course of ordinary business, and upon information provided to me by other USCIS employees in the course of my official duties.

## PLAINTIFFS' MOTION TO ADD 57 PLAINTIFFS

5. It is my understanding that the Plaintiffs, in a motion filed on or about October 4, 2018, seek leave to add 57 individuals/FOIA requests to this complaint. Our office conducted a search of the Agency's FOIA information processing system to determine whether the individuals/FOIA requests that the Plaintiffs seek to add had in fact made FOIA requests to USCIS.[1]  Based upon a review of our database, we determined that a number of the individuals/FOIA requests identified by the Plaintiffs either had no record of filing an administrative appeal, had not filed a timely appeal, had already pursued the request in a separate federal court proceeding, or had fully exhausted the administrative process more than six years earlier.  Each of these individuals/FOIA requests is discussed more fully below.

### Requests With No Record Of An Administrative Appeal or Requestor Filed An Untimely Appeal

6. With regards to **Sylvie Abiba**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "11th Cause of Action," USCIS FOIA does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to one of the two specific FOIA requests identified by the Plaintiffs' attorney, NRC 2014 024 883.  According to a review of Agency records, FOIA request control number NRC 2014 024 883 was received by the USCIS FOIA office on or about March 12, 2014.  In a letter dated April 23, 2014, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt records. In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 60 days. USCIS FOIA has no record of ever receiving any administrative appeal with regards to the specified FOIA request. *See Attachment 2.*

7. With regards to **Francois Kouame**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "14th Cause of Action," USCIS FOIA does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2014 402 694.  According to a review of Agency records, FOIA request control number NRC 2014 402 694 was received by the USCIS FOIA office on or about March 11, 2014.  In a letter dated April 14, 2014, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt records.

---

[1] Other than names, Plaintiffs' motion provided little to no identifying information about the requestors or the specific FOIA requests at issue.  Thus, in conducting our search, we relied upon an October 3, 2018 declaration that Plaintiffs' attorney had provided to government counsel, which contained additional information about the FOIA requests that the Plaintiffs are seeking to add to this complaint. *See Attachment 1.*

In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 60 days. USCIS FOIA has no record of ever receiving any administrative appeal with regards to the specified FOIA request. *See Attachment 3.*

8. With regards to **Tsehay Abebe Kinfemichael**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "16th Cause of Action," USCIS FOIA does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2012 094 028. According to a review of Agency records, FOIA request control number NRC 2012 094 028 was received by the USCIS FOIA office on or about October 16, 2012. In a letter dated November 30, 2012, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt records. In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 60 days. USCIS FOIA has no record of ever receiving any administrative appeal with regards to the specified FOIA request. *See Attachment 4.*

9. With regards to **Khin San Win**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "20th Cause of Action," USCIS FOIA does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2012 049 333. According to a review of Agency records, FOIA request control number NRC 2012 049 333 was received by the USCIS FOIA office on or about May 31, 2012. In a letter dated August 30, 2012, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt records. In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 60 days. USCIS FOIA has no record of ever receiving any administrative appeal with regards to the specified FOIA request. *See Attachment 5.*

10. With regards to **Francis Agbor Ntui Bate**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "23rd Cause of Action," USCIS FOIA does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2014 058 284. According to a review of Agency records, FOIA request control number NRC 2014 058 284 was received by the USCIS FOIA office on or about May 31, 2014. In a letter dated August 26, 2014, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt records. In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 60 days. USCIS FOIA has no record of ever receiving any administrative appeal with regards to the specified FOIA request. *See Attachment 6.*

11. With regards to **Miral Allajaboo**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "25th Cause of Action," USCIS FOIA

does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2014 082 752. According to a review of Agency records, FOIA request control number NRC 2014 082 752 was received by the USCIS FOIA office on or about July 25, 2014. In a letter dated September 15, 2014, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt records. In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 60 days. USCIS FOIA has no record of ever receiving any administrative appeal with regards to the specified FOIA request. *See Attachment 7*

12. With regards to **Adoud L. Akuate**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "27th Cause of Action," USCIS FOIA does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2014 002 727. According to a review of Agency records, FOIA request control number NRC 2014 002 727 was received by the USCIS FOIA office on or about January 9, 2014. In a letter dated February 28, 2014, USCIS advised the requestor that, pursuant to Agency FOIA regulations in effect at the time, the requestor needed to submit written consent from the individual whose records were being requested and that failure to submit this information within 30 days would result in the request being administratively closed. After receiving no response from the requestor, USCIS closed out the FOIA request and has no record of any administrative appeal with regards to the specified FOIA request. *See Attachment 8.*

13. With regards to **David B. Geiorgis**, the individual identified in *the Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "31st Cause of Action," USCIS FOIA does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2014 112 642. According to a review of Agency records, FOIA request control number NRC 2014 112 642 was received by the USCIS FOIA office on or about October 8, 2014. In a letter dated November 17, 2014, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt records. In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 60 days. USCIS FOIA has no record of ever receiving any administrative appeal with regards to the specified FOIA request. *See Attachment 9.*

14. With regards to **Dejan Joksimovic**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "34th Cause of Action," USCIS FOIA does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2013 013 642. According to a review of Agency records, FOIA request control number NRC 2013 013 642 was received by the USCIS FOIA office on or about February 12, 2013. In a letter dated March 18, 2013, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt

4

records.  In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 60 days.  USCIS FOIA has no record of ever receiving any administrative appeal with regards to the specified FOIA request.  *See Attachment 10.*

15. With regards to **Batool Kermani**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "35[th] Cause of Action," USCIS FOIA does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2014 017 579.  According to a review of Agency records, FOIA request control number NRC 2014 017 579 was received by the USCIS FOIA office on or about February 21, 2014.  In a letter dated April 17, 2014, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt records.  In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 60 days.  USCIS FOIA has no record of ever receiving any administrative appeal with regards to the specified FOIA request.  *See Attachment 11.*

16. With regards to **Aidin Kobonov**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "36[th] Cause of Action," USCIS FOIA records show that the Plaintiff failed to file a timely administrative appeal with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2012 100 866.  According to a review of Agency records, FOIA request control number NRC 2012 100 866 was received by the USCIS FOIA office on or about October 26, 2012.  In a letter dated December 3, 2012, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt records.  In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 60 days.  On or about February 11, 2013, USCIS received an administrative appeal.  In a letter dated February 12, 2013, USCIS advised the requestor that the appeal was being denied as untimely.  *See Attachment 12.*

