**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RICA GATORE, et al.,

Plaintiffs

v.                                    Civil Action No.  15-cv-459 [RBW]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

## REPLY OF CATHOLIC CHARITIES TO DHS OPPOSITION TO MOTION OF

## CATHOLIC CHARITIES FOR CLASS CERTIFICATION

Plaintiff Catholic Charities now submits this Reply to the Opposition of DHS to the

motion of Catholic Charities for class certification.

Catholic Charities filed a Motion for Class Certification, ECF #112. The DHS filed a

Memorandum of Points and Authorities in Opposition, ECF #126.

From 2009 through December 2017, the DHS wrongfully refused to disclose the first

several paragraphs of assessments to FOIA requesters. These people deserve justice. All of them

should be given their first several paragraphs.  A class action is a good vehicle to do this.

THE REMEDIAL PURPOSES OF CLASS ACTIONS

Civil Rule 23 helps individuals who are ignorant or are too poor to file individual suits.

Without class actions, many claims would go unaddressed. The class members in this case are

asylum applicants: they are recently-arrived immigrants who suffered in their home countries.

**Numerosity: Rule 23(a)(1)**

If the class is so large that joinder of all parties is impracticable, the prerequisite of numerosity is satisfied.  The DHS does not claim to the contrary. DHS states that there are "likely hundreds of thousands of assessments to refer." ECF #126 at 29.

DHS does argue that the claims of 15 proposed plaintiffs have not been exhausted. ECF # 126, page 17 of 31.  If these 15 had filed administrative appeals, they would have been denied. It would have been a waste of time. The eight named plaintiffs have exhausted their administrative remedies; those claims are identical to the 15 proposed plaintiffs. Therefore, it would be a waste of time "to require separate [filings]." *Breen v. Chao,* 2018 WL 1509077, 2018 U.S. Dist LEXIS 50209 (D.C.C. March 27, 2018). The 15 proposed plaintiffs, therefore, "have vicariously exhausted their administrative remedies." *Id.* at 22.

DHS argues that one proposed plaintiff filed her administrative appeal in September 2012; therefore, she is barred by the statute of limitations. ECF # 126, at 19.  But, the complaint was filed in 2015; less than six years from 2012.  This plaintiff is therefore "saved" by the filing of the complaint.

DHS argues that plaintiff Anguimate's claim is barred by res judicata. ECF #126, at 20. It is true that a Court ruled against her, relying on the declaration of Jill Eggleston. But Ms. Eggleston now admits she is able to segregate several paragraphs. The DHS has conceded this. Thus, Ms. Anguimate was treated wrongfully. The DHS should file a Motion for Relief from Judgment, and give her the first several paragraphs. If Ms. Anguimate filed a motion of relief from judgment, based on new evidence, the DHS should not oppose it.

DHS argues that another proposed plaintiff, Mr. Hemed, should be barred, because he settled his previous lawsuit. Plaintiffs agree. Mr. Hemed deserves no further relief.

Even if all of these proposed plaintiffs [15 +3 = 18] are eliminated from consideration, there is still a large group of remaining plaintiffs. 57 – 18 = 39.  There are at least 39 plaintiffs. In *Coleman v. District of Columbia,* 306 F.R.D. 68, 79 (D.D.C. 2015), the court certified a class of 30. A factor to consider is the "vulnerability" of class members.  *Id.* at 80.  Plaintiffs who are "weaker" or "economically disadvantaged" need the protection of Civil Rule 23.  *Id.* at 80.  In the instant case, the class members are asylum applicants: they are newcomers to the United States, and are not wealthy.

**Commonality: Rule 23(a)(2)**

Commonality requires that a plaintiff raise claims which rest on questions of law or fact common to the class. *Taylor v. D.C. Water & Sewer Auth,* 241 F.R.D. 33, 37 (D.D.C. 2007).  The DHS had a policy of never providing any part of an assessment to a FOIA requester.

In response, DHS argues that each assessment is different: some might have "three paragraphs of segregable factual information, some may have seven such paragraphs…" ECF #126 at 27.   This is true, but not dispositive.  Small individual differences do not defeat the commonality requirement. "A class may satisfy the commonality requirement even if factual distinctions exist among the claims of putative class members." *Coleman v. District of Columbia,* 306 F.R.D. 68, 82 (D.D.C. 2015).

