UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                                        Civil Action No.  15-cv-459 [RBW]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

# INDIVIDUAL PLAINTIFFS' REPLY TO OPPOSITION OF DHS TO THEIR MOTION FOR CLASS CERTIFICATION UNDER CIVIL RULE 23(b)(3)

The individual plaintiffs in this case now reply to the DHS opposition to their motion for class certification.

The individual plaintiffs filed a motion for class certification under Rule 23(b)(3) on August 31, 2018.  ECF # 113.  The DHS filed an Opposition, ECF # 126.

## THE PLAINTIFFS ARE MEMBERS OF THE CLASS THEY SEEK TO REPRESENT

At the time the amended complaint was filed, the individual plaintiffs had not yet received any portion of their assessments. They were certainly members of the class at that time. The fact that DHS later gave them a few paragraphs is not relevant. A defendant may not "pick off" a class representative and thereby insulate itself from class liability. To allow this to happen would frustrate the purposes of Civil Rule 23.

Numerous courts have certified class actions, despite the apparent "mooting" of the claims of the individual representatives:

*Ramirez v. U.S. Immigration and Customs Enforcement,* 338 F. Supp. 3d 1 (D.D.C. 2018) involved a class of detained alien children. The class was certified, even though all three named plaintiffs had now been released from detention. The Court in *Ramirez* noted that a class action "does not inexorably become moot by the intervening resolution of the controversy as to the named plaintiffs." *Id.* at 35.

*Bogor v. Trinity Heating,* 2018 U.S. Dist. LEXIS 197287 [D. Md. November 16, 2018] involved a robo-call, in in violation of the Telephone Consumer Protection Act. Bogor had not yet filed a motion for class certification, when defendant Trinity paid $6,000 to the court, in full satisfaction. Trinity argued the case was now moot. The Court disagreed, noting that "a defendant should not be empowered to pick-off a class action plaintiff to "avoid a potential adverse decision . . . that could expose it to damages a thousand-fold larger…"   2018 U.S. Dist LEXIS 197287, *6 (quoting *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663, 672 (2016).

THE INDIVIDUAL PLAINTIFFS SATISFY ALL OF THE REQUIREMENT OF CIVIL RULE 23.

Plaintiffs have already filed many arguments, today,  in ECF # 127, 128, 129 and 130. Plaintiffs repeat and incorporate those arguments here.

CONCLUSION

Certification of the proposed class will advance the broad remedial purposes of FOIA. The individual plaintiffs should be named as class representatives.

February 15, 2019

Respectfully submitted,

Attorney for Plaintiffs

David L. Cleveland

DC Bar # 424209
Catholic Charities
924 G Street, NW
Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICA GATORE, et al.,

Plaintiffs

v.                                              No.  15-cv-459 [RBW]

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY
Defendant

## **ORDER**

Upon consideration of the individual plaintiffs' Motion for class certification, it is

hereby:

ORDERED that Plaintiff's motion is GRANTED.


Date _____            _____
REGGIE B. WALTON

                                                U.S. District Judge