UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICA GATORE, *et al.*,<br><br>                    *Plaintiffs*,<br><br>          v.<br><br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY,<br><br>                    *Defendant*. | Civil Action No. 15-0459-RBW |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY

Nearly five months after the close of briefing on Plaintiffs' pending motions regarding class certification, amending the complaint, and summary judgment, Plaintiffs seek leave to file a sur-reply that repeats arguments already made in their opening briefs and replies and presents without significant analysis a number of cases decided since the close of briefing. The motion is improper and should be denied.

Sur-replies are generally disfavored. *See Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012). But district courts sometimes at their discretion grant leave to file a sur-reply where the party seeking leave is otherwise "unable to contest matters presented to the court for the first time in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (internal quotation marks and citation omitted); *see also Akers v. Beal Bank*, 760 F. Supp. 2d 1, 3 (D.D.C. 2011) (noting that the decision to grant or deny leave to file a sur-reply is left to the sound distraction of the district court). "In exercising its discretion, the [C]ourt should consider whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed sur-reply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *Banner Health*, 905 F. Supp. 2d at 187.

Plaintiffs' request to file a sur-reply should be denied for a straightforward reason: they filed the most-recent briefs on the pending motions. They seek to file a sur-reply following their own replies. But sur-replies are generally permitted for the limited purpose of allowing a nonmovant to respond to arguments raised for the first time in a reply, not to afford a movant the opportunity to file an unlimited number of briefs in support of its motion. *See id.* For this reason alone, Plaintiffs' motion for leave should be denied.

To some extent, Plaintiffs' proposed sur-reply could be viewed as an attempted notice of supplemental authority because it relies in part (but not exclusively) on cases that have been decided since the pending motions were fully briefed. But Plaintiffs provide only a cursory summary of the holdings in those cases with little to no exposition as to why they should apply here. A closer look demonstrates that none of the recent cases presented by Plaintiffs support any of the relief sought in Plaintiffs' motions.

Plaintiffs primarily rely upon the D.C. Circuit's recent decision in *J.D. v. Azar*, 925 F.3d 1291 (D.C. Cir. 2019), insofar as it addresses numerosity, Pls.' Proposed Sur-reply at 4, commonality, *id.* at 5, and mootness, *id.* at 7–8. As an initial matter, Defendant has not raised any argument regarding numerosity, *see* Def.'s Omnibus Br. at 19–21; so a sur-reply on that topic would not be helpful.

With respect to commonality, Defendant has argued that the proposed class fails this requirement (as well as the typicality requirement) because each member of the class requested (directly or as part of a broader Freedom of Information Act ("FOIA") request) his or her own individual assessment to refer. As each class member seeks a different record, the case is not amenable to class-wide relief. The operative question of whether each class member's assessment to refer contains segregable factual information or (if they do) what specific information qualifies

as such are determinations that can only be made by reference to each record, just as the Court individually examined each of the individual plaintiffs assessments to refer in awarding them injunctive relief. *See* Def.'s Omnibus Br. at 21–23.

The *J.D.* case arose under markedly different circumstances. There, the named plaintiffs and the proposed class members were or were at one point pregnant unaccompanied minors in the custody of the Office of Refugee Resettlement ("ORR") who were required to obtain approval from the director of ORR before having access to an abortion, which the D.C. Circuit characterized as a "blanket ban" on abortion access. *J.D.*, 925 F.3d at 1303. The plaintiffs sought to have the approval-requirement declared unconstitutional, permitting each of the class members access to abortions without the need for director approval.

The relief sought here is far more particularized. Plaintiffs are not seeking an injunction striking down a policy applicable to all the proposed class members in the same way, as was the case in *J.D.*; instead, they seek an injunction that each individual class member is entitled to some segregable factual portion of his or her unique assessment to refer. The Court cannot adjudicate those particularized claims and craft any necessary injunctive relief without individually considering each assessment to refer at issue to determine whether there is in fact any segregable factual material and, if so, how much segregable factual material exists. For that reason, the proposed class does not meet the commonality and typicality requirements, and *J.D.* does not indicate otherwise.

As for mootness, as Defendant has argued and as the *J.D.* court recognized, "at least one named plaintiff must keep her individual dispute live until certification, or else the class action based on that claim generally becomes moot." *J.D.*, 925 F.3d at 1307. As Defendant has shown,

none of the named plaintiff in this case has kept a live claim such that a motion for class certification can be granted. Def.' Omnibus Br. at 18–19.

Plaintiffs contend that *J.D.* provides an exception. *J.D.* held that the motion for certification in that case related back to the filing of the complaint because the claims at issue were "inherently transitory" due to the limited amount of time that minors tended to spend in ORR custody. *J.D.*, 925 F.3d at 1307–11.[1] By contrast, there is nothing inherently transitory about an agency's decision not to release information in response to a FOIA request, and there is no reason to apply that exception here. Plaintiffs contend that Plaintiff Rica Gatore's claim must have been inherently transitory because she was afforded relief when the Court ordered Defendant to release certain parts of her FOIA request. But the fact that Gatore was able to litigate her claim to judgment shows precisely that it was *not* inherently transitory. Plaintiffs' theory would seem to apply the inherently transitory to every claim capable of judicial resolution. Were the inherently-transitory exception so broad, it would entirely swallow the doctrine of mootness. Because Plaintiffs' claims are not "inherently transitory," *J.D.*'s mootness analysis does not come into play and Plaintiffs attempt to address it in a sur-reply would not be helpful.

Next, Plaintiff Catholic Charities relies on a recent case addressing Rule 23(a)(4)'s adequacy requirement and argues that it is a "particularly good class representative" because it is a nonprofit organization interested in assisting asylum applicants and FOIA requesters. Pls.' Proposed Sur-reply at 5–6. Defendant has provided a number of reasons why Catholic Charities may not maintain a class action, *see* Def.'s Omnibus Br. at 14–23, but adequacy was not one of them. Accordingly, a sur-reply addressing adequacy would not be proper.

---

[1] The other mootness case relied upon by Plaintiffs, *Nielsen v. Preap*, relied on the same theory. 139 S. Ct. 954, 963 (2019).

Finally, Plaintiffs contend that some of the parties whom they seek to add through an amended complaint can serve as class representatives. Pls.' Proposed Sur-reply at 6. But as Defendant has explained, Plaintiffs' motion for leave to amend must be denied as untimely (among other reasons). *See* Def.'s Omnibus Br. at 7–9. Further, even were leave to amend grated and additional plaintiffs added to the case, the time for any plaintiff to move for class certification has long passed. *See id.* at 16–18 (explaining that motions for class certification must be filed within 90 days of the initial complaint containing class allegations).

For these reasons, Plaintiffs' motion for leave to file a sur-reply should be denied.

Dated: July 22, 2019

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:   /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar # 991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
johnny.walker@usdoj.gov

*Counsel for Defendant*