UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBORAH MULANGU, et al.,

Plaintiffs

v.                          Civil Action No. 19-2682 [DAR/RBW]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

=====================================

RICA GATORE, et al.,

Plaintiffs

v.                          Civil Action No. 15-459 [DAR/RBW]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

==============

### PLAINTIFFS' PROPOSAL CONCERNING NOTICE TO THE CLASS

Plaintiffs propose the following concerning notice to be given to the class: Fed. R. Civ. P. 23(c)(2)(B) provides that, for classes certified under Rule 23(b)(3), that a court "must direct the best notice practicable, including individual notice to all members who can be identified through reasonable effort."

Plaintiffs propose that DHS provide the notice to the class, after the class has been defined and certified, as follows:

1. By email, as DHS has done in other class action cases. *See* Exhibit 1 attached hereto.

2. By publishing notice on the DHS webpage, as DHS has done in other class action cases. *See* Exhibits 2 and 3, attached hereto.

DHS shall bear the cost of the above notice. DHS shall make all necessary payments. Counsel for plaintiffs shall receive all responses to the notice.

Plaintiffs also propose that plaintiffs provide notice, by publishing on the website of the American Immigration Lawyers Association.

The Court has already granted summary judgment to the first eight named plaintiffs in this case. In essence, the Court has ruled that DHS is liable on the merits. Therefore, costs of notice should be borne by the DHS.

Numerous courts have ruled that "courts have discretion to shift cost of class notice to the defendants after courts determine that the defendant is liable on the merits." *Hilsley v. Ocean Spray Cranberries,* 2019 U.S. Dist. LEXIS 18477, *14 (S.D. Cal. Feb 5, 2019); *Aikens v. Cisneros,* 2019 U.S. Dist. LEXIS 131939, *5 (C.D. Cal. July 31, 2019); *Bissonette v. Enter. Leasing,* 2014 U.S. Dist. LEXIS 132634, *6 (D. Nev. Sept 19, 2014) ("Because defendants' liability has already been determined, the Court finds that defendants properly bear the costs of notice.")

November 21, 2019

Respectfully submitted,

Attorney for Plaintiffs


David L. Cleveland
DC Bar # 424209
Catholic Charities
924 G Street, NW
Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com

# EXHIBIT 1

Email sent from

&lt;uscis@public.govdelivery.com&gt;

On February 12, 2019, David L. Cleveland received this email from

<uscis@public.govdelivery.com.>

CLASS ACTION MEMBER IDENTIFICATION NOTICE

- On Nov. 30, 2018, in *Zhang v. USCIS*, No. 15-cv-995, the U.S. District Court for the District of Columbia certified a class that includes any individual with a Form I-526, Immigrant Petition by Alien Entrepreneur, that was or will be denied on the sole basis of investing loan proceeds that were not secured by the individual's own assets. The U.S. District Court for the District of Columbia vacated these denials and ordered USCIS to reconsider the petitions. If you believe you have received an I-526 denial solely on this ground and would like to identify yourself as a potential class member, please email USCIS.ImmigrantInvestorProgram@uscis.dhs.gov, using the subject line "Zhang Class," …..

# EXHIBIT 2

Notice published on USCIS webpage about *Zhang v. USCIS*



## EB-5 Immigrant Investor Program
## We're modernizing the EB-5 Immigrant Investor Program

Under a new rule published by the U.S. Department of Homeland Security, several changes to the EB-5 Immigrant Investor Program will go into effect on Nov. 21, 2019. The new rule modernizes the EB-5 program by:

.......

### Class Action Member Identification Notice

On Nov. 30, 2018, in *Zhang v. USCIS*, No. 15-cv-995, the U.S. District Court for the District of Columbia certified a class that includes any individual with a Form I-526, Immigrant Petition by Alien Entrepreneur, that was or will be denied on the sole basis of investing loan proceeds that were not secured by the individual's own assets. The U.S. District Court for the District of Columbia vacated these denials and ordered USCIS to reconsider the petitions.

If you believe you have received an I-526 denial solely on this ground and would like to identify yourself as a potential class member,
please email USCIS.ImmigrantInvestorProgram@uscis.dhs.gov, using the subject line "Zhang Class," and provide the following:

1. Name
2. Alien Number (if any)
3. Date of birth
4. I-526 receipt number (if available)
5. Date of I-526 denial
6. Copy of I-526 denial (if available)

**Note**: Identification as a potential class member is subject to USCIS verification and does not grant any immediate rights, as immigrant petitions must meet all eligibility requirements and the court's decision is presently under consideration for appeal.

