UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————

RICA GATORE, ET AL,                      )
                                          )
                            Plaintiffs,   )
                                          )
            v.                            )        Civil Action No. 15-cv-459 (RBW)
                                          )
UNITED STATES DEPARTMENT OF              )
HOMELAND SECURITY,                        )
                                          )
                            Defendant.    )
———————————————————)

## PLAINTIFFS' REPLY TO DHS OPPOSITION TO MOTION FOR LEAVE TO ADD PLAINTIFFS TO THE COMPLAINT AND TO FILE THAT COMPLAINT

Plaintiffs now file this Reply, in response to the DHS Opposition [ECF# 161], to Plaintiffs' Second Motion for Leave to Add Plaintiffs to the Complaint, and to File that Amended Complaint [ECF #153].

### It is difficult to win asylum in the United States

The United States has signed international treaties and passed legislation to assist refugees fleeing persecution in other lands; however, most asylum applicants are denied relief. TRAC Immigration, at Syracuse University, reported that in FY 2020, immigration judges denied 73% of asylum claims. https://trac.syr.edu/immigration/reports/630.

There is no discovery in immigration court. An asylum applicant can be ambushed in the middle of a court proceeding with documents he has never seen before. *Nightingale v. US-CIS,* 2020 WL 6740 547 at *3-4 (N.D. Cal. December 17, 2020).  Asylum officers make mistakes.

An asylum applicant can be ambushed with the *entire* asylum office assessment.

Federal Courts of Appeal are interested in what asylum officers write in their Assessments. In *Dai v. Sessions,* 884 F.3d 858 (9th Cir. 2018) the phrase "asylum officer" is

mentioned 57 times. In *Qiu v. Barr*, 944 F. 3d 837(9th Cir. 2019) the phrase was mentioned 32 times, in *Li v. Holder*, 745 F.3d 336 (8th Cir. 2014) the name of asylum officer Kuriakose is mentioned 15 times.

**Procedural background**

In March 2015, seven plaintiffs filed the complaint in this case, seeking class action status and portions of their assessments. ECF #1.  Plaintiffs filed a motion for class certification less than 90 days later, in June 2015. ECF #15. In 2018, the Court ruled that several paragraphs in the assessments for the seven plaintiffs were segregable and should be released, *Gatore v. United States Dep't of Homeland Sec.*, 327 F. Supp. 3d 76, 87–89 (D.D.C. 2018). At that point, DHS released them.

Plaintiffs filed another Motion for Class Certification, ECF #113.

Plaintiffs filed a Motion to Add 57 Plaintiffs, [ECF # 115] in October 2018; DHS promptly opposed it. ECF # 126. Therefore, since October 2018 DHS has known about the interest of several more plaintiffs to join this case. DHS cannot claim surprise.

Two of those 57 plaintiffs, Ms. Mulangu and Mr. Dramou, anxious about their cases, filed a class action complaint in September 2019, *Mulangu v. DHS*, Case No. 19-cv-2682 (RBW).  Mulangu and Dramou requested the segregable portions of their assessments, and also requested to be class representatives.  A few weeks later, in October 2019, DHS released the segregable portions to Mulangu and Dramou. Plaintiffs filed a Motion for Class Certification, ECF #18. DHS then argued the case was moot. Mulangu and Dramou claimed the case was only partially moot, asserting they had the right under Civil Rule 23(a) to be class representatives. The Court dismissed the entire case, finding it to be moot.

In October 2020, plaintiffs filed another Motion for Class Certification, ECF # 150, in this, the *Gatore* case. On November 5, 2020, plaintiffs filed a corrected Motion for Class Certification. ECF # 154.

On November 4, 2020, plaintiffs filed a Motion for Leave to Add Plaintiffs, and a proposed Amended Complaint, adding 35 new individuals. ECF # 153 and ECF 153-1. Each of the new plaintiffs requested two things: 1] to be appointed as class representative; and 2] release of the segregable portions of their assessments. In January 2021, DHS released several paragraphs of assessments for 30 of those individuals.

Those 30 plaintiffs admit that part of their claim is now moot. But each plaintiff had also requested to be a class representative. ¶ 64 of the Amended Complaint, ECF # 153-1.  *See also* Prayer for Relief, first sentence, ECF # 153-1, at page 27 of 28. [request to be appointed as class representatives]

**Adding plaintiffs to the complaint, and filing the complaint, are not futile acts.**

DHS argues that because 30 of the proposed new plaintiffs have now been given several paragraphs from their assessments, the entire case is now moot. The 30 plaintiffs concede that their cases are partially moot, but they maintain that each has two claims for relief: 1] getting the paragraphs; and 2] being appointed as class representatives.  One of the 30 plaintiffs is Mr. Christian Kayiteshonga, who asserts at ¶ 121 of the Amended Complaint that he requested his asylum office assessment, and in the Prayer for Relief at the end of the Amended Complaint, he asks to be appointed as class representative.