17. With regards to **Odette S. M. Waffo**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "39[th] Cause of Action," USCIS FOIA does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2014 044 937.  According to a review of Agency records, FOIA request control number NRC 2014 044 937 was received by the USCIS FOIA office on or about April 28, 2014.  In a letter dated May 20, 2014, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt records.  In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 60 days.  USCIS FOIA has no record of ever receiving any administrative appeal with regards to the specified FOIA request.  *See Attachment 13.*

18. With regards to **Fidelis Ndingsa**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "51st Cause of Action," USCIS FOIA does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2015 081 056. According to a review of Agency records, FOIA request control number NRC 2015 081 056 was received by the USCIS FOIA office on or about June 23, 2015. In a letter dated September 26, 2015, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt records. In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 60 days. USCIS FOIA has no record of ever receiving any administrative appeal with regards to the specified FOIA request. *See Attachment 14.*

19. With regards to **Chantal Muhumure**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "52nd Cause of Action," USCIS FOIA does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2015 149 219. According to a review of Agency records, FOIA request control number NRC 2015 149 219 was received by the USCIS FOIA office on or about December 7, 2015. In a letter dated April 4, 2016, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt records. In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 60 days. USCIS FOIA has no record of ever receiving any administrative appeal with regards to the specified FOIA request. *See Attachment 15.*

20. With regards to **Ephrem G. Djaleta**, the individual identified in the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs* under the section titled "59th Cause of Action," USCIS FOIA does not have any record of this FOIA requestor exhausting his/her administrative remedies with regards to the specific FOIA request identified by the Plaintiffs' attorney, NRC 2017 041 940. According to a review of Agency records, FOIA request control number NRC 2017 041 940 was received by the USCIS FOIA office on or about March 16, 2017. In a letter dated August 10, 2017, USCIS advised the requestor that it had completed its processing of the request and disclosed all responsive, non-exempt records. In that same letter, the requestor was provided information on how and where to file an administrative appeal and advised that any such appeal needed to be filed within 90 days. USCIS FOIA has no record of ever receiving any administrative appeal with regards to the specified FOIA request. *See Attachment 16.*

**Requests That Have Already Been Litigated In Separate Federal Court Proceedings**

21. In addition, at least two of the individuals/requests that the Plaintiffs seek to add to this complaint, **Paulette Tatiana Anguimate** and **Omar K. Hemed**, have already been raised and disposed of in separate complaints before the United States District Court for the District of Columbia: The two cases in which those FOIA requests were challenged are,

6

respectively, *Anguimate v. DHS*, Civil Action No. 12-0791 (RBW) (DDC) and *Hemed v. DHS*, Civil Action No. 13-129 (ABJ) (DDC).

22. In both *Anguimate* and *Hemed*, the Plaintiffs were represented by the same Plaintiffs' attorney in the instant case, David Cleveland of Catholic Charities. In those two cases, the Plaintiffs specifically challenged, among other things, USCIS' withholding of an asylum officer's assessment to refer in the Agency's FOIA responses to the same two FOIA requests that the Plaintiffs now seek to add to this complaint: (a) Paulette Tatiana Anguimate, NRC 2011 070 644 and (b) Omar K. Hemed, NRC 2012 015 263. *See Plaintiffs Motion for Leave to Add 57 Plaintiffs, 22nd Cause of Action and 32nd Cause of Action.* In *Anguimate*, the Court upheld the Agency's withholding of the assessment to refer in a January 24, 2013 decision and then reaffirmed that holding in March 26, 2013 decision. In *Hemed*, the parties jointly filed a *Stipulation of Settlement and Dismissal* of that case on October 13, 2013. Among other things, the stipulated dismissal provided that the "Plaintiff agrees to dismiss this suit with prejudice" and that the "Stipulation of Settlement constitutes the full and complete satisfaction of any and all claims arising from (a) the allegations set forth in the complaint filed in this lawsuit, and (b) any litigation or administrative proceeding that Plaintiff has brought, could bring, or could have brought regarding Plaintiff's FOIA request in this case."

## Requests Over Six Years Old

23. Additionally, at least one of the FOIA requests that the Plaintiffs seek to add to this complaint was fully addressed more than six years prior to the October 4, 2018 filing of the *Plaintiffs' Motion for Leave to Add 57 Plaintiffs*: **Nan May Su Thwe**.

24. With regards to **Nan May Su Thwe** and the FOIA request identified by the Plaintiffs' attorney, NRC 2012 016 725, *see Plaintiffs Motion for Leave to Add 57 Plaintiffs, 21st Cause of Action,* USCIS received this request on or about March 5, 2012. On July 18, 2012, USCIS completed its processing of the request and disclosed all responsive, non-exempt records. On August 15, 2012, USCIS received an administrative appeal from the requestor, which USCIS responded to on September 24, 2012. *See Attachment 17.*

## Remaining FOIA Requests

25. With regards to the remaining individuals/FOIA requests, our FOIA information processing system shows that the identified FOIA requests were received for these individuals on the dates set forth below:

- Gisele Megne, NRC 2012 037 087 – April 20, 2012
- Melissa Monthe, NRC 2012 043 031 – May 2, 2012
- Alemu Bekele Dinegde, NRC 2013 028 364 – March 20, 2013
- Samuel I. Iwuji, NRC 2013 030 435 – March 25, 2013
- Ermiyas Dejene Mengesha, NRC 2013 092 448 – August 29, 2013
- Meriam Renathe Kamara, NRC 2013 3090 658 – September 13, 2013