**Typicality: Rule 23(a)(3)**

Typicality requires that a plaintiff must show that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Each plaintiff claims he was wrongfully denied the segregable portions of his assessment.  Typicality is easily satisfied.

The DHS says nothing of substance in its opposition, ECF # 126 at 27-28.

**Adequacy of Representation: Rule 23(a)(4)**

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts

of interest between named parties and the class they seek to represent." *Amchem Products v.*

*Windsor,* 521 U.S. 591, 625-26 (1997). There are no conflicts here. DHS has conceded this

point.

**CERTIFICATION IS APPROPRIATE UNDER RULE 23(b)(2)**

Rule 23(b)(2) authorizes class certification where the party opposing the class has acted on

grounds that apply generally to the class, so that final injunctive relief or corresponding

declaratory relief is appropriate respecting the class as a whole. *In re DC Water & Sewer*

*Authority,* 561 F.3d 494, 495, n. 1 (D.C. Cir. 2009).

The DHS has wrongfully treated FOIA requesters from 2009 to 2017.  For these persons,

declaratory relief is proper. The Court should declare that these persons were denied their rights

under FOIA, and that DHS should afford them some relief.  These persons are still waiting for

justice.

A class was certified, and declaratory relief was granted, in *Coleman v. District of*

*Columbia,* 306 F.R.D. 68 (D.D.C. 2015).  That case involved the sale of real property, on which

the tax was in arrears.  After the lawsuit was filed, the statute in question was amended.

Defendant District of Columbia argued the case was rendered moot. *Id.* at 74. The Court

disagreed, and instead certified a "Declaratory Relief Class," defined as property owners who

had lost their property, under the old law.  "This class may seek a retrospective declaratory

judgment because its claims are 'intertwined with a claim for monetary damages that requires

[the Court] to declare whether a past constitutional violation occurred." (citing *Lippoldt v. Cole,* 468 F.3d 1204, 1217 (10th Cir. 2006).   306 F.R.D. at 75.

In the instant case, requesters from 2009 to 2017 had their rights violated. The Court should declare that DHS treated this group unfairly, and that DHS must provide them a remedy.

*Catholic Charities is a particularly good class representative*

Catholic Charities has demonstrated its interest in assisting asylum applicants and FOIA requesters. It is a "particularly good class representative."  In *National Veterans Legal Services Program v. USA,* 235 F. Supp. 3d 32, 42 (D.D.C. 2017) a class was certified, concerning excessive fees charged for PACER, and the Court stated: "In fact, the nonprofit organizations who are named plaintiffs in this case make particularly good class representatives. They are interested in reducing PACER fees not only for themselves but also for their constituents. As nonprofit organizations, named plaintiffs exist to advocate for consumers, veterans, and other public interest causes."   In addition, "organizational representatives with experience" can "provide more vigilant and consistent representation than individual representatives."

*This case is not moot because many requesters have not seen justice*

This case is not moot. The Court should protect the interests of the class members.

In this case, we have a "voteless class of litigants...who are strangers to the laws and customs in which they find themselves involved and... often do not understand the [language]..." *Wong Yang Sung v. McGrath,* 339 U.S.33, 46 (1950).  The Court should protect them.  Class actions save the resources "of both the courts and the parties" by litigating issues potentially affecting every class member "in an economical fashion." *Califano v. Yamasaki,* 442 U.S. 682, 701 (1979).

*Catholic Charities' motion for class certification is not untimely*

DHS has known about the class issues in this case since it received the complaint. ¶ 64 of the complaint says it is being brought under Civil Rule 23. ¶ 65 says the class consists of persons from 2009 to the present who were denied portions of assessments. ¶s 56-59 alleges that Catholic Charities has suffered its own harm due to actions of DHS.

Plaintiffs filed a Motion for Class Certification, ECF # 15, in June 2015, seeking a class of "all persons who, since March 30, 2009 have made….a FOIA request for the Assessment of their asylum officer…." DHS knew at that time, that plaintiffs were serious about their claims.

In August 2018, Catholic Charities filed EDF # 112, its motion for class certification. That motion repeated much of what had earlier been argued. DHS is not prejudiced or surprised by anything in that motion. In *Chambers v. McLean Trucking,* 550 F. Supp. 1335, 1345 (M.D. N. Car. 1981), the plaintiffs failed to timely move for certification; the court excused the delay, because "Defendants were not prejudiced by the delay."