# EXHIBIT 3

Notice published on USCIS webpage about *J.L. v. Cuccinelli, et al.,*



U.S. Citizenship and
Immigration Services

# Notice of Proposed Class Action Settlement – J.L. v. Cuccinelli, 18-CV-4914 (N.D. Cal.)

This email is intended to notify you of the proposed class action settlement in *J.L. v. Cuccinelli*, 18-CV-4914 (N.D. Cal.). For more details, you may access the proposed settlement agreement on our website (PDF, 2.03 MB).

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**If you received a guardianship order from the California Probate Court after you reached the age of 18 and before you reached the age of 21 and then filed or will file for Special Immigrant Juvenile (SIJ) classification, you may be part of a federal class action settlement:**

*J.L., et al. v. Cuccinelli, et al.*,
United States District Court for the Northern District of California
Case Number 18-cv-04914-NC

**MORE INFORMATION:** http://www.publiccounsel.org/SIJS-CA; https://lccr.com/jl

IMPORTANT

PLEASE READ THIS NOTICE CAREFULLY

THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A CLASS MEMBER, CONTAINS

IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO OBJECT TO THE SETTLEMENT

*A federal court has authorized this notice. This is not an advertisement. You are not being sued or restrained.*

This notice is to inform you of a proposed settlement of a class action lawsuit in the United States District Court for the Northern District of California, against Kenneth T. Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services ("USCIS"); Kevin McAleenan, Acting Secretary of the U.S. Department of Homeland Security; Robert Cowan, Director of the National Benefits Center, U.S. Citizenship and Immigration Services; the U.S. Department of Homeland Security; and USCIS (collectively, "Defendants" or the "Government").

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **DO NOTHING** | By doing nothing, you remain in the Class and benefit from the terms of the Settlement Agreement. |
| | There are no rights to "opt out" or exclude yourself from the Settlement Agreement. The proposed Settlement Agreement will bind Class |

AILA Doc. No. 19061808. (Posted 11/1/19)

11/1/2019
Case 1:15-cv-00459-RBW   Document 140   Filed 11/21/19   Page 9 of 9
Notice of Proposed Class Action Settlement – J.L. v. Cuccinelli, 18-CV-4914 (N.D. Cal.) | USCIS

Members.

| | |
|---|---|
| **COMMENT OR OBJECT BY DECEMBER 6, 2019** | Write to the Court about why you do, or do not, like the proposed Settlement. |
| **ATTEND A HEARING ON DECEMBER 18, 2019** | Ask to speak to the Court about the fairness of the Settlement if you filed a request to do so by December 6, 2019. |
| | *(The date and time of the Final Approval Hearing are subject to change by Court Order and without further notice to the Class. See Question Nos. 6 and 9 below.)* |

- These rights, options, and the deadlines to exercise them are explained in this notice.
- The Court overseeing this case still must decide whether to approve the Settlement.

### 1. What is this notice, and why should I read it?

This notice is to inform you of a proposed Settlement of a class action lawsuit titled *J.L., et al. v. Cuccinelli, et al.*, Case No. 18-cv-04914-NC, brought on behalf of the Class, and pending in the United States District Court for the Northern District of California. You do not need to live in California to benefit under the Settlement. The Court has granted preliminary approval of the Settlement and has set a Final Approval Hearing to take place on December 18, 2019, at 1:00 p.m. in the United States Courthouse, Courtroom 5, 4th Floor, located at 280 South 1st Street, San Jose, California 95113, to determine whether the Settlement is fair, reasonable, and adequate. **Note:** This date and time are subject to change by Court Order and may change without further notice to the Class.

This notice describes the proposed Settlement. Your rights and options – **and the deadlines to exercise them** – are explained in this notice. Your legal rights are affected regardless of whether you act.

### 2. What is a class action lawsuit, and what is this lawsuit about?

In a class action, one or more people, called Class Representatives, sue for themselves and for people who have similar claims. The people who brought the case – and all the Class Members like them – are called Plaintiffs. The people or entities they have sued are called Defendants, or the Government here. This case is a federal case. The case name is *J.L., et al. v. Cuccinelli, et al.*, Case No. 18-cv-04914-NC. The Court in charge of this case is the United States District Court for the Northern District of California, the Honorable Nathanael Cousins presiding.

This class action involves claims by the Plaintiffs that the Government imposed a new requirement on eligibility for SIJ classification and, as a result, did not approve the SIJ petitions of petitioners who received guardianship orders from a California Probate Court under California Probate Code § 1510.1 ("§ 1510.1") when they were between the ages of 18 and 20, on the ground that a California Probate Court does not have jurisdiction or authority to "reunify" the petitioner with his or her parents. A federal court has temporarily ordered the Government to stop imposing the alleged new requirement on SIJ petitioners who received such guardianship orders after they turned 18 and before they turned 21. However, before the Court made a final determination in this lawsuit regarding whether the Government's conduct is lawful or unlawful, Plaintiffs and the Government reached this Settlement. This Settlement