*Civil Rule 23(a) gives the right to be appointed as a class representative*

Civil Rule 23(a) provides: "One or more members of a class may sue or be sued as representative parties on behalf of all members [if certain requirements are met]…"  Mr. Kayiteshonga is a member of a class. He has the right to sue as a class representative, under this Rule.

Another important factor: there is a large class of similarly-situated persons who have not yet been granted relief- all of the asylum applicants who made FOIA requests between October 2012 and December 2017, who were given no factual information from their assessments. The Court should protect this group. These people are newcomers to America; probably do not have English as their native language, probably are indigent; probably are ignorant of their rights, probably geographically diverse; and probably reluctant to sue the government they hope will grant them asylum. Civil Rule 23 was designed to protect such people. If this case is dismissed, they will not see justice.

*Mr. Kayiteshonga's case is only partially moot*

Mr. Kayiteshonga desires to represent the absent class members, and to help them see justice. He still has a personal stake in the case. The D.C. Circuit recognized that "even a named plaintiff whose individual claims are moot retains a 'personal stake' in representing the class jurisdictionally sufficient to appeal the denial of class certification). *In re Brewer,* 863 F.3d 861, 870 (D.C. Cir. 2017) (citing *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 402 (1980).

The Supreme Court has specifically recognized that a plaintiff with a moot claim may serve as a class representative. *U.S. Parole Comm. v. Geraghty,* 445 U.S. 388, 404 (1980). "Where a live controversy exists for class members, mootness alone does not render the named

Plaintiffs inadequate" to be class representatives. *Afghan and Iraqi Allies under Serious Threat v. Pompeo,* 334 F.R.D. 449, 463 (D.D.C. 2020).

The D.C. Circuit recognized that a plaintiff with a moot individual claim still has a real interest in pursuing a class action, in *Richards v. Delta Air Lines,* 453 F.3d 525 (D.C. Cir. 2006). That case started with a claim for lost luggage. A passenger claimed her luggage was worth $1,044; the airline paid her only $640. She deposited the airline check, and then brought a class action suit. The trial court denied class certification; she then settled her individual claim. She then filed an appeal. The D.C. Circuit stated:

"A class representative has two legally cognizable interests: One is the claim on the merits; the other is the claim that he is entitled to represent a class." *Id.* at 528 [cleaned up].

At page 529, the Court stated the representative has at minimum an interest in "spreading [the] litigation costs among numerous litigants with similar claims." (citing *Geraghty,* 445 U.S. at 403, 100 S.Ct. 1202 ;)   The Court held that she had sufficient interest to litigate an appeal.

If a plaintiff with a moot individual claim has an interest to appeal, certainly that plaintiff has an interest to litigate the same issue in the trial court.

More authority is found in the Sixth Circuit.   *Wilson v. Gordon,* 822 F.3d 934 (6th Cir. 2016) involved the failure to provide hearings on Medicaid applications. Eleven individuals filed a class action complaint; 35 days later, defendant granted the applications of each of them. Is the case moot? No, because a class representative "has two legally cognizable interests: One is the claim on the merits; the other is the claim that he is entitled to represent a class." *Id.* at 942 [cleaned up].

*There are exceptions to the mootness doctrine*

There are many exceptions to the mootness doctrine. *J.D. v.  Azar,* 925 F.3d 1291

(D.C.Cir. 2019). *See also Sos v. State Farm Mutual,* 2020 WL 5534483 (M.D. Fla. July 8, 2020).

In 2018, after Ms. Gatore filed her complaint, DHS released portions of seven assessments. In October 2019, after Ms. Mulangu filed her complaint, DHS released two portions. In January 2021, after plaintiffs filed a Motion for Leave to Add Plaintiffs, DHS released 30 portions. After each release, DHS argues "moot!"  DHS is seeking to avoid class certification forever. The Court should declare that these actions of DHS unlawfully frustrate the purposes of Civil Rule 23.

Plaintiffs will make additional arguments in their Reply concerning class certification, which they will file on February 5, 2021.

CONCLUSION

The Amended Complaint should be accepted and filed.

February 4, 2021                      Respectfully Submitted,

*s/ David L. Cleveland*
David L. Cleveland
Attorney for Plaintiffs
DC Bar # 424209
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684   1949.david@gmail.com