7

- Prince Galland Tonnang Kenfack, NRC 2013 118 555 – November 8, 2013
- Mamadou Badian, NRC 2014 063 315/NRC 2014 040 684 – April 11, 2014
- Lamin Conteh, NRC 2014 078 751 – July 11, 2014
- Charlotte Ngassa  NRC 2014 084 302 – July 25, 2014
- Abel A. Demissie, NRC 2014 106 373 – September 19, 2014
- Valentin G. Vasilev  NRC 2015 015 732 – February 3, 2015
- Deborah S. Mulangu  NRC 2015 022 901 – February 18, 2015
- Ali M. Nasr  NRC 2015 039 937 – March 20, 2015
- Fawzi H. G. Abdalla, NRC 2015 039 980 – March 20, 2015
- Pinthong Boonruang, NRC 2015 039 976 – March 20, 2015 and APP 2017-000-277 – August 2, 2016
- Julia M. Otero   NRC 2015 041 249 – March 24, 2015
- Nahum G. D. Claros, NRC  2015 051 251 – April 13, 2015
- Kharka Badahur Basnet  NCR 2015 078 829 – June 12, 2015
- Christian Kayiteshonga, APP  2015  001 356 – July 23, 2015
- Jean Luc Bori Mekouangori, NRC 2015 102 903 – August 16,  2015
- Michaux Kaninda Lukusa  NRC 2015 156 750 – December 16, 2015
- Abel Ahmeddin, NRC 2016 000 432/APP 2016-000-815 – December 29,  2015
- Annick Nshimirimana NRC 2016 042 417 – March 29, 2016
- Md Al-Mamun, APP 2016-001-478 – April 4, 2016
- Berneth A. Jiminez, NRC 2016 052 866 – April 19, 2016
- Tigiest Zeleke Beyene, APP 2016-001-823 – May 25, 2016
- Juana M. C. Sosa, NRC 2016-075-149/APP 2017-000-055 – June 3, 2016
- Belaynesh K. Gebremedhin, NRC 2016 087 010/APP 2017-000-249 – June 30, 2016
- Nyankoye Dramou, NRC 2016 103 432/APP 2017 000 278 – August 8, 2016
- Latifah Ghani, NRC 2016 122 466 – September 16, 2016
- Christopher G. V. Vanegas, NRC 2016 130 416 – October 5, 2016
  Nkwenti Ndingsa, NRC 2017 000 940 – December 14, 2016
- Amenan F. Kouame, NRC 2018 067 012 – April 24, 2018

26. Finally, the following five individuals/FOIA requests identified in the Plaintiffs' motion were received by our office in 2018 and we have not yet completed our processing of these requests:

- Kenou Mbaye, A# 098-320-492
- Elizabeth K Yacob, NRC 2018 086 354
- Wei Zhang, NRC 2018 103 165
- Yeraldine V. Q. Michelena,  A# 215-624-342
- Isaac Mbuyamba, A# 215-631-967

**USCIS FOIA PROCESSING OF ASSESSMENTS TO REFER**

27. In the last year, the USCIS FOIA office revised its guidance to FOIA processors on how to handle first party FOIA requests for assessments to refer. This revised guidance was implemented in order to ensure that we process assessments to refer in a manner consistent with recent federal court cases.

28. First, we rescinded and deleted from the USCIS FOIA Processing Guide the provision on assessments to refer that was cited in this Court's August 24, 2018 memorandum opinion, specifically, Appendix C to the FOIA Processing Guide, which contained the following table:

| TITLE/SUBJECT | FOIA EXEMPTION | PA EXEMPTION |
|---|---|---|
| Assessment to reject/terminate, grant or refer (relates to Asylum) | **Withhold in full (b(5)** | (d)(5) and (b)(5) |

There are no provisions in the current USCIS FOIA Processing Guide that instruct or otherwise suggest that assessments to refer should be withheld in full.

29. Second, we issued new and clarifying guidance to the FOIA processors on how to process these assessments to refer when responding to first party FOIA requests. In the guidance, we provide a sample assessment as an example of how to process these assessments. This guidance acknowledges that assessments generally contain both factual and deliberative information and instructs that the latter should be withheld and the former released. Specifically, in the sample assessment, the guidance instructs that releasable, factual information may include biographical information about the asylum applicant, information about the basis for the applicant's asylum claim, and testimony provided by the asylum applicant to the USCIS asylum officer. Conversely, the guidance also highlights that information in the assessment reflecting the asylum officer's analysis/review/recommendations of the applicant's eligibility for asylum constitutes deliberative information that should be withheld. *See Attachment 18.*

30. This revised guidance was prepared in response to recent Court decisions involving other assessments to refer, such as *Bayala v. Department of Homeland Security*, Civ. Action No. 14-7 (D.D.C.). In preparing this guidance, the USCIS FOIA Office reviewed relevant case law and also consulted with our legal counsel in the Office of Chief Counsel, USCIS to ensure that the revised guidance was consistent with *Bayala* and related Court decisions, specifically, as well as the FOIA, generally.

31. After revising the guidance in the USCIS FOIA Processing Guide, the USCIS FOIA Training Office also emailed all FOIA employees, advising them of this new guidance in

9

December, 2017.  USCIS FOIA employees are expected to adhere to this guidance in addressing first party FOIA requests involving assessments to refer.

## IDENTIFYNG FOIA REQUESTS INVOLVING ASSESSMENTS TO REFER FROM MARCH, 2009 TO THE PRESENT

32. It is my understanding that the Plaintiffs seek to certify a class of requestors that have made FOIA requests involving assessments to refer, but have received no portion of the requested assessment, for the period of March, 2009 to present day.  As discussed more fully below, it would be extremely onerous and involve the expenditure of significant Agency personnel, resources, and time to be able to even identify FOIA requests that fall into this class.

33. USCIS receives more FOIA requests that any federal agency or component.  For example, in FY17, USCIS received 190,941 FOIA requests.  That same fiscal year, a total of 818,271 FOIA requests were received government-wide.  Though USCIS comprises a very small percentage of the federal entities subject to the FOIA, it received over one-fifth of the FOIA requests submitted government wide in FY 17.  Below is a summary of the number of FOIA requests received by USCIS from FY09 through FY17.

| Fiscal Year | FY09 | FY10 | FY11 | FY12 | FY13 | FY14 | FY15 | FY16 | FY17 |
|---|---|---|---|---|---|---|---|---|---|
| Total FOIA Requests Received | 71,429 | 91,503 | 115,545 | 117,787 | 132,797 | 143,794 | 162,986 | 166,732 | 190,941 |

See www.FOIA.gov and www.justice.gov/oip/reports-1 .

34. The vast majority of FOIA requests received at USCIS are individuals seeking all or some of their own immigration records.  These types of requests constitute, on average, over 95% of the FOIA requests received at USCIS annually.  When these requests are first received by our office, they are scanned and logged into the Agency's electronic FOIA information processing system, inputting data points related to the request, such as the name of the requestor, the name and/or alien number of the individual whose immigration records are being sought (if different from the requestor), and a description of the records being requested (i.e. topic).  Our FOIA information processing system does not mandate that all fields, including the "topic" field, be completed when inputting and creating a FOIA request in the system.