In *Richardson v. Dir. Fed. Bureau of Prisons,* 829 F.3d 273, 288 (3d Cir. 2016) the plaintiff did not file a motion for class certification. The Court declared that such a filing was not necessary because his "amended complaint made it clear that he was seeking certification under Rule 23(b)(2) and Defendants' motion to dismiss recognized that fact." It was clear that "even though Richardson never filed a motion to certify the class, certification was still squarely presented and properly considered by the District Court." *Id.* at 289. The "mere filing" of such a motion [is not necessary] "when it is already clear from the complaint alone that the plaintiff is seeking such relief." *Id.* at 289.

In *Abraham v. WPX Energy Prod.,* 322 F.R.D. 592, 597 (D. New Mex. 2017), the plaintiffs filed a Second Motion for Class Certification, asserting a new class definition. Defendant argued that plaintiffs were bound by the class definition set forth in the complaint, and that since the complaint had not yet been amended, plaintiffs should not be permitted to "change or expand their class definition." *Id.* at 598. Defendant also argued it would be prejudiced by the change. *Id.* at 599.

The court noted that other courts had allowed plaintiffs to file new class certification motions, asserting a new class definition, and allowed this plaintiff to do so. *Id.* at 611.

> "The suggestion that the Plaintiffs should only get one opportunity to submit a class definition is therefore incorrect. Accordingly, even if the Court required the Plaintiffs to amend their complaint, there would be no undue delay, and the Defendants would not suffer undue prejudice." *Id.* at 641.

In the instant case, plaintiffs are not even asserting a new class definition. The DHS will suffer no prejudice if a class is certified.

## CERTIFICATION IS APPROPRIATE UNDER RULE 23(b)(3)

Rule 23(b)(3) authorizes class certification where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

As the Advisory Committee notes to Rule 23 explain, "[s]ubdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."

Most FOIA requesters do not, and will not, file complaints in federal court. Asylum applicants are, in general, new arrivals to the United States, and are not wealthy. They do not

know their rights under the FOIA. Without a class action, they will never see justice.  Where there are reasons "why the putative class members would be unlikely to bring their claims to court individually," a class action is "the superior method" of adjudicating a case. *Alvarez v. Keystone Plus Construction Corp.*  303 F.R.D. 152, 163 (D.D.C. 2014).

THE COST OF COMPLIANCE WITH FOIA REQUESTS IS NOT A RELEVANT CONCERN

DHS fears that if a class is certified, it may have to "divert a huge amount of its resources" to do what the law requires. ECF # 126 at 22.  To be sure, FOIA imposes costs on agencies. This is an issue better directed to Congress.

After a class is certified, the Court will need to determine what notice should be given to class members, and what efforts DHS must undertake.  Civil Rule 23(c)(2) provides that for a (b)(2) class, the "court may direct appropriate notice;" for a (b)(3) class, the court should "give the best notice practicable, including individual notice to all members who can be identified through reasonable effort."

The issue of what is "reasonable effort" should be determined later.

In *Hughes v. Kore of Ind. Enter.,* 731 F.3d 672 (7th Cir. 2013), a group of bank customers, who had used ATMs, brought a class action. The bank argued that obtaining the identity of all the users "might require subpoenaing hundreds of banks" and that this was too expensive. The Court answered that Rule 23 required "reasonable effort" by the bank, which might mean individual notice, or perhaps just notice by publication.  *Id.* at 677.

The Court further noted a class action "has a deterrent as well as a compensatory objective….Society may gain from the deterrent effect of financial awards."  *Id.* at 677.  "[A] judgment would remind [defendant] to take greater care in the future to comply with federal law, however irksome compliance may seem."  *Id.* at 678.

Plaintiffs do not have the duty of demonstrating an administratively feasible way to identify class members. This is not a prerequisite to class certification. *Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121, 1128 (9th Cir. 2017).

DHS has violated the law, as to requesters from 2009 to 2017. DHS created its own recordkeeping system.  A defendant should not be able to immunize itself from a class action by complaining about its own records. The DHS fears of "huge" costs is an issue for a later time.

CONCLUSION

Certification of the proposed class will advance the broad remedial purposes of FOIA. The asylum applicant-requesters deserve to be provided a portion of their assessments.

February 15, 2019

Respectfully submitted,

Attorney for Plaintiffs

David L. Cleveland
DC Bar # 424209
Catholic Charities
924 G Street, NW
Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com