35. The Agency's FOIA information processing system does permit electronic searches for past or current FOIA requests under these data points.  For example, if we need to identify all FOIA requests submitted by a "John Doe," we could conduct an electronic search by entering that name into the "requestor name" field.  Our FOIA information processing system should then pull up all FOIA requests made by any individual with the name John Doe.  Similarly, with regards to types of records being requested, our FOIA information processing system also permits us to conduct searches based upon the subject

matter of the records requested.  For example, with regards to the types of records at issue in this case (i.e. assessments to refer), we could attempt to conduct a search for FOIA requests seeking or involving assessments to refer using the phrase "assessment to refer" or some variant of it.  Our FOIA information processing system should then pull up all FOIA requests in which the "topic" field contains that same search phrase or keywords.  Obviously, the ability to successfully search for and identify all FOIA requests involving assessments to refer depends upon a variety of factors, including that the request specifically identified and sought an assessment to refer, that the "topic" field was completed when the FOIA request was input into the FOIA information processing system, and that at least some of the terms that were input in the "topic" field match the same search terms used in conducting an electronic search for such FOIA requests.  Even in those cases where our FOIA information processing system locates FOIA requests that are labeled in the system with the phrase "assessment to refer," we would still need to conduct a manual, page by page review of any such FOIA requests and the responsive records to determine if the requests do in fact fall under the Plaintiffs' proposed class.

36. These types of targeted requests for one specific immigration record are the exception though, not the rule.  In the vast majority of FOIA requests submitted to USCIS annually, FOIA requestors seeking their immigration records are generally seeking either their entire immigration file (i.e. their Alien file) or a broad category of immigration records related to them (e.g. all records related to a naturalization application).  These types of requests, and the voluminous responsive records associated with them, make up the vast majority of the thousands of FOIA requests received annually by USCIS.  Typically, these requests are input into the Agency's FOIA information processing system using only the identifying information related to the requestors and/or the individuals whose immigration records are being sought, such as name and Alien number.  The FOIA information processing system does not mandate that the "topic" field be completed and for these requests for an entire immigration file or a broad category of immigration records, it is not unusual for this field to be left blank.  Moreover, even if information for these types of requests is input into the "topic" field, it is typically a general description, such as "immigration records."

37. Thus, for the vast majority of FOIA requests received at USCIS, there is no way to determine, via an electronic search of our FOIA information processing system, which of these requests included an assessment to refer as a responsive record that was withheld from the requestor.  To identify all such requests for the time period proposed by the Plaintiffs, our office would need to essentially conduct a manual, page by page review of all responsive records for all FOIA requests for immigration records from March, 2009 to the present, to determine whether any such requests involved a withheld assessment to refer.

38. As discussed above, USCIS received over 1.1 million FOIA requests from FY09–FY17, the approximate time period for which the Plaintiffs seek to certify a class of FOIA requestors.  The vast majority of these requests were individuals broadly seeking either their entire immigration file or a substantial subset of their immigration records.  Each of these requests generally involved hundreds to thousands of pages of responsive records,

including, but not limited to: (a) submitted immigration benefits applications and petitions, and their attachments, including such things as marriage certificates, birth certificates, divorce decrees; employment records, tax records, letters of reference, photographs; (b) arrest reports and other investigatory records; (c) various correspondence between applicants/petitioners and USCIS and other DHS components; (d) internal DHS records related to the various immigration matters associated with the individual; (e) records of proceedings before or filings made with the U.S. immigration courts and other administrative or federal courts; and (f) third agency records. To review such a large number of FOIA requests, and the voluminous responsive pages associated with them, for purposes of determining whether any such requests fall into the Plaintiffs' proposed class, would be an extremely onerous, if not crippling, undertaking to our FOIA operations, and would involve a significant expenditure of personnel, resources, and time. Given the magnitude of the work that would be required for this, the other significant and competing demands on our operations, and our current level of personnel and resources, I would estimate, conservatively, that such an undertaking would take years to fully address.

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Executed in Lee's Summit, Missouri, on this 20th day of December, 2018.

JILL A. EGGLESTON
Associate Center Director
Freedom of Information Act & Privacy Act Unit
USCIS National Records Center

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

RICA GATORE, et al.,                           )
                        Plaintiffs,            )
                                               )
v.                                             )        Civil Action No. 15-cv-459 [RBW]
                                               )
UNITED STATES DEPARTMENT                        )
OF HOMELAND SECURITY,                           )
                        Defendant,             )
_____      )

DECLARATION OF DAVID L. CLEVELAND dated October 3, 2018

I, David L. Cleveland, pursuant to 28 U.S. C. § 1746, declare under penalty of

perjury: I am counsel for plaintiffs in this case.  I am also counsel for the requesters listed

below.  I believe all of them have filed administrative appeals.

After some minutes of labor, I was able to find the APP numbers for

Abiba/Abdall/Ahmeddint/Al Mamun/Beyene/Boonruang/Dramou/ Gebrem../Sosa

The following requesters have not yet been given the first several paragraphs of

their assessments:

   *12 requesters listed in ECF #38-1*

Sylvie Abiba   NRC 2014 024 883     APP 2013-001-160
Alemu Bekele Dinegde  NRC 2013 028 364
Meriam Renathe Kamara  NRC 2013 3090 658
Francois Kouame   NRC 2014 402 694
Prince Galland Tonnang Kenfack  NRC 2013 118 555

Tsehay Abebe Kinfemichael  NRC 2012 094 028
Ermiyas Dejene Mengesha  NRC 2013 092 448
Gisele Megne  NRC 2012 037 087
Melissa Monthe  NRC 2012 043 031
Khin San Win   NRC 2012 049 333

Nan May Su Thwe  NRC 2012 016 725

Attachment 1

Paulette Tatiana Anguimate  NRC 2011 070 644

*3 requesters listed in ECF #22 of Bayala v. DHS*

 Francis Agbor Ntui Bate   NRC 2014 058-284
Lamin Conteh  NRC 2014 078 751
Miral Allajaboo  NRC 2014 082 752

*19 requesters listed in ECF #15-1*

Fawzi H. G. Abdalla NRC 2015 039 980   APP 2015-000-872
Adoud L. Akuate  NRC 2014 002 727
Mamadou Badian NRC 2014 063 315 and NRC 2014 040 684
Pinthong Boonruang  NRC 2015 039 976   APP 2017-000-277
Abel A. Demissie  NRC 2014 106 373

David B. Geiorgis  NRC 2014 112 642
Omar K. Hemed  NRC 2012 015 263
Samuel I. Iwuji  NRC 2013 030 435
Dejan Joksimovic  NRC 2013 013 642
Batool Kermani  NRC 2014 017 579

Aidin Kobonov  NRC  2012 100 866
Michaux Kaninda Lukusa  NRC 2015 156 750
Julia M. Otero   NRC 2015 041 249
Odette S. M. Waffo  NRC 2014 044 937
Deborah S. Mulangu  NRC 2015 022 901

Ali M. Nasr  NRC 2015 039 937
Charlotte Ngassa  NRC 2014 084 302
Annick Nshimirimana NRC 2016 042 417
Valentin G. Vasilev  NRC 2015 015 732

*4 requesters found in ECF #33*

Kharka Badahur Basnet  NCR 2015 078 829
Nahum G. D. Claros  NRC  2015 051 251
Jean Luc Bori Mekouangori  NRC 2015 102 903
Christian Kayiteshonga  APP  2015  001 356

*2 requesters found in ECF #38-2*

Md Al-Mamun  APP 2016-001-478
Abel Ahmeddin  NRC 2016 000 432  APP 2016-000-815

*4 requesters \listed in ECF #47-4*

Fidelis Ndingsa NRC 2015 081 056
Chantal Muhumure NRC 2015 149 219
Berneth A. Jiminez NRC 2016 052 866
Juana M. C. Sosa  NRC 2016-075-149   APP 2017-000-055

*6 requesters listed in ECF #73-2*

Christopher G. V. Vanegas  NRC 2016 130 416
Nkwenti Ndingsa NRC 2017 000 940
Belaynesh K. Gebremedhin NRC 2016 087 010   APP 2017-000-249
Nyankoye Dramou  NRC 2016 103 432  APP 2017 000 278

Ephrem G. Djaleta NRC 2017 041 940
Latifah Ghani NRC 2016 122 466

*6 requesters listed in ECF #112-1*

Amenan F. Kouame NRC 2018 067 012
Kenou Mbaye A# 098-320-492
Elizabeth K Yacob NRC 2018 086 354
Wei Zhang NRC 2018 103 165
Yeraldine V. Q. Michelena  A# 215-624-342

Isaac Mbuyamba A# 215-631-967
Tigiest Zeleke Beyene  APP 2016-001-823

I declare under penalty of perjury under the laws of the District of

Columbia that foregoing is true and accurate.  Dated: October 3, 2018.

Respectfully submitted,

/s/ David L. Cleveland
DAVID L. CLEVELAND
DC Bar # 424209
Catholic Charities of Washington



**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship
and Immigration
Services**

April 23, 2014

**NRC2014024883**

David L. Cleveland
Catholic Charities
924 G Street NW
Washington, DC  20001

Dear David L. Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office March 12, 2014 regarding Sylvie Abiba.

We have completed the review of all documents and have identified 224 pages that are responsive to your request. Enclosed are 169 pages released in their entirety and 14 pages released in part. We are withholding 12 pages in full. In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information. Additionally, we have referred 23 pages in their entirety to U.S. Department of State for their direct response to you. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located a potentially responsive document(s) that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you wish to contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov. The ICE FOIA Office mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

www.uscis.gov

Attachment 2

NRC2014024883
Page 2

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)



**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship
and Immigration
Services**

April 14, 2014

**NRC2014024694**

David L. Cleveland
Catholic Charities
924 G Street NW
Washington, DC  20001

Dear David L. Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office March 11, 2014 regarding Amenan Francoise Kouame.

We have completed the review of all documents and have identified 199 pages that are responsive to your request. Enclosed are 159 pages released in their entirety and 18 pages released in part. We are withholding 4 pages in full. In our review of these pages, we have determined that they contain no reasonably segregable portions of non-exempt information. Additionally, we have referred 8 pages in their entirety to U.S. Department of State for their direct response to you. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located potentially responsive documents that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the documents and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you wish to contact ICE concerning the status of the processing of the documents, please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov. The ICE FOIA Office mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

www.uscis.gov

Attachment 3

NRC2014024694
Page 2

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)

**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO 64064-8010



**U.S. Citizenship
and Immigration
Services**

November 30, 2012

**NRC2012094028**

David L. Cleveland
Attorney at Law
924 G St., NW, Ste. 225
Washington, DC 20001

Dear David L. Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office October 16, 2012 regarding Tsehay Abebe Kinfemichael.

We have completed the review of all documents and have identified 125 pages that are responsive to your request. Enclosed are 73 pages released in their entirety, and 18 pages released in part. We are withholding 14 pages in full. In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information. Additionally, we have referred 6 pages in their entirety to the U.S. Department of State and 7 pages in their entirety to U.S. Visit for their direct response to you. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located a potentially responsive document(s) that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you wish to contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov. The ICE FOIA Office mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

www.uscis.gov

Attachment 4

NRC2012094028
Page 2

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)



**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

August 30, 2012

**NRC2012049333**

David L. Cleveland
Attorney at Law
924 G Street NW, Suite 225
Washington, DC 20024

Dear David L. Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office May 31, 2012 regarding Khin San Win.

We have completed the review of all documents and have identified 390 pages that are responsive to your request. Enclosed are 317 pages released in their entirety, and five pages released in part. We are withholding 56 pages in full. In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information. Additionally, we have referred seven pages in their entirety to two government agencies for their direct response to you. Four pages were referred to US Visit, and three pages to US Department of State. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located a potentially responsive document(s) that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you wish to contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov. The ICE FOIA Office mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

www.uscis.gov

Attachment 5

NRC2012049333
Page 2

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)



**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

August 26, 2014

**NRC2014058284**

David L. Cleveland
Catholic Charities of Washington
924 G Street NW
Washington, DC 20024

Dear David L. Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office May 31, 2014 regarding Francis Agbor Ntui Bate.

We have completed the review of all documents and have identified 385 pages that are responsive to your request. Enclosed are 251 pages released in their entirety and 19 pages released in part. We are withholding 105 pages in full. In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located potentially responsive document(s) that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you wish to contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov. The ICE FOIA Office mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

www.uscis.gov

Attachment 6

NRC2014058284
Page 2

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)



**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship
and Immigration
Services**

September 15, 2014                                                    **NRC2014082752**

David L Cleveland
Catholic Charities of Washington
924 G Street NW
Washington, DC  20001

Dear David L Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office July 25, 2014 regarding Miral Allajaboo.

We have completed the review of all documents and have identified 540 pages that are responsive to your request. Enclosed are 495 pages released in their entirety and 19 pages released in part. We are withholding 17 pages in full. In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information. Additionally, we have referred 8 pages in their entirety to the Department of State for their direct response to you. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located a potentially responsive document(s) that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you wish to contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov. The ICE FOIA Office mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

www.uscis.gov

Attachment 7

NRC2014082752
Page 2

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)



**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

February 28, 2014

**NRC2014002727**

David L. Cleveland
924 G Street NW
Washington, DC 20001

Dear David L. Cleveland:

We received your request for information relating to Adoud Lili Akuete on January 09, 2014.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552). It has been assigned the following control number: NRC2014002727. Please cite this number in all future correspondence about your request.

We respond to requests on a first-in, first-out basis and on a multi-track system. Your request has been placed in the fast track (Track 3).

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

This office will be providing your records on a Compact Disc (CD) for use on your personal computer. The CD is readable on all computers through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on the CD. Your records can be viewed on your computer screen and can be printed onto paper. Only records 15 pages or more are eligible for CD printing. To request your responsive records on paper, please include your control number and write to the above address Attention: FOIA/PA Officer, or fax them to (816) 350-5785.

In order to continue processing your request, we ask that you provide the following:  **See attached**. Please note your control number with any correspondence you send. Please provide this information within 30 days of the date of this letter; otherwise your request will be administratively closed as a failure to comply.

USCIS no longer collects Social Security Numbers in connection with FOIA or PA requests. When forwarding to us any documents related to your request, please ensure any Social Security Numbers on the documents are blanked out or removed.

The National Records Center (NRC) has the responsibility to ensure that personally identifiable information (PII) pertaining to U.S. Citizenship and Immigration Services (USCIS) clients is protected.

www.uscis.gov

Attachment 8

NRC2014002727
Page 2

In our efforts to safeguard this information, we may request that additional information be provided to facilitate and correctly identify records responsive to your request. Though submission of this information is voluntary, without this information, your request may be delayed while additional steps are taken to ensure the correct responsive records are located and processed. Further, if we are unable to positively identify the subject of the record we may be unable to provide records responsive to your FOIA request.

You may check the status of your FOIA request online, at www.uscis.gov. Click on "FOIA Request Status Check" located on the left side of the web page under "Other Services", and follow the instructions. If you have any questions concerning your pending FOIA/PA request, or to check the status of a pending application or petition, please call The National Customer Service Center at 1-800-375-5283. Please be aware that the National Records Center no longer accepts FOIA/PA related questions directly by phone.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the control number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to (816) 350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO 64064-8010

February 28, 2014

**NRC2014002727**

The Department of Homeland Security, Freedom of Information Act (FOIA) regulations at 6 C.F.R., Part 5, Subpart A, requires that the following information be provided in order to allow us to proceed with your FOIA request.  **Please submit the requested information with this form.  Failure to properly respond to this request for additional information within 30 days of the above date will cause your request to be administratively closed.**

All requested information is checked below:

☒      Consent:  It appears that you are requesting records about another individual.  If that is the case, please submit either:  (a) written authorization signed by that individual permitting disclosure of those records to you or (b) proof that that individual is deceased, e.g. a copy of a death certificate or an obituary.  See 6 C.F.R. § 5.3(a).

☐      Verification of Identity:  It appears that you are requesting records about another individual.  If that is the case, along with the consent requested above, please submit a statement prepared by that individual, in which the individual verifies his/her identity by submitting his/her full name, current address, date of birth, and place of birth.  This statement must be signed by that individual and the signature must either be notarized or submitted under 28 U.S.C. § 1746, a law that permits statements to be made under penalty of perjury as a substitute for notarization.  6 C.F.R. §§ 5.3(a) and 5.21(d).

☐      Verification of Identity:  It appears that you are requesting records about yourself.  If that is the case, please verify your identity by submitting a statement containing your full name, current address, date of birth, and place of birth.  This statement must be signed and the signature must either be notarized or submitted by you under 28 U.S.C. § 1746, a law that permits statements to be made under penalty of perjury as a substitute for notarization.  6 C.F.R. §§ 5.3(a) and 5.21(d).

☐      Description of Records Sought:  We have determined that your request does not reasonably describe the records that are being sought.  Please provide the following additional information:

☐      Subject's Alien Number

☐      Subject's Application/Petition Receipt Number

☐      Name of Subject's Parents

☐      Other Names Used by Subject

☐      Other:

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester.  Please include the control number listed above on all correspondence with this office.  Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to (816) 350-5785.  You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

FIPS1049251-0007-0000



**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

November 17, 2014

**NRC2014112642**

David L Cleveland
Catholic Charities of Washington
924 G Street NW
Washington, DC 20001

Dear David L Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office October 08, 2014 regarding David Beyenne Geiorgis. You specifically requested a copy of the asylum officer's notes and assessment.

We have completed the review of all documents and have identified 23 pages that are responsive to your request. Enclosed are 19 pages released in their entirety. We are withholding 4 pages in full. In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5) of the FOIA.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

www.uscis.gov

Attachment 9

NRC2014112642
Page 2

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)

**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010

 **U.S. Citizenship and Immigration Services**

March 18, 2013                                              **NRC2013013642**

David L. Cleveland
924 G Street NW, No. 225
Washington, DC  20001

Dear David L. Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office February 12, 2013 regarding Dejan Joksimovic.

We have completed the review of all documents and have identified 172 pages that are responsive to your request.  Enclosed are 110 pages released in their entirety, and 7 pages released in part.  We are withholding 22 pages in full.  In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information.  Additionally, we have referred 18 pages to the Department of State and 5 pages to United States Visit for their direct response to you.  We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located a potentially responsive document(s) that may have originated from U.S. Immigration and Customs Enforcement (ICE).  USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you.  Should you wish to contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov.  The ICE FOIA Office mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency.  The types of documents and/or information we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.  The types of documents and/or information we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

Attachment 10

NRC2013013642
Page 2

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)



**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

April 17, 2014

**NRC2014017579**

David L. Cleveland
Catholic Charities
924 G Street NW
Washington, DC 20001

Dear David L. Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office February 21, 2014 regarding Batool Kermani. You specifically requested a copy of the notes written by the Asylum Officer.

We have completed the review of all documents and have identified 15 pages that are responsive to your request. Enclosed are 9 pages released in their entirety. We are withholding 6 pages in full. In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5) of the FOIA.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

www.uscis.gov

Attachment 11

NRC2014017579
Page 2

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)



**U.S. Department of Homeland Security**
HQ FOIA/PA Appeals
150 Space Center Loop, Suite 500
Lee's Summit, MO 64064-2139

**U.S. Citizenship
and Immigration
Services**

February 12, 2013

**APP2013000258**

David L. Cleveland
Catholic Charities
924 G Street NW, Suite 225
Washington, DC 20001

Dear Mr. Cleveland:

Re: NRC2012100866

You appealed the action of the National Records Center regarding your request for access to records pertaining to Aidin Kobonov, dated November 05, 2012.

We have notified the National Records Center of your communication; however, pursuant to 6 C.F.R. § 5.9(a), the Department of Homeland Security requires that all administrative appeals be received "within 60 days of the date of the letter denying your request." The NRC responded to your request in a letter dated December 3, 2012. Your appeal was received on February 11, 2013. Since your appeal was not received within the 60-day time period, we are denying it as untimely.

A new search may be submitted to the National Records Center for records responsive to your initial request. With supplemental information provided, a second search may be more successful. Any additional information you can provide regarding the subject will assist in the possible location of the file.

If you are dissatisfied with our action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B). The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Sincerely,

Alan D. Hughes, Associate Counsel
Commercial & Administrative Law Division
Department of Homeland Security
Citizenship and Immigration Services

www.uscis.gov

Attachment 12



**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship and Immigration Services**

May 20, 2014

**NRC2014044937**

David Cleveland
Catholic Charities
924 G Street NW, Suite 225
Washington, DC  20001

Dear David Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office April 28, 2014 regarding Odette Sandra Minkam Waffo.

We have completed the review of all documents and have identified 140 pages that are responsive to your request. Enclosed are 111 pages released in their entirety and 12 pages released in part. We are withholding 7 pages in full. In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information. Additionally, we have referred 9 pages in their entirety to U. S. Department of State for their direct response to you. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located a potentially responsive document(s) that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you wish to contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov. The ICE FOIA Office mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information that

Attachment 13

NRC2014044937
Page 2

we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information that we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a result of discussion between agency personnel and a member of our staff, as a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. If made, these releases are specifically identified in the responsive record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages contain marks that appear to be blacked-out information. The black marks were made prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the control number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to (816) 350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)

**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010



**U.S. Citizenship
and Immigration
Services**

September 26, 2015                                          **NRC2015081056**

Michelle Quintero Millan
Catholic Charities
924 G Street, NW
Washington, DC  20001

Dear Michelle Quintero Millan:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this
office June 23, 2015 regarding Fidelis Ndingsa.

We have completed the review of all documents and have identified 167 pages that are responsive to your
request.  Enclosed are 114 pages released in their entirety and 25 pages released in part.  We are
withholding 3 pages in full.  In our review of these pages, we have determined that they contain no
reasonably segregable portion(s) of non-exempt information.  We have reviewed and have determined to
release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5), (b)(7)(C)
and (b)(7)(E) of the FOIA.

During our review, USCIS located a potentially responsive document(s) that may have originated from
U.S. Immigration and Customs Enforcement (ICE).  USCIS has sent the document(s) and a copy of your
FOIA request to the ICE FOIA Office for consideration and direct response to you.  Should you wish to
contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA
Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov.  The ICE FOIA Office mailing
address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would
not be available by law to a party other than an agency in litigation with the agency.  The types of
documents and/or information we have withheld under this exemption may consist of documents
containing pre-decisional information, documents or other memoranda prepared in contemplation of
litigation, or confidential communications between attorney and client.

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which
could reasonably be expected to constitute an unwarranted invasion of personal privacy.  We have
withheld information relating to third-party individuals.  The types of documents and/or information we
have withheld could consist of names, addresses, identification numbers, telephone numbers, fax
numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which
would disclose techniques and procedures for law enforcement investigations or prosecutions, or would
disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably
be expected to risk circumvention of the law.

www.uscis.gov

Attachment 14

NRC2015081056
Page 2

The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)



**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship
and Immigration
Services**

April 4, 2016                                                   **NRC2015149219**

Jessica Lynn Yanez
Attorney at Law
2007 Boulevard St., Ste. C
Greensboro, NC 27407

Dear Jessica Lynn Yanez:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this
office December 07, 2015 regarding Chantal Muhumure.

We have completed the review of all documents and have identified 590 pages that are responsive to your
request. Enclosed are 512 pages released in their entirety and 28 pages released in part. We are
withholding 31 pages in full. In our review of these pages, we have determined that they contain no
reasonably segregable portions of non-exempt information. Additionally, we have referred 17 pages in
their entirety to U.S. Department of State for their direct response to you. We have reviewed and have
determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552
(b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located 2 pages of potentially responsive documents that may have originated
from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the documents and a copy of
your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you
wish to contact ICE concerning the status of the processing of the documents, please contact the ICE
FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov. The ICE FOIA Office
mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would
not be available by law to a party other than an agency in litigation with the agency. The types of
documents and/or information we have withheld under this exemption may consist of documents
containing pre-decisional information, documents or other memoranda prepared in contemplation of
litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel,
medical and similar files where the disclosure of such information would constitute a clearly unwarranted
invasion of personal privacy. The types of documents and/or information we have withheld may consist
of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses,
dates of birth, or various other documents and/or information belonging to a third party that are
considered personal.

www.uscis.gov

Attachment 15

NRC2015149219
Page 2

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)



**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship
and Immigration
Services**

August 10, 2017                                                     **NRC2017041940**

David L. Cleveland
Catholic Charities
924 G St., NW
Washington, DC  20001

Dear David L. Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this
office March 16, 2017 regarding Ephrem Gudu Djaleta.

We have completed the review of all documents and have identified 307 pages that are responsive to your
request.  Enclosed are 296 pages released in their entirety and 1 page released in part.  We are
withholding 2 pages in full.  In our review of these pages, we have determined that they contain no
reasonably segregable portion(s) of non-exempt information.  We have reviewed and have determined to
release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(3) and (b)(6)
of the FOIA.

During our review, USCIS located 8 pages of potentially responsive documents that may have originated
from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of
your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you wish
to contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA
Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov. The ICE FOIA Office mailing
address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (b)(3) provides protection for information specifically exempted from disclosure by statute,
provided that such statute establishes particular criteria for withholding or refers to particular types of
matter to be withheld.  The statute which allows us to withhold this information pursuant to (b)(3) is 8
U.S.C. 1202(f) of the Immigration and Nationality Act.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel,
medical and similar files where the disclosure of such information would constitute a clearly unwarranted
invasion of personal privacy.  The types of documents and/or information we have withheld may consist
of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses,
dates of birth, or various other documents and/or information belonging to a third party that are
considered personal.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints
previously withheld under exemption b(2). There may be additional documents that contain discretionary
releases of exempt information.  We will identify discretionary releases within the record.  These
discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or
related information in the future.

www.uscis.gov

Attachment 16

NRC2017041940
Page 2

The enclosed record consists of the best reproducible copies available.  Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

You have the right to file an administrative appeal within 90 days of the date of this letter.  By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison, Jill Eggleston, for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P. O. Box 648010
Lee's Summit, MO 64064-8010
Telephone: 1-800-375-5283
E-Mail:  USCIS.FOIA@USCIS.DHS.GOV

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies.  The OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road – OGIS
College Park, MD  20740-6001
Telephone:  202-741-5770
877-684-6448
Email:  OGIS@NARA.GOV
Website:  OGIS.ARCHIVES.GOV

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act.  If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

NRC2017041940
Page 3

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)

**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010



U.S. Citizenship
and Immigration
Services

July 18, 2012                                                       **NRC2012016725**

David L. Cleveland
Catholic Charities Immigration
924 "G" Street, Suite 225
Washington, DC  20001

Dear David L. Cleveland:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this
office March 05, 2012 regarding Nan May Su Thwe.

We have completed the review of all documents and have identified 372 pages that are responsive to your
request. Enclosed are 317 pages released in their entirety, and 10 pages released in part. We are
withholding 35 pages in full. In our review of these pages, we have determined that they contain no
reasonably segregable portion(s) of non-exempt information. Additionally, we have referred seven pages
in their entirety to two government agencies for their direct response to you. Five pages were referred to
US Department of State, and two pages were referred to US Visit. We have reviewed and have
determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552
(b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located a potentially responsive document(s) that may have
originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the
document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and
direct response to you. Should you wish to contact ICE concerning the status of the processing
of the document(s), please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-
mail at ICE-FOIA@dhs.gov. The ICE FOIA Office mailing address is 500 12th Street, S.W., MS
5009, Washington, D.C. 20536-5009.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would
not be available by law to a party other than an agency in litigation with the agency. The types of
documents and/or information we have withheld under this exemption may consist of documents
containing pre-decisional information, documents or other memoranda prepared in contemplation of
litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel,
medical and similar files where the disclosure of such information would constitute a clearly unwarranted
invasion of personal privacy. The types of documents and/or information we have withheld may consist
of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses,
dates of birth, or various other documents and/or information belonging to a third party that are
considered personal.

www.uscis.gov

Attachment 17

NRC2012016725
Page 2

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

As a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. We will identify discretionary releases within the record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the NRC number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to 816-350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s

**U.S. Department of Homeland Security**
HQ FOIA/PA Appeals
150 Space Center Loop, Suite 500
Lee's Summit, MO 64064-2139



U.S. Citizenship
and Immigration
Services

September 24, 2012

**APP2012000874**

David L. Cleveland
Catholic Charities
924 G Street, NW, Suite 225
Washington, DC 20001

Dear Mr. Cleveland:

Re: NRC2012016725

You appealed the action of the National Records Center regarding your request for access to records pertaining to Nan May Su Thwe, dated March 05, 2012. The original determination of the National Records Center was to withhold 10 pages in part and 35 in full.

After careful consideration of your appeal, and as a result of discussions with the National Records Center, we have decided to release 2 additional pages to you, copies of which are enclosed. We are releasing these pages in part. We have redacted information pursuant to 5 U.S.C. §§ 552 (b)(6).

On the remaining pages, we found that the National Records Center properly withheld certain information that is protected from disclosure. We have determined that this information is not appropriate for discretionary release. Asylee interview notes and/or asylum officers' findings are appropriately withheld pursuant to 5 U.S.C. § 552(b)(5). *See Phillips v. Immigration and Customs Enforcement*, 385 F.Supp.2d 296, 302-03 (S.D.N.Y. 2005).

In your appeal letter, you requested a Vaughn index; however, at this stage a Vaughn index is not given or required. *See Vaughn v. Rosen,* 484 F. 2d 820 (D.C. Cir. 1973). Your request that we itemize and justify each item of the information withheld is denied. You are not entitled to such a listing at the administrative stage of processing FOIA requests and appeals. *See Judicial Watch v. Clinton,* 880 F.Supp. 1,11 (D.C. Cir. 1995).

If you are dissatisfied with our action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B). The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Sincerely,

Alan D. Hughes, Associate Counsel
Commercial and Administrative Law Division
Department of Homeland Security

www.uscis.gov

APP2012000874
Page 2

Citizenship and Immigration Services

# The Assessment to Refer, Assessment to Terminate, or Assessment to Grant:

- Partially deliberative; therefore, they are subject to the 25-year Sunset provision.

- Withhold the deliberative information (b)(5).

- If the 1st sentence of the 2nd paragraph states, "The applicant credibly testified" You will hold "The applicant credibly testified" (b)(5) or (d)(5) + (b)(5) if PA.

- If the 1st sentence of the 2nd paragraph does not contain the word "credible or credibly" you will not hold (b)(5).

- Release the factual information

  Withhold this section (b)5) or (d)(5) + (b)(5) if PA.----------

## U.S. Citizenship and Immigration Services

---

## Assessment to Refer

DATE: March 22, 2007

ALIEN NUMBER: [redacted]

ASYLUM OFFICER: [redacted]

NAME: [redacted]

REVIEWING SAO: Benedit All

COUNTRY: El Salvador

The applicant indicated that he is a 34-year-old native and citizen of El Salvador who entered the United States without inspection at San Ysidro, CA, in 1994.

The applicant was not represented at the asylum interview. The applicant testified in English. The applicant recalls that he was assisted in preparing his application although he does not remember the name of the person.

The applicant fears that he will be killed by gangs.

The applicant filed his asylum application on September 8, 1995. Because the applicant filed his application prior to April 16, 1998, he is not bound by the one-year rule.

The applicant testified that war was very bad in El Salvador when he left. After the peace accords the guerrillas continued to kill people in order to silence them. In 1998 and 1999, two of his cousins were killed. One was in the military. The other was found in the street with his body totally shot up. The applicant never received any threats nor did he have any personal contact with the guerrillas. The applicant testified that the story in his application is not true. When his application was prepared he did not know any English, and he did not know what the preparer put in his statement. The applicant fears returning to El Salvador because it has been so long since he was there. In addition, there are gangs who kill people for money or for no reason at all. He has heard that the situation is especially bad for those who are returning from the United States.

The events the applicant described do not constitute past persecution. While it was undoubtedly traumatic to lose his two cousins, he did not suffer any harm at the hands of the guerrillas or the military.

The applicant has failed to show that the harm he fears is on account of one of the five protected grounds.

Fearing being unsafe due to increased incidents of criminal activity in one's native country is not a ground for a grant of asylum. The threat that the applicant fears is a personal problem that does not establish eligibility for asylum; it does not apply to any of the five protected grounds.

For the foregoing reason, the applicant is not eligible for asylum status in the United States.

Assessment is to refer the Immigration Judge.

Attachment 18